IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STEVEN G. MILLETT,<br>MELODY J. MILLETT,<br>On Behalf of Themselves and<br>All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANS UNION L.L.C.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause of Action No. 04-2448-GTV |

**TRANS UNION LLC'S BRIEF IN SUPPORT OF
MOTION TO DISMISS COUNT VI OF COMPLAINT**

Pursuant to Local Rule 7.1, Defendant Trans Union LLC ("Trans Union") submits this Brief in Support of its Motion to Dismiss Count VI of Plaintiffs' Complaint.

## I. INTRODUCTION

1. Plaintiffs filed this lawsuit on September 9, 2004. Generally stated, the lawsuit involves various allegations that Defendant Trans Union inappropriately collected and disseminated credit information pertaining to Plaintiffs and others. Plaintiffs have asserted six (6) causes of action against Trans Union. Two of the causes of action—alleged violation of the Fair Credit Reporting Act and breach of contract—are asserted as class action claims. Three of the causes of action—negligent misrepresentation, fraud, and alleged violations of the Kansas Consumer Protection Act—are asserted by Plaintiffs Steven and Melody Millett in their individual capacities. The sixth cause of action—negligence—is asserted by Steven Millett (only).

2. Trans Union's Motion to Dismiss pertains to the fraud cause of action asserted by the Milletts. Plaintiffs' allegations regarding the fraud cause of action are contained in Count VI (paragraphs 157-169) of the Complaint.

## II. ARGUMENT

3. Rules 8 and 9 detail pleading requirements under the Federal Rules of Civil Procedure. Rule 8(a) provides that "[a] pleading which sets forth a claim for relief…shall contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, Rule 8(a) sets forth the "de facto" pleading requirement for the majority of causes of action. However, fraud allegations are different. Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This requirement of greater specificity is to provide defendants notice of the complained-of conduct. *See* <u>Lawrence-Leiter & Co. v. Paulson</u>, No. Civ. A. 96-2535-GTV, 1997 U.S. Dist. LEXIS 13878 (D. Kan. Aug. 1, 1997)[1]. Compliance with Rule 9(b) enables the defending party "to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill." <u>Cattleman's Livestock Auction, Inc. v. Walrod</u>, No. Civ. A. 95-2404-EEO, 1996 U.S. Dist. LEXIS 5851 (D. Kan. Apr. 3, 1996).

4. To satisfy the requirements of Rule 9(b), a party must specifically plead the time, place, and content of any alleged false representation; the identity of the person making such representation; and the harm caused by plaintiff's reliance upon the representation. <u>Paulson</u>, 1997 LEXIS 13878, at *5; <u>Walrod</u>, 1996 LEXIS 5851, at *2. An allegation of fraud should also apprise the defendant of the person or persons to

---

[1] Pursuant to Local Rule 7.6(b), the unpublished decisions are collectively attached hereto as Exhibit "A".

whom the alleged fraudulent statements were made. *Christian v. Eli Lilly & Co.*, No. 94-1066-FGT, 1994 U.S. Dist. WL 542075 (D. Kan. Aug, 19, 1994). The Tenth Circuit Court of Appeals has also held that parties pleading fraud must specifically plead how the defendant made the alleged misrepresentation or fraudulent statement. *Monus v. Colorado Baseball 1993, Inc.*, 103 F.3d 145 (10th Cir. 1996). In other words, Rule 9(b) requires plaintiff to set forth the "who, what, where, when, and how" of the alleged fraud. *Black & Veatch International Co. v. Wartsila NSD North America, Inc.*, No. 97-2556-GTV, 1998 U.S. Dist. LEXIS 7756, at * 7 (D. Kan. May 21, 1998).

5. Plaintiffs' common law fraud claims fail to satisfy the requirements of Rule 9(b) and the case law interpreting such Rule. As noted above, Plaintiffs' fraud allegations are contained in Count VI, paragraphs 157-169, of the Complaint. In addition, Plaintiffs' include a "catch-all" provision (paragraph 158) that "incorporates" paragraphs 1-157 of the Complaint. Nowhere in the referenced paragraphs is there specification of the time, place, and/or content of the alleged false representations made by Trans Union, or its representatives, that support the fraud allegations. While the Complaint does contain generalized references to the dissemination of information by Trans Union to others[2], there is no information provided by which Trans Union can trace the time the information was allegedly provided, the physical or geographical location where it was provided, or, most importantly, the actual content of the alleged false representations. Without that information, Trans Union is unable to frame a responsive pleading to Plaintiffs' fraud allegations.

---

[2] Prime examples include the following: "When subscribers to Defendant's services retrieve information concerning Plaintiffs and members of the class through Social Security searches, they receive inaccurate and misleading information." *See* Complaint, paragraph 59. "Defendant continues to falsely report the true status of credit histories, credit information and personal information …" *See* Complaint, paragraph 76.

6. Similarly, there is no specification in the Complaint of the person or persons to whom the fraudulent statements were made, or how the statements were made. Again, generalized references abound—"Defendant conspired and has conspired with others"[3]..."Defendant has devised a scheme or artifice for obtaining money"[4]..."Defendant has misappropriated confidential information..."[5]. These references, while ostensibly providing the support for Plaintiffs' fraud allegations, simply do not provide information sufficient to identify the person or persons either engaged in the "fraud" or receiving the fraudulent information. Moreover, the Complaint provides no specificity as to how the fraudulent information allegedly was passed from Trans Union to others.

7. Finally, Plaintiff's Complaint fails to describe the harm allegedly caused to Plaintiffs' themselves as a result of their reliance upon Trans Union's alleged misrepresentations. While Plaintiff's Complaint globally asserts that Plaintiffs (and those in the purported classes) received less favorable consumer credit terms[6], the Complaint is devoid of any description or reference of actual reliance <u>by Plaintiffs' themselves</u> on statements made to them by one or more Trans Union representatives.

## III. CONCLUSION

8. While "short and plain" statements are all that is required for most causes of action, Rule 9(b) specifies a more exacting pleading requirement for fraud allegations. The United States District and Circuit Courts have provided further specification of the pleading requirements. Those requirements, reduced to their

---

[3] Complaint, paragraph 160.
[4] Complaint, paragraph 161.
[5] Complaint, paragraph 164.
[6] Complaint, paragraphs 47, 48, and 52.

essence, compel Plaintiffs to specify the "who, what, where, when and how" of the alleged fraud. Plaintiffs' Complaint fails to meet this standard. As such, Count VI of Plaintiff's Complaint should be dismissed.

        Respectfully submitted,

        s/ James S. Kreamer
        JAMES S. KREAMER   KS # 14374
        ELIZABETH RAINES   KS # 20668

        BAKER STERCHI COWDEN & RICE, L.L.C.
        2400 Pershing Road
        Suite 500
        Kansas City, Missouri 64108-2533
        Tele.: (816) 471-2121
        Fax.: (816) 472-0288
        ATTORNEYS FOR DEFENDANT
        TRANS UNION, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record on November 19th, 2004 as follows:

| | |
|---|---|
| Mr. Barry R. Grissom *(via U.S. Mail)* | B. Joyce Yeager *(via U.S. Mail)* |
| Attorney at Law | Yeager Law Firm, L.L.C. |
| 7270 West 98th Terrace | 7270 West 98th Terrace |
| Building 7, Suite 220 | Building 7, Suite 220 |
| Overland Park, Kansas 66212 | Overland Park, Kansas 66212 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

        s/ James S. Kreamer