## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN G. MILLETT,<br>MELODY J. MILLETT,<br>On Behalf Of Themselves and<br>All Others Similarly Situated,<br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>TRANSUNION L.L.C.,<br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Cause of Action No.: 04-2448-CM<br>)<br>)<br>) |

### PLAINTIFF'S RESPONSE TO MOTION BY DEFENDANT TO DISMISS
### COUNT VI OF COMPLAINT

Although TransUnion suggests that clarification of the fraud claim in Count VI of the Complaint is required because the claim is vague and the claim is not pled with specificity, Defendant then identifies a number of counts that establish the claim, counts which allege communications with others.

The Federal Rules of Civil procedure must be read in conjunction. The very cases Plaintiff relies upon as support for its argument that more particularized pleading is required balance the requirements for specificity for fraud claims with the notice pleading rule, Federal Rule of Civil Procedure 8. A complaint which includes information which supports the elements of its claims is sufficient.

> The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct, ... and to be construed as to do substantial justice." Fed.R.Civ.P. 8(e), (f); *see Seattle-First,* 800 F.2d at 1011. The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based ..." *Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 987 (10th Cir.1992) (quoting *Ross v. Bolton,* 904 F.2d 819, 823 (2d Cir.1990)).

Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). Plaintiffs complaint sets out a pattern scheme covering a span of years involving multiple agents. Federal Rules of Civil Procedure do not require the complaining party to include each and every statement by each agent, employee and representation and to identify each document. Where a Plaintiffs' pleadings begin with a lengthy and detailed factual recitation thoroughly setting out the circumstances giving rise to their fraud claims, as well as allegations regarding the intent or purpose of Defendant's actions, there is no basis for Rule 9(b) relief. Scheidt v. Klein, 956 F.2d 963, 967 (10th Cir. 1992).

Plaintiffs allege, in Count VI, that Defendant has engaged in a scheme or artifice to defraud, conspired to convert Social Security numbers, engaged in a scheme or artifice for the purpose of obtaining money, used wires in interstate commerce as part of that scheme, and has misappropriated personal information. The incorporated fact paragraphs describe in detail the particulars of Defendant's actions. Plaintiff is allowed to incorporate fact sections. Federal Rule of Civil Procedure 10(c). Schwartz, 124 F.3d 1246, 1253 (10th Cir. 1997).

Although Defendant cites to case law which provides that a fraud claim must identify the person making the fraudulent misrepresentation, the cases referenced do not address the pleading requirements for claims concerning a fraudulent scheme or plan. Plaintiffs have identified, in their 112 paragraph factual section, the instances in which they were harmed as a result of the fraudulent scheme or plan of Defendant and Plaintiffs described in great detail the actions of Defendant and resulting harm.

Defendant provides personal information about Plaintiffs for a fee. (*e.g.*, ¶¶ 40, 42, 46) Defendant provides that information to others. (*e.g.*, ¶¶ 60-63) Defendant has made a profit

because it provides false information. (*e..g.*, ¶¶ 75, 79-83, 100, 109-112)  Plaintiffs have been damaged.  (*e. g.*, , 47-53, 69-72, 74, 85, 98, 106)   These statements and others in the Complaint fairly describe the fraud scheme and comply with Federal Rule of Civil Procedure 9(b).  Id. at 1254-55.

    WHEREFORE, Plaintiffs ask this Court to deny the Defendant's motion.  In the event the Court concludes a more detailed incorporation of facts or more detailed recitation of facts is required, Plaintiff requests a period of thirty days in which to amend its Complaint.

    RESPECTFULLY SUBMITTED,

    Barry R. Grissom #10866
    7270 W. 98th Terrace
    Building 7, Suite 220
    Overland Park, KS 66212
    (913) 341-6616
    (913) 341-4780-Fax
    bgrissom@sprintmail.com

    YEAGER LAW FIRM, L.L.C.

    By:    s/ B. Joyce Yeager
    B. Joyce Yeager
    Kansas Bar No. 18932
    Missouri Bar No. 46013
    7270 W. 98th Terrace
    Building 7, Suite 220
    Overland Park, KS 66212
    (913) 648-6673
    (913) 648-6921 Facsimile
    jyeager@joyceyeagerlaw.com

    ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

     I hereby certify that the foregoing was filed electronically and notice of such filing was made electronically to defendants' counsel pursuant to the Electronic Case Filing Rules of the United States District Court for the District of Kansas on December 10, 2004:

James S. Kreamer
Elizabeth Raines
Baker Sterchi Cowden & Rice, L.L.C.
2400 Peshing Rd., Suite 500
Kansas City, MO 64108-2533
kreamer@bscr-law.com

                                                                           s/ B. Joyce Yeager
                                                                           B. Joyce Yeager