THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN G. MILLETT,  ) | |
| MELODY J. MILLETT,  ) | |
| On Behalf of Themselves and  ) | |
| All Others Similarly Situated,  ) | |
|     Plaintiffs,  ) | |
| ) | Cause of Action No. 04-2448-GTV |
| v.  ) | |
| ) | |
| TRUELINK, INC.,  ) | |
| A Trans Union company,  ) | |
|     Defendant.  ) | |

## **DEFENDANT TRUELINK, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE AND ALTERNATIVE MOTION TO TRANSFER AND BRIEF IN SUPPORT**

Defendant TrueLink, Inc. ("Defendant" or "TrueLink") files this its Motion to Dismiss for Improper Venue and Alternative Motion to Transfer and Brief in Support and would show the Court as follows.

### **STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT**

Despite having agreed to litigate in Delaware, Plaintiffs filed this lawsuit in this Court, an improper venue. TrueLink requests that the Court dismiss this case or alternatively transfer the case to the federal District Court in Delaware.

Plaintiffs propose an opt-in class action for a class of "[p]resent and former purchasers of credit monitoring or identity theft protection products of Defendant or its affiliates, including TrueCredit products." (Am. Comp. ¶ 12.) Plaintiffs also bring individual claims for violations of the Kansas Consumer Protection Act alleging misrepresentations were made regarding the capabilities of the products offered by the Defendant. As alleged in the Complaint, both the Plaintiffs and the proposed class purchased products from Defendant. In order to have purchased these products, the Plaintiffs and proposed class entered into a "clickwrap" agreement with TrueLink on the

internet. The agreement contained a mandatory forum selection clause conferring the state and federal courts of New Castle County, Delaware with exclusive jurisdiction and venue. Since the Supreme Court's seminal decision in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), federal courts routinely enforce forum selection clauses. *See e.g., Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir. 1992). Because the Plaintiffs and anyone in their proposed class contracted for exclusive jurisdiction in Delaware, this Court should dismiss the case for improper venue or in the alternative transfer the case to the District Court of Delaware.

## STATEMENT OF THE FACTS

1. Plaintiffs Steven and Melody Millett bring claims against TrueLink alleging that TrueLink negligently misrepresented services they purchased from TrueLink. (Am. Comp.) They also assert that other consumers "did contract with Defendant or its affiliates to purchase identical or similar products or services." (Am. Comp. ¶ 14.) Plaintiffs allege TrueLink misrepresented the capabilities of those products and that the products fell short of their expectations. (Am. Comp. ¶ ¶ 17, 18, 27-34.) The Parties are diverse.

2. TrueLink sells credit-related products and services related to a person's credit file. TrueLink provides an internet-based service called TrueCredit. TrueCredit is an internet portal through which individuals can purchase from TrueLink electronically delivered or hard copies of their credit reports (as prepared by three national consumer reporting agencies), customized debt analyses, credit monitoring, and a variety of other products and services. An individual orders TrueCredit products and services over the internet and can view the products purchased seconds later through the online display.

3. On or about August of 2003, the Plaintiffs alleged they purchased credit-related products offered by TrueLink. (Am. Comp. ¶ 10.) Plaintiffs purchased the products on-line in Mr. Millet's name on or about August 6, 2003. (Ex. 1 ¶ 7.)

4. When Plaintiffs purchased the TrueLink products, the Plaintiffs agreed to various terms and conditions. The Credit Monitoring Member Agreement that Plaintiffs accepted states: "You agree to be legally bound by these terms." (Ex. 1A p. 1.) It further states: "This Agreement will take effect at the time you click 'I Agree,' and shall terminate (a) when either party gives notice of its intention to terminate to the other party hereto via e-mail, or (b) if TrueLink discontinues providing any membership, subject to your right to receive membership benefits that you have paid for or to obtain a refund of a portion of your payment." (Ex. 1A p. 6.)

5. The Agreement also has a mandatory venue provision stating: "You agree that any and all disputes arising under this Agreement or out of TrueLink's provision of services to you, pursuant to this membership or otherwise, if submitted to a court of law shall be submitted to the state and federal courts of New Castle County, Delaware, USA." (Ex. 1A p. 6.)

