# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN G. MILLETT, ) | |
| MELODY J. MILLETT, ) | |
| On Behalf Of Themselves and ) | |
| All Others Similarly Situated, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause of Action No.: 04-2448-CM-GLR |
| ) | |
| TRUELINK, INC., ) | |
| Defendant. ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER

Plaintiffs, Steven G. Millett and Melody J. Millett (hereinafter "Plaintiffs"), for their response to the Motion to Dismiss for Improper Venue; or, in the Alternative, to Transfer (hereinafter "Motion") filed by Defendant, state as follows:

Plaintiffs agree with Defendants that, pursuant to the "Applicable Law" provision of the contract entered into between the parties, Delaware law applies to all claims brought in connection with the contract and venue and jurisdiction of any action stating such claims should be in the state and federal courts of New Castle County, Delaware. Plaintiffs also agree with Defendants that the provision applies to all manner of claims that may be brought in connection with the contract. Accordingly, all such claims should be brought under Delaware law and should be litigated in Delaware courts.

As Defendants note in their Motion, this Court has authority to transfer this action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a). Plaintiffs agree that it would be appropriate for this Court to transfer venue to

the United States District Court for the District of Delaware pursuant to either of these provisions.

Given that Delaware law will control all claims in this action, it will be necessary for Plaintiffs to amend their pleading in order to state their claims in terms of Delaware law. Therefore, Plaintiffs will be filing a motion seeking leave to amend their pleading once Plaintiffs have had an opportunity to review the applicable Delaware law and consult with local counsel.

Dismissal is not necessary. "Transfer should be the usual course rather than dismissal." U.S. v. Miller-Stauch Const. Co., Inc., 904 F.Supp. 1209, 1214 (D.Kan.1995) (*citing*, 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3827 at 274 (1986)).

For the reasons stated herein, Plaintiffs respectfully request that this Court transfer venue to the United States District Court for the District of Delaware.

RESPECTFULLY SUBMITTED,

Barry R. Grissom #10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212
(913) 341-6616
(913) 341-4780-Fax
bgrissom@sprintmail.com

YEAGER LAW FIRM, L.L.C.
By: s/ B. Joyce Yeager
B. Joyce Yeager
Kansas Bar No. 18932
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212
(913) 648-6673
(913) 648-6921 Facsimile
jyeager@joyceyeagerlaw.com

ATTORNEYS FOR PLAINTIFFS

3

CERTIFICATE OF SERVICE

      The foregoing was filed electronically and notice of such filing was provided to counsel for the parties pursuant to the Electronic Case Filing Rules of the United States District Court for the District of Kansas on August 3, 2005.

    James S. Kreamer
    Elizabeth Raines
    Baker Sterchi Coweden & Rice, L.L.C.
    2400 Pershing Rd., Ste. 500
    Kansas City, MO 64108-2533
    kreamer@bscr-law.com

    Amanda Lewis
    Paul Myers
    2801 Network Blvd., #600
    Frisco, TX 75034
    (214) 651-4461
    (469) 227-6567 Facsimile
    amanda.lewis@strasburger.com
    paul.meyers@strasburger.com


                                                                     s/ B. Joyce Yeager
                                                                     B. Joyce Yeager