# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT V. TOWNES, IV,  :
individually and on behalf of  :
of all others similarly  :
situated,  :
   :
      Plaintiffs,  :
   :
  v.  :  Civil Action No. 04-1488-JJF
   :
TRANSUNION, LLC and TRUELINK,  :
LLC,  :
   :
      Defendants.  :

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motion For Appointment Of Interim Counsel (D.I. 10) and a Stipulation And Order allowing an extension of time for Defendant's response to Plaintiff's Motion (D.I. 18). For the reasons discussed, Plaintiff's Motion For Appointment Of Counsel (D.I. 10) and the Stipulation And Order (D.I. 18) will be granted.

**I.  Background**

On December 1, 2004, Plaintiff filed a Complaint on behalf of himself and all others similarly situated, alleging violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. (D.I. 1). Specifically, Plaintiff alleged that Defendant is a "credit repair organization" and that it failed to (1) request payment only once its services were performed, (2) provide disclosures required by 15 U.S.C. § 1679c, (3) provide a written contract containing terms as required by 15 U.S.C. § 1679d, and

(4) provide a cancellation form and information pertaining thereto as required by 15 U.S.C. § 1679e. (Id. at 1-2). On March 10, 2005, Plaintiff filed a Motion requesting that the Court appoint the law firms of Milberg Weiss Bershad & Schulman, LLP and Pope, McGlamry, Kilpatrick, Morrison, & Norwood, LLP as interim counsel under Federal Rule of Civil Procedure 23(g)(2)(A). (D.I. 10). A Stipulation And Order allowing an extension of time for Defendant's response to Plaintiff's Motion was filed March 21, 2005. (D.I. 18). Defendants filed a proposed response to Plaintiff's Motion on March 24, 2005. (D.I. 19).

## II. Parties' Contentions

By its Motion, Plaintiff contends that the appointment of interim counsel would be helpful because it would "establish leadership, unify plaintiffs' approach to class certification, avoid duplication or conflict, and ensure appropriate and competent representation for the proposed class." (D.I. 11 at 3). Plaintiff contends that interim counsel will be particularly helpful due to the pendency of a similar lawsuit in the Northern District of Alabama, Rosser v. TrueLink, Inc. and Trans Union, LLC, No. 2:05-cv-00245-LSC. Id.

In response, Defendant contends that Plaintiff's reasons for requesting the appointment of interim counsel have been eliminated because the Rosser case has been voluntarily

2

dismissed. However, while noting that these reasons have been eliminated, Defendants "recognized the potential efficiency and other benefits to having one law firm represent the interests of the putative class" and suggested that two attorneys from one firm be appointed. (D.I. 19 at 2).

### III. Discussion

Federal Rule of Civil Procedure 23(g)(2)(A) provides that "[t]he Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). While there is no pertinent case law on this provision,[1] the 2003 Advisory Committee's Note offers some guidance to the courts as to when it is appropriate to appoint interim counsel.

The 2003 Advisory Committee's Note provides that, in most situations, the attorney or firm that initially filed the case will handle motions, discovery, and other matters prior to class certification.[2] Fed. R. Civ. P. 23(g) advisory committee's note. The rule recognizes, however, that "there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Id. In such cases, a court _may_ appoint interim

---

[1] Rule 23(g) was added in 2003 to "guide [courts] in assessing proposed class counsel as part of the certification decision." Fed R. Civ. P. 23(g) advisory committee's note.

[2] The Court is not required to appoint lead counsel until the class is certified. See Fed. R. Civ. P. 23(c)(1)(B).

3

counsel prior to class certification to eliminate such rivalry or uncertainty. See Id.; Fed. R. Civ. P. 23(g)(2)(A).

The Court concludes that it is appropriate, in the circumstances presented, to exercise its discretion and appoint the firms of Milberg Weiss Bershad & Schulman, LLP and Pope, McGlamry, Kilpatrick, Morrison, & Norwood, LLP as interim counsel for the putative class. The Rosser lawsuit, which was pending in the Northern District of Alabama, was voluntarily dismissed without prejudice (D.I. 19, exhibit A), and therefore, may be brought again, leading to the same leadership and unity issues cited by Plaintiff. Additionally, the Court has already ordered the admittance pro hac vice of several attorneys from the firms Plaintiff seeks to have appointed as interim counsel. Accordingly, the Court will grant Plaintiff's Motion For Appointment Of Interim Counsel (D.I. 10).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment Of Interim Counsel (D.I. 10) is **GRANTED**. Furthermore, the Stipulation And Order allowing an extension of time for Defendant's response to Plaintiff's Motion (D.I. 18) is **GRANTED**.

October 31, 2005

_____
UNITED STATES DISTRICT JUDGE

4