IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf Of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRUELINK, INC., a Trans Union Company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-599 (SLR) <br><br> Putative Class Action |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS
COUNTS I, II, III, AND V OF THE SECOND AMENDED COMPLAINT
<u>OR FOR MORE DEFINITE STATEMENT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
  Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000

January 13, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

NATURE OF THE PROCEEDINGS AND STATEMENT OF FACTS ............................ 1

SUMMARY OF ARGUMENT ...................................................................................... 2

ARGUMENT .................................................................................................................. 4

       I.     PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE DELAWARE
             CONSUMER FRAUD ACT (COUNT I).                         4

      II.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FAIR CREDIT
             REPORTING ACT (COUNT V).                           6

      III.   COUNTS II, III, AND V ARE BARRED BY THE STATUTES OF
             LIMITATIONS, OR, ALTERNATIVELY, REQUIRE A MORE
             DEFINITE STATEMENT.                           7

CONCLUSION                                         9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cahlin v. General Motors Acceptance Corp.,*
    936 F.2d 1151 (11th Cir. 1991) ...................................................................7

*Goodrich v. E.F. Hutton Group, Inc.,*
    542 A.2d 1200 (Del. Ch. 1988)..............................................................4, 5

*Guimond v. Trans Union Credit Info. Co.,*
    45 F.3d 1329 (9th Cir. 1995) .....................................................................7

*Philbin v. Trans Union Corp.,*
    101 F.3d 957 (3d Cir. 1996)......................................................................7

*Wal-Mart Stores, Inc. v. AIG Life Ins. Co.,*
    872 A.2d 611 (Del. Ch. 2005) ..................................................................5


**Statutes**

6 *Del. C.* § 8106 .............................................................................................8

Delaware Consumer Fraud Act,
    6 *Del. C.* § 2512 ..................................................................................4, 5
    6 *Del. C.* § 2525(a)..................................................................................5

Fair Credit Reporting Act,
    15 U.S.C. § 1681 .....................................................................................6
    15 U.S.C. § 1681e(b) ....................................................................3, 6, 7, 8
    15 U.S.C. § 1681p....................................................................................7

Federal Rules of Civil Procedure
    Rule 12(e)...............................................................................................8

Defendant TrueLink, Inc. ("TrueLink"), hereby submits this brief in support of its motion to dismiss Counts I, II, III, and V of the Second Amended Complaint ("SAC"), or, alternatively to require plaintiffs to make a more definite statement.

## NATURE OF THE PROCEEDINGS AND STATEMENT OF FACTS

Plaintiffs filed this action against Trans Union, LLC ("Trans Union") on September 9, 2004 in the United States District Court for the District of Kansas, No. 04-2448-CM.[1] In that original Complaint, plaintiffs alleged seven (7) causes of action arising from the association of multiple parties with plaintiff Steven Millett's social security number in Trans Union's consumer credit files (*See* Complaint, ¶¶ 37-84, a copy of which is attached hereto as Exhibit A), and from plaintiffs' June, 2003 purchase of unspecified Trans Union products and services that were designed to protect against identity theft. (*Id.* at ¶¶ 91-98). On March 31, 2005, the federal district court in Kansas granted the plaintiffs' motion for leave to amend the Complaint to substitute TrueLink as defendant instead of Trans Union. Plaintiff did so in its First Amended Complaint, filed April 11, 2005, but asserted only three (3) claims against TrueLink: (1) negligent misrepresentation; (2) violation of the Kansas Consumer Protection Act; and (3) fraud by silence. These claims arose from reporting of other individuals associated with Steven Millett's social security number (*See* First Amended Complaint, ¶¶ 26-31, a copy of which is attached hereto as Exhibit B), and plaintiffs' purchase of consumer protection products "on or about August 2003." (*Id.* at ¶ 35).

---

[1] Three months previously, plaintiffs had filed a complaint naming Trans Union, the two other nationwide credit bureaus, and numerous other defendants in the District of Kansas, No. 04-2274-CM. Plaintiffs later voluntarily dismissed Trans Union from the action, and filed the action which was ultimately transferred to this Court.

