# Exhibit B

Case 1:05-cv-00599-SLR   Document 61-3   Filed 01/13/2006   Page 1 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN G. MILLETT,<br>MELODY J. MILLETT,<br>On Behalf Of Themselves and<br>All Others Similarly Situated,<br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>TRUELINK, INC.,<br>　a Trans Union Company,<br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Cause of Action No.:2:04-cv-2448-CM-DJW<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT- CLASS ACTION

Plaintiffs, Steven G. Millett and Melody J. Millett, by and through their undersigned attorneys, bring this action on behalf of themselves and all others similarly situated for damages   as to Defendant TrueLink, Inc., a Trans Union Company (hereinafter "Defendant"). Plaintiffs Steven Millett and Melody Millett bring their individual claims pursuant to the Kansas Consumer Protection Act, K.S.A. §§ 50-623 to 50-644. Plaintiffs, on behalf of themselves and all others similarly situated, bring their class claims pursuant to the common law for damages for each prospective class member for negligent misrepresentation and fraud by silence. For their complaint against Defendant, Plaintiffs, upon their personal knowledge as to their own acts and status, and upon information and belief as to all others, allege the following:

### 1. PARTIES

　　1.　　Plaintiffs Steven Millett and Melody Millett reside in Johnson County, Kansas.

2. Defendant is a corporation duly organized and existing in accordance with the laws of Delaware. Defendant is doing business within the State of Kansas and within the territorial jurisdiction of this Court. Defendant is, upon information and belief, a subsidiary or affiliated company of TransUnion LLC and/or Trans Union Consumer Solutions (hereinafter collectively referred to as "TransUnion"). At all relevant times, Defendant was engaged in the retail sale of services and products, and in conjunction with said services, engaged in interstate commerce.

3. Pursuant to this Court's Orders dated January 25, 2005, March 28, 2005, and April 1, 2005, Plaintiffs file their amended complaint. Defendant TrueLink, Inc. can be served through its registered agent.

## 2. JURISDICTION AND VENUE

4. The above named Plaintiffs, Steven Millett and Melody Millett, bring this action on behalf of themselves and all others similarly situated.

5. Jurisdiction of this action is conferred upon this court by provisions of 28 U.S.C.§§ 1331 and 1332. Plaintiffs' causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for all parties. The liability evidence establishing all causes of action will be identical and none will predominate nor create confusion to a jury.

6. Jurisdiction of this action is conferred upon this court by 28 U.S.C. § 1343 and by 28 U.S.C.§ 1337, relating to "any civil action arising under any act of Congress regulating commerce." Plaintiffs' claims for negligent misrepresentation and fraud by silence are based upon the common law of the State of Kansas.

7.    Supplemental jurisdiction also exists pursuant to 28 U.S.C. § 1367 for Plaintiff Steven Millett's and Plaintiff Melody Millett's Kansas Consumer Protection Act claim because those individual claims arise out of the same nucleus of operative facts.

8.    Plaintiffs reside in Johnson County, Kansas and venue properly lies in this court.

9.    The matter in controversy exceeds $75,000.00. There is diversity of citizenship between the named Plaintiffs and Defendant.

### 3. OPT-IN CLASS ACTION - NEGLIGENT MISREPRESENTATION

10.    Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

11.    This action is brought as a class action pursuant to Federal Rule of Civil Procedure 23(b).

12.    Plaintiffs on behalf of themselves and others similarly situated request the court to authorize sending notices of this action to the following class:

> Present and former purchasers of credit monitoring or identity
> theft protection products of Defendant or its affiliates,
> including TrueCredit products.

### 4. CLASS ACTION ALLEGATIONS - CLASS ACTION COMMON LAW NEGLIGENT MISREPRESENTATION AND FRAUD BY SILENCE

13.    Plaintiffs hereby incorporate the preceding paragraphs, as if fully set forth herein.

14.    Plaintiffs individually and on behalf of other similarly situated consumers, bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b). These

consumers are similarly situated in that they are contracting or did contract with Defendant or its affiliates to purchase identical or similar products or services. In addition, Defendant acted in a manner applicable to all similarly situated purchasers, thereby making it appropriate for relief to be granted with respect to all. There are questions of law or fact common to all similarly situated purchasers.

