# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN G. MILLETT, | ) | |
| MELODY J. MILLETT, | ) | |
| On Behalf Of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: 05-599-SLR |
| | ) | |
| TRUELINK, INC., | ) | Class Action |
| a Trans Union Company, | ) | |
| Defendant. | ) | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS I, II, III AND V OF THE SECOND AMENDED COMPLAINT OR FOR MORE DEFINITE STATEMENT

/s/ Christopher J. Curtin
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

and

/s/ Barry R. Grissom
Barry R. Grissom, Esq.
KS Bar. Id. No. 10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, Kansas 66212
Phone: (913) 341-6616

COUNSEL FOR PLAINTIFFS

i

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................. i

NATURE OF THE PROCEEDINGS AND STATEMENT OF FACTS .............. 1

SUMMARY OF ARGUMENT .............................................................................. 2

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ....................................................................................................... 3

1) PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND COUNT I OF
   PLAINTIFFS' SECOND AMENDED COMPLAINT IN ORDER TO STATE THEIR
   CONSUMER PROTECTION CLAIM UNDER CALIFORNIA LAW .......... 4

2) COUNT V OF PLAINTIFFS' SECOND AMENDED COMPLAINT STATES A
   CLAIM UNDER THE FCRA ...................................................................... 11

3) COUNTS II, III AND V OF PLAINTIFFS' SECOND AMENDED COMPLAINT ARE
   NOT BARRED BY THE APPLICABLE STATUTES OF LIMITATION .. 15

CONCLUSION   ................................................................................................. 18

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

TABLE OF AUTHORITIES ................................................................. ii

Smith v. Delaware First Federal Credit Union, 395 F.Supp.2d 127, 129

(D.Del. 2005) ........................................................................ 3, 4


Breitigan v. New Castle County, 350 F.Supp.2d 571, 574

(D.Del. 2004) ........................................................................ 3, 4


Oatway v. American Intern. Group, Inc., 325 F.3d 184, 187

(3d Cir. 2003) ........................................................................... 4


Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) ...................... 4, 9


Holley v. Crank, 400 F.3d 667, 675 (9th Cir. 2005) .............................. 4, 9


Alley v. Resolution Trust Corp., 984 F.2d 1201, 1207 (D.C. Cir. 1993) .. 4


Wershba v. Apple Computer, Inc., 110 Cal.Rptr.2d 145, 160

(Cal. App. 2001) ....................................................................... 8


Norwest Mortgage, Inc. v. Superior Court of San Diego County,

85 Cal.Rptr.2d 18, 23 (Cal. App. 1999) ...................................... 8


Clothesrigger, Inc. v. GTE Corp., 236 Cal.Rptr. 605, 610

(Cal. App. 1987) ....................................................................... 8


Crabill v. Trans Union, L.L.C., 259 F.3d 662, 664 (7th Cir. 2001) ... 11, 12


Cushman v. Trans Union Corp., 115 F.3d 220, 224-25 (3d Cir.1997) .... 11

Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir.1996) ............. 12

Casella v. Equifax Credit Information Services, 56 F.3d 469, 473
(2nd Cir.1995) ....................................................................... 12

Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1160-61
(11th Cir.1991) ........................................................... 12, 14-15

Guimond v. TransUnion Credit Information Co., 45 F.3d 1329, 1333-34
(9th Cir.1995) ................................................................... 12, 13

Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509, 513
(Tex. App. 1982) ...................................................................... 13

Lowry v. Credit Bureau, Inc. of Georgia, 444 F.Supp. 541, 544
(N.D.Ga.1978) ........................................................................ 13

Thompson v. San Antonio Retail Merchants Ass'n. 682 F.2d 509, 513
(Tex. App.  1982) ..................................................................... 13

Johnson v. Department of Treasury, I.R.S., 700 F.2d 971, 984
(5th Cir.1983) ......................................................................... 14

Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509, 514
(5th Cir.1982) ......................................................................... 14

Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829, 834-35
(8th Cir.1976) ......................................................................... 14

Bryant v. TRW, Inc., 487 F.Supp. 1234, 1240 (E.D.Mich.1980),
aff'd,689 F.2d 72 (6th Cir.1982) ............................................... 14

iii

Jones v. Credit Bureau of Huntington, Inc., 184 W.Va. 112, 117,
399 S.E.2d 694(1990) ............................................................. 14

