IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEVEN G. MILLETT,
MELODY J. MILLETT, On Behalf Of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

TRUELINK, INC., a Trans Union Company,

Defendant.

C.A. No. 05-599 (SLR)

Putative Class Action

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS I, II, III, AND V OF THE SECOND AMENDED COMPLAINT OR FOR MORE DEFINITE STATEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000

February 3, 2006

TABLE OF CONTENTS

TABLE OF AUTHORITIES ii

I. PLAINTIFFS CONCEDE THAT COUNT I FAILS TO STATE A CLAIM UNDER THE DELAWARE CONSUMER FRAUD ACT. 1

II. PLAINTIFFS FAIL TO IDENTIFY ALLEGATIONS SUFFICIENT TO STATE A CLAIM FOR VIOLATION OF THE FCRA, 15 U.S.C. § 1681e(b). 4

III. PLAINTIFFS SHOULD BE REQUIRED TO MAKE MORE DEFINITE STATEMENTS AS TO WHEN THE ALLEGED TRANSACTIONS AND VIOLATIONS OCCURRED. 6

CONCLUSION 7

TABLE OF AUTHORITIES

**Cases** **Page**

*Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151 (11th Cir. 1991) ....................4

*Clothesrigger, Inc. v. GTE Corp.*, 236 Cal. Rptr. 605 (Cal. App. 4th Dist. 1987) ....................2

*Crabill v. Trans Union LLC*, 259 F.3d 662 (7th Cir. 2001) ....................5

*Goodrich v. E.F. Hutton Group, Inc.*, 542 A.2d 1200 (Del. Ch. 1988) ....................1

*Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002) ....................3

*Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) ....................4

*Norwest Mortgage, Inc. v. Superior Court*, 85 Cal. Rptr. 2d 18 (Cal. App. 4th Dist. 1999) ....................2, 3

*Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir. 1996) ....................4

*Wershba v. Apple Computer, Inc.*, 110 Cal. Rptr. 2d 145 (Cal. App. 4th Dist. 2001) ....................2

**Statutes**

Delaware Consumer Fraud Act,
6 *Del. C.* § 2512 ........................................ 1-3, 7

Fair Credit Reporting Act,
15 U.S.C. § 1681e(b) ........................................ 4-5, 7

Federal Rules of Civil Procedure
Rule 12(e)........................................ 7

Defendant TrueLink, Inc. ("TrueLink"), hereby submits its reply to Plaintiffs' Brief In Opposition To Defendant's Motion To Dismiss Counts I, II, III, and V of the Second Amended Complaint, Or For More Definite Statement ("Opposition").

## I. PLAINTIFFS CONCEDE THAT COUNT I FAILS TO STATE A CLAIM UNDER THE DELAWARE CONSUMER FRAUD ACT.

In Defendant's Motion To Dismiss Counts I, II, III, and V of the Second Amended Complaint Or For More Definite Statement ("Motion"), TrueLink pointed out that claims for relief under the Delaware Consumer Fraud Act, 6 *Del. C.* § 2512, ("DCFA") are limited to those arising from allegedly unlawful practices occurring or performed partly or wholly within the State of Delaware. (*See* D.I. 60, ¶ 3; *see also*, D.I. 61, p. 4 (citing *Goodrich v. E.F. Hutton Group, Inc.*, 542 A.2d 1200, 1202-03 (Del. Ch. 1988)). Plaintiffs do not take issue with this legal principle or with the fact that the Second Amended Complaint ("SAC") fails to allege that any part of the conduct complained of occurred in Delaware. (*See* D.I. 62, pp. 4-10). As a result, plaintiffs concede that Count I should be dismissed.

Plaintiffs do request leave to file yet another amended complaint, arguing that amendment is necessary now because TrueLink "changes its tune and argues that Delaware law should not be applied with regard to Plaintiffs' consumer protection claim." (D.I. 62, p. 5). This is simply not true and grossly mischaracterizes positions taken by TrueLink in this litigation. TrueLink has not argued, as part of its Motion, that Delaware law does not apply. Rather, by its Motion (which notably seeks dismissal of only *one* of plaintiffs' Delaware statutory claims on substantive grounds), TrueLink merely insists that the particular Delaware statutes invoked by plaintiffs be applied as

written. By moving to dismiss Count I, TrueLink seeks to ensure that the DCFA is not extended beyond the scope intended and specifically defined by the Delaware Assembly.

