IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT,<br>MELODY J. MILLETT, On Behalf Of Themselves<br>and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>TRUELINK, INC., a Trans Union Company,<br><br>      Defendant. | C.A. No. 05-599 (SLR)<br><br>Putative Class Action |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION SEEKING
LEAVE TO FILE SUR-REPLY WITH REGARD TO DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, TO CONDUCT DISCOVERY
ON AND TO FULLY BRIEF THE CHOICE-OF-LAW ISSUES IN THIS ACTION**

Defendant TrueLink, Inc. ("TrueLink") submits this response in opposition to Plaintiffs' Motion Seeking Leave to File Sur-Reply with Regard to Defendant's Motion to Dismiss or, in the Alternative, to Conduct Discovery on and to Fully Brief the Choice-of-Law Issues in this Action ("Plaintiffs' Motion") (D.I. 64).

Plaintiffs' Motion requests that this Court allow Plaintiffs to file a sur-reply addressing their desire to file another amended complaint re-pleading Count I under California law, or in the alternative, granting Plaintiffs discovery and an opportunity to fully brief their "choice of law" issue. Plaintiffs argue that a sur-reply is necessary because "Defendant keeps changing its mind about which law is applicable" (D.I. 64, p. 2). First, Plaintiffs' statement is patently false. TrueLink's position has never changed. Second, Plaintiffs' need for a sur-reply (or full discovery and briefing) is unwarranted because Plaintiffs have already briefed their request to re-plead the consumer protection claim under California law in their Brief in

Opposition to Defendant's Motion to Dismiss Counts I, II, III, and V of the Second Amended Complaint or for More Definite Statement (the "Answering Brief").

As they did in their opposition to TrueLink's Motion to Dismiss, Plaintiffs persist in making gross mischaracterizations of the positions taken by TrueLink in this litigation. While TrueLink identified these inaccuracies in its Reply In Support of Motion to Dismiss Counts I, II, III, and V, Plaintiffs disregard them entirely, preferring instead to continue their misstatements to the Court. For example, contrary to Plaintiffs' repeated assertions, in moving to dismiss Plaintiffs' Delaware Consumer Fraud Act ("DCFA") claim (Count I of the SAC), TrueLink made no factual statements regarding where the alleged misrepresentations took place. What TrueLink does argue is that, as necessary to state a claim under the DCFA, plaintiffs failed to allege that the conduct at issue occurred in Delaware. Ignoring the distinction between challenging the legal sufficiency of Plaintiffs' allegations (the purpose of a Rule 12(b)(6) motion) and making factual assertions (irrelevant to a motion to dismiss), plaintiffs suggest that TrueLink effectively conceded that California's consumer protection laws are applicable. This continuing effort to attribute assertions and "positions" to TrueLink is unsupported by the facts.

Also contrary to Plaintiffs' assertions, TrueLink's "position" regarding applicable law has never changed. TrueLink has never asserted that Delaware law does not apply (D.I. 37-3 and Exhibits A & B thereto; D.I. 63, p.2); rather, TrueLink merely insists that the particular Delaware statutes invoked by plaintiffs be applied as enacted. (D.I. 61, pp. 4-6; D.I. 63, pp.1-3). By moving to dismiss Count I, TrueLink seeks to ensure that the DCFA is not extended beyond the scope intended and specifically defined by the Delaware General Assembly. Plaintiffs fail to appreciate the difference between TrueLink's motion to dismiss the DCFA claim asserted in Count I (based on the Delaware statutory requirements for asserting such a claim), and the

suggestion – never made by TrueLink – that Delaware law should not be applied here. (Notably, TrueLink seeks dismissal of only *one* of plaintiffs' Delaware statutory claims on substantive grounds.)

Plaintiffs are the only party that have "vacillated" on their position (*see* D.I. 64, p.2 ). Plaintiffs now argue that they "*can* state a claim against Defendant under California consumer protection law . . . rather than [under] Delaware consumer protection law" (D.I. 62, p. 9) (emphasis added). Plaintiffs' "let-us-re-plead-until-we-get-it-right" approach should not be tolerated by this Court. Plaintiffs have been pleading and re-pleading their consumer protection claim since September 2004 (D.I. 62, p. 1): first asserting the claim under Kansas law, then under Delaware law, and now seeking to re-plead again under California law (D.I. 62, p. 10). If Plaintiffs had truly wanted to assert their claims under California law they could have done so initially, or as a part of their First Amended Complaint, or as a part of their Second Amended Complaint ("SAC"). Thus Plaintiffs' failure to do so is not grounds for allowing the sur-reply that Plaintiffs now seek.

