## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN G. MILLETT, | ) | |
| MELODY J. MILLETT, | ) | |
| On Behalf Of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: 05-599-SLR |
| | ) | |
| TRUELINK, INC., | ) | CLASS ACTION |
| a Trans Union Company, | ) | |
| Defendant. | ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF
## MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Christopher J. Curtin
ERISMAN & CURTIN
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

FILED:  June 12, 2006

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

NATURE OF THE PROCEEDINGS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    I.      THE APPLICABLE LAW PROVISION DOES NOT REQUIRE THE APPLICATION OF DELAWARE LAW TO PLAINTIFF'S CONSUMER PROTECTION CLAIMS . . . . . . . . . . . . . . . . . . . . . . . 11

        A.      The Choice-Of-Law Provision In The Contract Does Not Apply To Plaintiffs' Consumer Protection Claims Because Those Claims Are In The Nature Of A Tort And The Language Of The Provision Does Not Encompass Tort Claims . . . . . . . . . . 12

            1.      Plaintiffs' consumer protection claims should be treated as tort claims for purposes of the choice of law provision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            2.      The choice of law provision in the Contract does not encompass tort claims or claims that are in the nature of a tort . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    **B.**     **The Choice Of Law Provision In The Contract Is Not Enforceable As To Plaintiffs' Consumer Protection Claims Because California Has A Materially Greater Interest In Plaintiffs' Consumer Protection Claims And Because Enforcement Of The Choice Of Law Provision Would Be Contrary To California Public Policy** . . . . . . . . . . . . . . . . **18**

**II.**     **CALIFORNIA LAW APPLIES TO PLAINTIFFS' CONSUMER PROTECTION CLAIMS PURSUANT TO MOST SIGNIFICANT RELATIONSHIP TEST** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **23**

**CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **30**

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

Abry Partners V, L.P. v. F & W Acquisition LLC, 891 A.2d 1032 (Del. Ch. 2006). . . . 18

America Online, Inc. v. Superior Court, 108 Cal.Rptr.2d 699 (Cal. App. 2001). . . . . . . 21

Brown v. SAP America, Inc., 1999 WL 803888 (D. Del. 1999) . . . . . . . . . . . . . . . . . . 25

Chase Manhattan Mortgage Corp. v. Advanta Corp., 2005 WL 2234608

   (D. Del. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Edelist v. MBNA America Bank, 790 A.2d 1249 (Del. Super. Ct. 2001).. . . . . . . . . . . 11

Glouscester Holding Corp. v. U.S. Tape and Sticky Products, LLC, 832 A.2d 116

   (Del. Ch. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18

Green v. Howard R. Young Correctional Institution, 229 F.R.D. 99 (D. Del. 2005). . . . 10

Hiller v. Manufacturers Product Research Group of North America, Inc., 59 F.3d 1514

   (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Hionis International Enterprises, Inc. v. Tandy Corp., 867 F.Supp. 268 (D. Del. 1994). 19

In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation, 155 F.Supp.2d 1069

   (S.D. Ind. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re U.S. Office Products Co. Securities Litigation v. U.S., 251 F.Supp.2d 77

   (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Kitner v. CTW Transport, Inc., 762 N.E.2d 867 (Mass. App. 2002). . . . . . . . . . . . . . . 16

Kronenberg v. Katz, 872 A.2d 568 (Del. Ch. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Marycle, LLC v. First Choice Internet, Inc., 890 A.2d 818 (Md. App. 2006). . . . . . 13-14

Rosenmiller v. Bordes, 607 A.2d 465 (Del. Ch. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Cases**                                                                                          **Page**

Stagecoach Transportation, Inc. v. Shuttle, Inc., 741 N.E.2d 862 (Mass. App. 2001). . . 17

State ex rel. Brady v. Preferred Florist Network, Inc., 791 A.2d 8 (Del. Ch. 2001). . . . . 13

Stephenson v. Capano Development Co., Inc., 1985 WL 636429

    (Del. Super. Ct. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Travelers Indemnity Co. v. Lake, 594 A.2d 38 (Del. 1991). . . . . . . . . . . . . . . . . . . . . . . . 24

Turner v. Lipschultz, 619 A.2d 912 (Del. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23-24

United States Fidelity and Guaranty Co. v. S.B. Phillips Co., Inc., 359 F.Supp.2d 189

    (D. Conn. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United Vaccines, Inc. v. Diamond Animal Health, Inc., 409 F.Supp.2d 1083

    (W.D. Wis. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Weil v. Morgan Stanley DW Inc., 877 A.2d 1024 (Del. Ch. 2005). . . . . . . . . . . . . . . . . 19

Weiss v. Northwest Broadcasting Inc., 140 F.Supp.2d 336 (D. Del. 2001). . . . . . . . . . . 19

**Other Authorities**                                                                              **Page**

Cal.Civ.Code § 1751. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Cal.Civ.Code § 1760. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Cal.Civ.Code § 1770. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal.Civ.Code § 1780. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

FED.R.CIV.P. 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

RESTATEMENT (SECOND) OF LAWS § 187 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-21

