IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEVEN G. MILLETT,
MELODY J. MILLETT, On Behalf Of Themselves
and All Others Similarly Situated,

     Plaintiffs,

      v.

TRUELINK, INC., a Trans Union Company,

     Defendant.

     C.A. No. 05-599 (SLR)

     Putative Class Action

## DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
 Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000

June 29, 2006

i.

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF CITATIONS |  | ii |
| NATURE OF THE PROCEEDINGS AND STATEMENT OF FACTS |  | 1 |
| ARGUMENT |  | 3 |
| I. | PLAINTIFFS' REQUEST FOR LEAVE TO AMEND IS NOT JUSTIFIED UNDER RULE 15(A). | 3 |
| II. | PLAINTIFFS' CHOICE OF LAW ANALYSIS IS FLAWED – CALIFORNIA IS NOT THE STATE WITH THE MOST SIGNIFICANT RELATIONSHIP TO PLAINTIFFS' CLAIM. | 4 |
| III. | PLAINTIFFS HAVE NOT SHOWN THAT THE CONTRACTUAL CHOICE OF LAW PROVISION DOES NOT GOVERN. | 7 |
| IV. | PLAINTIFFS' PROPOSED AMENDMENT OF THE FCRA CLAIM IS FUTILE. | 9 |
| CONCLUSION |  | 11 |

<u>TABLE OF CITATIONS</u>

|  | Page(s) |
| --- | --- |
| **Cases** | |
| *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032 (Del. Ch. 2006) | 8 |
| *Brown v. SAP America, Inc.*, 1999 WL 803888 (D. Del. Sept. 13, 1999) | 5, 6 |
| *Chase Manhattan Mortgage Corp. v. Advanta Corp.*, 2005 WL 2234608 (D. Del. Sept. 8, 2005) | 6 |
| *Clark v. Experian Information Solutions Inc.*, 2005 WL 1027125 (N.D. Ill. Apr. 26, 2005) | 5 |
| *Cowell v. Palmer Township*, 263 F.3d 286 (3d Cir. 2001) | 3 |
| *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) | 10 |
| *Hoffman v. J.M.B. Retail Properties, Co.*, 817 F. Supp. 448 (D. Del. 1993) (same) | 5 |
| *Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir. 1996) | 10 |
| *Shinners v. K-Mart Corp.*, 847 F. Supp. 31 (D. Del. 1994) | 4 |
| **Other Authorities** | |
| 15 U.S.C. §1681e(b) | 9 |
| California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 | 2 |
| Restatement (Second) of Conflict Of Laws § 145 | 4, 5 |
| Restatement (Second) of Conflict Of Laws § 148(2) | 4, 5, 6, 7 |

Defendant TrueLink, Inc. ("TrueLink"), hereby submits its opposition to plaintiffs' Motion For Leave to File Third Amended Complaint (Plaintiffs' Motion).

## NATURE OF THE PROCEEDINGS AND STATEMENT OF FACTS

This action arises from plaintiffs' purchase of Credit Monitoring products from TrueLink. Plaintiffs, residents of Kansas, originally filed this action against Trans Union, LLC on September 9, 2004 in the United States District Court for the District of Kansas.[1] Plaintiffs did not assert claims against TrueLink until they filed their First Amended Complaint, seven (7) months later, on April 11, 2005.[2] In the First Amended Complaint, plaintiffs asserted three (3) claims against TrueLink related to plaintiffs' purchase of products from TrueLink: (1) negligent misrepresentation; (2) violation of the Kansas Consumer Protection Act; and (3) fraud by silence. These claims allegedly arose from TrueLink's reporting of information regarding other individuals associated with plaintiff Steven Millett's social security number, and plaintiffs' purchase of credit monitoring products from TrueLink.

Pursuant to the parties' agreed-to forum selection provision, the action was transferred from the District of Kansas to this Court on August 16, 2005. (*See* D.I. 35-37). On December 14, 2005, this Court granted plaintiffs' unopposed motion for

---

[1] Three months earlier, plaintiffs had filed a complaint naming Trans Union, along with the two other nationwide credit bureaus, and numerous other defendants, in the District of Kansas, No. 04-2274-CM. Plaintiffs later voluntarily dismissed Trans Union from that action, and filed this separate action which was ultimately transferred to this Court.

[2] On March 31, 2005, the federal district court in Kansas granted the plaintiffs' motion for leave to amend the Complaint to substitute TrueLink as defendant instead of Trans Union.

2.

leave to file their Second Amended Complaint ("SAC"), and plaintiffs' SAC was deemed

filed. (D.I. 55). In the SAC, plaintiffs abandoned their Kansas Consumer Protection Act

claims, and instead asserted claims under the Delaware Consumer Fraud Act (Count I)

and the Delaware Consumer Contracts Act (Count II). Plaintiffs also restated their claims

for breach of contract (Count III), and alleged new claims for violation of the federal

Credit Repair Organizations Act ("CROA") (Count IV), and violations of the federal Fair

Credit Reporting Act ("FCRA")[3] (Count V).

