IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 05-599-SLR |
| TRUELINK, INC., a Trans Union Company, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the court is plaintiffs' motion to appoint interim counsel. (D.I. 58) For the reasons discussed, the motion will be denied.

**I.   BACKGROUND**

On September 9, 2004, plaintiffs filed their complaint in the United States District Court for the District of Kansas. On August 16, 2005, the case was transferred to this court. In their second amended complaint,[1] plaintiffs allege breach of contract and violations of the Delaware Consumer Fraud Act, the Delaware Consumer Contracts Act, the Credit Repair Organizations Act, and the Credit Reporting Agencies Act.

By their motion, plaintiffs seek the appointment of Bryson

---

[1] Plaintiffs have amended their complaint twice. (D.I. 36 at Part 18, D.I. 55) Currently pending before the court is plaintiffs' motion for leave to file third amended complaint. (D.I. 70)

R. Cloon, Barry R. Grissom, B. Joyce Yeager, and Michael W. Blanton as interim class counsel. In support of their motion, plaintiffs contend that these lawyers have experience in class actions and complex litigation and have been responsible for handling this case to date. Plaintiffs further contend that discovery will be necessary prior to class certification and that it is in the best interest of the putative class for the court to designate counsel for the discovery and certification processes.

In response, defendant contends that this action is related to another action pending in the District of Delaware, <u>Townes v. TransUnion, LLC and TrueLink, Inc.</u>, Case No. 04-1488-JJF, in which Judge Joseph J. Farnan, Jr. has already appointed interim class counsel. Defendant contends that the appointment of different interim counsel in this case may create the rivalry among lawyers and uncertainty among the putative class that Judge Farnan intended to avoid by appointing interim counsel in <u>Townes</u>.

## II. DISCUSSION

As a rule, the lawyer who files a potential class action conducts discovery, files motions, and prepares for the certification decision prior to the appointment of class counsel. However, Federal Rule of Civil Procedure 23 allows a court to designate interim counsel when such a designation is "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23(g)(2)(A). Designation of interim class counsel may be

particularly helpful where there is rivalry among lawyers or where "overlapping, duplicative, or competing class suits are pending before a court." Donaldson v. Pharmacia Pension Plan, 2006 U.S. Dist. LEXIS 28607, at *2-3 (S.D. Ill. May 10, 2006).

The court concludes that, at this juncture, appointment of interim counsel is not necessary. There has been no showing that other lawyers are competing to handle this litigation. Further, plaintiffs contend that this case is unrelated to Townes. (D.I. 57). Accepting that contention as true for the purposes of the instant motion only, the court concludes that there are not overlapping, duplicative, or competing class suits. Accordingly, the court will deny plaintiffs' motion to appoint interim counsel. (D.I. 58)

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that plaintiffs' motion to appoint interim counsel (D.I. 58) is denied.

August 31, 2006

_____
UNITED STATES DISTRICT JUDGE