IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>TRUELINK, INC., a Trans Union Company,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 05-599-SLR<br>)<br>)<br>)<br>)<br>) |

Christopher J. Curtin, Esquire, of Erisman & Curtin, Wilmington, Delaware. Of Counsel: Barry R. Grissom, Esquire, Overland Park, Kansas. Attorneys for Plaintiffs.

William J. Lafferty, Esquire, and Jerry C. Harris, Jr., Esquire, of Morris, Nichols, Arsht, & Tunnell LLP, Wilmington, Delaware. Of Counsel: Michael O'Neil, Esquire, and Paula D. Friedman, Esquire, of DLA Piper Rudnick Gray Cary US LLP, Chicago, Illinois. Attorneys for Defendant.

**MEMORANDUM OPINION**

September ___7___, 2006
Wilmington, Delaware

ROBINSON, Chief Judge.

Presently before the court are defendant's motion to dismiss counts I, II, III, and V of the second amended complaint or for more definite statement (D.I. 60), plaintiffs' motion seeking leave to file sur-reply with regard to defendant's motion to dismiss or, in the alternative, to conduct discovery on and to fully brief the choice-of-law issues in this action (D.I. 64), and plaintiffs' motion for leave to file third amended complaint (D.I. 70). For the reasons stated below, plaintiffs' motion to amend will be granted in part and defendant's motion to dismiss and plaintiffs' motion to file a sur-reply will be denied.[1]

I.  BACKGROUND

The following facts are alleged in plaintiffs' second amended complaint. (D.I. 53, Ex. 4) Defendant, a Delaware corporation with its principal place of business in San Obispo, California, is in the business of selling products and services that allow customers to monitor their credit ratings. Sometime on or after September 9, 2001, plaintiffs, Kansas residents,

---

[1] Plaintiffs contend that they should be permitted to file a sur-reply brief on the choice-of-law issue because defendant has changed its position on the applicable law several times. The court concludes that defendant has consistently maintained that Delaware law applies to this action, but argues that plaintiffs have failed to state a claim under the Delaware Consumer Fraud Act. The court finds that plaintiffs have had ample opportunity to brief the choice-of-law issue in response to defendant's motion to dismiss and in their motion to amend. Accordingly, the court will deny plaintiffs' motion to file a sur-reply.

1

purchased one of defendant's credit-monitoring services known as Credit Monitoring or Online Credit Monitoring through defendant's TrueCredit internet portal. In its advertising, defendant promotes the Credit Monitoring service as one that, among other things, protects against identity theft and immediately alerts customers to changes in their credit reports.

As a part of the purchase, plaintiffs entered into a contract with defendant, which provides that purchasers of the Credit Monitoring service will be entitled to the privileges and services listed in defendant's advertising. The contract further provides that the contract is to be interpreted under Delaware law and that any action filed relating to defendant's services must be brought in the federal or state courts of New Castle County, Delaware.

On September 9, 2004, plaintiffs filed their complaint on behalf of themselves and all others similarly situated in the United States District Court for the District of Kansas. By their complaint, plaintiffs alleged that the Credit Monitoring service failed to perform as promised in the marketing materials and contract. On August 16, 2005, the case was transferred to this court due to the choice-of-venue and choice-of-law provisions in the parties' contract. Plaintiffs subsequently filed, and the court granted, an unopposed motion for leave to file a second amended complaint. Plaintiffs' second amended

2

complaint alleges breach of contract (count III) and violations of the Delaware Consumer Fraud Act ("DCFA") (count I), Delaware Consumer Contracts Act ("DCCA") (count II), Credit Repair Organizations Act ("CROA") (count IV), and the Credit Reporting Agencies Act ("CRAA") (count V). (D.I. 53, Ex. 4)

Defendant filed the instant motion to dismiss on January 13, 2006. (D.I. 60) By its motion, defendant contends that plaintiffs' allegations are insufficient to state a claim under the DCFA and CRAA. Defendant further contends that plaintiffs' breach of contract claim and the claims brought pursuant to the DCCA and CRAA should be dismissed because the statutes of limitations on those claims have expired or, alternatively, that plaintiffs should be required to provide more definite statements relating to when the transactions occurred.

In response to defendant's motion to dismiss, plaintiffs filed the instant motions for leave to file a sur-reply and for leave to amend, which plaintiffs contend render defendant's motion to dismiss moot. By their proposed third amended complaint, plaintiffs seek to substitute a claim under the California Consumer Legal Remedies Act ("CCLRA") for the DCFA claim, to clarify relevant dates, to allege more facts in relation to their CRAA claim, and to provide more information regarding defendant's failure to perform.

3

## II. LEGAL STANDARDS

### A. Plaintiffs' Motion To Amend Pursuant To Rule 15(a)

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Despite this liberal approach, courts may deny leave to amend where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). Futility exists and a court may deny a request for leave to amend "where the amendment would not withstand a motion to dismiss." Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989).

