IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN G. MILLETT, | ) | |
| MELODY J. MILLETT, | ) | |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No.: 05-599-SLR |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| TRUELINK, INC. | ) | |
| A Trans Union Company, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**TRUELINK, INC.'S ANSWER TO
PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendant TrueLink, Inc. ("TrueLink"), by Morris, Nichols, Arsht & Tunnell LLP, and DLA Piper US LLP, its attorneys, answers Plaintiffs' Fourth Amended Complaint, as follows:

**PARTIES**

1.      TrueLink lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 1, and therefore denies the same.

2.      TrueLink denies the allegations in the first sentence of paragraph 2, except that TrueLink admits that Named Plaintiffs purport to bring this action on behalf of themselves and on behalf of others that are allegedly similarly situated. TrueLink denies the allegations in the second sentence of paragraph 2, except that TrueLink admits that Named Plaintiffs purport to bring this action on behalf of themselves and on behalf of others who are residents of Kansas that are allegedly similarly situated. TrueLink denies the allegations in the third sentence of

paragraph 2.

3.    TrueLink admits the allegations in the first sentence of paragraph 3. TrueLink denies the allegations in the second sentence of paragraph 3, except that TrueLink admits that the current Terms of Use available on www.truecredit.com (the "TrueCredit internet portal") states that TrueLink is "a Delaware corporation based in San Luis Obispo, California." TrueLink admits the allegations in the third sentence of paragraph 3.  TrueLink denies the allegations in the fourth sentence of paragraph 3, except that TrueLink admits that it is a subsidiary of Trans Union LLC (hereinafter, "Trans Union").

4.    TrueLink denies that it has engaged in the sale of "services," as that term is used in 15 U.S.C. § 1679, *et seq.* (the "CROA") and denies the remaining allegations in paragraph 4, except that TrueLink admits that it is engaged in the retail sale of products and, in conjunction with said sales, engaged in interstate commerce.

## JURISDICTION AND VENUE

5.    The allegations of paragraph 5 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required.  To the extent a response is deemed required, TrueLink denies the allegations, except that TrueLink admits that Named Plaintiffs purport to bring this action on behalf of themselves and alleged Class Plaintiffs.

6.    TrueLink denies the allegations in the first sentence of paragraph 6, except that TrueLink admits that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  TrueLink denies the allegations in the second sentence of paragraph 6, except that TrueLink admits that Named Plaintiffs' claims can be determined in this judicial proceeding.  TrueLink denies the allegations

in the third sentence of paragraph 6.

7.      TrueLink denies the allegations in the first sentence of paragraph 7. TrueLink admits the allegations in the second sentence of paragraph 7.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8.      TrueLink admits that sometime on or since September 9, 2001, TrueLink sold a credit monitoring product which has been referred to at various times as Credit Monitoring or Online Credit Monitoring (hereinafter, the "Credit Monitoring Product").

9.      TrueLink denies the allegations in paragraph 9, except that TrueLink admits that it maintains the website www.truecredit.com (hereinafter, the "TrueCredit internet portal"), through which it offers for purchase certain products, including the Credit Monitoring Product.

10.     TrueLink denies the allegations in paragraph 10, except that TrueLink admits that it advertised through the TrueCredit internet portal that the Credit Monitoring Product provides weekly fraud-watch emails and that it advised "You'll always be on top of what's happening with your credit."

11.     TrueLink denies the allegations in paragraph 11, except that TrueLink admits that the characteristics of the Credit Monitoring Product are explained on the internet pages provided on the TrueCredit internet portal.

12.     TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12, and therefore denies the same. TrueLink denies the allegations in the second sentence of paragraph 12, except that TrueLink admits that Named Plaintiff Steven Millett purchased the Credit Monitoring Product on August 6, 2003.

13.    TrueLink denies the allegations in paragraph 13, except that TrueLink admits that, in conjunction with his purchase of the Credit Monitoring Product on August 6, 2003, Named Plaintiff Steven Millett agreed to the terms and conditions in the Credit Monitoring Member Agreement which set forth the terms and conditions of the Credit Monitoring Product available on the TrueCredit internet portal at that time.

