IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEVEN G. MILLETT, MELODY J. MILLETT, )
On Behalf Of Themselves and All Others )
Similarly Situated, )
                                    Plaintiffs, )
                                                ) Case No. 05-599-SLR
v. )
TRUELINK, INC., )
A Trans Union Company, )
                                    Defendant. )

**ORDER**

At Wilmington this ____ day of October, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a Pretrial Scheduling Conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS SO ORDERED THAT:

1.    **Pre-Discovery Disclosures**.  The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery.**

    (a)    Discovery will be needed on subjects including:

        1)    Whether plaintiffs' various claims should be certified for class status;

        2)    The relationship between TrueLink and TransUnion operational systems for purposes of providing information to customers of TrueLink;

3) The terms of the contracts and the nature of the marketing materials available to consumers during the putative class period;

4) The manner in which the internet portal(s) operate;

5) The credit monitoring products offered by TrueLink;

6) The method(s) for providing email alerts to customers;

7) The method of operations for internet web page services;

8) The policies and procedures for providing assistance to customers;

9) The corporate structure of TrueLink and its predecessors;

10) The services provided by PromiseMark and others;

11) Payments made to TrueLink by customers;

12) Automatic renewals;

13) The warranties provided customers;

14) The information provided to TrueLink by TransUnion and the manner in which it was provided;

15) The size of the putative classes and the identity of the members;

16) Fraud resolution services provided to customers;

17) The qualifications of fraud specialists provided to customers;

18) The information provided to class members about identity theft;

19) The accuracy of the information provided to TrueLink's customers;

20) The adequacy of named plaintiffs to act as class representatives;

21) The harm suffered by Named Plaintiffs as a result of TrueLink's alleged conduct; and

  22) The damages sought by Named Plaintiffs and on behalf of putative class.

(b) All non-expert discovery shall be commenced in time to be completed by July 15, 2007.

(c) Maximum of 50 interrogatories, including subparts, by each side to the other side.

(d) Maximum of 50 requests for admission by each side to the other side.

(e) Maximum of 10 depositions per side.

(f) Each deposition shall be limited to a maximum of 6 hours unless extended by agreement of parties with the understanding that, if more time is necessary, the parties will discuss extending the deposition.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by July 30, 2007. Rebuttal expert reports due by August 30, 2007.

(h) **Discovery Disputes**. Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and to certify a class action shall be filed, with supporting briefs, on or before August 15, 2007. Briefs in opposition to the motion for class certification shall be due within 30 days of service of the motion and supporting brief; reply briefs shall be due within 15 days of service of the opposition. In light of this Court's September 7, 2006 Order, the Plaintiffs will not seek leave to amend the pleadings or to join other parties unless new facts learned during discovery raise new claims.

4. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to Judge Thynge for the purposes of exploring ADR.

5. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before September 28, 2007. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court. Briefs in opposition shall be due within 30 days after service of the motion and opening brief. Reply briefs shall be due within 15 days after service of the opposition.

6. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1**.

7. **Motions in Limine**. All Motions in Limine shall be filed on or before [two weeks before pretrial conference] All responses to said motions shall be filed on or before [one week before pretrial conference].

8.      **Pretrial Conference**.  A pretrial conference will be held on _____ at _____.M. in courtroom _____ at _____ Courthouse (address). The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.      Trial.  This matter is scheduled for a week long jury trial commencing on _____ at _____.M. in courtroom _____ at _____ _____ Courthouse (address).  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.


                                                            _____
                                                            United States District Judge