IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT,<br>MELODY J. MILLETT,<br>On Behalf of Themselves and<br>All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUELINK, INC.<br>A Trans Union Company,<br><br>    Defendant. | C.A. No.: 05-599-SLR<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## AGREED PROTECTIVE ORDER

THIS CAUSE COMING TO BE HEARD on the Stipulation of Plaintiffs Steven and Melody Millett (the "Plaintiffs"), and Defendant, TrueLink, Inc. ("TrueLink"), by their respective attorneys, and the Court being fully advised in the premises:

WHEREAS, to facilitate production and receipt of information during discovery in this action, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, and on good cause being shown, the Court enters the following Order for the protection of trade secrets and other confidential information that may be produced or otherwise disclosed by the parties during the course of this action.

1. **PURPOSE**

The parties in the above-captioned litigation ("this action") recognize the preparation and trial of this action will require the discovery of certain business records and other materials claimed by the parties and/or third parties to contain confidential business, commercial, financial, or personal information. TrueLink and the Plaintiffs desire to litigate this action without

jeopardizing the business, commercial, and/or personal interests in the confidentiality of information produced by the parties and non-parties, and therefore enter into this Agreed Protective Order ("Order").

2. **MATERIALS COVERED**

The protection of this Order may be invoked with respect to any information, documents, or materials produced in discovery in this action by the parties and/or non-parties which the party or non-party furnishing the information, documents, or materials (the "Producing Party") in good faith believes contain trade secret or confidential business, commercial, financial or personal information of a non-public nature. This Order also pertains to any depositions, Court filings, or discovery requests or responses containing or referring to trade secret or confidential business, commercial, financial, or personal information. Such materials may be protected by designation at two levels of confidentiality, namely "Confidential" or "Highly Confidential," as described respectively in Paragraphs 4 and 5 below. If materials produced in discovery have been designated "Confidential" or "Highly Confidential," the parties will be bound by the terms of this Agreed Protective Order.

3. **DISCLOSURE PROHIBITIONS**

All documents, information, and responses to discovery which may be produced in this action, and designated as "Confidential" or "Highly Confidential," shall be used, disseminated, or otherwise reviewed or disclosed by the parties or their counsel only for the purposes of this action, and only as permitted by this Order or a further order of the Court and for no other purposes. Such documents, information, and responses to discovery may be used in preparation for trial and may be disclosed to persons assisting counsel in preparation of the case for trial, to potential witnesses, and in testimony given by deposition or at trial, or in papers filed in this action, but only as permitted

by this Order. Any Producing Party furnishing materials, information, or documents pursuant to formal or informal discovery to any other party (the "Inspecting Party") may designate all or any portion of such materials, documents, or deposition testimony as "Confidential" or "Highly Confidential," which material will be subject to the provisions set forth below. Any material, documents, or testimony so designated by either of these two designations shall remain confidential and shall not be revealed, disclosed, or made available for inspection or copying to any person or entity whatsoever except as provided below. Each person to whom "Confidential" or "Highly Confidential" material is disclosed, except those individuals identified in subparagraphs 4(a)(i), (ii), (iv) and (vi), and in subparagraphs 5(a)(i)-(iii) and (viii), shall execute an undertaking in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order. Counsel for each party shall be responsible for maintaining copies of acknowledgments signed by those people to whom they make available such "Confidential" or "Highly Confidential" information.

After documents are produced for review, but before copies of those documents are sent to the Inspecting Party, the Producing Party may designate the copies as "Confidential" or "Highly Confidential" pursuant to Paragraph 6 of this Order. The Inspecting Party, upon the request of the Producing Party, will treat as either "Confidential" or "Highly Confidential," as requested by the Producing Party, all information obtained during its review of such documents, until such time as the copies of such documents are received from the Producing Party, at which point the designations marked upon the documents, if any, will control the treatment of such information.

