IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT,<br>MELODY J. MILLETT, On Behalf Of Themselves<br>and All Others Similarly Situated,<br><br>           Plaintiffs,<br><br>           v.<br><br>TRUELINK, INC., a Trans Union Company,<br><br>           Defendant. | C.A. No. 05-599 (SLR) |

## DEFENDANT'S RESPONSE IN OPPOSITION
## TO PLAINTIFFS' MOTION AND MEMORANDUM FOR COURT ORDER

Defendant TrueLink, Inc., now known as Trans Union Interactive, Inc. ("TrueLink"), by its attorneys, submits this response in opposition to Plaintiffs' Motion and Memorandum for Court Order ("Plaintiffs' Motion") (D.I. 121).[1]

Plaintiffs' Motion requests that this Court order Trans Union LLC ("Trans Union") – a **non-party** to this litigation – to provide Plaintiffs with any credit information in its data bases which contain or reference the personal identification information pertaining to Plaintiff Steven Millett. In opposition to Plaintiffs' Motion, Defendant TrueLink states as follows:

      1.     Plaintiffs seek an order from this Court compelling Trans Union – a non-party – to produce information even though (a) Plaintiffs have not served a subpoena on Trans

---

[1] Contrary to Plaintiffs' Motion, TrueLink does not do (nor has it ever done) business as "TransLink, Inc." (See Plaintiffs' Motion, p. 1).

Union for the requested information; and (b) fact discovery has been closed for nearly a month.[2] Because Trans Union is not a party to this lawsuit, and because Plaintiffs have failed to serve a subpoena on Trans Union seeking the production of such information, this Court has no jurisdiction over Trans Union. Therefore, as a matter of law, the Court has no authority to enter an order directing Trans Union to provide Plaintiffs with any information whatsoever.

2. Contrary to suggestions made in Plaintiffs' Motion, the fact that TrueLink is owned by Trans Union does not dispense with their obligation to establish personal jurisdiction and effect service of process if Plaintiffs wish to obtain an order against Trans Union. As this Court has recognized on numerous occasions, the mere fact that a court has personal jurisdiction over a subsidiary company does not mean that the court has personal jurisdiction over its parent. See, e.g., Monsanto Co. v. Sygenta Seeds, Inc., 443 F. Supp. 2d 636, 648 (D. Del. 2006); C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 559 (D. Del. 1998). "The law in Delaware and the Third Circuit is very clear that having jurisdiction over a subsidiary does not necessarily give a court jurisdiction over the parent company." Dentsply Int'l, Inc. v. Pentron Corp., 648 F. Supp. 856, 860-61 (D. Del. 1986) (citing Lucas v. Gulf & Western Indus., Inc., 666 F.2d 800 (3d Cir. 1981)). Plaintiffs cannot dispense with such due process prerequisites as personal jurisdiction and service of process to reach Trans Union here.

3. In addition, Plaintiffs concede that the reasons they seek such information from Trans Union have nothing to do with this lawsuit. Instead, Plaintiffs seek final injunctive relief against non-party Trans Union "in order to close any credit files or correct other information" utilizing named Plaintiff Steven Milletts' social security number or other

---

[2] Pursuant to the Scheduling Order entered by this Court, fact discovery closed on July 15, 2007. (D.I. 82).

2

identifying information. (D.I. 121, ¶¶ 2, 5). There is no suggestion whatsoever in the Plaintiffs' Motion that the information they seek from Trans Union is relevant in any way to the Milletts' claims in the above-captioned action. Further, there is no suggestion whatsoever that the information sought is relevant to this litigation generally. Therefore, this case cannot be used as a vehicle for such a request.

4. The Milletts' reliance on the case In re Grand Jury Proceedings, 503 F. Supp. 9, 12 (D.C.N.J. 1980) to support their Motion is misplaced. First, unlike in the case before this Court, in In re Grand Jury Proceedings, a grand jury subpoena had been issued by the district court, directing a credit reporting company to appear before the grand jury and to produce credit information relating to certain individuals. 503 F. Supp. at 10. Here, no subpoena was ever issued and served on Trans Union.[3] Second, the court in In re Grand Jury Proceedings stated that the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. designates as a permissible purpose "the production of credit reports pursuant to court order . . . because such material may be relevant evidence in all manner of court proceedings." Id. at 12. The Milletts cite to this very language, yet they make no showing that the information they seek from Trans Union is relevant to the above-captioned action, nor do they demonstrate that a court order directing Trans Union to produce such information is designed, in any way, to facilitate the production of evidence in this case. In fact, Plaintiffs expressly state in their Motion that the information is for some other purpose. See Plaintiffs' Motion at ¶¶ 2, 5.

5. The Milletts' reference to Judge Batten's February 21, 2007 Order in Millett v. Equifax, No. 1:05-CV-2122-TCB ("Equifax"), is inapposite. In Equifax, the court

---

[3] Nor does it appear that Plaintiffs even sent Trans Union a copy of their Motion.

directed defendant Equifax – a party to the litigation – to provide certain information relating to credit files in Equifax's database that included the same social security number as Steven Millett. (D.I. 100 in Equifax). Moreover, Plaintiffs conveniently ignore the fact that the Order was entered upon the plaintiffs' **Unopposed** Motion For Court Order (emphasis added) (D.I. 99 in Equifax, a copy of which is attached hereto as Exhibit A). Thus, by not opposing the plaintiffs' motion, Equifax effectively **agreed to** the injunctive relief sought by the Milletts. Here, however, Trans Union is **not** a party in this above-captioned action. Plaintiffs would have the Court not only overlook its lack of personal jurisdiction over Trans Union, but also deny Trans Union the opportunity to be heard and to object to the Motion.

6. Finally, Plaintiffs not only seek to deny non-party Trans Union due process, but they also submit a Statement Pursuant To Local Rule 7.1.1 ("Statement"), purporting to certify that counsel for Plaintiffs conferred with counsel for TrueLink "by telephone and in writing concerning the Motion." The veracity of this Statement is questionable. Contrary to Plaintiffs' Statement, counsel for TrueLink has no recollection, and indeed, no record of any such communications.[4] For that reason, on July 27, 2007, counsel for TrueLink specifically requested that Plaintiffs' counsel identify all such communications and writings. (See Email dated July 27, 2007 from Michael O'Neil to plaintiffs' counsel, a copy of which is attached hereto as Exhibit B). Plaintiffs' counsel have yet to provide any substantive response.

---

[4] Indeed, because they seek information from Trans Union, **not** from TrueLink, it would make little sense for plaintiffs to confer with counsel for TrueLink on this issue.

WHEREFORE, for all of the foregoing reasons, Defendant TrueLink respectfully requests that this Court deny in its entirety Plaintiffs' Motion and Memorandum for Court Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jay N. Moffitt*

William M. Lafferty (#2755)
Jay N. Moffitt (#4742)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
wlafferty@mnat.com
jmoffitt@mnat.com
   Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper US LLP
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000

August 10, 2007

1203720