IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT,<br>MELODY J. MILLETT, On Behalf Of Themselves<br>and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUELINK, INC., a Trans Union Company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-599 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO AMEND PLEADINGS**

Defendant TrueLink, Inc., now known as Trans Union Interactive, Inc. ("TrueLink"), by its attorneys, submits this response in opposition to Plaintiffs' Motion For Extension Of Time To Amend Pleadings. ("Motion") (D.I. 132). In support of its Response in Opposition, TrueLink states as follows:

1.  Plaintiffs' Motion is improper because it entirely ignores the language of this Court's October 24, 2006 Scheduling Order entered in this matter, which set August 15, 2007 as the date by which all <u>motions to amend or to join parties</u> had to be filed. (See Scheduling Order, D.I. 82, ¶3). Here, the plaintiffs seek to substantively modify the Scheduling Order by seeking until August 30, 2007 not to file such a motion for leave to amend, but to actually file an amended pleading. (See Motion, D.I. 132, p. 1). Specifically, in the "Wherefore" clause of their Motion, plaintiffs request that the court "revis[e] the scheduling order to allow Plaintiffs an additional fifteen days, until August 30, 2007, to amend their Complaint." (Id. at p. 2). Therefore, plaintiffs surreptitiously seek leave to amend their pending

complaint – their Fourth Amended Complaint – without reference to, or in accordance with, Rule 15 of the Federal Rules of Civil Procedure. Accordingly, plaintiffs' Motion is wholly improper.

2.  Moreover, the plaintiffs' Motion also disregards the requirement that either party seeking to file an amended pleading do so by seeking leave from the court by motion and with a supporting brief. The Scheduling Order specifically directs that "[a]ll motions to join other parties, amend the pleadings, and to certify a class action shall be filed, with supporting briefs, on or before August 15, 2007." (Scheduling Order, D.I. 82, ¶3) (emphasis added). Instead, by their improperly-styled Motion, the plaintiffs attempt to bypass the court-ordered procedure by both failing to seek leave to file such a motion and by failing to attach a supporting brief.

3.  The plaintiffs not only ignore the requirements set forth in the Court's Scheduling Order, but they also fail to comply with their obligations pursuant to the local rules. Local Rule 15.1(a) requires that a party moving to amend a pleading attach the proposed pleading as amended. D. Del. LR 15.1(a). Yet, plaintiffs do not attach a proposed Fifth Amended Complaint, nor do they provide any details regarding the parties or claims that they will seek to add to the Complaint. Accordingly, the plaintiffs' Motion is improper because they have neither submitted the proposed Fifth Amended Complaint, nor have they otherwise demonstrated that the unidentified amendments to the Complaint are proper.

4.  Plaintiffs' Motion also ignores specific limitations in the Scheduling Order regarding the grounds upon which plaintiffs may seek leave to amend. Specifically, the Scheduling Order states:

> In light of this Court's September 7, 2006 Order, the Plaintiffs will not seek leave to amend the pleadings or to join other parties unless new facts learned during discovery raise new claims.

2

(Scheduling Order, D.I. 82, ¶3) (emphasis added). Plaintiffs' Motion does not state – or even suggest – that the unidentified amendments are based upon new facts learned during discovery. Instead, plaintiffs' bare-bones Motion suggests only that they were "contacted by individuals who have claims similar to Plaintiffs and who may serve as additional named plaintiffs in this action," and nothing more. (Motion, D.I. 132, ¶1).

5. Finally, plaintiffs' suggestion that the requested extension of time (and presumably the unidentified proposed amendments) "would not delay the remainder of the deadlines in this action," (Id. at ¶5), is, at best, disingenuous. Fact discovery has been closed since July 15, 2007, and the plaintiffs have already filed their Motion for Class Certification on August 10, 2007. In their Motion for Class Certification the plaintiffs argue, inter alia, that plaintiff Melody Millett is an adequate representative of the putative class. (D.I. 129, pp. 21-22). The addition of new named plaintiffs would require fact discovery to be reopened, as TrueLink is entitled to serve written discovery on the new named plaintiff(s), and to depose them as well. Further, the adequacy of such individual(s) to serve as class representatives would have to be addressed in the context of briefing class certification, and the deadline for TrueLink's Opposition to Class Certification is currently September 12, 2007. A proposed amendment to the Complaint with the addition of new named plaintiffs and new claims would certainly impact TrueLink's ability to respond to the pending Motion for Class Certification.

6. In addition, the Scheduling Order sets a September 28, 2007 deadline for filing motions for summary judgment. That deadline would unquestionably be affected by the proposed addition of other individuals as named plaintiffs and their respective claims as well. Therefore, it is disingenuous for the plaintiffs to suggest that the filing of a Fifth Amended Complaint at this juncture would not affect the remainder of the deadlines in this action.

3

WHEREFORE, for all of the foregoing reasons, Defendant TrueLink respectfully requests that this Court deny in its entirety Plaintiffs' Motion for Extension of Time to Amend Pleadings because it is both futile and improper under the Scheduling Order.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William M. Lafferty (#2755)
Jay N. Moffitt (#4742)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
wlafferty@mnat.com
jmoffitt@mnat.com
  Attorneys for Defendant TrueLink, Inc.

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper US LLP
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000

August 17, 2007

1214772

4