IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf Of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUELINK, INC., A Trans Union Company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 05-599-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT TRUELINK INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant TrueLink, Inc., now known as Trans Union Interactive, Inc. ("TrueLink"), by its attorneys, pursuant to Federal Rule of Civil Procedure 56 submits this Motion for Partial Summary Judgment and states as follows:

1. Plaintiffs Steven and Melody Millett (the "plaintiffs" or the "Milletts") have asserted claims for violations of the Kansas Consumer Protection Act, K.S.A 50-623 et seq. (the "KCPA") (Count I) and for breach of contract (Count II) against TrueLink in their Fourth Amended Complaint, arising out of Ms. Millett's August 6, 2003 purchase – on her husband's behalf - of TrueLink's credit monitoring product from TrueLink's TrueCredit website.

2. TrueLink moves for summary judgment on Count I, for violations of the KCPA, in its entirety. Summary Judgment is appropriate on Count I for the following reasons: (1) The Milletts are not "aggrieved consumers" under the KCPA. In order to recover damages for a claim for violations of the KCPA, the plaintiff must be an "aggrieved consumer." See KAN. STAT. ANN. 50-634(b). See also KAN. STAT. ANN. 50-634(a), (d); Finstad v. Washburn

University, 845 P.2d 685, 690 (Kan. 1993) (ruling that claims for damages or for civil penalties under KCPA, KAN. STAT. ANN 50-634, are reserved for plaintiffs who have been "aggrieved" by the allegedly deceptive conduct; and persons "aggrieved," are those who have "suffered loss or injury" as a result of the challenged conduct); see also Pound v. Airosol Co., Inc., 368 F.Supp. 2d 1210, 1217-18 (D. Kan. 2005) (private remedies under the KCPA are reserved to consumers "aggrieved by a violation of this act"); Green v. Kansas City Power & Light Co., 281 B.R. 699, 704 (D. Kan. 2002) ("[T]he question of whether [the plaintiff] is an 'aggrieved consumer' is elemental to the issue of whether [he] may recover a civil penalty" under KSA 50-634); and (2) the Milletts' interpretation of the phrase "complete identity theft protection" as used by TrueLink in its marketing of the credit monitoring product is unreasonable and, at best, constitutes mere "puffing" under Kansas law. See Baldwin v. Priem's Pride Motel, Inc., 580 P.2d 1326, 1329 (Kan. 1978). Further, another federal court has already found the Milletts' interpretation of nearly identical language marketing a nearly identical credit monitoring product to be unreasonable as well.

   3.   TrueLink moves for summary judgment on plaintiffs' claims that TrueLink breached its contract as described in subparagraph 16(a), (d) and (e) of the Fourth Amended Complaint, all of which relate to the primary claim that TrueLink failed to provide "complete identity theft protection" by failing to monitor the credit files of other individuals. As an initial matter, Ms. Millett did not enter into a contract with TrueLink for the purchase of the credit monitoring product, Mr. Millett did. Separately, the claims of both plaintiffs fail as a matter of law for the following reasons: (1) As a matter of law, the contract cannot be interpreted as promising to monitor the credit files of individuals other than the purchaser of the credit monitoring product; (2) the Milletts' allegation that TrueLink breached its contract by failing to

provide fraud resolution services fails as a matter of law; and (3) even if this Court cannot rule as a matter of law at this time that the contract did not require TrueLink to monitor the credit reports of others, and even if a breach is presumed, there is no evidence that the Milletts suffered resulting harm. Interim Healthcare, Inc. v. Spherion Corp., 884 A.2d 513, 548 (Del. Super. Ct. 2005)

4. Finally, there is no evidence in the record that would entitle the Milletts to punitive damages. As an initial matter, punitive damages are not recoverable under the KCPA. See K.S.A 50-623 et seq. Likewise, punitive damages are not recoverable under Delaware contact law. See E.I. DuPont de Nemours v. Pressman, 679 A.2d 436, 445 (Del. 1996) ("no matter how reprehensible the breach, damages that are punitive in the sense of being in excess of those required to compensate the injured party for lost expectation, are not ordinarily awarded for breach of contract"). Further, the Millett provide absolutely no evidence that TrueLink acted willfully or maliciously when it allegedly misrepresented its credit monitoring product.

5. In support of its Motion, TrueLink submits its Brief in Support of Motion for Partial Summary Judgment, with attached exhibits, filed simultaneously herewith.

WHEREFORE, for the reasons set forth above and in TrueLink's Brief in Support of Motion for Partial Summary Judgment, Defendant TrueLink, Inc. (now known as Trans Union Interactive, Inc.) respectfully request that this Court enter an Order granting Defendants Motion for Partial Summary Judgment on Count I for violations of the KCPA and on Count II, sections (a), (d) and (e), for breach of contract.

Dated:  October 1, 2007				**TRUELINK, INC.**

By: /s/ William M. Lafferty
    William M. Lafferty (#2755)
    Jay N. Moffitt (#4742)
    **Morris, Nichols, Arsht & Tunnell LLP**
    1201 N. Market Street
    Wilmington, DE 19899
    Phone:  (302) 658-9200
    Fax:  (302) 658-3989

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
**DLA Piper US LLP**
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Phone: (312) 368-4000
Fax:    (312) 236-7516

4

CERTIFICATE OF SERVICE

I, Jay N. Moffitt, hereby certify that on October 1, 2007 I electronically filed the foregoing DEFENDANT TRUELINK INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

**BY ELECTRONIC SERVICE**

Christopher J. Curtin, Esquire
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE  19899

And that I served a copy this day by electronic mail and by depositing in the United States Mail, postage prepaid to:

**BY E-MAIL AND U.S. MAIL**

Christopher J. Curtin, Esquire
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE  19899

B. Joyce Yeager, Esquire
Yeager Law Firm LLC
P.O. Box 2469
Mission, Kansas 66210

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jay N. Moffitt
Jay N. Moffitt (#4742)
1201 N. Market Street
Wilmington, Delaware  19899-1347
(302) 658-9200
jmoffitt@mnat.com
   Attorneys for Defendant TrueLink, Inc.

October 1, 2007