6. The Agreement further provides: "You represent that you have read this Agreement and TrueLink's Privacy Statement, understand their terms, and agree and intend to be legally bound by them. You acknowledge that, in providing you access to and use of the Site and your membership, TrueLink has relied on your agreement to be bound by the terms of this Agreement." (Ex. 1A p. 6.)

7. Plaintiffs affirmatively accepted the aforementioned terms and clicked "ACCEPT." (Ex. 1 ¶ ¶ 6, 7.) Had the Plaintiffs not clicked "ACCEPT," they would have been unable to purchase the services offered by TrueLink. (Ex. 1 ¶ 6.)

## STATEMENT OF QUESTIONS PRESENTED

1. Should the Court dismiss the case because venue is improper given that the Agreement at issue contains a mandatory forum-selection clause?

2. In the alternative, should the Court under 28 U.S.C. § 1406 or § 1404 transfer the case to the federal District Court in Delaware when the Agreement contains a mandatory forum-selection clause that is to be afforded significant weight by district courts in making the decision whether to transfer?

## THE ARGUMENT

**I. This Court Must Enforce the Agreement.**

**A. The Agreement is valid and enforceable.**

The venue in the instant case is improper because the Parties have agreed that Delaware is the exclusive forum for all disputes arising out of the Parties' Agreement. The determination of whether to enforce a forum selection clause in a diversity action is governed by federal law. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988).

Forum selection clauses are presumptively valid and should be enforced unless the party opposing enforcement proves that the clause is "unreasonable under the circumstances." *M/S Bremen*, 407 U.S. at 10. Forum selection clauses in "clickwrap" agreements (where an on-line purchaser "clicks" on his acceptance), like the one here, are valid and enforceable. *See Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 401-02 (2d Cir. 2004); *Mortgage Plus, Inc. v. DocMagic, Inc.*, No. 03-2582-GTV-DJW, 2004

U.S. Dist. LEXIS 20145, at *17 (D. Kan. Aug. 23, 2004)(Waxse, J.); *DeJohn v. TV Corp. Int'l*, 245 F.Supp.2d 913, 921 (N.D. Ill. 2003); *I.Lan Sys. v. NetScout Serv. Level Corp.*, 183 F.Supp.2d 328, 338 (D. Mass. 2002); *Specht v. Netscape Communs. Corp.*, 150 F.Supp.2d 585, 595 (S.D.N.Y. 2001); *Forrest v. Verizon Communs., Inc.*, 805 A.2d 1007, 1014 (D.C. Ct.App.Div. 2002); *Caspi v. Microsoft Network, L.L.C.*, 732 A.2d 528, 530-33 (N.J. Super. 1999).

Forum selection clauses are either "mandatory" or "permissive." *K & V Scientific Co., Inc. v. BMW*, 314 F.3d 494, 498 (10th Cir. 2002). Mandatory forum selection clauses contain clear language that shows that jurisdiction is only appropriate in the designated forum. *Id.* Permissive forum selection clauses authorize jurisdiction in a forum, but do not prohibit it elsewhere. *Id.* The forum selection clause in the Parties' Agreement is a mandatory forum selection clause. It states:

> You agree that any and all disputes arising under this Agreement or out of TrueLink's provision of services to you, pursuant to this membership or otherwise, if submitted to a court of law <u>shall be submitted</u> to the state and federal courts of New Castle County, Delaware, USA.

(Ex. A p. 6 emphasis added.) The "shall be submitted" language is mandatory. Moreover, the fact that the forum selection clause provides that all disputes shall be submitted to either the state or federal courts of New Castle, Delaware does not alter the compulsory nature of the forum selection clause. *See e.g., Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co.*, 202 F.Supp.2d 1238, 1244 (D. Kan. 2002). The federal District Court of Minnesota has already found that the very forum selection clause at issue is valid and enforceable. *Hopkins v. Trans Union, L.L.C and TrueLink, Inc.*, No. 03-5433, 2004 U.S. Dist. LEXIS 16414, at *7-9 (D. Minn. Aug. 19, 2004). This Court should likewise find that the Agreement is valid and enforceable.