This action was transferred from the District of Kansas to this Court on August 16, 2005. (*See* D.I. 35-37). On December 14, 2005, this Court granted plaintiffs' unopposed motion for leave to file the SAC, and plaintiffs' SAC was deemed filed. (D.I. 55).

In the SAC, plaintiffs complain that TrueLink made misrepresentations about the products or services marketed and offered to, and purchased by plaintiffs. Plaintiffs allege five (5) claims against TrueLink in the SAC, all arising from plaintiffs' alleged purchase of online credit monitoring from TrueLink's truecredit.com website, which plaintiffs allege occurred "on and after September 9, 2001." (D.I. 53, ¶ 8). Plaintiffs assert a violation of the Delaware Consumer Fraud Act ("DCFA") (Count I); a claim under the Delaware Consumer Contracts Act (Count II); breach of contract (Count III); violations of the federal Credit Repair Organizations Act ("CROA") (Count IV); and violations of the federal Fair Credit Reporting Act ("FCRA") (Count V).[2] As set forth below, the allegations fail to state a claim under the DCFA or the FCRA, and Counts I and V should therefore be dismissed. Additionally, Counts II, III, and V are time barred and therefore should be dismissed; alternatively, plaintiffs should be ordered to make a more definite statement as to the dates of the alleged transactions at issue.

## SUMMARY OF ARGUMENT

1.    Count I of the SAC fails to state a claim under the DCFA. To state a claim under the DCFA, plaintiffs must allege that he is a Delaware consumer, that the transaction occurred in Delaware or that any of the subject conduct by the defendant occurred in Delaware. Here, plaintiffs fail to allege that they are Delaware residents or were Delaware residents at any time relevant to the claims asserted in the SAC. Likewise, plaintiffs fail to assert that any

---

[2]    Plaintiffs refer to the FCRA as the "Credit Reporting Agencies Act" or "CRAA." *See* SAC, ¶¶ 72-79.

portion of the subject transaction occurred in Delaware.  Accordingly, plaintiffs fail to establish the necessary connection between the subject transaction and the State of Delaware to maintain a claim under the DCFA.

      2.    Count V of the SAC fails to state a claim under the FCRA.  To maintain a claim under 15 U.S.C. § 1681e(b), plaintiffs must do more than merely allege that a consumer reporting agency did not use reasonable procedure; plaintiffs must allege that such failure caused inaccurate information to be reported regarding the plaintiffs.  Here, plaintiffs fail to identify any inaccuracy in the consumer credit reports that result from TrueLink's alleged failure to follow reasonable procedures to assure maximum possible accuracy of information in plaintiffs' consumer credit reports.  Accordingly, Count V should be dismissed.

      3.    Counts II, III and V also should be dismissed because they are barred by the applicable statutes of limitations applicable to the claims asserted therein.  Alternatively, because plaintiffs fail to plead when the subject transactions with TrueLink occurred, plaintiffs should be required to make more definite statements with respect to those facts.

<u>ARGUMENT</u>

I.     PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE
       <u>DELAWARE CONSUMER FRAUD ACT (COUNT I).</u>

By Count I of the SAC, plaintiffs assert that TrueLink's written contract violates the Delaware Consumer Fraud Act. The DCFA was designed "to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce *in part or wholly within this State*." 6 *Del. C.* § 2512 (emphasis added). As such, to state a claim under the DCFA, the plaintiff must allege that he is a Delaware consumer, that the transaction occurred in Delaware, or that any of the subject conduct by the defendant occurred in Delaware. *Goodrich v. E.F. Hutton Group, Inc.*, 542 A.2d 1200, 1202-03 (Del. Ch. 1988) ("Relief, therefore, can be granted under the Act only as to those unlawful practices occurring or performed partly or wholly within Delaware"). Plaintiffs fail to make such allegations.