15. The number and identity of other plaintiffs yet to be named who were similarly situated consumers of Defendant's product are determinable from the records of Defendant or its affiliates and may be easily and quickly notified of the pendency of this action. Subsequent consent may result in the addition of other plaintiffs yet to be named who are or were similarly situated consumers or former consumers of Defendant or its affiliates.

16. The members of the class are so numerous that joinder of all members is impractical. While the exact number of class members is unknown to plaintiffs at the present time, plaintiffs believe the numbers of the class are so numerous and geographically disbursed as to render joinder of all class members in this action impracticable.

17. There are common questions of law and fact arising in this action which are common to plaintiffs and members of the class, including whether Defendant misrepresented the intent and ability to perform as represented through the following acts:

   a) Representing that the products sold and services provided would include regular email alerts to changes in credit reports; immediately notify about credit report changes including fraudulent activity; and would include, as well, the investigation of a transfer of funds, the compilation of

documentation pertaining to identity fraud, contact with credit bureaus concerning fraudulent transactions, credit checks and reviews to determine accuracy and potential fraud, help with checking for accuracy of Social Security earnings, providing information to government agencies, researching and investigating potential damage to identities, help with selecting attorneys, providing access to support groups, and providing other reasonable assistance;

b) Failing to properly or accurately alert Plaintiffs and members of the class of ongoing credit information fraud and identity theft;

c) Failing to monitor the credit information fraud and identity theft resulting from the known and unauthorized use of private information;

d) Failing to accurately provide accurate and complete information to Plaintiffs, members of the class, and others about credit information fraud, identity theft, credit information, credit histories and their products and services and those of its affiliates; and

e) Failing to provide appropriate fraud and theft notices.

18. As a result of such practices Defendant materially misrepresented the ability and intent to provide the services advertised.

19. Defendant engaged in the following acts:

a) Defendant represented that the products sold for a fee would protect and guard against identity theft and fraud;

b) Defendant represented that the credit reports and scores were accurate;

c) Defendant made these false or untrue statements to induce plaintiffs and members of the class and mislead them that they were receiving a valuable product and service;

d) Plaintiffs and members of the class reasonably relied upon the representations when they purchased the products;

e) The products and services provided did not adequately monitor for credit information fraud or identity theft and did not alert Plaintiffs and members of the class to credit information fraud or identity theft;

f) Defendant had knowledge of material facts which Plaintiffs and members of the class did not have and which Plaintiffs and members of the class could not have discovered by the exercise of reasonable diligence;

g) Defendant was under an obligation to communicate material facts to Plaintiffs and members of the class;

h) Defendant intentionally failed to communicate material facts to Plaintiffs and members of the class, including information about their products and services, information about credit reports, credit histories, and credit scores, and information about identity theft and credit information fraud;

i) Plaintiffs and members of the class justifiably relied upon the Defendant to communicate material facts to Plaintiffs and members of the class; and

j) Plaintiffs and members of the class sustained damages as a result of the Defendant's failure to communicate material facts to Plaintiffs and members of the class.

As a result of such patterns and practices Defendant misrepresented intent and ability to perform.

20. Plaintiffs will fairly and adequately represent the interest of the members of the class. Plaintiffs have retained counsel who is competent and is experienced in class action and complex litigation. Plaintiffs have no interest which is adverse to, or in conflict with, other members of the class.

21. The common questions of law and fact arising in this action predominate over any questions solely affecting individual class members. Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendant's conduct alleged herein are:

   a) Central to each plaintiff's claim;

   b) Substantially identical with respect to each plaintiff's burden of demonstrating liability; and

   c) The most important and fundamental issues to be determined at trial.

22. The class action mechanism is superior to any alternatives that exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs with relatively small individual claims can effectively litigate against a large, well represented corporate defendant such as

Defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and repetitively decide the same issues relating to the conduct of Defendant.

23. There are no unusual difficulties likely to be encountered in the management of the case as a class action, and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action. Class members can be easily identified from the records of Defendant or its affiliates, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt in or opt out of this class.

24. Whenever reference in this complaint is made to any act or transaction of Defendant, such allegation shall be deemed to mean the principals, officers, directors and employees, agents or representatives of Defendant committed, had knowledge of, performed, authorized, ratified, or directed such act or transaction on behalf of Defendant while actively engaged in the scope of their duties and responsibilities.