St. Paul Guardian Insurance Co. v. Johnson, 884 F.2d 881, 883
(5th Cir.1989) ......................................................................... 14

Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir.1985) ..... 14

Pinner v. Schmidt, 805 F.2d 1258, 1261 (5th Cir.1986), cert. denied,
483 U.S. 1022, 107 S.Ct. 3267, 97 L.Ed.2d 766 (1987) ......................... 14

Hovater v. Equifax. Inc., 823 F.2d 413, 417 (11th Cir.), cert. denied,
484 U.S. 977, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987) ............................. 14

Bryant v. TRW, Inc., 689 F.2d 72, 77 (6th Cir.1982) ............................. 14

Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509, 513
(5th Cir.1982) ......................................................................... 14

Ladner v. Equifax Credit Information Services, 828 F.Supp. 427, 430
(S.D.Miss.1993) ...................................................................... 14

Boothe v. TRW Credit Data, 768 F.Supp. 434, 437 (S.D.N.Y.1991) ...... 14

In In re APF Co., 274 B.R. 408 (D.Del., 2001) ....................................... 17

U. S. v. Board of Harbor Com'rs, 73 F.R.D. 460, 462 (D.Del. 1977) ...... 17

iv

**Statutes**                                                    **Page**

TABLE OF AUTHORITIES ................................................................ ii

    Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1785

    ("CLRA") ...................................................................................     6

    15 U.S.C. §§ 1681o, 1681n ...................................................... 14

    15 U.S.C. § 1681e(b) .............................................................. 14

Named Plaintiffs, Steven G. Millett and Melody J. Millett, by and through their undersigned attorneys, hereby submit this brief in opposition to Defendant's Motion to Dismiss Counts I, II, III and V of the Second Amended Complaint or for More Definite Statement.

## NATURE OF THE PROCEEDINGS AND STATEMENT OF FACTS

Plaintiffs filed their initial Complaint in this action against Trans Union, LLC, on September 9, 2004, in the United States District Court for the District of Kansas. (D.I. 1). That Complaint stated claims for violation of the Fair Credit Reporting Act ("FCRA"), breach of contract, and violation of consumer protection laws. On March 31, 2005, the United States District Court for the District of Kansas granted Plaintiffs' motion for leave to amend their Complaint to substitute TrueLink, a subsidiary or affiliated company of Trans Union, LLC, as the named Defendant in this action. (D.I. 25). Plaintiffs filed their First Amended Complaint in this action on April 8, 2005. (D.I. 27).

On June 9, 2005, Defendant filed its motion to dismiss or, in the alternative, motion to transfer to this Court, pursuant to the "Applicable Law" provisions of the contract that is at issue in this case. (D.I. 29). On August 9, 2005, the United States District Court for the District of Kansas entered its order transferring this case to this Court. (D.I. 35). In its order of transfer, the District Court for the District of Kansas specifically held that "[p]ursuant to the 'Applicable Law' provision of the contract entered into between the named plaintiffs and defendant, Delaware law applies to all claims brought in connection with the parties['] contract." This action was transferred from the District of Kansas to this Court on August 16, 2005. (D.I. 35-37).

1

On December 14, 2005, this Court granted Plaintiffs' unopposed motion for leave to file their Second Amended Complaint and Plaintiffs' Second Amended Complaint was deemed filed. (D.I. 55). In their Second Amended Complaint, Plaintiffs allege that the transactions that serve as the basis for this action occurred "[o]n and after September 9, 2001." (D.I. 53, ¶ 8). In their Second Amended Complaint, Plaintiffs state claims for violation of the FCRA (Count V), claims pertaining to breach of contract (Counts II and III), and claims for violation of consumer protection laws (Count I).

## SUMMARY OF ARGUMENT

1. Given Defendant's admission that its misrepresentations occurred in California rather than Delaware, Plaintiffs agree that Delaware law is not the most appropriate law for purposes of stating Plaintiffs' consumer protection claim. However, dismissal is not the proper remedy. Plaintiffs stated their consumer protection claim under Delaware law because the United States District Court for the District of Kansas specifically stated in its order of transfer that "Delaware law applies to all claims brought in connection with the parties['] contract." (D.I. 35). In light of the facts stated in Defendant's Brief, it now appears that California law should apply to Plaintiffs' consumer protection claim. Therefore, it would be appropriate for this Court to grant Plaintiffs leave to amend their complaint in order to state their consumer protection claim under California law rather than under Delaware law.