Moreover, neither the "Applicable Law" provision of the parties' contract, nor the Order of the United States District Court for the District of Kansas quoting or referring to it, can operate to expand the reach of the DCFA to claims that, by the statute's express language, would not otherwise lie.[1]

In their bid to amend their complaint to allege claims under California law, plaintiffs disregard, without any basis, the contractual provision in the parties' contract designating Delaware as the law "applicable to the interpretation of [the] terms and conditions [of the parties contract and membership agreement]." (*See* D.I. 37-3 and Exhibits A, B thereto). Indeed, while the cases cited by plaintiffs suggest that non-residents of California *may* be able to assert claims under the California consumer protection laws under certain circumstances, none of them appear to have considered the issue in the context of a contractual choice of law provision that designates the laws of a different state. (*See* D.I. 62, p. 8, citing, *Wershba v. Apple Computer, Inc.*, 110 Cal. Rptr. 2d 145 (Cal. App. 4th Dist. 2001); *Norwest Mortgage, Inc. v. Superior Court,* 85 Cal. Rptr. 2d 18 (Cal. App. 4th Dist. 1999); *Clothesrigger, Inc. v. GTE Corp.*, 236 Cal. Rptr.

---

1 There is a suggestion in plaintiffs' Opposition that TrueLink has somehow hidden the ball on what law governs the disputes between the parties. But plaintiffs have known for years that the contract with TrueLink which forms the basis of their claims contained a forum and choice of law provision -- that fact has never been hidden, concealed, or misrepresented. The fact that plaintiffs may have misunderstood the effect of that provision as allowing them to assert Delaware statutory claims that are not otherwise available, is not the result of any conduct by TrueLink.

605 (Cal. App. 4th Dist. 1987)). Moreover, questions as to the applicability of California law to plaintiffs' claims, even in the absence of a Delaware choice of law provision, would require greater analysis and factual development than plaintiffs have presented.

Moreover, the determination of whether plaintiffs would be able to maintain the California claims will be driven by a number of other factors, including whether the alleged misrepresentations occurred in California, in Kansas, or elsewhere. *See Norwest Mortgage, supra,* 85 Cal. Rptr. 2d at 26 (court noted that the fact that a company does business in California does not alone permit application of California law to claims of nonresident claimants; "[t]he [California] forum still must have significant contacts to the claims asserted by [plaintiffs] to ensure that application of [California] law to each plaintiff's claim would not be arbitrary or unfair."). Notably, plaintiffs' Opposition contains no such analysis.

To be sure, and contrary to plaintiffs' suggestion, nothing TrueLink argued in support of its Motion to dismiss the DCFA claim "acknowledges . . . that any misrepresentations that it made were made in California," (D.I. 62, p. 8), or otherwise gives the "clear implication . . . that whatever misrepresentations it made were made in California." (D.I. 62, pp. 5). The only "implication" that can be drawn from TrueLink's Motion was that plaintiffs failed to allege facts necessary to bring an action under the DCFA, i.e., that none of the conduct at issue was alleged to have occurred, in whole or in part, in Delaware. Accordingly, Count I should be dismissed, and leave to amend to allege claims under California statutes should be denied. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002) (is it appropriate to deny leave to amend if proposed amendment would be futile).

## II. PLAINTIFFS FAIL TO IDENTIFY ALLEGATIONS SUFFICIENT TO STATE A CLAIM FOR VIOLATION OF THE FCRA, 15 U.S.C. § 1681e(b).

In its Motion, TrueLink argued that to state a claim for failure to follow reasonable procedures to assure maximum possible accuracy in consumer reports, the plaintiffs are required to allege that their consumer report contained an inaccuracy. (D.I. 60, ¶ 4; *see also* D.I. 61, pp. 6-8). Significantly, TrueLink did *not* argue for dismissal of Count V for failure to allege damages. Nevertheless, plaintiffs devote a significant portion of their Opposition to arguing that they have properly alleged damages resulting from TrueLink's alleged failure to follow reasonable procedures to maintain maximum possible accuracy of credit reports. (D.I. 62, pp. 12-15). While TrueLink may not agree with plaintiffs' characterization of what the SAC does or does not allege with regard to causation and damages, that entire discussion is a red herring for purposes of the pending Motion.

Turning to the defect in plaintiffs' FCRA claim that *is* at issue in TrueLink's Motion, plaintiffs do little to challenge the legal premise that to state the claim asserted in Count V, plaintiffs must allege an inaccuracy in their credit reports. A simple claim that a consumer reporting agency failed to follow reasonable procedures, without some inaccuracy resulting therefrom, is not actionable under § 1681e(b). *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

In an effort to satisfy this undeniable pleading requirement, plaintiffs argue that their claim "springs from the misleading information in the reporting for a

class of individuals." (D.I. 62, p. 12). Notably, plaintiffs do not cite to any allegations in the SAC to support this wholly conclusory statement. Plaintiffs then go on to state, again without any reference to the SAC, that "Plaintiffs *indicate* that private, personal information has not been maintained accurately and that the materials provided by Defendant constitute consumer reports." *Id.* (emphasis added). While plaintiffs urge that "for purposes of this motion, Plaintiffs' allegations of inaccuracies in these reports are accepted as true," they fail to identify any such allegations, or even "indications," in the SAC to be given such a presumption. *Id.*