Also, a sur-reply, which is generally only allowed to permit a party to address an issue that it did not previously have the opportunity to address -- is not necessary in this instance. *See Nalco Chemical Co. v. Hydro Techs., Inc.*, 809 F. Supp. 672, 676 (E.D. Wis. 1992) (denying motion to file sur-reply because reply brief appropriately addressed only issues previously raised). In their Answering Brief, Plaintiffs addressed TrueLink's assertion that the DCFA claim alleged in Count I of the SAC should be dismissed for failure to state a claim upon which relief may be granted because none of the conduct related to Plaintiffs is alleged to have occurred in

whole or in part in Delaware[1] (D.I. 62, pp. 4-10, 18; *cf.* D.I. 60, at ¶ 3; D.I. 61, pp. 4-6; D.I. 63, pp. 1-3). In fact, Plaintiffs devoted eight of the fourteen pages in the "argument" section of their Answering Brief to their argument that "Plaintiff Should be Granted Leave to Amend Count I of Plaintiffs' Second Amended Complaint in Order to State Their Consumer Protection Claim Under California Law" (*see* D.I. 62, pp. 4-10, 18). Plaintiffs' request for a sur-reply is merely an inappropriate attempt to get the final word on an issue to which they have already had an adequate opportunity to respond.

Lastly, Plaintiffs request, in the alternative, that this Court allow discovery and more briefing on what Plaintiffs characterize as the "choice of law" issue (D.I. 64, p. 2). However, Plaintiffs offer no guidance on what type of discovery they propose, or on what topics. Nor do Plaintiffs explain what is meant by their demand that the parties "fully brief the choice-of-law issues," or how the unspecified discovery will assist in ruling on the unspecified and unripe issue. In fact, given Plaintiffs' prior concession of the pending motion to dismiss the Delaware statutory claim, any unspecified discovery is not necessary. The only issue before the Court is whether plaintiffs' SAC adequately alleges a claim under the DCFA, and whether the other claims challenged in TrueLink's Motion to Dismiss should stand.

---

[1] In Plaintiffs' Answering Brief, Plaintiffs argue and cite several California cases that suggest non-residents of California *may* be able to assert claims under the California consumer protection laws under certain circumstances (*see* D.I. 62, p. 8, citing, *Wershba v. Apple Computer, Inc.*, 110 Cal. Rptr. 2d 145 (Cal. App. 4th Dist. 2001); *Norwest Mortgage, Inc. v. Superior Court*, 85 Cal. Rptr. 2d 18 (Cal. App. 4th Dist. 1999); *Clothesrigger, Inc. v. GTE Corp.*, 236 Cal. Rptr. 605 (Cal. App. 4th Dist. 1987)). However, none of these cases appear to have considered the issue in the context of a contractual choice of law provision that designates the laws of a different state.

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' request to file a sur-reply and Plaintiffs' request for unspecified discovery and briefing.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ William M. Lafferty*

William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
   Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000

February 15, 2006

CERTIFICATE OF SERVICE

I, William M. Lafferty, hereby certify that on February 15, 2006 I electronically filed the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION SEEKING LEAVE TO FILE SUR-REPLY WITH REGARD TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CONDUCT DISCOVERY ON AND TO FULLY BRIEF THE CHOICE-OF-LAW ISSUES IN THIS ACTION, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

> Christopher J. Curtin, Esquire
> Erisman & Curtin
> 629 Mount Lebanon Road
> P.O. Box 250
> Wilmington, DE 19899

I also certify that copies were caused to be served on February 15, 2006 upon the following in the manner indicated:

**BY HAND:**

Christopher J. Curtin, Esquire
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19899

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ William M. Lafferty
William M. Lafferty (#2755)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
mlafferty@mnat.com
   Attorneys for Defendant TrueLink, Inc.

February 15, 2006