RESTATEMENT (SECOND) OF LAWS § 145 (1971). . . . . . . . . . . . . . . . . . . . . . . . 24, 26-27, 29

RESTATEMENT (SECOND) OF LAWS § 148 (1971). . . . . . . . . . . . . . . . . . . . . . . . . 26, 28-29

## NATURE OF THE PROCEEDINGS

This Brief pertains to Plaintiffs' Motion for Leave to File Third Amended Complaint. The Court's ruling upon this Motion will also bear upon Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, which is currently pending before this Court. If this Court enters an Order granting Plaintiffs leave to file their Third Amended Complaint, this will necessarily render moot Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint. Furthermore, as discussed herein, this Court's Order granting Plaintiffs leave to amend would likely address one of the prime legal issues raised in Defendant's Motion to Dismiss in that this Court's Order would necessarily address the choice of law issue that is present in this case.


## SUMMARY OF ARGUMENT

1.    The "Applicable Law" provision in the Contract which is referenced in Plaintiffs'
      Second Amended Complaint does not control the choice of law determination
      regarding Plaintiffs' consumer protection claims for the following reasons: (1) the
      language of the Applicable Law provision is narrow in scope and does not apply
      to consumer protection claims, and (2) the Applicable Law provision is
      unenforceable with respect to Plaintiffs' consumer protection claims because
      California has a materially greater interest in those claims and enforcement of the
      provision would be contrary to California public policy.

2.    California law applies to Plaintiffs' consumer protection claims pursuant to the
      most significant relationship test.

## STATEMENT OF FACTS

1.    This action was originally filed in the U.S. District Court for the District of
      Kansas.  (D.I. 35, Attachment #1).

2.    On June 9, 2005, Defendant filed its motion to dismiss or, in the alternative,
      motion to transfer this action to the District of Delaware.  (D.I. 37, Attachment
      #2).

3.    Defendant's motion to dismiss was based upon the "Applicable Law" provision of
      the contract that is at issue in this action ("Contract").  (Contract, attached hereto
      as Exhibit "A").  That provision states in pertinent part as follows: "The laws
      applicable to the interpretation of this membership agreement shall be the laws of
      the State of Delaware, USA, and applicable federal law, without regard to any
      conflict of law provisions. . . . You agree that any and all disputes arising under
      this Agreement or out of TrueLink's provision of services to you, pursuant to this
      membership or otherwise, if submitted to a court of law shall be submitted to the
      state and federal courts of New Castle County, Delaware, USA."  (Exhibit A, p.
      6).

4.    On August 9, 2005, the District Court for the District of Kansas granted
      Defendant's motion and transferred this action to the District of Delaware.  (D.I.
      37, Attachment #9).

5.    In its order of transfer, the District Court for the District of Kansas specifically
      stated that "[p]ursuant to the 'Applicable Law' provision of the contract entered

into between the named plaintiffs and defendant, Delaware law applies to all claims brought in connection with the parties contract."  (D.I. 37, Attachment #9).

6.     On December 14, 2005, this Court granted Plaintiffs leave to amend their complaint by filing a Second Amended Complaint which stated claims pursuant to Delaware law, as directed by the transfer order issued by the District Court for the District of Kansas.  (D.I. 55).

7.     On January 13, 2006, Defendant again filed a motion to dismiss ("Motion to Dismiss") seeking, among other things, to dismiss Count I of Plaintiffs' Second Amended Complaint which states a claim under the Delaware Consumer Fraud Act ("DCFA").  (D.I. 60).

8.     In its Motion to Dismiss, Defendant argues that Plaintiffs are not entitled to pursue a claim under the DCFA because Plaintiffs are not residents of Delaware and the misrepresentations that serve as the basis for Plaintiffs' DCFA claim did not occur in Delaware.  (D.I. 60).

9.     In its Motion to Dismiss, Defendant argues that its principle place of business is in California and implies that the misrepresentations that serve as the basis for Plaintiffs' DCFA claim occurred in California.  (D.I. 60).

10.     In their brief in opposition to Defendant's Motion to Dismiss ("Brief in Opposition"), Plaintiffs argue that, given Defendant's concession that the misrepresentations in question occurred in California, it would be appropriate to apply California's consumer protection law in this action.  (D.I. 62).

11.    In their Brief in Opposition, Plaintiffs explained that they could state an action under California's consumer protection law and requested leave of this Court to amend their complaint to state such an action.  (D.I. 62).

12.    Defendant's Motion to Dismiss is currently pending before this Court.  (D.I. 60).

13.    In their Third Amended Complaint, Plaintiffs allege that most or all of the misrepresentations that serve as the basis for their consumer protection claim occurred in or were made from California.  (Third Amended Complaint, attached hereto as Exhibit "B").

14.    In their Third Amended Complaint, Plaintiffs allege that the services that serve as the subject of Plaintiffs' consumer protection claim are provided from California. (Exhibit B).

15.    Plaintiffs do not make this request with the purpose to delay these proceedings or for any other improper purpose.