Defendants thereafter moved to dismiss several of the claims asserted in

the SAC ("Motion To Dismiss"), including the claims brought under the DCFA and the

FCRA. At this time, defendants' Motion to Dismiss stands fully briefed and remains

pending. Notably, in opposition to defendants' Motion To Dismiss the SAC, plaintiffs

effectively conceded that the SAC failed to state a claim under the DCFA, and requested

leave to further amend in order to assert statutory fraud claims under the California

Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA"). *See* Plaintiffs'

Brief In Opposition To Motion To Dismiss, D.I. 62.

Now, in an attempt to delay dismissal of its state-law claims, plaintiffs

seek leave to file a Third Amended Complaint in order to abandon claims under

Delaware law and invoke California law instead. However, because plaintiffs – who are

Kansas residents – do not and cannot assert claims under California law, plaintiffs'

request should be denied.

---

[3]     In the SAC, plaintiffs refer to the FCRA as the "Credit Reporting Agencies Act"
or "CRAA."

## ARGUMENT

I.    PLAINTIFFS' REQUEST FOR LEAVE TO AMEND IS
      NOT JUSTIFIED UNDER RULE 15(A).

Given the fact that this case is nearly two (2) years old, and that plaintiffs have already had three (3) chances to identify and assert the claims they wish to pursue, there is no justification for giving them yet another bite at the apple now to assert claims under a different state law.    As noted above, plaintiffs first asserted Kansas-based consumer fraud claims, then switched to asserting Delaware claims in the SAC, and now seek to allege California-based consumer fraud claims.    The process by which plaintiffs have repeatedly changed course in this action has served only to increase defendants' litigation costs, and to waste judicial resources.    The circumstances of plaintiffs' inability to settle upon the claims they wish to assert does not warrant granting them further leave to amend under Rule 15(a).    Moreover, as set forth below, plaintiffs' instant request to do so in order to allege California consumer fraud claims and to augment the allegations in support of their FCRA claim should be denied as futile.    *Cowell v. Palmer Township*, 263 F.3d 286, 296 (3d Cir. 2001) (motion for leave to amend is properly denied when proposed amendment would fail to state a claim).

4.

II.      PLAINTIFFS' CHOICE OF LAW ANALYSIS IS
         FLAWED – CALIFORNIA IS NOT THE STATE WITH
         THE MOST SIGNIFICANT RELATIONSHIP TO
         PLAINTIFFS' CLAIM.[4]

Plaintiffs devote the bulk of their Memorandum In Support Of Motion For Leave To File Third Amended Complaint (D.I. 71) ("Memorandum") to a choice of law analysis under Sections 145 and 148(2) of the Restatement (Second) of Conflict Of Laws ("Restatement"). *See* Memorandum, pp. 23-29. TrueLink does not disagree that Delaware courts determine choice of law applicable to fraud claims by determining the state with the most significant relationship to the claim, with reference to the factors listed in Sections 145 and 148(2) of the Restatement. TrueLink does, however, dispute plaintiffs' analysis of those factors. In their analysis, plaintiffs seem to compare the relative significance of relationships of California and Delaware to their fraud-based claims, but discount the impact of any other state's connection to the claims. If, as plaintiffs suggest, the Restatement should be applied to determine what state's law is applicable, the result is not California law. To the contrary, the factors set forth in the Restatement, properly applied, weigh heavily in favor of applying Kansas law.

Courts in Delaware place considerable emphasis on the first two factors of Section 145 of the Restatement in determining which state's substantive law to apply for tort claims. *See Shinners v. K-Mart Corp.*, 847 F. Supp. 31, 33 (D. Del. 1994)

---

[4]    The choice-of-law analysis is not relevant if the parties have agreed to the application of a particular state's law. As set forth in Section C, *infra*, the parties have done so here, in the subject contracts which state: "The laws applicable to the interpretation of this . . . [agreement] shall be the laws of the State of Delaware, USA, and applicable federal law, without regard to any conflict of law provisions." *See* Exhibits 1A and 1B, respectively, to plaintiffs' Memorandum. Plaintiffs have not demonstrated that this provision does not govern. *See* Section C, *infra*.

(concluding that Delaware law applied because it was the location of the injury); *Hoffman v. J.M.B. Retail Properties, Co.*, 817 F. Supp. 448, 450 (D. Del. 1993) (same). And in fraud cases, Delaware court also look to Section 148(2) of the Restatement to determine which state's laws will apply. *Brown v. SAP America, Inc.*, 1999 WL 803888, at *6 (D. Del. Sept. 13, 1999).