### B. Defendant's Motion To Dismiss Pursuant To Rule 12(b)(6)

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all material allegations of the complaint and construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any

4

set of facts consistent with the allegations of the complaint." Id; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## III. DISCUSSION

Several of the issues raised in defendant's motion to dismiss can be resolved by plaintiffs' motion for leave to amend. Accordingly, the court will discuss the motions together.

### A. Whether Delaware, California, Or Kansas Law Applies To Plaintiffs' Statutory Consumer Fraud Claim

The parties' contract contains a choice-of-law provision, which provides:

> The laws applicable to the interpretation of this membership agreement shall be the laws of the State of Delaware, USA, and applicable federal law, without regard to any conflict of law provisions... You agree that any and all disputes arising under this Agreement or out of TrueLink's provision of services to you, pursuant to this membership or otherwise, if submitted to a court of law shall be submitted to the state and federal courts of New Castle County, Delaware, USA.

(D.I. 71, Ex. A at 6) Plaintiffs contend that their consumer fraud claim sounds in tort and, therefore, the choice-of-law provision, which does not cover tort claims, is inapplicable to that claim. The Delaware courts, however, emphasizing the need for certainty in contractual rights and relations, have recently rejected plaintiffs' argument that different states' laws should be applied to claims sounding in tort and contractual claims. In Abry Partners V, L.P. v. F&W Acquisition, LLC, 891 A.2d 1032

5

(Del. Ch. 2006), the court, confronted with a choice-of-law provision similar to the one in this case, stated:

> [The] division is not sensible. As § 201 of the Restatement (Second) of the Conflict of Laws states: "the effect of misrepresentation, duress, undue influence and mistake upon a contract is determined by the law selected by application of the rules of §§ 187-188." In turn, § 187 allows the law of the state chosen by the parties to govern contractual rights and duties unless the chosen state lacks a substantial relationship to the parties or transaction or applying the law of the chosen state will offend a fundamental policy of a state with a material greater interest.

Abry Partners, 891 A.2d at 1047. Accordingly, Delaware law will apply unless the court finds that (1) Delaware lacks a substantial relationship to the parties or the transaction or (2) the application of Delaware law would offend the public policy of the state whose law would apply in the absence of an effective choice-of-law provision. The court concludes that Delaware has a substantial relationship to the parties by means of defendant's incorporation in the state, Edelist v. MBNA Am. Bank, 790 A.2d 1249, 1256 (Del. Super. 2001), and, therefore, the court must consider whether the policy of a state with a material greater interest is offended by the application of Delaware law.

Restatement section 148[2] provides several factors a court must consider in determining which state's law applies to a

---

[2]Section 187 provides that the court is to look to the factors listed in section 188 in determining which state's law applies. However, because section 148 specifically provides factors to consider in determining the applicable law in relation to a fraud claim, the court will consider those factors.

6

plaintiff's fraud claim:

    (a)   the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
    (b)   the place where the plaintiff received the representations,
    (c)   the place where the defendant made the representations,
    (d)   the domicil, residence, nationality, place of incorporation and place of business of the parties,
    (e)   the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
    (f)   the place where the plaintiff is to render performance under a contract which he has been induced to enter by false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148(2).

Under the factors of section 148, the law of Kansas will apply if the application of Delaware law offends public policy. It is clear that plaintiffs received and acted in reliance on defendant's representations in Kansas. Furthermore, plaintiffs rendered their performance, i.e. payment, in Kansas. Also, plaintiffs reside in Kansas, and plaintiffs' residence is more important than defendant's for the purpose of determining which state's laws apply. Restatement (Second) of Conflict of Laws § 148, comment i. Finally, while defendant made its representations in California, this is the only factor that favors the application of California law. Accordingly, the court will apply Kansas law if the application of Delaware law would offend public policy.

The court concludes that the application of Delaware law in

7

this situation offends public policy. The DCFA applies only to unlawful practices that occurred or were performed partly or wholly within the State of Delaware. Goodrich v. E.F. Hutton Group, Inc., 542 A.2d 1200, 1203 (Del. Ch. 1988). By maintaining its principal place of business in California and inserting a Delaware choice-of-law provision, defendant has attempted to insulate itself from liability against all statutory consumer fraud claims, except perhaps those brought by Delaware residents. Such a result is against Kansas public policy. See K.S.A. § 50-625 ("a consumer may not waive or agree to forego rights or benefits under the [Kansas Consumer Protection Act]"); Stone St. Servs., Inc. v. Daniels, 2000 WL 1909373, at *4-5 (E.D. Pa. 2000) (discussing the non-waiver provision of the KCPA); see also Corral v. Rollins Protective Servs. Co., 732 P.2d 1260, 1271-72 (Kan. 1987) (concluding that the defendant could not attempt to limit its liability under the KCPA). Accordingly, the law of the State of Kansas applies to plaintiffs' consumer fraud claim.