14.    TrueLink denies the allegations in paragraph 14, except that TrueLink admits that purchasers of the Credit Monitoring Product are entitled to the benefits set forth in the Credit Monitoring Member Agreement or Service Agreement available on the TrueCredit internet portal agreed to by the purchaser at the time of the purchase.

15.    TrueLink denies the allegations in paragraph 15, except that TrueLink admits that the Credit Monitoring Member Agreement agreed to by Named Plaintiff Steven Millett on August 6, 2003 provides that membership in the Credit Monitoring Product automatically renews each quarter unless the purchaser cancels the subscription.

16.    TrueLink denies the allegations in paragraph 16, except that TrueLink admits that the Credit Monitoring Member Agreement agreed to by Named Plaintiff Steven Millett on August 6, 2003 does not expressly detail all of the characteristics of the Credit Monitoring Product.

17.    TrueLink denies the allegations in paragraph 17.

18.    TrueLink denies the allegations in paragraph 18.

19.    TrueLink admits the allegations in paragraph 19.

20.    TrueLink denies the allegations in paragraph 20.

21.    TrueLink admits that it marketed its Credit Monitoring Product to consumers and denies the remaining allegations in paragraph 21 due to lack of knowledge or

information sufficient to form a belief as to the truth of the remaining allegations.

22.    TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23.    TrueLink denies the allegations in paragraph 23, except that TrueLink admits that it represented that the Credit Monitoring Product includes weekly fraud-watch emails.

24.    TrueLink denies the allegations in paragraph 24.

25.    TrueLink denies the allegations in paragraph 25, except that TrueLink admits that it charged a fee to and received funds from Named Plaintiff Steven Millett who purchased the Credit Monitoring Product on August 6, 2003.

26.    TrueLink denies the allegations in the first sentence of paragraph 26, except that TrueLink admits that the Credit Monitoring Member Agreement agreed to by Named Plaintiff Steven Millett on August 6, 2003 included Fraud Resolution Services provided by PromiseMark, a "third party service provider." TrueLink denies the allegations in the second sentence of paragraph 26.

27.    TrueLink denies the allegations in paragraph 27.

28.    TrueLink denies the allegations in paragraph 28.

29.    TrueLink denies the allegation in paragraph 29.

30.    TrueLink admits that Named Plaintiffs quote from language available on the TrueCredit internet portal at certain times.

31.    TrueLink denies the allegations in paragraph 31, except that TrueLink admits that some but not all credit reports, scores and monitoring were based on data provided by Trans Union.

32.     TrueLink denies the allegations in paragraph 32, except that TrueLink admits that a substantial portion of TrueLink employees who contributed to the advertising and marketing of TrueLink products reside in California.

## COUNT I - VIOLATIONS OF KANSAS CONSUMER PROTECTION ACT

33.     TrueLink restates and incorporates its responses to each prior paragraph as if fully set forth herein.

34.     The allegations in paragraph 34 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

35.     The allegations in paragraph 35 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

36.     The allegations in paragraph 36 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

37.     The allegations in paragraph 37 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

38.     The allegations in paragraph 38 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

39.     The allegations in paragraph 39 contain legal conclusions describing the statute as to which no responsive pleading is required.   To the extent a response is deemed

required, the allegations in paragraph 39 are denied, except that TrueLink admits that this paragraph describes generally a portion of the statute, but denies that this paragraph accurately or completely describes the statute, and respectfully refers the Court to the statute for its true and complete contents.

40.    The allegations in paragraph 40 contain legal conclusions describing the statute as to which no responsive pleading is required. To the extent a response is deemed required, the allegations in paragraph 40 are denied, except that TrueLink admits that this paragraph describes generally a portion of the statute, but denies that this paragraph accurately or completely describes the statute, and respectfully refers the Court to the statute for its true and complete contents.

41.    The allegations in paragraph 41 contain legal conclusions describing the statute as to which no responsive pleading is required. To the extent a response is deemed required, the allegations in paragraph 41 are denied, except that TrueLink admits that this paragraph describes generally a portion of the statute, but denies that this paragraph accurately or completely describes the statute, and respectfully refers the Court to the statute for its true and complete contents.