4. **"CONFIDENTIAL" MATERIAL**

   (a)   Materials, information, or testimony designated as "Confidential" (generally defined as documents, materials or testimony which contain trade secrets or other proprietary

research, development, commercial, or personal information of a non-public nature, which the Producing Party in good faith believes to be confidential pursuant to existing law) by any party or non-party, pursuant to the terms of this Order, may be disclosed by counsel for any party only for the purpose of this litigation and not for any business or other purpose. Such disclosure may be made only to:

(i) The Court, its secretaries, clerks, or law clerks, and court reporters or videographers retained by the Court or the parties (and any special masters or mediators) (this category hereinafter referred to as "the Court");

(ii) Attorneys in a law firm appearing of record for a party in this action, attorneys for any insurance carrier who are involved in the prosecution or defense of this litigation, and in-house attorneys employed by any party to the litigation and working on this litigation, and their employed secretaries, paralegals, and legal assistants, as well as employees of third-party contractors retained to provide copying, imaging, coding, and similar litigation support services (this category hereinafter referred to as "Attorneys");

(iii) Any expert or consultant who is retained by counsel of record for any of the parties in this action to assist counsel in this litigation, and any employee of such an expert assisting in this litigation;

(iv) Employees, officers, or directors of TrueLink who are assisting counsel in the preparation of the case as well as employees of any insurance carrier who are involved in the prosecution or defense of this litigation;

(v) Any person who may testify as a witness at either a deposition or Court proceeding in this action for the purpose of assisting in the preparation or examination of the witness; and

(vi) As required to be disclosed by any law or Court order.

5. **"HIGHLY CONFIDENTIAL" MATERIAL**

(a) Any party or non-party to this action may designate as "Highly Confidential" documents, materials or information of a confidential, non-public nature which are required by law or agreement to be treated as confidential or which contain highly sensitive business, financial or technical information, including but not limited to: (i) documents, materials, or information which constitute a "consumer report" under the Fair Credit Reporting Act; (ii) documents, materials or information relating to the confidential internal processes and procedures by which the Producing Party gathers, inputs or manipulates its information or creates its products or services; (iii) documents, materials or information relating to the marketing strategies of the Producing Party; (iv) documents, materials or information which contains trade secrets or similar competitive information; (v) documents, materials or information relating to the terms of the contractual relationships maintained by the Producing Party which are competitively sensitive; and (vi) documents containing personal information of Plaintiffs and members of the class, including employment, financial and identification information such as address, Social Security number, electronic mail address, password, account numbers, date of birth, and names of children.

In the event that any party or non-party identifies a document or category of documents which it believes in good faith should be treated as "Highly Confidential" but which is not included within the above definitions, such party or non-party may designate the document or category of

documents as "Highly Confidential" and the document or category of documents shall be treated as such. In the event that any other party or non-party objects to such designation, that party or non-party shall comply with the procedures set forth in Paragraph 7 herein. However, nothing herein shall prevent the parties from agreeing that additional documents or categories of documents should be treated as "Highly Confidential."

Disclosure of "Highly Confidential" materials, information or testimony may be made only to:

(i) Attorneys;

(ii) The party or non-party, or employees of the party or non-party, producing the "Highly Confidential" material;

(iii) Any person identified as an author or recipient of the "Highly Confidential" material or to whom the "Highly Confidential" material has previously been disclosed;

(iv) Consulting experts engaged by a party and assisting in the prosecution or defense of this action, provided, however, that (1) the consulting expert to whom the "Highly Confidential" material is disclosed has first executed an undertaking in the form attached hereto as Exhibit A, and shall agree to be bound by this Order; and (2) that counsel for the party engaging the consulting expert shall retain a copy of the undertaking executed by the consulting expert.

(v) Employees, officers, or directors of TrueLink who are assisting counsel in the preparation of the case, as well as employees of any insurance carrier who are involved in the prosecution or defense of this litigation, provided,

however, (1) that the person to whom the "Highly Confidential" material is disclosed has first executed on undertaking in the form attached hereto as Exhibit A and shall agree to be bound by this Order and (2) that counsel for the party shall retain a copy of that undertaking executed by the person to whom the "Highly Confidential" material is disclosed.