5

### B. The Agreement governs this lawsuit.

This Court has already found that forum selection clauses apply to tort claims arising out of or related to a contract. *Mortgage Plus, Inc. v. DocMagic, Inc.*, No. 03-2582-GTV-DJW, 2004 U.S. Dist. LEXIS 20145, at *17 (D. Kan. Aug. 23, 2004) (Waxse, J.). In doing so, this Court followed the jurisprudence of other jurisdictions. *Id.* at n28 (citing other cases with similar holdings); *Manetti-Farrow, Inc. v. Gucci Am., Inc.* 858 F.2d 509, 513 (9th Cir. 1988). Here, Plaintiffs' tort claim for negligent misrepresentation, like in *Mortgage Plus,* arises from a contractual relationship. This Court found: "[w]hether cast in tort or contract, the crux of Plaintiff's claim is the allegation that the software did not perform as DocMagic stated it would. Both of these claims depend on the resolution of the same factual issue: whether DocMagic's software operated properly." *Id.* at *26.

Likewise, Plaintiffs' Kansas Consumer Protection Act claim does not negate the forum selection clause. *See, e.g., SmartText Corp. v. Interland, Inc.*, 296 F.Supp. 3d 1257, 1258 (D. Kan. 2003); *Thompson v. Founders Group Int'l,* 886 P.2d 904, 907 (Kan. App. 1994).

In this case, Plaintiffs have plead the tort claim of negligent misrepresentation and the statutory claim of a violation of the Kansas Consumer Protection Act. Regardless of how the Plaintiffs seek to characterize their claims as causes of action, Plaintiffs' claims are part and parcel of the Agreement between the Parties that governs this transaction. The Plaintiffs allege that TrueLink misrepresented and did not satisfy the obligations arising from the purchase of the services and seek to represent a class of individuals on the same claims. (Am. Comp. ¶ ¶ 14, 17-19.) Whether TrueLink

6

misrepresented the capabilities of its product or did not live up to its end of the Agreement are intertwined with analyzing the Agreement. Accordingly, the forum selection clause covers Plaintiffs' entire Complaint.

## II. This Court Must Dismiss the Case Because of The Mandatory Forum Selection Clause.

"Because the forum selection clause is part of the contract and it is valid, a Kansas venue is improper." *Home Basket Co., LLC v. The Pampered Chef, Ltd.,* No. 04-1314-WEB, 2005 U.S. Dist. LEXIS 513, at *15 (D.Kan. Jan. 12, 2005). A motion to dismiss based on a forum selection clause is analyzed as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992). Once a court finds that a forum selection clause is mandatory, courts in the Tenth Circuit routinely enforce the forum selection clause by dismissing the action not filed in the designated venue. *See e.g., Double A Home Care, Inc. v. Epsilon Sys., Inc.*, 15 F.Supp. 2d 1114, 1116 (D. Kan. 1998); *Billings v. Clinitec Int'l, Inc.* No. 00-1236-JTM, 2000 U.S. Dist. LEXIS 10904, at *7-8 (D. Kan. July 25, 2000). Because the state and federal courts of New Castle County, Delaware have exclusive jurisdiction over this case, this Court should dismiss the case for improper venue.

Case 2:04-cv-02459-CM-GLR   Document 29-1   Filed 06/02/2005   Page 7 of 12

7

### III. In The Alternative, This Court Should Transfer the Action to the District Court of Delaware.

#### A. The Court can transfer the case under 28 U.S.C. § 1406(a).

If this Court decides not to dismiss the case, then the Court can *sua sponte* under 28 U.S.C. § 1406(a) cure the defect in Plaintiffs' Amended Complaint by transferring the case to the United States District Court of Delaware.[1]

#### B. The Court can transfer the case under 28 U.S.C. § 1404(a).

If the Court decides not to dismiss the case or transfer the case *sua sponte*, then TrueLink requests that the Court transfer the case under § 1404(a). In determining whether to transfer a case pursuant to § 1404(a), a court considers the following factors: the plaintiff's choice forum; the accessibility of witnesses and other sources of proof; the cost of making the necessary proof; questions as to enforceability of judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make trial easy, expeditious, and economical. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). In *Stewart*, the Supreme Court noted that "the presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's analysis." *Stewart Org.*, 487 U.S. at 29. The Tenth Circuit gives deference to forum selection clauses "except in

---

[1] The forum selection clause at issue states that the "state and federal courts of New Castle County, Delaware, USA" have exclusive jurisdiction. The federal change of venue statutes, however, limit transfer of cases only to other federal courts; they do not permit a court to transfer cases to state courts. *See, e.g.*, 28 U.S.C. §§ 610, 1404(a), and 1631. Thus, this Court is limited to transferring the case only to the federal District Court in Delaware.