According to the Second Amended Complaint, plaintiffs are residents of Kansas; there is no allegation that they were Delaware residents at any time relevant to the claims asserted therein. There are likewise no allegations suggesting, much less asserting, that any portion of the subject transaction occurred in Delaware. Though TrueLink is a corporation organized under Delaware law, its principal place of business is in California. (D.I. 53, ¶ 3). Consequently, no inferences or assumptions can be made from the mere fact that TrueLink is a Delaware corporation. *See Goodrich, supra,* 542 A.2d at 1203 (allegation that defendant "actively conducts business" in Delaware found insufficient to state a claim under DCFA). Plaintiffs have done nothing more than to allege an internet transaction between Kansas residents and a company located in California, and have done nothing to establish that any portion of that transaction occurred in Delaware. Accordingly, plaintiffs fail to establish the necessary

connection between the subject transaction and the State of Delaware to maintain a claim under the DCFA.

While plaintiffs do allege that "[t]he misrepresentations that defendant has made in violation of the [D]CFA include misrepresentations that have been made in Delaware and that have affected Delaware consumers" (D.I. 53, ¶ 33), such allegations bear no relation to the plaintiffs' individual claims. Once again, plaintiffs do not allege that any of the misrepresentations made to them were made in Delaware, or that plaintiffs are Delaware consumers. In *Goodrich,* the court dismissed the plaintiff's claim because the only connection between the defendant and Delaware was that the defendant "actively conducts business in Delaware;" there were no allegations that any unfair or deceptive conduct occurred within Delaware. 542 A.2d at 1203. *See also Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 872 A.2d 611, 631 (Del. Ch. 2005) (dismissing DCFA claims for failure to allege that any misrepresentations were made to plaintiff in Delaware or that the subject transactions were entered into in Delaware).

To the extent that the allegation in Paragraph 33 represents speculation that some of the putative class members may reside in Delaware, it does nothing to establish plaintiffs' ability to state the claim. Indeed, standing is a necessary prerequisite to one's ability to maintain a claim under the DCFA. Section 2525(a) of the DCFA states that "[a] private cause of action shall be available to *any victim of a violation of this subchapter*." 6 *Del. C.* § 2525(a). Plaintiffs have no standing as victims of the alleged violations to bring a claim under Delaware law unless they establish that their transaction with TrueLink occurred in whole or in part in Delaware. *Id.* at § 2512.

Because plaintiffs fail to allege a claim based on "conduct of any trade or commerce in part or wholly within [Delaware]," *id.*, they fail to state a claim under the DCFA. Accordingly, Count I of the Second Amended Complaint should be dismissed with prejudice.

II.     PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE FAIR CREDIT REPORTING ACT (COUNT V).

In Count V, plaintiffs attempt to state a claim under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Specifically, plaintiffs claim that TrueLink violated § 1681e(b) of the FCRA, which states as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b). Plaintiffs allege that TrueLink has violated § 1681e(b) by "provid[ing] consumer reports to Named Plaintiffs and Class Plaintiffs without following procedures necessary to assure the maximum possible accuracy of the information contained therein and, to the contrary, has expressly stated in the Contracts that it does not warrant the correctness, completeness or accuracy of the information that it provides to consumers pursuant to the Contracts." (SAC, ¶ 76). Even assuming the truth of plaintiffs' allegations, Count V fails to state a claim upon which relief may be granted.

To maintain a claim under § 1681e(b), a plaintiff must do more than merely allege that a consumer reporting agency did not use reasonable procedures; plaintiff must allege that such failure caused inaccurate information to be reported regarding the plaintiff. As several courts have noted, the claim has (4) required elements: (1) that there was inaccurate information in the plaintiff's consumer credit report; (2) that the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) that he suffered actual

damages and (4) that those damages were caused by inclusion of the inaccurate entry. *Philbin v.*

*Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). The Eleventh Circuit stated:

> In order to make out a prima facie violation of section 607(b) [15
> U.S.C. § 1681e(b)], the [FCRA] implicitly requires that a
> consumer must present evidence tending to show that a credit
> reporting agency prepared a report containing 'inaccurate'
> information. If he fails to satisfy this initial burden, the consumer,
> as a matter of law, has not established a violation of section 607(b),
> and a court need not inquire further as to the reasonableness of the
> procedures adopted by the credit reporting agency.

*Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) (footnotes

omitted). *See also Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333-34 (9th Cir.

1995) (same, holding plaintiff made out a *prima facie* case by showing that there were

inaccuracies in her credit report).