## 5. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

25. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

26. On or about 1989, an individual using the names Abundio P. Cuatle or Abundio Cuatle or Abundio Perez or other similar aliases began to illegally use Plaintiff Steven Millett's Social Security number in order to obtain false identification, obtain employment, obtain insurance, pay taxes through wage withholding, and to establish and open credit accounts for homes, cars and credit and/or charge cards with banks, credit unions, merchants and credit card companies.

27. The products of Defendant were marketed by Defendant and its affiliates to consumers and members of the class who feared that private, personal information would be used by the perpetrators of identity theft and credit information fraud.

28. Defendant charges a fee and receives funds for the purpose of accessing or providing consumer credit reports; accessing, providing or utilizing software for purposes of projecting a consumer credit score; accessing, compiling or providing identifying information on consumers with the same Social Security number; maintaining, accessing, selling, or providing access to consumer credit files and identity information; or reviewing or accessing consumer credit files and personal identification information.

29. Defendant was aware or should have been aware that multiple parties identified themselves with the same Social Security number.

30. Defendant was aware or should have been aware that credit reports, credit histories, credit files, and credit scores generated inaccurate information pertaining to victims of credit information fraud and identity theft or consumers associated with the same Social Security number.

31. Defendant or its affiliated companies have continually collected, added, stored, maintained, sold, publicized, accessed or analyzed personal and credit information about the victims of credit information fraud and identity theft in reports, scores, histories and credit files it accessed, compiled, analyzed, sold, publicized or issued which was inaccurate, false, erroneous and misleading.

32. Plaintiffs Steven Millett and Melody Millett discovered the fraudulent use of Plaintiff Steven Millett's Social Security number and contacted TransUnion LLC and other credit reporting agencies.

33. Plaintiffs and members of the class were induced to purchase products offered by Defendant or its affiliated companies which were advertised as products that would help guard against fraud and identity theft. The products offered numerous features and Plaintiffs and members of the class expended fees to purchase the products.

34. Defendant and its affiliates represented that the purchase of these products and services guarded against identity theft; allowed access to accurate reports and scores; and allowed access to credit specialists. Defendant and its affiliates represented that the products sold and services provided included:

    a) regular email alerts to changes in credit reports;

    b) immediate notification about credit report changes including fraudulent activity;

    c) investigation of a transfer of funds;

    d) compilation of documentation pertaining to identity fraud;

    e) contact with credit bureaus concerning fraudulent transactions;

    f) credit checks and reviews to determine accuracy and potential fraud;

    g) help with checking for accuracy of Social Security earnings;

    h) providing information to government agencies;

    i) research and investigation of potential damage to identities;

    j) help with selecting attorneys and access to support groups; and

    k) other reasonable assistance.

35. On or about August 2003, Plaintiffs Steven Millett and Melody Millett purchased the consumer protection products and services of Defendant or its affiliates.

36. Plaintiffs who are members of the class purchased the consumer protection products and services of Defendant or its affiliates.

37. Defendant and its affiliates did not provide the products and services as represented.

38. Defendant or its affiliates charge a fee and receive funds for the products and services purchased by Plaintiffs and members of the class.

39. Defendant or its affiliates sell products and services to verify and access Social Security numbers as well as products and services to verify the individual most likely to be the authorized user of a Social Security number. Defendant or its affiliates charge a fee for these services.

40. Defendant had specialized knowledge of material facts which Plaintiffs and members of the class did not have, including information pertaining to credit reporting and scoring, identity theft and credit information fraud, and its products and services and those of its affiliates.

**COUNT I - NEGLIGENT MISREPRESENTATION - CLASS ACTION**

41. Plaintiffs Steven Millett and Melody Millett, on behalf of themselves and others similarly situated, for Count I of their class complaint against Defendant state as follows:

42. Plaintiffs incorporate the preceding paragraphs of their Complaint as if more fully set forth herein.

43. Defendant misrepresented the intent and ability to perform as represented to Plaintiffs and members of the class.

44. Defendant concealed material facts.

45. Defendant knew or should have known the misrepresentations were false.

46. The misrepresentations were material to the decision by Plaintiffs and members of the class to purchase products and services from Defendant and to rely upon the reports, services, and products of Defendant.