2. Plaintiffs have stated a claim pursuant to the Fair Credit Reporting Act. Plaintiffs have identified that Defendant is providing inaccurate consumer reports.

2

3.      Counts II, III and V of Plaintiffs' Second Amended Complaint are not barred by

applicable statutes of limitation because the Plaintiffs' complaint alleges ongoing

conduct that occurred on and after September 9, 2001.  Furthermore, Plaintiffs'

amended complaint relates back to the date of its original complaint which was filed

on September 9, 2004.  To the extent that the applicability of any statute of

limitation is unclear, the proper method to clarify this matter is through discovery.

Therefore, an order to make more definite statement is neither warranted nor

appropriate.


## **ARGUMENT**

Notably absent from Defendant's Brief is any discussion regarding the standard that

applies in considering a 12(b)(6) motion.  When that standard is applied to the arguments set

forth in Defendant's motion, it is clear that the relief requested by Defendant is not

warranted.

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to

resolve disputed facts or decide the merits of the case."  Smith v. Delaware First Federal

Credit Union, 395 F.Supp.2d 127, 129 (D.Del. 2005); see also Breitigan v. New Castle

County, 350 F.Supp.2d 571, 574 (D.Del. 2004).  "When considering a motion to dismiss, a

court must accept as true all allegations in the complaint and must draw all reasonable

factual inferences in the light most favorable to the plaintiff."  Smith, 395 F.Supp.2d at 129.

"In particular, the court looks to 'whether sufficient facts are pleaded to determine that the

complaint is not frivolous, and to provide defendants with adequate notice to frame an

answer.'"  Breitigan, 350 F.Supp.2d at 574.

3

"Dismissal is only appropriate when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Smith, 395 F.Supp.2d at 129. "The issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Oatway v. American Intern. Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003). "The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant." Smith, 395 F.Supp.2d at 129.

When it appears that the deficiency in the complaint can be cured by amendment, the matter should not be dismissed. Federal courts generally recognize that "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985); see also Holley v. Crank, 400 F.3d 667, 675 (9th Cir. 2005); Alley v. Resolution Trust Corp., 984 F.2d 1201, 1207 (D.C. Cir. 1993).

I.      PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND COUNT I OF PLAINTIFFS' SECOND AMENDED COMPLAINT IN ORDER TO STATE THEIR CONSUMER PROTECTION CLAIM UNDER CALIFORNIA LAW.

II.

Defendant moved to have this action transferred to Delaware pursuant to the "Applicable Law" provision of the contract which is the subject of this action. In granting that motion, the United States District Court for the District of Kansas specifically held that

4

"[p]ursuant to the 'Applicable Law' provision of the contract entered into between the named plaintiffs and defendant, Delaware law applies to all claims brought in connection with the parties ['] contract."  (D.I. 35-37).  Pursuant to the mandate of the transfer order, Plaintiffs amended their complaint to state their claims under Delaware law.  Now, having sought refuge in the courts of Delaware, Defendant changes its tune and argues that Delaware law should not be applied with regard to Plaintiffs' consumer protection claim. For the reasons that follow, Plaintiffs agree that Delaware law is not the most appropriate law to apply with regard to Plaintiffs' consumer protection claim and Plaintiffs seek leave to amend their complaint to state their consumer protection claim under California law.

As Defendant recognizes in its Brief, "to state a claim under the DCFA, the plaintiff must allege that he is a Delaware consumer, that the transaction occurred in Delaware, or that any of the subject conduct by the defendant occurred in Delaware."  (D.I. 60, p. 4). Based on this standard, Defendant argues that Plaintiffs cannot state a claim under the DCFA because Plaintiffs are not Delaware consumers and Plaintiffs cannot establish that Defendant's misrepresentations occurred in Delaware.

In support of its argument, Defendant points out that although it is a Delaware corporation, its principal place of business is in California.  Based on this fact, Defendant argues that Plaintiffs' complaint concerns a transaction between Kansas residents and a California company.  The clear implication of Defendant's argument is that whatever misrepresentations it made were made in California.  In other words, Defendant argues that its relationship with Plaintiffs – for purposes of consumer protection law – is centered in California.  That being the case, Defendant essentially concedes that an action could be stated against it under California consumer protection law.