Moreover, a careful review of the SAC reveals that no such allegations are made. At best, plaintiffs allege that TrueLink failed to follow reasonable procedures to assure maximum possible accuracy, as evidenced *not* by an allegation that inaccuracies were reported, but rather by reference to the allegation that TrueLink "expressly stated in the Contracts that it does not warrant the correctness, completeness or accuracy of the information that it provides to consumers pursuant to the Contracts." (D.I. 53, ¶ 76). Plaintiffs' reliance on *Crabill v. Trans Union, LLC,* 259 F.3d 662 (7th Cir. 2001) is also unavailing. While *Crabill* suggested that the transmission of ensembles of credit information that referred to multiple different individuals *may* trigger the statutory duty under § 1681e(b) of the FCRA (259 F.3d at 664), the SAC contains no allegation that that occurred here. Because no inaccuracy in the information reported is alleged, Count V fails to allege a claim for violation of § 1681e(b) of the FCRA.

## III. PLAINTIFFS SHOULD BE REQUIRED TO MAKE MORE DEFINITE STATEMENTS AS TO WHEN THE ALLEGED TRANSACTIONS AND VIOLATIONS OCCURRED.

Though plaintiffs, in their Opposition, specifically request leave to amend the SAC in order to allege claims under California's consumer protection laws (and a significant amount of time to do so), they protest mightily when asked to identify the date(s) on which the alleged transactions and violations occurred. The reluctance of plaintiffs to include such allegations in any amendment is puzzling.

Plaintiffs argue that the SAC alleges ongoing violations (D.I. 62, pp. 15-16), but that explanation has nothing to do with TrueLink's efforts to identify the precise transaction at issue. Indeed, one of the allegations on which TrueLink seeks clarification is the allegation of Paragraph 12, that the "[n]amed Plaintiffs and Class Plaintiffs purchased the Credit Monitoring service from [TrueLink] on or after September 9, 2001 through internet transactions on the TrueCredit internet portal." (D.I. 53, ¶12; *see also* D.I. 61, p. 8). Plaintiffs argue that this allegation "speaks in terms of actions that have been committed by Defendant in the past and that continue to be committed by Defendant to the present date." (D.I. 62, p. 15). The difficulty, of course, is that the SAC contains no specific -- or even general -- allegations to this effect. Moreover, if that is the intent, the allegation fails miserably to communicate the nature of plaintiffs' claims to TrueLink. To the contrary, the allegation in Paragraph 12 of the SAC suggests that transactions upon which plaintiffs' claims are based occurred "on *or* after September 9, 2001" (emphasis added), *not* both as in the case of continuing violations. Further, the allegation says nothing about the time of alleged violations.

The need for more definite pleadings is indisputable, particularly given plaintiffs' own admission that "[t]he vast majority of the claims stated in Plaintiffs' [SAC] are not stated in terms of a specific date or time period." (D.I. 62, p. 15). Neither TrueLink nor the Court should be required to "assume that the conduct occurred after September 9, 2001 and continues to this date" (D.I. 62, p. 16), where no allegations offer a basis for that inference or assumption. TrueLink is entitled to information necessary to identify the precise transactions at issue, not only to assess whether statutes of limitation have run, but also to frame the litigation and facilitate the gathering of information necessary to effectively defend the litigation. *See* Fed. R. Civ. P. 12(e).[2] Accordingly, either the claims asserted in Counts II, III, and V are time-barred and subject to dismissal, or plaintiffs should be required to amend the SAC to include more definite allegations regarding the date(s) on which the transaction and violations are alleged to have occurred.

CONCLUSION

As set forth above, Plaintiffs' Opposition does nothing to overcome the defects identified in TrueLink's Motion and to demonstrate the claims in Counts I and V of the SAC adequately state claims under the DCFA and the FCRA, respectively. Moreover, while plaintiffs urge that they be granted leave to amend the SAC to allege claims under the California consumer protection statute, they offer no basis for disregarding the contractual choice of Delaware law, or otherwise demonstrate that such

---

2 Plaintiffs' suggestion that the vagueness of its allegations and the running of the statutes of limitation can be clarified in discovery ignores the fact TrueLink is entitled to this basic information in framing its responsive pleadings, prior to the commencement of discovery.

a claim could be maintained under the facts of this case. In addition, the allegations are ineffective to demonstrate that Counts II, III, and V are timely brought under the applicable statues of limitations, or that they have met their pleading obligations with regard to alleging when the subject transactions took place. For these reasons, TrueLink respectfully requests that its Motion be granted in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000

February 3, 2006

CERTIFICATE OF SERVICE

I, Jerry C. Harris, Jr., hereby certify that on February 3, 2006 I electronically filed the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS I, II, III, AND V OF THE SECOND AMENDED COMPLAINT OR FOR MORE DEFINITE STATEMENT, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

Christopher J. Curtin, Esquire
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19899

I also certify that copies were caused to be served on February 3, 2006 upon the following in the manner indicated:

**BY HAND:**

Christopher J. Curtin, Esquire
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19899

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
jharris@mnat.com
Attorneys for Defendant TrueLink, Inc.

February 3, 2006