16.    No prejudice will result to Defendant as a result of this amendment.

17.    Pursuant to Local Rule 7.1.1, Plaintiffs have conferred with Defendant regarding Plaintiffs' Motion for Leave to File Third Amended Complaint and Defendant has indicated that it does object to the granting of Plaintiffs' Motion.  (Certificate of Compliance with Local Rule 7.1.1, attached hereto as Exhibit "C")

18.    Pursuant to Local Rule 15.1, the original and one copy of the Third Amended Complaint are attached hereto as Exhibit "B," and a marked copy of the Third Amended Complaint, which indicates the differences from the Second Amended Complaint, is attached hereto as Exhibit "D."

## ARGUMENT

Pursuant to Rule 15(a), leave to amend a complaint "shall be freely given when justice so requires." FED.R.CIV.P. 15(a).  "Although the trial court has discretion to grant or deny leave to amend, leave should be freely granted in accordance with Rule 15(a) unless there is an apparent or declared reason for denial."  Green v. Howard R. Young Correctional Institution, 229 F.R.D. 99, 104 (D. Del. 2005).

Plaintiffs seek leave to amend their complaint for two purposes: (1) to state a claim under California's consumer protection law, and (2) to make other alterations to the complaint for purposes of clarifying Plaintiffs' existing claims.  Plaintiffs' request for leave to state a claim under California's consumer protection law is based upon the factual assertions contained in Defendant's Motion to Dismiss and upon Plaintiffs' further review of the "Applicable Law" provision of the Contract.  In short, Plaintiffs' knowledge of additional facts and Plaintiffs' further review of the Applicable Law provision lead Plaintiffs to conclude that California law is applicable to Plaintiffs' consumer protection claims.  Because Plaintiffs understand that this will likely be a point of contention, the remainder of this Brief will be devoted to addressing the conflict of law issues that pertain to the choice of law for Plaintiffs' consumer protection claims.

In determining whether to grant this Motion for Leave to Amend, the key issue will be whether California law applies to Plaintiffs' consumer protection claims.  In order to address this issue, this Court will need to answer two questions: (1) does the Applicable Law provision require application of Delaware law to all claims, including consumer protection claims; and (2) if the Applicable Law provision does not require

-10-

application of Delaware law to consumer protection claims, which state's law should be applied to consumer protection claims pursuant to the most significant relationship test? Plaintiffs address each of these questions below.


I.    **THE APPLICABLE LAW PROVISION DOES NOT REQUIRE THE APPLICATION OF DELAWARE LAW TO PLAINTIFF'S CONSUMER PROTECTION CLAIMS.**

As noted previously, the Applicable Law provision in the Contract states in pertinent part as follows:  "The laws applicable to the interpretation of this membership agreement shall be the laws of the State of Delaware, USA, and applicable federal law, without regard to any conflict of law provisions."

"'Delaware courts will honor specific choice of law provisions so long as there is some material linkage between the chosen jurisdiction and the transaction.'"  Edelist v. MBNA America Bank, 790 A.2d 1249, 1256 (Del. Super. Ct. 2001).  However, this does not end the analysis.  First, the fact that there is a choice of law provision in the Contract does not mean that the provision applies to every type of claim that Plaintiffs could bring against Defendant.  As Plaintiffs will explain below, a choice of law provision, even when enforceable, only extends to those claims that fall within the scope of the provision as dictated by the specific language of the provision.  Furthermore, Delaware courts have recognized that a choice of law provision may be deemed unenforceable if the law of another state is far more pertinent to a particular issue or if enforcement of the provision would be contrary to the public policy of another state.  Plaintiffs address each of these issues below.

-11-

**A.** **The Choice-Of-Law Provision In The Contract Does Not Apply To Plaintiffs' Consumer Protection Claims Because Those Claims Are In The Nature Of A Tort And The Language Of The Provision Does Not Encompass Tort Claims.**

In determining whether the choice of law provision in the Contract extends to Plaintiffs' consumer protection claims, this Court must consider two issues: (1) what type of claim is involved, and (2) whether that type of claim falls within the scope of the choice of law provision. Plaintiffs contend that consumer protection claims in general, and claims under the Consumer Legal Remedies Act ("CLRA") in particular, are in the nature of tort actions, and that tort actions do not fall within the scope of the choice of law provision in the Contract.

**1.** **Plaintiffs' consumer protection claims should be treated as tort claims for purposes of the choice of law provision.**

"Courts consistently examine the specific claims made in a particular case to determine whether a claim under a consumer protection statute should be treated as a tort or a contract action for choice of law purposes." In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation, 155 F.Supp.2d 1069, 1079 n.6 (S.D. Ind. 2001).