In examining the factors listed in both sections 145 and 148, it is clear that California law should not apply to the plaintiffs' consumer fraud claims. Contrary to plaintiffs' assessment, the most important factor under Section 145, the location of the injury, cuts against application of California law. In a case with remarkably similar facts, the court in *Clark v. Experian Information Solutions Inc.*, 2005 WL 1027125 (N.D. Ill. Apr. 26, 2005), applying the Restatement, concluded that plaintiffs' consumer fraud claims could not be brought under California law. *Id.* at *3. Instead, the court found that Illinois law should govern the plaintiffs' claims because, "[i]n this case, the place of [the plaintiff's] injury, the first and most important contact to which section 145 [of the Restatement] points, is Illinois." *Id.* at *4. Plaintiffs here concede that Kansas is the place of injury, though they try to minimize its impact. (*See* Memorandum, p. 27).

In the analysis for fraud claims prescribed by Section 148(2) of the Restatement, the factors also favor application of Kansas law. Disregarding law guiding the proper analysis of these factors, plaintiffs reach unsupported conclusions in an effort to justify application of California law. For example, the first factor – the place where plaintiffs acted in reliance on the defendant's representations – is clearly Kansas. Both the decision to purchase TrueLink's product and the act of paying for it by submitting credit card information through TrueLink's website, occurred in Kansas. *See Chase*

*Manhattan Mortgage Corp. v. Advanta Corp.*, 2005 WL 2234608 at *13 (D. Del. Sept. 8, 2005) (New Jersey law applied to fraud claims of plaintiff who was located in New Jersey who received communications and who acted in reliance upon defendant's representations in New Jersey). "Reliance may take the form of relinquishing tangible assets such as money." *Brown v. SAP America, Inc.*, 1999 WL 803888 at *6 (D. Del. Sept. 13, 1999) (Texas law applied to plaintiff's claims because actions were taken in reliance upon misrepresentations in Texas, including payment of licensing fees to defendant from plaintiff's Texas office). In an apparent effort to avoid these authorities, plaintiffs improperly discount the Kansas connection, apparently believing it is only a question of whether Delaware or California laws apply.

The third factor under Section 148(2) – where the defendant made the representations – is perhaps the only factor favoring California. With regard to the fourth factor – the location of the parties – plaintiffs are from Kansas, and TrueLink is a Delaware company with a principal place of business in California. This factor is either neutral or favors Kansas because "[t]he domicile, residence and place of business of [the injured party] are more important than other similar contacts of the defendants." *Brown*, 1999 WL 803888 at *7 (analyzing law applicable to tort claims including fraudulent misrepresentation and concealment, negligent misrepresentation, and negligence)(quoting Restatement, 148 cmt. i). In their "analysis" of this factor, plaintiffs once again ignore the Kansas connection and the weight it is properly given, in an effort to reach a California conclusion.

The fifth factor is also neutral, as there is no tangible thing at issue in this litigation. On this point, plaintiffs and TrueLink agree. (*See* Memorandum, p. 29).

Finally, the sixth factor – the place where the plaintiffs were to render performance under the contract that they were allegedly induced to enter – favors Kansas, not California. Contrary to plaintiffs' argument (Memorandum, p. 29), plaintiffs did not make payment in California; rather, they made payment from their residence in Kansas. *See* Proposed Third Amended Complaint, ¶ 12 (alleging plaintiffs "purchased the Credit Monitoring service from defendant . . . through internet transactions on the TrueCredit internet portal.").

Accordingly, of all the factors to be considered under Section 148(2) of the Restatement in determining applicable law to fraud claims, only one arguably supports applying California law, while at least three, and likely four support applying Kansas law to plaintiffs' fraud-based claims. Factoring in the considerable weight that Delaware courts give to the location of the injury, it is clear that California cannot apply to plaintiffs' consumer fraud claims.

III.    PLAINTIFFS HAVE NOT SHOWN THAT THE CONTRACTUAL CHOICE OF LAW PROVISION DOES NOT GOVERN.

Having determined that California law does not apply to plaintiffs' fraud-based claims under the Restatement's analysis, it becomes unnecessary for TrueLink to address plaintiffs' extensive argument, made with reference to *California* law and policies, that the Delaware choice of law provision in the parties' contract would not apply to plaintiffs' fraud-based claims. (*See* Memorandum, pp. 11-23). The "Applicable Law" provision in both the Credit Monitoring Member Agreement and the Service Agreement between the parties provides: "The laws applicable to the interpretation of this . . . [agreement] shall be the laws of the State of Delaware, USA, and applicable

8.

federal law, without regard to any conflict of law provisions." *See* Exhibits 1A and 1B, respectively, to plaintiffs' Memorandum.