    **B.    Whether The Court Should Grant Plaintiffs Leave To Amend Their Complaint**

Having concluded that Kansas law applies to plaintiffs' consumer fraud claim, the court will not grant plaintiffs leave to amend their complaint to add a claim under the CCLRA, because such an amendment would be futile. Instead, for the same reasons as discussed below, the court will grant plaintiffs leave to amend their complaint to add a claim under the Kansas Consumer

8

Protection Act.

The court will grant plaintiffs leave to make the other proposed amendments to their second amended complaint. There has been no showing that plaintiffs have acted in bad faith or with a dilatory motive. Additionally, while plaintiffs have had many chances to allege their claims correctly, the court concludes that, at this juncture, it is better to allow plaintiffs one more amendment than to dismiss certain of plaintiffs' claims on technicalities. Finally, the court notes that defendant will experience some prejudice as a result of plaintiffs' third amendment, but does not find this prejudice to be undue, particularly since defendant has had notice of these claims as early as the filing of the original complaint. Accordingly, the court will grant in part plaintiffs' motion to amend.

### C. Whether Plaintiffs Have Stated A Claim Under The Credit Reporting Agencies Act

In order to establish a claim under section 1681e(b) of the CRAA, a plaintiff must allege that: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir. 1996); 15 U.S.C. § 1681e(b). Defendant contends that plaintiffs have failed to state a claim under the

9

CRAA because they have failed to identify any inaccuracy in their consumer credit reports that resulted from defendant's failure to follow reasonable procedures.

Drawing all reasonable inferences in plaintiffs' favor, the court concludes that plaintiffs have sufficiently alleged a claim under the CRAA in their third amended complaint. Plaintiffs allege that inaccurate information was included in a credit report as a result of defendant's failure to follow reasonable procedures and that, because of this inaccuracy, plaintiffs were denied credit. (D.I. 71, Ex. D at 24-25) Accordingly, the court will deny defendant's motion to dismiss as to plaintiffs' claim under the CRAA.

> D. **Whether The Statutes Of Limitations On Plaintiffs' Breach Of Contract and Credit Reporting Agencies Act Claims Have Expired**

Defendant contends that plaintiffs' claims under the CRAA and for breach of contract must be dismissed because the statutes of limitations on the claims have expired.[3] Under Delaware law, the statute of limitations on claims for breach of contract is three years. 10 Del. C. § 8106. In their third amended complaint, plaintiffs allege that they purchased the Credit Monitoring services and, therefore, entered into a contract with

---

[3] The court need not address defendant's argument that the statute of limitations has expired on plaintiffs' DCCA claim because that claim is not included in plaintiffs' third amended complaint.

defendant on or about August 2, 2003. The statute of limitations runs from the time of breach, which could not have occurred until on or after August 2, 2003. Accepting August 2, 2003, as the earliest date on which plaintiffs' claim could have accrued, the statute of limitations on plaintiffs' breach of contract claim would have expired, at the earliest, on August 2, 2006. Plaintiffs filed their complaint, which included a claim for breach of contract, on September 9, 2004 and, therefore, the statute of limitations on plaintiffs' breach of contract claim has not expired.[4]

Similarly, based on the allegations contained within plaintiffs' third amended complaint, the statute of limitations on plaintiffs' claim brought pursuant to the CRAA has not expired. The CRAA provides:

> An action to enforce any liability created under this title... may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of-
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that

---

[4]The court anticipates defendant's argument that, while the breach of contract and CRAA claims were included in the original complaint, they were not included in the first amended complaint. (D.I. 61, Ex. A & B) The second amended complaint, which re-included the breach of contract and CRAA claims, relates back to the date of the original complaint because the claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).

11

is the basis for such liability occurs. 15 U.S.C. § 1681p. Accepting August 2, 2003 as the earliest date on which plaintiffs' CRAA claim could have accrued, the statute of limitations on plaintiffs' claim would have expired, at the earliest, on August 2, 2005, nearly eleven months after plaintiffs filed their complaint.[5]

Defendant contends that, even if the statute of limitations has not expired, plaintiffs should be required to provide a more definite statement as to when the breaches of contract took place. The court concludes, however, that plaintiffs' allegations are sufficient under the notice-pleading standard "to calculate the limitations period and to identify possible defenses to this action." (D.I. 61 at 8) Accordingly, the court will deny defendant's request for a more definite statement.

## IV. CONCLUSION

For the reasons discussed, plaintiffs' motion to amend (D.I. 70) will be granted in part and defendant's motion to dismiss (D.I. 60) and plaintiffs' motion to file a sur-reply (D.I. 64) will be denied.

An appropriate order shall issue.

---

[5]The court declines, at this time, to comment on the statute of limitations in relation to the claims of the putative class.