42.    The allegations in paragraph 42 contain legal conclusions describing the statute as to which no responsive pleading is required. To the extent a response is deemed required, the allegations in paragraph 42 are denied, except that TrueLink admits that this paragraph describes generally a portion of the statute, but denies that this paragraph accurately or completely describes the statute, and respectfully refers the Court to the statute for its true and complete contents.

43.    TrueLink denies the allegations in paragraph 43.

44.    TrueLink denies the allegations in paragraph 44.

45.    TrueLink denies the allegations in paragraph 45.

46.    TrueLink denies the allegations in paragraph 46.

47.    TrueLink denies the allegations in paragraph 47.

## COUNT II - BREACH OF CONTRACT

48.    TrueLink restates and incorporates its responses to each prior paragraph as if fully set forth herein.

49.    The allegations in paragraph 49 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

50.    TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies the same.

51.    TrueLink denies the allegations in paragraph 51.

52.    TrueLink denies the allegations in paragraph 52.

53.    TrueLink denies the allegations in paragraph 53.

## COUNT III - VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

54.    TrueLink restates and incorporates its responses to each prior paragraph as if fully set forth herein.

55.    The allegations in paragraph 55 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

56.    The allegations in paragraph 56 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required.

To the extent a response is deemed required, TrueLink denies such allegations.

57.    The allegations in paragraph 57 contain legal conclusions describing the statute as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of paragraph 57 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute and respectfully refers the Court to the statute for its true and complete contents.

58.    The allegations in paragraph 58 contain legal conclusions describing the statute as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of paragraph 58 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute and respectfully refers the Court to the statute for its true and complete contents.

59.    The allegations in paragraph 59 contain legal conclusions describing the statute as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of paragraph 59 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute and respectfully refers the Court to the statute for its true and complete contents.

60.    TrueLink denies the allegations in paragraph 60.

61.    The allegations in paragraph 61 contain legal conclusions describing the statute as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations in paragraph 61 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute and respectfully refers the Court to the statute for its true and complete contents.

62.    TrueLink denies the allegations in paragraph 62.

63.    The allegations in paragraph 63 contain legal conclusions describing the statute as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations in paragraph 63 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute and respectfully refers the Court to the statute for its true and complete contents.

64.    The allegations in paragraph 64 contain legal conclusions describing the statute as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of paragraph 64 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute and respectfully refers the Court to the statute for its true and complete contents.

65.    TrueLink denies the allegations in paragraph 65.

66.    The allegations in paragraph 66 contain legal conclusions describing the statute as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of paragraph 66 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute and respectfully refers the Court to the statute for its true and complete contents.

67.    TrueLink denies the allegations in paragraph 67.

68.    The allegations of paragraph 68 contain legal conclusions describing the statute as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations of paragraph 68 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute and respectfully refers the Court to the statute for its true and complete contents.

69.    The allegations of paragraph 69 contain legal conclusions describing the

statute as to which no responsive pleading is required. To the extent a response is deemed required, the allegations of paragraph 69 are denied, except that TrueLink admits that this paragraph describes generally a portion of the statute, but denies that this paragraph accurately or completely describes the statute, and respectfully refers the Court to the statute for its true and complete contents.

70.     TrueLink denies the allegations in paragraph 70.

## COUNT IV - VIOLATIONS OF THE CREDIT REPORTING AGENCIES ACT

71.     TrueLink restates and incorporates its responses to each prior paragraph as if fully set forth herein.

72.     The allegations in paragraph 72 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

73.     The allegations in paragraph 73 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

74.     The allegations in paragraph 74 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, TrueLink denies such allegations.

75.     The allegations of paragraph 75 contain legal conclusions describing the statute as to which no responsive pleading is required. To the extent a response is deemed required, the allegations of paragraph 75 are denied, except that TrueLink admits that Named Plaintiffs quote from a portion of the statute, and respectfully refers the Court to the statute for its true and complete contents.