(vi) Deponents, or opinion witnesses identified pursuant to Rule 26(a)(2), who are not employees of any party producing the "Highly Confidential" material, provided, however, that (1) the person to whom the "Highly Confidential" material is disclosed has first executed an undertaking in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order and (2) the terms of subparagraph 5(b) below have been followed or the Producing Party has waived the procedures of subparagraph 5(b) below and has consented to such disclosure either in writing or on the record at any deposition;

(vii) Other persons whom counsel disclosing the "Highly Confidential" material believes in good faith should be shown the materials as part of that counsel's pretrial investigation, provided, however, that (1) the person to whom the "Highly Confidential" material is disclosed has first executed an undertaking in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order and (2) the terms of subparagraph 5 (b) below have been followed; and

(viii) The Court.

(b) Any counsel proposing to disclose "Highly Confidential" material to a person identified in subparagraphs 5(a)(vi) and (vii) (whether at a deposition or otherwise) shall, at least 7 days in advance of any such disclosure, provide written notice to counsel for the Producing Party of the identity of such material and the identity of the person to whom the proposed disclosure is to be made. Counsel for the Producing Party shall have 3 days after receipt of notice to object to such disclosure providing the reasons for its objections in writing. If, and only if, no objection is received by proposing counsel within 3 days, the person identified may be shown the identified material without further order of the Court. The consent, or failure to object, of counsel for the Producing Party to disclosure of the material in connection with a particular deposition or person shall not constitute a waiver with respect to other deponents or persons.

(c) Any objection to disclosing "Highly Confidential" material to any person named pursuant to Paragraph 5(b) above not resolved by agreement of counsel may be presented for resolution to the Court, by motion. This motion may be made upon due notice to any party and shall be filed with the Court pursuant to paragraph 8 of this Order. Any motion made pursuant to this paragraph is subject to the provisions of Rule 37(a)(4) of the Federal Rules of Civil Procedure.

6. **INVOCATION OF THIS ORDER**

The protection of this Order with regard to "Confidential" and "Highly Confidential" material may be invoked by the party or non-party producing or disclosing such material in the following manner. With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" or "Highly Confidential." With respect to answers to interrogatories or requests for admission, pages of these responses containing "Confidential" or "Highly Confidential" information shall be so marked. With respect to any deposition, such treatment may be invoked by:

(a) Declaring the same on the record at the deposition; or

(b) Designating specific pages as "Confidential" or "Highly Confidential" and serving such designations within 30 days of receipt of the transcript of the deposition in which the designations are made, whether or not the deposition has yet been signed and reviewed by the deponent.

All deposition transcripts shall be treated as "Highly Confidential" (with the exception that deponent may have access to his deposition) for the 30-day period following the receipt of the transcript. Each party shall cause a copy of any written request for a deposition to be "Confidential" or "Highly Confidential" to be attached to the face of transcript and each copy thereof in his possession, custody, or control. Where only a portion of a document need be restricted, counsel for the Producing Party will, on request, cooperate in excising the confidential part of the document and releasing the remainder of the documents from the restrictions contained herein.

7. **CHALLENGE TO DESIGNATION**

Should any party to this action, or any interested member of the public, object to the

chgo1\30851558.1

designation of documents or testimony or other discovery material as "Confidential" or "Highly Confidential" then the party or non-party designating such documents, depositions, or other material shall provide reasons for such designation in writing. Thereafter, the objecting party or the objecting member of the public may apply to the Court at any time prior to the final trial to declassify the designated documents; provided, however, that any document the designation of which is subject to dispute shall be treated as "Confidential" or "Highly Confidential" (as the document has been so designated) subject to this Protective Order pending further order of the Court. The party or non-party designating the documents, depositions, or material "Confidential" or "Highly Confidential" shall bear the burden of establishing the propriety of the designation. Any motion made pursuant to this paragraph is subject to the provisions of Rule 37(a)(4) of the Federal Rules of Civil Procedure.