8

cases showing an inconvenience so serious as to foreclose a remedy, bad faith, overreaching or lack of notice." *Home Basket*, 2005 U.S. Dist. LEXIS 513, at *17. Thus, this Court must consider the forum-selection clause a significant factor among the other factors.

The following factors weigh in favor of transferring the case to the District Court of Delaware: the forum-selection clause is mandatory and requires all legal proceedings to be brought in the appropriate court in New Castle County, Delaware. The Plaintiffs' entering into the mandatory forum-selection clause waives their right to challenge venue or convenience grounds. *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372 (7th Cir. 1990). The Agreement also provides that "the laws of the State of Delaware, USA" apply. (Ex. 1A p. 6.) Thus, Delaware courts would be better equipped to determine issues of Delaware law. Moreover, the Agreement further states that the laws of Delaware (and applicable federal law) apply "without regard to any conflict of laws provisions." (Ex. 1A p. 6.)

Several of the factors are neutral. For example, the docket "congestion" for each of the district courts appears to be similar. Delaware is 52nd and Kansas is 60th in the number of actions per judgeship. (Ex. 2A.) Likewise, there is no indication that either of the Parties (or the putative class) could not get a fair trial in Delaware. Moreover, no issue exists with regard to questions as to enforceability of judgment if one is obtained. TrueLink does business in both Delaware and Kansas. (Ex. 1 ¶ 2.)

While the Plaintiffs might be inconvenienced by a transfer of the case to Delaware, "such inconvenience simply is insufficient to counterbalance the significant weight of the valid and enforceable forum selection clause." *Mortgage Plus, Inc.*, 2004

9

U.S. Dist. LEXIS 20145, at *24.  As the Supreme Court pronounced in *M/S Bremen*, for the Court to deem the forum selection clause unenforceable based on inconvenience, the Plaintiffs must meet the heavy burden of showing "the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  407 U.S. at 18; *see also,* Riley, 969 F.2d at 958; *Johnson v. N. States Power Co.*, No. 99-2394-GTV, 2000 U.S. Dist. LEXIS 20845, at *12-15  (D. Kan. Nov. 1, 2000); *Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.*, 123 F.Supp.2d 569, 581 (D. Kan. Sept. 25, 2000).  The Plaintiffs simply cannot meet this burden.  Thus, in the alternative, if this Court does not dismiss the case or transfer the case under § 1406(a), TrueLink requests that the Court transfer to case to the federal District Court of Delaware in accordance with § 1404(a).

10

Respectfully submitted,

/s/James S. Kreamer
**JAMES S. KREAMER**
Baker, Sterchi, Cowden & Rice, L.L.C.
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
816-471-2121
Fax: 816-472-0288
Email: kreamer@bscr-law.com
ATTORNEY TO BE NOTICED

**AMANDA S. LEWIS**
Strasburger & Price, L.L.P. - Dallas
901 Main Street, Suite 4300
Dallas, TX 75202
214-651-4461
Fax: 214-659-4104
Email: amanda.lewis@strasburger.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**PAUL L. MYERS**
Strasburger & Price, L.L.P. - Frisco
2801 Network Boulevard, Suite 600
Frisco, TX 75034
469-287-3903
Fax: 469-227-6567
Email: paul.myers@strasburger.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2005, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

B. Joyce Yeager      *(via CM/ECF)*
Barry R. Grissom
Yeager Law Firm, LLC
7270 West 98th Terrace
Building 7, Suite 220
Overland Park, KS  66212

                                               **/s/ James S. Kreamer**
                                               James S. Kreamer