Here, plaintiffs fail to allege that TrueLink reported inaccurate information in

plaintiffs' consumer reports. Consequently, Count V fails to state a claim under § 1681e(b) of

the FCRA and should therefore be dismissed with prejudice.

III.     COUNTS II, III, AND V ARE BARRED BY THE STATUTES
         OF LIMITATIONS, OR, ALTERNATIVELY, REQUIRE A
         MORE DEFINITE STATEMENT.

Count V should also be dismissed because it is time-barred by the FCRA statute

of limitation. The FCRA requires that claims for violations of the statute be brought within the

earlier of (a) 2 years from discovery; or (b) 5 years from the violation. 15 U.S.C. § 1681p. The

SAC does not expressly identify the specific dates of plaintiffs' transaction with TrueLink.

Instead, plaintiffs allege only that "Named Plaintiffs and Class Plaintiffs purchased the Credit

Monitoring service from [TrueLink] on or after September 9, 2001 through internet transactions

on the TrueCredit internet portal." (D.I. 53, ¶ 12). Presuming that this September 9, 2001 date

refers to the putative class representatives' own transactions with TrueLink, in light of the

absence of any allegations of plaintiffs' delayed "discovery" of their cause of action, then plaintiffs' FCRA claims would be extinguished as of September 9, 2003.

These same allegations also indicate that the claims asserted in Count II (under the Delaware Consumer Contracts Act), and Count III (breach of contract) are also time-barred. The statute of limitations under Delaware law for causes of action arising out of contractual relations is three (3) years. *See* 6 *Del. C.* § 8106. Assuming that plaintiffs' claims are based upon a September 9, 2001 contract, these claims were extinguished as early as September 9, 2004.

Alternatively, if plaintiffs contend the September 9, 2001 date in the SAC does not refer to the date of plaintiffs' transactions with TrueLink, it is appropriate to require plaintiffs to make a more definite statement. Federal Rule of Civil Procedure 12(e) authorizes motions for more definite statement where, as here, the allegations are "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Here, the allegations of the SAC do not specifically identify a precise date upon which plaintiffs transacted with TrueLink, a date relevant to determining the statute of limitations period for all of plaintiffs' claims. Requiring a more definite statement here would allow TrueLink to calculate the limitations period, and to identify possible defenses to this action. It would also serve to frame the issue for the Court in considering a motion to dismiss. Additionally, a more definite statement would provide TrueLink with information necessary to identify the precise transaction(s) at issue, and to facilitate the gathering of information that will be necessary to both frame its response to the allegations of the SAC, and to conduct and respond to discovery in an effective and efficient manner during the course of this litigation.

9.

## CONCLUSION

As set forth above, Counts I and V of the SAC fail to state a claim. Plaintiffs have alleged no connection to Delaware with respect to the transaction at issue, and therefore lack standing necessary to assert claims for violation of the Delaware Consumer Fraud Act (Count I). Plaintiffs also fail to state a claim for violation of § 1681e(b) of the Fair Credit Reporting Act, having alleged no inaccuracy in plaintiffs' consumer credit reports (Count V). Additionally, Counts II, III, and V are also subject to dismissal as barred by the applicable statutes of limitations. Alternatively, the Court should require plaintiffs to make further amendments to include more definite statements with regard to when the subject transactions took place.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
   Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000

January 13, 2006

CERTIFICATE OF SERVICE

I, William M. Lafferty, hereby certify that on January 13, 2006 I electronically filed the foregoing DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS I, II, III, AND V OF THE SECOND AMENDED COMPLAINT OR FOR MORE DEFINITE STATEMENT, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

> Christopher J. Curtin, Esquire
> Erisman & Curtin
> 629 Mount Lebanon Road
> P.O. Box 250
> Wilmington, DE  19899

I also certify that copies were caused to be served on January 13th, 2006 upon the following in the manner indicated:

**BY HAND:**

Christopher J. Curtin, Esquire
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE  19899


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William M. Lafferty (#2755)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
wlafferty@mnat.com
    Attorneys for Defendant TrueLink, Inc.

January 13, 2006