47. Plaintiffs and members of the class reasonably relied upon the misrepresentations.

48. Defendant and its affiliates advertised and sold products and services to guard against identity theft and credit information fraud.

49. The products and services provided did not guard against identity theft or credit information fraud.

50. Plaintiffs suffered damages as a result of the misrepresentations.

WHEREFORE, Plaintiffs for themselves and on behalf of all others similarly situated seek a judgment in their favor for this count in an amount in excess of $75,000, for injunctive relief, and for such other and further relief as this Court shall deem just and equitable.

**COUNT II - KANSAS CONSUMER PROTECTION ACT - PLAINTIFFS SETVEN MILLETT AND MELODY MILLET**

51. For Count II of their Complaint against Defendant, Plaintiffs Steven Millett and Melody Millett, as individuals, state as follows:

52. Plaintiffs Steven Millett and Melody Millett incorporate the preceding paragraphs as if more fully set forth herein.

53. Plaintiffs' purchases of consumer protection products were consumer transactions subject to the Kansas Consumer Protection Act. K.S.A. 50-624, and 50-626(a) and (b).

54. Defendant failed to state a material fact or concealed, suppressed or omitted a material fact concerning its products.

55. Plaintiffs relied upon Defendant's misrepresentations.

56. Defendant's misrepresentations resulted in injuries to Plaintiffs and members of the class.

57. Plaintiffs were unable to receive a material benefit from the subject of the purchases from Defendant, and Defendant or its affiliates induced Plaintiffs to enter into a transaction that was excessively one sided in favor of Defendant.

58. Defendant made representations knowingly or with reason to know that the products and services had characteristics or benefits that they do not have and willfully failed to state or concealed material facts.

59. Defendant knew or should have known that Plaintiffs would be damaged as a result.

WHEREFORE, Plaintiffs seek a judgment against Defendant in a sum fair and reasonable, for the costs of this action, for their attorneys fees, for statutory damages for each violation, and for such other amounts and relief as may awarded in law or equity.

## COUNT III - FRAUD BY SILENCE - CLASS ACTION

60.  For Count III of their class complaint against Defendant, Plaintiffs Steven Millett and Melody Millett, on behalf of themselves and all others similarly situated, state as follows:

61.  Plaintiffs incorporate the preceding paragraphs as if more fully set forth herein.

62.  Defendant had knowledge of material facts which Plaintiffs and members of the class did not have and which could not be discovered by the exercise of reasonable diligence, including facts pertaining to its products and services and those of its affiliates, information about credit reports, credit histories and credit scores, and information about identity theft and credit information fraud.

63.  Defendant was under an obligation to communicate the material facts to Plaintiffs and members of the class.

64.  Defendant intentionally failed to communicate material facts to Plaintiffs and members of the class.

65.  Plaintiffs and members of the class justifiably relied upon Defendant to communicate material facts to Plaintiffs and members of the class.

66.  Plaintiffs and members of the class purchased the products and services of Defendant and relied upon the information conveyed by Defendant.

67.  Plaintiffs and members of the class sustained damages as a result of Defendant's failure to communicate this to Plaintiffs and members of the class, including, but not limited to, the costs of purchase of goods and services.

WHEREFORE, Plaintiffs for themselves and on behalf of those similarly situated seek a judgment in their favor for this count in an amount in excess of $75,000, for punitive damages, and for such and further relief as this Court shall deem just and equitable.

Respectfully Submitted,

/s/ Barry R. Grissom
Barry R. Grissom #10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212
(913) 341-6616
(913) 341-4780-Fax
bgrissom@sprintmail.com

YEAGER LAW FIRM, L.L.C.
s/ B. Joyce Yeager
B. Joyce Yeager #18932
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212
(913) 648-6673
(913) 648-6921 Facsimile
jyeager@joyceyeagerlaw.com

ATTORNEYS FOR PLAINTIFF
CLASS REPRESENTATIVES

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas as the place for trial.

## JURY DEMAND

Plaintiffs demand a trial by jury of all claims triable as a right by jury.

/s/ Barry R. Grissom
Barry R. Grissom #10866