5

Under California law, Plaintiffs would be able to state a consumer protection claim against Defendant under the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 ("CLRA"). The following facts would support Plaintiffs claim against Defendant under the CLRA:

Named Plaintiffs and Class Plaintiffs are "consumers" for purposes of the CLRA.

The Credit Monitoring service provided by Defendants constitutes a "service" for purposes of the CLRA.

The contract through which Named Plaintiffs and Class Plaintiffs purchased the Credit Monitoring service constitutes a "transaction" for purposes of the CLRA.

Defendant is a "person" for purposes of the CLRA.

The CLRA provides a list of unfair and deceptive acts which are unlawful when undertaken in relation to a transaction involving the sale of services to a consumer. Specifically, the CLRA provides that the following acts are unlawful: (1) representing that services have characteristics, uses or benefits which the services do not have; (2) representing that services are of a particular standard, quality or grade when the services are actually of another standard, quality or grade; (3) representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve; and (4) inserting an unconscionable provision in a contract for services.

6

Defendant has committed unfair and deceptive acts as defined in the CLRA in that Defendant has represented that the Credit Monitoring service has specific characteristics, uses and benefits when the Credit Monitoring service does not actually have those characteristics, uses and benefits; Defendant has represented that the Credit Monitoring service is of a particular standard, quality or grade when the Credit Monitoring service is not actually of that standard, quality or grade; Defendant has represented that the transaction by which Named Plaintiffs and Class Plaintiffs purchased the Credit Monitoring service conferred or involved rights, remedies and obligations which the Credit Monitoring service did not actually confer or involve; and the Contract through which Defendant provides the Credit Monitoring service contains unconscionable provisions in that the Contract includes provisions which disclaim any intention of providing accurate information and/or protection from fraud and identity theft when the very purpose of the Contract, as described in the associated advertising and marketing materials, is to provide accurate information and/or protection from fraud and identity theft.

Named Plaintiffs and Class Plaintiffs have been damaged by Defendant's violations of the CLRA in that Named Plaintiffs and Class Plaintiffs have paid money to purchase a service to protect them from fraud

7

and identity theft and Named Plaintiffs and Class Plaintiffs have not, in fact, received a service that protects them from fraud and identity theft.

Pursuant to Section 1780 of the CLRA, a consumer who suffers damage as a result of one or more of the prohibited acts identified in the CLRA may bring an action against the person that committed the prohibited act for actual and punitive damages.

Pursuant to Section 1780 of the CLRA, a consumer who suffers damage as a result of one or more of the prohibited acts identified in the CLRA may recover court costs and attorney's fees in conjunction with his action.

Pursuant to Section 1781 of the CLRA, a consumer who is entitled to bring an action under Section 1780 of the CLRA may bring an action on behalf of other consumers who are similarly situated and who suffered similar damages.

Based upon the above-noted facts, Plaintiffs would be able to state a claim under California consumer protection law on behalf of themselves and on behalf of all Class Plaintiffs.

California courts have consistently recognized that non-residents may state a claim under California's consumer protection laws when the prohibited conduct occurred in California. See, e.g., Wershba v. Apple Computer, Inc., 110 Cal.Rptr.2d 145, 160 (Cal. App. 2001); Norwest Mortgage, Inc. v. Superior Court of San Diego County, 85 Cal.Rptr.2d 18, 23 (Cal. App. 1999); Clothesrigger, Inc. v. GTE Corp., 236 Cal.Rptr. 605, 610 (Cal. App. 1987). Defendant acknowledges in its Brief that any misrepresentations that it made were made in California. Therefore, with regard to Plaintiffs and all Class Plaintiffs, a claim

8

can be stated against Defendant under California consumer protection law based upon the misrepresentations that Defendant made in California.

Given that Plaintiffs can state a claim against Defendant under California consumer protection law based upon the misrepresentations that Defendant made in California, it is appropriate for this Court to grant Plaintiffs leave to amend their complaint to state a claim under California consumer protection law rather than Delaware consumer protection law. As Plaintiffs have previously noted, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." Friedlander, 755 F.2d at 813; see also Holley, 400 F.3d at 675; Alley, 984 F.2d at 1207. Because Plaintiffs can draft their complaint to state their consumer protection claim under California law rather than Delaware law, this Court should grant Plaintiffs leave to amend rather than dismissing Plaintiffs' consumer protection claim.