In this case, Plaintiffs have stated claims in relation to the transaction by which Defendant sold the Credit Monitoring service to Plaintiffs and other similarly situation persons. Plaintiffs allege that Defendant misrepresented the nature of the Credit Monitoring service and fraudulently induced Plaintiffs to purchase the Credit Monitoring

-12-

service.  Thus, Plaintiffs' claim is, in essence, an action for fraud and misrepresentation, albeit one that is brought pursuant to a specific statutory scheme.[1]

Although Delaware courts have not directly addressed the issue of whether consumer protection claims should be treated generally as tort claims for purposes of choice of law analysis, Delaware courts have recognized that Delaware's own consumer protection laws are generally treated as providing a basis for claims that are in the nature of a tort.  For example, Delaware courts have recognized that "statutory consumer fraud violations give rise to 'tortious injury' for purposes of . . . Delaware's long-arm statute." State ex rel. Brady v. Preferred Florist Network, Inc., 791 A.2d 8, 13 (Del. Ch. 2001). Furthermore, Delaware courts have recognized that "[t]he Consumer Fraud Act is to be interpreted in light of common law principles of fraud and deceit."  Stephenson v. Capano Development Co., Inc., 1985 WL 636429 at *3 (Del. Super. Ct. 1985).  (A copy of the Stephenson decision is attached hereto as Exhibit "E").

Given that Delaware treats actions under its own consumer protection laws as being in the nature of a tort, it appears likely that Delaware would treat actions under other state's consumer protection laws in a similar manner.  Moreover, it appears that this approach is well-founded.  Other states that have addressed the issue directly have found that an action under a consumer protection law is to be treated like a tort action for choice of law purposes.  See, e.g., Marcyle, LLC v. First Choice Internet, Inc., 890 A.2d 818,

---

[1]    Plaintiffs' Third Amended Complaint contains other claims aside from the consumer protection claim, including a claim for breach of contract and claims alleging violations of federal statutes.  Plaintiffs do not contend that California law applies to these claims. Therefore, Plaintiffs' discussion is limited to Plaintiffs' consumer protection claims.

846 (Md. App. 2006) (Recognizing that violations of Maryland's consumer protection act are "'in the nature of a tort.'"); <u>In re U.S. Office Products Co. Securities Litigation v. U.S.</u>, 251 F.Supp.2d 77, 92-93 (D.D.C. 2003) (Holding that violations of Connecticut's consumer protection law are dealt with as tort claims for choice of law purposes.); <u>Hiller v. Manufacturers Product Research Group of North America, Inc.</u>, 59 F.3d 1514, 1537-38 (5th Cir. 1995) (Holding that violations of the Texas consumer protection act sound in tort.).

Plaintiffs are not aware of any California cases that directly address the issue of whether California treats actions under its consumer protection law as being in the nature of tort actions. However, a quick review of the CLRA indicates that it provides for an action in the nature of a tort.

The CLRA provides remedies for a broad variety of violations that are in the nature of fraud and misrepresentation, and repeatedly uses words like "misrepresenting" and "deceptive." Cal.Civ.Code § 1770. Given that actions for fraud and misrepresentation are tort action, it is clear that the CLRA provide for a tort-like action. Moreover, the CLRA provides that a consumer may recover tort-like remedies, including punitive damages. Cal.Civ.Code § 1780(a)(4). The ability to recover punitive damages is generally limited to tort actions and is generally not available in contract actions.

Based upon the above noted law and facts, this Court should treat Plaintiffs' consumer protection claims (specifically Plaintiffs' claim under the CLRA) as tort claims for purposes of choice of law analysis. The only other alternative would be to treat these claims as contract claims, and that is clearly not the nature of Plaintiffs' consumer

protection claims.  Indeed, Plaintiffs have plead contract claims in a separate count of

their complaint and that count is not based upon the same allegations of fraud and

misrepresentation.  In short, the gist of Plaintiffs' consumer protection claims is that

Defendant has misrepresented its service and has fraudulently induced Plaintiffs to

purchase its service.  Such claims are in the nature of a tort.


> **2.    The choice of law provision in the Contract does not
>           encompass tort claims or claims that are in the nature of a tort.**

Delaware courts have recognized that, even when a contract contains an

enforceable choice of law provision, that provision will not necessarily apply to every

claim that may be brought in relation to the contract.  Rather, the applicability of the

choice of law provision is dictated by the scope of the provision as stated in the language

of the contract.  For example, in Glouscester Holding Corp. v. U.S. Tape and Sticky

Products, LLC, 832 A.2d 116 (Del. Ch. 2003), the court addressed a contract provision

which stated that the agreement "'shall be construed, interpreted and the rights of the

parties determined in accordance with the laws of the State of Delaware (without regard

to any conflict of law provisions thereof).'" Id. at 122.  The court concluded that this

provision did not require that Delaware law be applied to a claim of fraud in the

inducement, stating as follows:

> There are certain circumstances where courts have held that a broad
> choice of law clause in a contract could encompass tort claims that relate
> to contract formation.  The choice of law clause here, however, does not
> claim to cover litigation that arises out of or relates to the Asset Purchase
> Agreement.  Rather, the clause merely provides that Delaware law applies
> to the "rights of the parties" derived from the contract.  This clause is

> simply not sufficiently broad enough to cover tort claims such as fraud in
> the inducement.

Id. at 124.  This holding was reaffirmed in Kronenberg v. Katz, 872 A.2d 568, 588 (Del.

Ch. 2004).