Indeed, a Delaware court recently considered and rejected the same argument raised by plaintiffs here in case involving a similar choice of law provision. In *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032 (Del. Ch. 2006), the parties' Stock Purchase Agreement stated "[t]his Agreement shall be governed by and construed in accordance with, the Laws of the State of Delaware, regardless of the Laws that might otherwise govern under applicable principles and conflicts of law." *Id.* at 1046. The court held that plaintiff's non-contractual fraud-based claims were governed by the Delaware choice of law provision in the subject Stock Purchase Agreement. The court noted that Delaware courts "are bound to respect the chosen law of contracting parties, so long as that law has a material relationship to the transaction." *Id.* at 1046. Moreover, the court rejected as "not sensible" the plaintiff's argument that the choice of law provision was not intended to tort claims seeking rescission of the Stock Purchase Agreement on grounds of fraudulent inducement. *Id.* at 1047. The court further stated:

> Parties operating in interstate . . . commerce seek, by a choice of law provision, certainty as to the rules that govern their relationship. To hold that their choice is only effective as to the determination of contract claims, but not as to tort claims seeking to rescind the contract on grounds of misrepresentation, would create uncertainty of precisely the kind that the parties' choice of law provision sought to avoid.

*Id.* at 1048. The court recognized the importance of not disrupting the parties' expectations as to the applicable law.

In addition, plaintiffs apparently recognized that Delaware law applied to their claims because they asserted such claims in the SAC. It was only when they

realized that the DCFA would not apply that they put their efforts into avoiding their chosen law.[5]  Having asserted Delaware claims, plaintiffs should not now be heard to complain that a contractual choice of Delaware law does not *require* them to bring such claims under Delaware law.

IV.    PLAINTIFFS' PROPOSED AMENDMENT OF THE
       FCRA CLAIM IS FUTILE.

In addition to asserting consumer fraud claims under the California CLRA, the proposed Third Amended Complaint would also add factual allegations in purported support of plaintiffs' claim for violations of the FCRA.  However, plaintiffs' Motion for Leave does not suggest that these allegations would cure the deficiencies in the FCRA claim that were raised in TrueLink's Motion To Dismiss.  In the pending Motion To Dismiss, TrueLink challenged the sufficiency of Count V of the SAC, under which plaintiffs claimed that TrueLink violated the FCRA, 15 U.S.C. §1681e(b), by failing to maintain reasonable procedures necessary to assure maximum possible accuracy of information contained within the consumer's credit report.  Specifically, TrueLink demonstrated that plaintiffs' claim lacked the necessary allegation that the claimed failure to maintain procedures to assure accuracy *resulted in* an inaccuracy being reported about the plaintiffs, and that damages suffered by plaintiffs were caused by inclusion of the inaccurate entry.  *See* Defendant's Brief In Support Of Motion To Dismiss (D.I. 61), at pp. 6-8; Defendant's Reply In Support Of Motion To Dismiss (D.I.

---

[5]    The fact that plaintiffs could not maintain a DCFA claim does not preclude them from bringing their fraud-based claims under other Delaware law, i.e., common law fraud, nor does it otherwise leave them without a remedy under Delaware law.

10.

63) at pp. 4-5.  TrueLink's argument is well-supported.  *See, e.g., Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333-34 (9th Cir. 1995).

If leave is granted for plaintiffs to amend their FCRA claim as in the Proposed Third Amended Complaint, TrueLink would once again move to dismiss the claim.  The additional allegations do nothing to cure the defects identified in TrueLink's pending Motion To Dismiss, or to otherwise support the claim, and are for the most part, non-sensical.  *See* Proposed Third Amended Complaint, ¶ 76.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the materials filed by TrueLink in support of its Motion to Dismiss the Second Amended Complaint, TrueLink respectfully requests that the Court deny plaintiffs' Motion For Leave To File Third Amended Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_William M. Lafferty_

William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
  Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 368-4000

June 29, 2006

## CERTIFICATE OF SERVICE

I, William M. Lafferty, hereby certify that on June 29, 2006 I electronically filed the foregoing DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

> Christopher J. Curtin, Esquire
> Erisman & Curtin
> 629 Mount Lebanon Road
> P.O. Box 250
> Wilmington, DE 19899

I also certify that copies were caused to be served on June 29, 2006 upon the following in the manner indicated:

### BY HAND:

> Christopher J. Curtin, Esquire
> Erisman & Curtin
> 629 Mount Lebanon Road
> P.O. Box 250
> Wilmington, DE 19899

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William M. Lafferty (#2755)
Jerry C. Harris, Jr. (#4262)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
wlafferty@mnat.com
jharris@mnat.com
Attorneys for Defendant TrueLink, Inc.

June 29, 2006