76.    TrueLink denies the allegations in the first sentence of paragraph 76. TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 76, and therefore denies the same. TrueLink denies the allegations in the third and fourth sentences of paragraph 76.

77.    The allegations in paragraph 77 contain legal conclusions describing the statute as to which no responsive pleading is required. To the extent a response is deemed required, the allegations in paragraph 77 are denied.

78.    The allegations in paragraph 78 contain legal conclusions describing the statute as to which no responsive pleading is required. To the extent a response is deemed required, the allegations in paragraph 78 are denied.

79.    TrueLink denies the allegations in paragraph 79.

## REQUEST FOR CERTIFICATION AS CLASS ACTION

80.    TrueLink restates and incorporates its responses to each prior paragraph as if fully set forth herein.

81.    The allegations in paragraph 81 contain legal conclusions regarding Named Plaintiffs' characterization of this action as to which no responsive pleading is required. To the extent a response is deemed required, the allegations of paragraph 81 are denied, except that TrueLink admits that Named Plaintiffs purport to bring this action on behalf of Named Plaintiffs and on behalf of alleged Class Plaintiffs.

82.    TrueLink denies the allegations in paragraph 82, except that TrueLink admits that Named Plaintiffs purport to bring this action on behalf of Named Plaintiffs and alleged Class Plaintiffs.

83.    TrueLink lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 83, and therefore denies the same.

84.    TrueLink denies the allegations in paragraph 84.

85.    TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and therefore denies the same.

86.    TrueLink denies the allegations in paragraph 86.

87.    TrueLink denies the allegations in paragraph 87.

88.    TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore denies the same.

89.    TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore denies the same.

90.    TrueLink denies the allegations in paragraph 90.

91.    TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and therefore denies the same.

92.    TrueLink lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs' Fourth Amended Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(FCRA)

The interpretations of the CROA upon which the Fourth Amended Complaint is based are inconsistent with the express provisions of the Fair Credit Reporting Act, 15 U.S.C. §§

1681 *et seq.*

## THIRD AFFIRMATIVE DEFENSE
(Unconstitutional Vagueness)

The interpretations of the CROA upon which the Fourth Amended Complaint is based are unconstitutionally vague and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE
(Unconstitutional Overbreadth)

The interpretations of the CROA upon which the Fourth Amended Complaint is based are unconstitutionally overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE
(Violation of Due Process - Excessive Penalty)

Plaintiffs' demands for actual damages, for punitive damages and for attorneys fees are unconstitutional because they seek to impose a penalty that is excessive in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE
(Standing)

Plaintiffs lack Article III standing.

## SEVENTH AFFIRMATIVE DEFENSE
(Contractual Bar)

The terms of the contract between TrueLink and Named Plaintiff Steven Millett bar some or all of plaintiffs' claims.

TrueLink reserves the right to assert other defenses and claims when and if it becomes appropriate during this action. TrueLink hereby specifically denies any allegations contained in the Fourth Amended Complaint which were not specifically admitted.

WHEREFORE, TrueLink respectfully request that: (i) Named Plaintiffs (and putative class) recover nothing; (ii) this Court enter a judgment in favor of TrueLink in all respects, including an award of all of its costs and expenses (including reasonable attorney's fees), and (iii) TrueLink be granted such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William M. Lafferty (#2755)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
Attorney for Defendant, TrueLink, Inc.

OF COUNSEL:

Michael C. O'Neil (#06201736)
Paula D. Friedman (#06239355)
**DLA Piper US LLP**
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
(312) 368-4000

October 13, 2006

541397

<u>CERTIFICATE OF SERVICE</u>

I, William M. Lafferty, hereby certify that on October 13, 2006 I electronically filed the foregoing TRUELINK, INC.'S ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

> Christopher J. Curtin, Esquire
> Erisman & Curtin
> 629 Mount Lebanon Road
> P.O. Box 250
> Wilmington, DE  19899

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William M. Lafferty (#2755)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
wlafferty@mnat.com
  Attorneys for Defendant TrueLink, Inc.

October 13, 2006