8. **FILING IN COURT**

Any material designated as "Confidential" or "Highly Confidential," or containing information derived from "Confidential" or "Highly Confidential" material, shall not be filed with the Court, except in strict accordance with the terms of this Order. In the event that any "Confidential" or "Highly Confidential" information is filed with the Court or disclosed in any such filing, such information shall be filed under seal in an envelope or package that states in a conspicuous manner, as appropriate:

> **CONFIDENTIAL – FILED UNDER SEAL**
>
> This envelope contains CONFIDENTIAL INFORMATION of [name of party] and is not to be opened nor the contents thereof displayed, revealed or seen except by order of the Court, upon notice to the entity identified above, or by agreement of the entity identified above.
>
> OR
>
> **HIGHLY CONFIDENTIAL – FILED UNDER SEAL**

10

chgo1\30851558.1

> This envelope contains HIGHLY CONFIDENTIAL INFORMATION of [name of party] and is not to be opened nor the contents thereof displayed, revealed or seen except by order of the Court, upon notice to the entity identified above, or by agreement of the entity identified above.

Such documents shall be opened and reviewed only by authorized Court personnel, or upon request, by counsel of record.

However, the Producing Party may file documents, depositions or other material classified as "Confidential" or "Highly Confidential" without placing them under seal, provided that the Producing Party redacts from the documents, depositions, or other materials the information that causes them to be "Confidential" or "Highly Confidential." In addition, a non-Producing Party may file documents, depositions, or materials classified as "Confidential" or "Highly Confidential" without placing them under seal provided that the non-Producing Party has previously consulted with the Producing Party and the non-Producing Party has redacted, to the satisfaction of the Producing Party, the information, that causes the documents, depositions or materials to be "Confidential" or "Highly Confidential." The Producing Party will cooperate and act promptly concerning redactions. Once redactions to a document have been agreed upon, the redacted document may subsequently be filed without additional consultation.

9. **HANDLING AND DISPOSITION OF MATERIAL; HANDLING AT CONCLUSION OF CASE**

All "Confidential" and "Highly Confidential" information shall be maintained in the custody of the party's counsel of record. Within 90 days after the entry of final judgment, the entry of a dismissal order (or orders) implementing a settlement (or settlements) by all parties completely resolving this matter or the entry of a final judgment and one or more dismissal orders effectuating settlements, which, in combination, resolve all claims made by any party against any other party in this litigation, including appeals or petitions for review, then the original and all

chgo1\30851558.1

copies of each "Confidential" or "Highly Confidential" document or materials (on request of the Producing Party) shall be returned to the Producing Party or destroyed and all summaries, digest, and synopses of such information shall be destroyed. Attorneys for the parties, however, may retain attorney notes containing "Confidential" or "Highly Confidential" material, provided that such notes shall be protected from disclosure as set forth herein and may be used or disclosed by said attorneys only in the event a malpractice or similar claim is asserted against said attorneys. In addition, the attorney seeking to use the attorney notes for those limited purposes shall notify the Producing Party in advance of the use or disclosures of such notes containing "Confidential" or "Highly Confidential" information and the attorney shall take reasonable steps to limit the disclosure of the "Confidential" or "Highly Confidential" information contained in those notes. Notice of any and all of the aforementioned forms or treatment of handling of "Confidential" or "Highly Confidential" information shall be given to counsel for all parties (on request) promptly thereafter. The parties may agree to implement these document returns or destruction procedures at any earlier point in this proceeding.

10. **CONTINUATION OF THIS ORDER**

Insofar as the provisions of this Order restrict the use or communication of any document or information produced hereunder, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of all parties or a further order of the Court with respect to dissolution or modification of this Order.