It should be noted that, if this Court grants Plaintiffs leave to amend their complaint to state a claim under the CLRA, section 1782 of the CLRA requires that Plaintiffs provide a written demand to Defendant forty days prior to pursuing a claim under the CLRA. Thus, Plaintiffs request that this Court give Plaintiffs sixty days in which to amend their complaint in order to allow time for Plaintiffs to provide the required thirty-day notice to Defendant prior to filing the amended complaint.

Because Defendant argues that its relationship with Plaintiffs – for consumer protection purposes – is centered in California, Defendant can hardly argue that California law cannot be properly applied to Plaintiffs' consumer protection claim. However, Defendant may attempt to argue that Plaintiffs' consumer protection claim should

9

nonetheless be dismissed because Plaintiffs stated their consumer protection claim under Delaware law rather than California law.  This argument is also without merit.

As Plaintiffs have already explained, Plaintiffs amended their complaint to state their consumer protection claims under Delaware law because Plaintiffs were expressly directed to do so in the order of transfer that was issued by the United States District Court for the District of Kansas.  It would be grossly unfair to dismiss Plaintiffs' consumer protection claim based upon the fact that Plaintiffs sought to apply the law that was mandated by the order of transfer.

As a final comment, Plaintiffs would note that leave to amend would be particularly appropriate given that Defendant continues arguing for the application of different law as this case progresses.  Plaintiffs initially stated their claims under Kansas law.  However, Defendant moved to transfer this action to Delaware and obtained an order indicating that Delaware law applied to all claims brought in connection with the contract in question. Plaintiffs then amended their complaint to state their claims under Delaware law, pursuant to the order of transfer.  Defendant now argues that Delaware law is not applicable to Plaintiffs' consumer protection claim because the misconduct in question occurred in California.  In short, the primary reason that Plaintiffs continue changing the law that underlies their pleadings is that Defendant continues changing its mind about which law should apply.  Plaintiffs would be happy to state their claims under the applicable law, if only Defendant would decide which state's law it believes is applicable.  For purposes of this Brief, Plaintiffs assume that Defendant has settled upon California law as the applicable law with regard to Plaintiffs' consumer protection claim.

10

I.      COUNT V OF PLAINTIFFS' SECOND AMENDED COMPLAINT STATES A
        CLAIM UNDER THE FCRA.


        It has long been established that information is misleading, as defined by the Fair

Credit Reporting Act, ("FCRA"), when there has been a combination of consumer's

information or potential confusion pertaining to a consumer or consumers.   Presenting

potential creditors with "an ensemble" of reports or a hodgepodge of reporting information

constitutes a failure to maintain reasonable procedures ensuring accuracy.  Crabill v. Trans

Union, L.L.C., 259 F.3d 662, 664 (7th Cir. 2001).  Potentially misleading information about

identity of consumers triggers a statutory duty.  Id.  Once a credit reporting agency is aware

its files refer to multiple individuals, its statutory duty clicks in.  Id.; see also Cushman v.

Trans Union Corp., 115 F.3d 220, 224-25 (3d Cir.1997).  Continued transmission of such

information will constitute "failure to maintain reasonable procedures for assuring

accuracy."  Crabill, 259 F.3d at 664.  "The determination of the 'reasonableness' of the

defendant's procedures, like other questions concerning the application of a legal standard to

given facts (notably negligence, a failure to exercise reasonable care), is treated as a factual

question even when the underlying facts are undisputed."  Id.

        Defendant contends that no action will lie without a statement, in the complaint, that

no single credit report was issued containing inaccurate information.  It is true that without

"a causal relation between the violation of the statute and the loss of credit, *or some other*

*harm*, a plaintiff cannot obtain an award of 'actual damages'".  Id. (emphasis added) (citing

Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir.1996); Casella v. Equifax Credit

Information Services, 56 F.3d 469, 473 (2nd Cir.1995); Cahlin v. General Motors

11

Acceptance Corp., 936 F.2d 1151, 1160-61 (11th Cir.1991)).  Actual damages from a denial

of credit, however, are but one of the remedies under the Fair Credit Reporting Act.  As the

Seventh Circuit Court of Appeals noted in *Crabill* and as the Ninth Circuit noted, the

"statute does not contain an explicit requirement of establishing injury" and that other types

of compensable injuries are available.  Guimond v. TransUnion Credit Information Co., 45

F.3d 1329, 1333-34 (9th Cir.1995).    Costs and attorneys' fees as well as damages both

punitive and compensatory are all statutorily authorized remedies. 15 U.S.C. §§ 1681o,

1681n.; Crabill, 259 F.3d at 664.