Other courts have reached similar conclusions.  In Kitner v. CTW Transport, Inc.,

762 N.E.2d 867 (Mass. App. 2002), the court considered whether a choice of law

provision applied to a claim under the Massachusetts consumer protection act.  Id. at 871-

72.  The choice of law provision at issue stated that "the substantive laws of the State of

North Dakota shall govern the identity, construction, enforcement, and interpretation of

this Agreement."  Id. at 871.  The court concluded that this choice of law provision did

not apply to tort actions, stating as follows:

> The language in the contract as to choice of law is expressly self-limiting.
> It states that North Dakota law would only "govern the identity,
> construction, enforcement, and interpretation of the" contract. The
> language does not indicate that North Dakota law would also cover
> tortious conduct or unfair acts inducing a breach of the contract.

Id. at 871-72.  The court further concluded that the claims under the consumer protection

act sounded in tort and, therefore, were not subject to the choice of law provision.  Id. at

872.

In United Vaccines, Inc. v. Diamond Animal Health, Inc., 409 F.Supp.2d 1083

(W.D. Wis. 2006), the court addressed a choice of law provision which provided that

"Iowa law governs the 'validity, interpretation and performance' of the agreement."  Id.

at 1090.  The court held that this choice of law provision did not apply to claims of

negligent and intentional misrepresentation, because such claims were tort claims that fell

outside the scope of the provision.  Id. at 1090-91.

-16-

In <u>United States Fidelity and Guaranty Co. v. S.B. Phillips Co., Inc.</u>, 359 F.Supp.2d 189 (D. Conn. 2005), the court considered a choice of law provision which stated "'[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut.'" <u>Id.</u> at 205. The court concluded that this choice of law provision was "too narrow to encompass tort claims arising out of contract-related transactions." <u>Id.</u> at 206.

In <u>Stagecoach Transportation, Inc. v. Shuttle, Inc.</u>, 741 N.E.2d 862 (Mass. App. 2001), the court addressed a choice of law provision which stated that "'[t]his Agreement shall be governed and interpreted in accordance with the laws of the State of New York.'" <u>Id.</u> at 867. The court concluded that this choice of law provision did not encompass tort claims. <u>Id.</u> at 868.

In the instant case, the language used in the choice of law provision in the Contract is not nearly as broad as the language addressed in many of the above referenced cases. Thus, the argument that the choice of law provision does not extend to tort-like actions is even stronger.

The choice of law provision in the Contract states that "[t]he laws applicable to the **<u>interpretation</u>** of this membership agreement shall be the laws of the State of Delaware." By its own language, this choice of law provision is limited solely to issues regarding the "interpretation" of the Contract. This language in no way indicates that it applies to tort actions that are associated with the Contract. Indeed, it is not even clear that this choice of law provision would apply to other contract issues that might go beyond the "interpretation" of the Contract.

-17-

Most of the cases noted above, including the decision of the Delaware court in Glouscester Holding Corp. v. U.S. Tape and Sticky Products, LLC, 832 A.2d 116 (Del. Ch. 2003), addressed choice of law provisions that included the word "interpreted." In fact, the choice of law provisions addressed in the above-noted cases generally included other terms that arguably gave the choice of law provisions a broader scope than the provision at issue in the instant Contract. Nevertheless, those cases held that the choice of law provisions did not extend to tort action. This Court should reach the same conclusion regarding the choice of law provision in the Contract.

**B.      The Choice Of Law Provision In The Contract Is Not Enforceable As To Plaintiffs' Consumer Protection Claims Because California Has A Materially Greater Interest In Plaintiffs' Consumer Protection Claims And Because Enforcement Of The Choice Of Law Provision Would Be Contrary To California Public Policy.**

Even if this Court concludes that the choice of law provision in the Contract is broad enough in scope to encompass Plaintiffs' consumer protection claims, this Court should nonetheless refuse to enforce the choice of law provision because California has a materially greater interest in Plaintiffs' consumer protection claims and enforcement of the choice of law provision would be contrary to California public policy.

Delaware courts have generally looked to Section 187 of the Restatement (Second) of Conflicts[2] in determining whether a particular choice of law provision is controlling.  See, e.g., Abry Partners V, L.P. v. F & W Acquisition LLC, 891 A.2d 1032,

---

[2]      All references herein to the "Restatement" refer to the Restatement (Second) of Conflicts (1971).

1049 (Del. Ch. 2006); Weil v. Morgan Stanley DW Inc., 877 A.2d 1024, 1032 n.16 (Del.

Ch. 2005).  In that regard, Delaware courts have "rel[ied] on Restatement (Second) of

Conflicts of Law § 187 for the proposition that the parties' choice of law, as expressed in

their agreement, will be upheld unless the state whose law would control in the absence

of a choice has a materially greater interest in the subject matter."  Weiss v. Northwest

Broadcasting Inc., 140 F.Supp.2d 336 (D. Del. 2001); see also Hionis International

Enterprises, Inc. v. Tandy Corp., 867 F.Supp. 268, 271 (D. Del. 1994).