11. **FURTHER APPLICATION**

Nothing in this Order shall preclude any party or non-party from applying to the Court for additional, different or less restrictive protective provisions in respect to specific material if the need shall arise during this litigation.

12. **INFORMATION FROM OTHER SOURCES**

This Order shall apply only to material obtained from parties in this lawsuit, or material obtained from non-parties, and shall not apply to information in the public domain or obtained from other sources not in violation of this Order or any other agreement regardless of whether or not such information is also contained in discovery materials designated as "Confidential" or "Highly Confidential" in this case. Information containing personal identification information such as that described herein shall be redacted prior to filing.

13. **USE IN COURT PROCEEDINGS**

Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any hearing before the Court "Confidential" or "Highly Confidential" material. Furthermore, by designating any material "Confidential" or "Highly Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action. Designations of "Confidential" or "Highly Confidential" shall not be made known to the jury in any manner. Furthermore, by conducting the preparation in final trial of this case under the terms of this Order, the parties do not waive, and expressly retain the right to assert in this proceeding and elsewhere, the application of any common law or statutory privileges or any theory of immunity from disclosure of the privileged or confidential information in whole or in part or in any form.

It is hereby stipulated and agreed to by and between the parties to this action through their undersigned attorneys. The parties respectfully request this Court to enter this Agreed Protective Order.

**TRUELINK, INC.**

By: *Paula W. Friedman*
One of Its Attorneys

William M. Lafferty (#2755)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

Michael O'Neil (#06201736)
Paula D. Friedman (#06239355)
DLA Piper US LLP
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
Telephone: (312)368-4000
Facsimile: (312)236-7516


**STEVEN G. MILLETT**
**MELODY J. MILLETT**

By: *Barry R. Grissom*
One of their Attorneys

Barry R. Grissom #10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212
(913) 341-6616
(913) 341-4780-Fax
bgrissom@sprintmail.com

YEAGER LAW FIRM, L.L.C.

B. Joyce Yeager #18932
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212
(913) 648-6673
(913) 648-6921 Facsimile
jyeager@joyceyeagerlaw.com

14

Local Counsel:

**ERISMAN & CURTIN**

s/Christopher J. Curtin
Christopher J. Curtin (#0226)
629 Mount Lebanon Road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Counsel for Plaintiffs

**MORRIS NICHOLS ARSHT & TUNNELL**

s/ William M. Lafferty
William M. Lafferty, Esquire (#2782)
Jay N. Moffitt, Esquire (#4742)
1201 N. Market Street
Wilmington, DE 19801
Tel.: 302-658-9200
Counsel for Defendant

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date:_____

By:_____
UNITED STATES DISTRICT COURT JUDGE

chgo1\30851558.1

<u>EXHIBIT A</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN G. MILLETT, | ) | |
| MELODY J. MILLETT, | ) | |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No.: 05-599-SLR |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| TRUELINK, INC. | ) | |
| A Trans Union Company, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**AGREEMENT CONCERNING DOCUMENTS
<u>COVERED BY AGREED PROTECTIVE ORDER</u>**

_____, who maintains his/her address at _____

_____ and is employed by _____,

hereby acknowledges that:

    1.    He/She has read the Agreed Protective Order dated _____ in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms;

    2.    He/She agrees and hereby submits himself/herself to the personal jurisdiction of the United States District Court for the District of Delaware, for the purpose of enforcement of the Protective Order;

    3.    (a)    He/She will make only such copies or notes as are essential to enable him/her to render the assistance required in connection with this litigation, and such notes and copies shall be preserved in a separate file marked for disposal or destruction upon completion of this litigation;

(b) He/she will not reveal the contents of "Confidential" or "Highly Confidential" material to any unauthorized person; and

(c) He/she will not use "Confidential" or "Highly Confidential" material for business or competitive purposes, or for any other purpose other than the prosecution or the defense of this action.

_____
(SIGNATURE)

_____
(DATE)