Plaintiffs have alleged that expenses were incurred in the form of moneys expended,

reports purchased, actual damages, attorneys fees and costs, and other amounts the court

deems just and equitable.   In additional, emotional damages are available pursuant to the

FCRA.  Plaintiffs have been denied credit based upon a consumer report issued from

TransUnion.  The class claim, however, and Plaintiffs' claim, springs from the misleading

information in the reporting for a class of individuals, the hodgepodge of information that

the Seventh Circuit noted as early as 2001.  These claims have been stated.  Plaintiffs

indicate that private, personal identification information has not been maintained accurately

and that the materials provided by Defendant constitute consumer reports.   For purposes of

this motion, Plaintiffs' allegations of inaccuracies in these reports are accepted as true.

The FCRA "does not impose strict liability for any inaccurate credit report, but only

a duty of reasonable care in preparation of the report. That duty extends to updating

procedures, because "preparation" of a consumer report should be viewed as a continuing

process and the obligation to insure accuracy arises with every addition of information."

Thompson v. San Antonio Retail Merchants Ass'n,  682 F.2d 509, 513 (Tex. App. 1982)

12

(citing <u>Lowry v. Credit Bureau, Inc. of Georgia</u>, 444 F.Supp. 541, 544 (N.D.Ga.1978)).
Plaintiffs are receiving continual updates about the status of their credit.

The cases relied upon by Defendant discuss the duty of a Plaintiff to connect
damages with harm.  These cases refer to a duty to identify an error in a report and the cases
cited address the appropriate pleading standard for an individual claim for damages arising
for a single plaintiff in a specific instance against a credit reporting agency.   Plaintiffs bring
a class claim alleging that multiple reports contain inaccuracies.  In addition, it is not,
especially in instances of identity theft, information contained on a single printed report
which results in the denial of credit but the discrepancy between information available from
the "credit reports" provided by Defendant, as Defendant uses that term in its marketing,
and the information or consumer reports provided elsewhere to others, information
inaccurately attributed.  (See Document 38, p. 16)   In addition, actual damages can be based
on humilation and mental distress to the plaintiff, even when there are no out-of-pocket
expenses.  <u>Thompson v. San Antonio Retail Merchants Ass'n</u>.  682 F.2d 509, 513 (Tex. App.
1982).   Plaintiffs have alleged that unreasonable errors exist.

The Ninth Circuit Court of Appeals noted this distinction in <u>Guimond v. TransUnion
Credit Information Co.</u>, 45 F.3d 1329, 1333 (9th Cir. 1995).

> The term "actual damages" has been interpreted to include recovery for
> emotional distress and humilation. See <u>Johnson v. Department of Treasury, I.R.S.</u>,
> 700 F.2d 971, 984 (5th Cir.1983) (mental anguish included as an element of
> recovery in FCRA claims); <u>Thompson v. San Antonio Retail Merchants Ass'n</u>, 682
> F.2d 509, 514 (5th Cir.1982); <u>Millstone v. O'Hanlon Reports, Inc.</u>, 528 F.2d 829,
> 834-35 (8th Cir.1976); <u>Bryant v. TRW, Inc.</u>, 487 F.Supp. 1234, 1240
> (E.D.Mich.1980), aff'd,689 F.2d 72 (6th Cir.1982); <u>Jones v. Credit Bureau of
> Huntington, Inc.</u>, 184 W.Va. 112, 117, 399 S.E.2d 694 (1990). Moreover, no case
> has held that a denial of credit is a prerequisite to recovery under the FCRA.
>        Accordingly, as a procedural matter, the district court erred in granting

13

summary judgment on the issue of causation because there was uncontroverted evidence to support Guimond's theory of liability. TransUnion did not contest Guimond's claims of damages, nor that those damages were a result of the inaccuracies in her credit report. On this record, summary judgment is inappropriate. The district court found that Guimond's claimed damages could not have resulted from TransUnion's activity because there was no denial of credit. Yet, absent some authority stating that a denial of credit, and not mere credit inaccuracies, are necessary for recovery under FCRA, the issue of causation should have been left for a fact finder to determine.