     Restatement Section 187 provides that a choice of law provision will be enforced

unless "application of the law of the chosen state would be contrary to a fundamental

policy of a state which has a materially greater interest than the chosen state in the

determination of the particular issue and which, under the rule of § 188, would be the

state of the applicable law in the absence of an effective choice of law by the parties."

RESTATEMENT (SECOND) OF LAWS § 187 (1971).  Delaware courts have described this

section as follows:

> That section provides that the parties' choice of law, as expressed in their
> agreement, will be upheld unless the state whose law would control in the
> absence of a choice has a materially greater interest in the subject matter.
> If that is the case, the law of the state with the greater interest will control
> the outcome of the dispute, and the express choice of law will be of no
> consequence.

Rosenmiller v. Bordes, 607 A.2d 465, 468 (Del. Ch. 1991).

     The comments to Section 187 recognize that "[f]ulfillment of the parties'

expectations is not the only value in contract law; regard must also be had for state

interest and for state regulation.  The chosen law should not be applied without regard for

the interests of the state which would be the state of the applicable law with respect to the

particular issue involved in the absence of an effective choice by the parties."

RESTATEMENT (SECOND) CONFLICT OF LAWS § 187 cmt g (1971).  The comments further

recognize that "[n]o detailed statement can be made of the situations where a

'fundamental' policy of the state of the otherwise applicable law will be found to exist."

Id.  "An important consideration is the extent to which the significant contacts are

grouped in this state.  For the forum will be more inclined to defer to the policy of a state

which is closely related to the contract."  Id.  "Another important consideration is the

extent to which the significant contacts are grouped in the state of the chosen law."

Finally, the comments recognize that "a fundamental policy may be embodied in a statute

which makes one or more kinds of contracts illegal or which is designed to protect a

person against the oppressive use of superior bargaining power."  Id.

     In this case, Plaintiffs contend that the California has a materially greater interest

in Plaintiffs' consumer protection claims than does the state of Delaware.  Plaintiffs

further contend that enforcement of the choice of law provision in the Contract would be

contrary to fundamental policies of California.  Therefore, pursuant to Restatement

Section 187, the choice of law provision in the Contract should be deemed unenforceable

as to Plaintiffs' consumer protection claims.

     California has a much stronger connection to Plaintiffs' consumer protection

claims than Delaware.  Although Defendant is incorporated in Delaware, its primary

place of business is in California.  Furthermore, Plaintiffs allege that most or all of the

misrepresentations that serve as a basis for their consumer protection claims occurred in

California.  Aside from the fact that Defendant is incorporated in Delaware, the State of

Delaware has absolutely no connection to Plaintiffs' consumer protection claims. Given these facts, it is clear that California has a materially greater interest in Plaintiffs' consumer protection claims than Delaware. This conclusion is reinforced when one considers the strong public policies that are implicated by California's consumer protection law.

The purpose of the CLRA is to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760. In order to assure such protection, the CLRA provides that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void." Cal. Civ. Code § 1751. In light of these provisions, it is apparent that California has a strong public policy of protecting consumers, and that California intends for its laws to apply in a manner that will provide maximum protection to consumers. These principles have also been recognized by the California courts.

In America Online, Inc. v. Superior Court, 108 Cal.Rptr.2d 699 (Cal. App. 2001), the court considered whether a choice of law provision, which required the application of Virginia law, could serve to bar the plaintiffs from pursuing consumer protection claims under the Consumer Legal Remedies Act. Id. at 708. The court recognized that the key issue in making this decision was to determine whether enforcement of the choice of law provision would violate California's public policy. Id. The court concluded that the choice of law provision could not be enforced, based upon a number of key findings.

First, the court noted that the broad purpose of the CLRA was to protect consumers from deceptive business practices, and the court recognized that a choice of law provision which barred application of the CLRA would also be contrary to that underlying purpose. Id. at 710. The court further noted that application of the choice of law provision would constitute a waiver of a plaintiff's right to pursue an action under the CLRA, contrary to the express anti-waiver provision that is included in the CLRA. Id. The court indicated that these conflicts alone were sufficient to conclude that the choice of law provision should be rejected as contrary to California public policy. Id. However, the court went on to note an additional factor that lent further support to this conclusion. In this regard, the court noted that class actions are allowed under the CLRA, while a class action would not be allowed for a consumer protection claim under Virginia law. Id. at 711. The court recognized that the right of consumers to pursue a class action is highly valued under California law and that the denial of this right constitutes a violation of California public policy. Id.

The factors recognized in America Online, Inc. are equally applicable in the instant case. The choice of law provision in the Contract requires application of Delaware law, and is therefore contrary to the underlying purpose and anti-waiver provisions of the CLRA. By attempting to deny consumers their right to bring a claim under the CLRA, the choice of law provision in the Contract is contrary to California's public policy. The choice of law provision in the Contract would also run afoul of the strong preference for class actions under California law and under the CLRA. As Defendant has explained in its Motion to Dismiss, Delaware's consumer protection law

would only allow claims against Defendant by Delaware consumers.  Thus, the choice of

law provision in the Contract (which requires application of Delaware law) would

necessarily deny the consumer protection claims of persons in all states other than

Delaware.  Such a result would be directly contrary to the public policy underlying the

CLRA, which favors both the ability of consumers to pursue consumer protection claims

and the ability of consumers to do so by means of class actions.