In addition, we find that a failure to comply with § 1681e(b) is actionable even absent a denial of credit. Accordingly, the district court erred in finding that any liability under § 1681e(b) was predicated, as a matter of law, on the occurrence of some event - denial of credit or transmission of the report to third parties - resulting from the compilation and retention of erroneous information.

The FCRA was the product of congressional concern over abuses in the credit reporting industry. St. Paul Guardian Insurance Co. v. Johnson, 884 F.2d 881, 883 (5th Cir.1989). The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them, Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir.1985); see also St. Paul, 884 F.2d at 883 (citing Pinner v. Schmidt, 805 F.2d 1258, 1261 (5th Cir.1986), cert. denied,483 U.S. 1022, 107 S.Ct. 3267, 97 L.Ed.2d 766 (1987), and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner. St. Paul, 884 F.2d at 883 (citing Hovater v. Equifax. Inc., 823 F.2d 413, 417 (11th Cir.), cert. denied,484 U.S. 977, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987)). These consumer oriented objectives support a liberal construction of the FCRA. Kates, 776 F.2d at 1397.

Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information. Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir.1991); Bryant v. TRW, Inc., 689 F.2d 72, 77 (6th Cir.1982); Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509, 513 (5th Cir.1982); Ladner v. Equifax Credit Information Services, 828 F.Supp. 427, 430 (S.D.Miss.1993); Boothe v. TRW Credit Data, 768 F.Supp. 434, 437 (S.D.N.Y.1991). In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information. Cahlin, 936 F.2d at 1156. The FCRA does not impose strict liability, however - an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures.

Guimond, 45 F.3d at 1333.

In the event the court determines that, as a precursor to bringing these claims,

Plaintiffs must identify damages that are directly attributable to one or more instances of

14

inaccurate reporting in the form of an identifiable and specific consumer report, Plaintiffs

request a period of forty days to amend their Complaint to identify such reports.    Plaintiffs

have been denied credit based upon a TransUnion report.

II.    COUNTS II, III AND V OF PLAINTIFFS' SECOND AMENDED COMPLAINT
       ARE NOT BARRED BY THE APPLICABLE STATUTES OF LIMITATION.

    A.    None Of The Counts Stated In Plaintiffs' Second Amended Complaint Are
          Barred By The Applicable Statute Of Limitations.

       Defendant's argument regarding the applicable statutes of limitation is based upon a

misleading treatment of the allegations stated in Plaintiffs' Second Amended Complaint.

Specifically, Defendant argues that the statutes of limitation run from September 9, 2001

because that is the date on which all of the subject transactions occurred.  That assertion is a

gross mischaracterization of the allegations stated in Plaintiffs' Second Amended

Complaint.

       The vast majority of the claims stated in Plaintiffs' Second Amended Complaint are

not stated in terms of a specific date or time period.  Rather, Plaintiffs' Second Amended

Complaint speaks in terms of actions that have been committed by Defendant in the past and

that continue to be committed by Defendant to the present date.  The few instances in which

Plaintiffs do speak in terms of specific dates are as follows:

       "On and after September 9, 2001, Defendant sold a credit monitoring service

       known as Credit Monitoring or Online Credit Monitoring."  (D.I. 53, ¶ 8).

15

"Named Plaintiffs and Class Plaintiffs purchased the Credit Monitoring

service from Defendant on or after September 9, 2001 through internet

transactions on the TrueCredit internet portal."  (D.I. 53, ¶ 12).

Based upon these limited references to the date September 9, 2001, Defendant proceeds to

make the broad assumption that the conduct alleged in Plaintiffs' Second Amended

Complaint all occurred on or by September 9, 2001.  Clearly this assumption is

unwarranted.

The two passages quoted above both speak in terms of events occurring on or after

September 9, 2001.  Thus, when read in a light most favorable to Plaintiffs, these passages

indicate that the very earliest any of the conduct could have occurred is September 9, 2001.

Giving Plaintiffs the benefit of all inferences to be reasonably drawn from their allegations –

as required by the standard for consideration of a motion to dismiss – this Court should

assume that the conduct occurred after September 9, 2001 and continues to this date.

B.    To The Extent That There Are Open Questions Regarding The Dates On
      Which Specific Events Occurred In Relation To The Claims Stated In
      Plaintiffs' Second Amended Complaint, Those Questions Should Be
      Answered  By Means Of Discovery And Not Through The Mechanism Of
      An Order For More Definite Statement.