Because California has a materially greater interest in Plaintiffs' consumer

protection claims, and because enforcement of the choice of law provision in the Contract

would be contrary to California public policy, this Court should deem the choice of law

provision unenforceable in relation to Plaintiffs' consumer protection claims.

## II.    CALIFORNIA LAW APPLIES TO PLAINTIFFS' CONSUMER PROTECTION CLAIMS PURSUANT TO MOST SIGNIFICANT RELATIONSHIP TEST.

Assuming that this Court concludes that the choice of law provision in the

contract is not controlling, this Court is then left with the decision of which state's law

should apply to Plaintiffs' consumer protection claims.  Plaintiffs contend that California

law is the appropriate choice because California has a much more significant relationship

to Plaintiffs' consumer protection claims than Delaware.

Delaware has adopted the "most significant relationship" test, set forth in

Restatement Section 145, for making choice of law determinations in tort actions.  Turner

v. Lipschultz, 619 A.2d 912, 914 (Del. 1992); Travelers Indemnity Co. v. Lake, 594 A.2d

38, 47 (Del. 1991).  Section 145 provides that, in determining which state has the most

significant relationship in a tort action, the following factors should be taken into

account:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> ( c)  the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 (1971).

The comments to Section 145 discuss the types of actions in which particular

elements are more significant.  In particular, the comments recognize that the place of

injury is not as significant in an action involving fraud or misrepresentation because it

makes little sense to say that the injury occurred in one location as opposed to another.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt e (1971).  The comments also

indicate that, in cases where the place of injury bears little significance (such as claim of

fraud or misrepresentation), "the place where the defendant's conduct occurred will

usually be given particular weigh in determining the state of the applicable law."  Id.

"Likewise, when the primary purpose of the tort rule involved is to deter or punish

misconduct, the place where the conduct occurred has peculiar significance."  Id.  With

regard to the place of incorporation or place of business, the comments indicate that "[a]t

least with respect to most issues, a corporation's principal place of business is a more

important contact than the place of incorporation, and this is particularly true in situations where the corporation does little, or no, business in the latter place."  Id.

In applying Delaware's most significant relationship test to claims of fraud or misrepresentation, this Court has looked to the factors set forth in Restatement Section 148 for additional guidance.  See, e.g., Chase Manhattan Mortgage Corp. v. Advanta Corp., 2005 WL 2234608, at *12 (D. Del. 2005) ("For cases involving fraud or misrepresentation claims, Section 148 of the Restatement (Second) of Conflicts lists contacts that are relevant to a choice of law determination.") (A copy of the Chase Manhattan Mortgage Corp. decision is attached hereto as Exhibit "F"); Brown v. SAP America, Inc., 1999 WL 803888, at *6 (D. Del. 1999) (Noting that Restatement Section 148 is "particularly relevant" when the claims in question are claims of fraudulent misrepresentation and negligent misrepresentation.) (A copy of the Brown decision is attached hereto as Exhibit "G").  Section 148 provides that, in determining which state has the most significant relationship to a claim of fraud or misrepresentation, the following factors should be taken into account:

> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
>
> (b) the place where the plaintiff received the representations,
>
> ( c) the place where the defendant made the representations,
>
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
>
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and

(f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 148 (1971).  The comments to Section 148 indicate that, because the place of injury is less definite in actions involving fraud and misrepresentation, the place of loss is generally de-emphasized and the place where the defendant made the misrepresentations is generally emphasized.  RESTATEMENT (SECOND) CONFLICT OF LAWS § 148, cmt c (1971).

When the factors from Sections 145 and 148 are taken into account, in conjunction with the comments to those Sections, it is clear that California has the most significant relationship to Plaintiffs' consumer protection claims.

Looking first to the factors set forth in Section 145, it is apparent that these factors favor application of California law.  The first factor – the place where the injury occurred – is less definite in a fraud action than in other types of tort actions.  Nevertheless, for the sake of argument Plaintiffs will assume that the place of injury is Kansas (the state of Plaintiffs' residence).  There is certainly no indication that the injury occurred in Delaware.

The second factor under Section 145 – the place where the conduct that caused the injury occurred – weighs heavily in favor of applying California law.  As noted above, Plaintiffs allege that most or all of the misrepresentations that serve as the basis for their consumer protection claims occurred in California.  Furthermore, Defendant has alleged in its own Motion to Dismiss that its principal place of business is in California.

-26-

The third factor under Section 145 – the location of the parties – leans toward application of California law. Plaintiffs reside in Kansas. Defendant is incorporated in Delaware, but maintains its principal place of business in California. As the comments to Section 145 recognize, the place of business is generally much more important than the state of incorporation.