Perhaps recognizing the fallacy of its statute-of-limitation argument, Defendant

argues in the alternative that this Court should issue an order requiring Plaintiffs to

expressly state in the body of their complaint the dates on which all pertinent transactions

occurred.  Defendant's request is wholly inconsistent with the purpose of an order for more

definite statement.

Delaware courts have recognized that Rule 12(e) does not abrogate the liberal notice

16

pleading standard of Rule 8, nor serve as a substitute for discovery.  In re APF Co., 274

B.R. 408 (D.Del., 2001), the court described the application of Rule 12(e) as follows:

> The class of pleadings which are so ambiguous as to merit the granting of a
> Rule 12(e) motion is quite small.  Rule 12(e) authorizes a motion for a more
> definite statement only in the rare case that the complaint is 'so vague or
> ambiguous that a party cannot reasonably be required to frame a responsive
> pleading.'  A complaint need only contain 'a short and plain statement of the
> claim showing that the pleader is entitled to relief, and a demand for
> judgment for the relief to which he deems himself entitled.'  The complaint
> need not state facts sufficient to constitute a cause of action.  The pleadings
> are not a substitution for discovery.  Thus, the basis for granting a motion for
> more definite statement is unintelligibility of the complaint, not lack of
> detail.

Id. at 425 (Internal citations omitted).

This same basic standard has been stated, albeit more briefly, by other Delaware

courts.  See, e.g., U. S. v. Board of Harbor Com'rs, 73 F.R.D. 460, 462 (D.Del. 1977) ("A

motion for a more definite statement under Rule 12(e) is ordinarily restricted to situations

where a pleading suffers from 'unintelligibility rather than the want of detail.'"); U. S. v.

Board of Harbor Com'rs, 73 F.R.D. 460, 462 (D.Del. 1977) ("If the requirements of Rule 8

are satisfied and the opposing party is fairly notified of the nature of the claim, a Rule 12(e)

motion is inappropriate.").  In light of the above-stated standards, Delaware courts generally

recognize that "[m]otions for more definite statement are not favored."  In re APF Co., 274

B.R. at 425.

In this case, Defendant is essentially asking this Court to save it the trouble of

conducting discovery by ordering Plaintiffs to state all of the pertinent underlying facts in

the body of their complaint.  Defendant's request is clearly inconsistent with the basic

standard of notice pleading.  Plaintiffs are not required to state all facts that support their

action within the body of their complaint.  Therefore, this Court should reject Defendant's

17

attempt to circumvent the standard discovery process.

## **CONCLUSION**

For the reasons set forth herein, this Court should deny Defendant's motion to dismiss and Defendant's alternative request for an order for more definite statement.  This Court should further enter its order granting Plaintiffs leave to amend their complaint to state their consumer protection claim under California law rather than Delaware law.

18

Respectfully submitted,


/s/ Christopher J. Curtin
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

and


/s/ Barry R. Grissom
Barry R. Grissom, Esq.
KS Bar. Id. No. 10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, Kansas 66212
Phone: (913) 341-6616

and


Bryson R. Cloon
KS Bar. Id. No. 08660
MO Bar. Id. No. 36843
Cloon Law Firm
11150 Overbrook Road
Leawood, KS 66211
Phone: (913) 661-9600
Facsimile: (913) 661-9614

and


B. Joyce Yeager, Esq.
KS Bar. Id. No.  18932
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, Kansas 66212
Phone: (913) 648-6673

and

19

Michael W. Blanton,
MO Bar. Id. No. 46490
Swanson Midgley, LLC
2420 Pershing Road, Ste. 400
Kansas City, Missouri 64108
Phone: (816) 842-6100

COUNSEL FOR PLAINTIFFS

20

## CERTIFICATE OF SERVICE

I, Christopher J. Curtin, Esq., hereby certify that on January 27, 2006, I electronically filed the foregoing Motion to Appoint Interim Class Counsel with the Clerk of the District Court using CM/ECF, which will send notification of such filing to the following:

> William M. Lafferty, Esq.
> Jerry Clyde Harris, Jr., Esq.
> Morris Nichols Arsht & Tunnell
> 1201 N. Market St.
> Wilmington, DE 19801

ERISMAN & CURTIN

/s/ Christopher J. Curtin
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

DATE: January 27, 2006

21