The fourth factor under Section 145 – the place where the relationship between the parties is centered – strongly favors application of California law. Defendant is engaged in business in California and, pursuant to that business, Defendant made misrepresentations to Plaintiffs regarding the services that Defendant provides from California. Plaintiffs relied upon those representations and, based upon that reliance, Plaintiffs engaged Defendant's services and made payment to Defendant in California. This relationship is clearly centered in California. It is equally clear that this relationship has no connection to the State of Delaware.

Of the four factors under Section 145, at least three of those factors favor application of California law. Furthermore, the one factor that might not favor application of California law – the place where the injury occurred – is of less importance when the action in question is one for fraud or misrepresentation. RESTATEMENT (SECOND) CONFLICT OF LAWS § 145 cmt e (1971). In contrast, none of the factors under Section 145 favor application of Delaware law. Therefore, the factors in Section 145 strongly support the conclusion that California law should be applied to Plaintiffs' consumer protection claims.

Turning to the factors under Section 148, the first factor – the place where plaintiff acted in reliance on the representations – is difficult to determine.  If the act of reliance was the decision to engage Defendant's services, then that decision was presumably made in Kansas.  However, if the act of reliance was paying Defendant for its services, that act occurred in California.  In either event, it is clear that the act of reliance did not occur in Delaware.

The second factor under Section 148 – the place where plaintiff received the representations – favors neither California nor Delaware.  Plaintiffs received Defendant's advertising and marketing materials in Kansas, their state of residence.

The third factor under Section 148 – the place where defendant made the representations – strongly favors application of California law.  As noted previously, Plaintiffs allege that most or all of the misrepresentations that serve as the basis for Plaintiffs' consumer protection claims occurred in California.  Furthermore, Defendant has alleged in its own Motion to Dismiss that its principal place of business is in California.

The fourth factor under Section 148 – the location of the parties – leans toward application of California law.  Plaintiffs reside in Kansas.  Defendant is incorporated in Delaware, but maintains its principal place of business in California.  However, none of the conduct in question is alleged to have occurred in Delaware.  Therefore, Delaware's connection to the parties, for purposes of this action, is minimal.

The fifth factor under Section 148 – the place where a tangible thing in issue is located – has no bearing in this action.  Thus, this factor favors neither California nor Delaware.

The sixth factor under Section 148 – the place where plaintiff is to render performance under the contract he was induced to enter by false pretenses – strongly favors application of California law.  Plaintiffs agreed to pay Defendant for its services and such payment was made to Defendant in California.  Therefore, Plaintiffs' performance occurred in California.

Of the six factors under Section 148, at least three favor application of California law.  The first factor may or may not favor California law, depending upon how the word "reliance" is defined for purposes of the Restatement.  The second factor doesn't favor California or Delaware.  The fifth factor is not applicable to the facts of this case.  It is also important to note that the factors which favor application of California law include the factors that are to be given greater emphasis pursuant to the comments (i.e. the place where the misrepresentations were made).  RESTATEMENT (SECOND) CONFLICT OF LAWS § 148 cmt c (1971).  Equally important is the fact that none of the factors favors application of Delaware law.

When the factors under Sections 145 and 148 are applied to the facts of this case, it is clear that California has the most significant relationship to Plaintiffs' consumer protection claims.  Indeed, Plaintiffs contend that it is not even a close call.  Most of the factors favor application of California law, whereas none of the factors favor application of Delaware law.

## CONCLUSION

As Plaintiffs have explained herein, it is appropriate for Plaintiffs to state a claim against Defendant under California's consumer protection act in Plaintiffs' Third Amended Complaint. Therefore, Plaintiffs respectfully request that this Court enter its Order granting Plaintiffs leave to file their Third Amended Complaint.

Respectfully submitted,

/s/ Christopher J. Curtin
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

and

/s/ Barry R. Grissom
Barry R. Grissom, Esq.
KS Bar. Id. No. 10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, Kansas 66212
Phone: (913) 341-6616

and

Bryson R. Cloon
KS Bar. Id. No. 08660
MO Bar. Id. No. 36843
Cloon Law Firm
11350 Tomahawk Creek Parkway, Suite 100
Leawood, KS 66211
Phone: (913) 661-9600
Facsimile: (913) 661-9614

-30-

and

B. Joyce Yeager, Esq.
KS Bar. Id. No.  18932
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, Kansas 66212
Phone: (913) 648-6673

and

Michael W. Blanton,
MO Bar. Id. No. 46490
Swanson Midgley, LLC
2420 Pershing Road, Ste. 400
Kansas City, Missouri 64108
Phone: (816) 842-6100

COUNSEL FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher J. Curtin, Esq., hereby certify that on June 12, 2006, I electronically filed the foregoing Brief In Support of Motion for Leave to File Third Amended Complaint with the Clerk of the District Court using CM/ECF, which will send notification of such filing to the following:

William M. Lafferty, Esq.
Jerry Clyde Harris, Jr., Esq.
Morris Nichols Arsht & Tunnell
1201 N. Market St.
Wilmington, DE 19801


ERISMAN & CURTIN

<u>/s/ Christopher J. Curtin</u>
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

DATE: June 12, 2006