IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf Of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TRUELINK, INC.,<br>A Trans Union Company,<br><br>        Defendant. | Case No. 05-599-SLR |

**DEFENDANT'S MOTION TO STRIKE
THE AFFIDAVIT OF MELODY MILLETT**

Defendant TrueLink, Inc. ("TrueLink"), hereby moves to strike the Affidavit of Melody Millett (D.I. 150; Ex. J) ("Millett Affidavit") offered in support of Plaintiffs' Motion for Partial Summary Judgment (D.I. 147). In support of this motion, TrueLink states as follows:

On or about October 1, 2007, Plaintiffs filed their motion for partial summary judgment and their supporting brief. In addition, Plaintiffs filed the affidavit of plaintiff Melody Millett. The Millett Affidavit should be stricken because it fails to meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure.

I.  **Affidavits Including Conclusory Or Unsupported Statements, Or Which Otherwise Are Not "Made On Personal Knowledge," Violate Rule 56(e) And Should Be Stricken.**

Rule 56(e) of the Federal Rules of Civil Procedure ("Rule 56 (e)") mandates that affidavits offered in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated

therein." The rule further requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

Thus, Rule 56(e) limits the proper contents of an affidavit to "facts" alleged only on "personal knowledge." <u>Disilverio v. Service Master Professional</u>, 2007 WL 1029759, at *7 (W.D.Pa. 2007). Ultimate or "conclusory facts" and "conclusions of law," as well as statements made "upon an understanding" cannot be utilized on a summary judgment motion. <u>Id.</u> Affidavits "speculating" as to motivations or statements which purport to examine thoughts are also prohibited by Rule 56(e). Furthermore, affidavits submitted under Rule 56(e), must be devoid of hearsay. <u>Id.</u>

Courts have stricken affidavits under Rule 56 (e) where the affidavit fails to set forth "specific facts" in support of the statements made in the affidavit. In <u>W&G Seaford Associates v. Eastern Shore Markets</u>, 714 F. Supp. 1336, 1350 (D. Del. 1989), a landlord moved for partial summary judgment in a breach of a commercial lease claim. In support of its Rule 56 motion, the plaintiff landlord submitted the affidavit of its leasing agent/property manager. <u>Id.</u> at 1350. In the affidavit, the property manager summarily stated that "it is [his] opinion that the vacant … premises were the paramount consideration for other tenants' decisions to leave or decline to rent at plaintiff's property. <u>Id.</u> at 1351. However, the manager failed to give any further information about the other tenants' decisions, or the basis for his belief as to their motivation. The manager also referred to data from an organization called the Urban Land Institute in support of his calculations regarding loss. However, the affiant failed to recite what the data was or how it affected his determination. <u>Id.</u> The court found that because the affiant summarily stated conclusions, and referenced data but did not recite what the data was or

how it affected the affiant's statement, the affidavit was "facially deficient and must be stricken." Id. Rule 56(e) "demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." Drake v. Minnesota Mining & Manufacturing Company, 134 F.3d 878, 887 (7th Cir. 1998) (where affidavit stated that supervisor "tended to cover-up matters" the court ruled that plaintiff should have recounted factual instances based upon affiant's personal knowledge that demonstrated that supervisor "tended to cover up things").

The court in United States of America v. Golden Acres, 520 F. Supp. 1073, 1079 (D. Del. 1981), found an affidavit inadequate where the affiant conclusorily stated that there was an implied agreement between the parties in the case but failed to provide any specific facts to support this contention. The court held that the affidavit was inadequate because it failed to state "when or where" the agreement was made, "what its exact terms were," whether it was written or oral, or from what statements or actions the agreement was implied. Id.; see also Davis v. City of Chicago, 841 F.2d 186, 189 (7th Cir. 1988) (court held that plaintiff failed to show that he had the required personal knowledge where he conclusorily stated that defendant had a "longstanding custom and policy," but failed to substantiate the statement with specific facts detailing the "source" and "derivation" of the custom, or "how long it existed" etc.).

In addition to requiring that an affidavit provide specific facts, Rule 56(e) prohibits affiants from speculating about the particular knowledge held by others. In Adusumilli v. City of Chicago, 164 F.3d 353, 359 (7th Cir. 1998), a plaintiff filed an affidavit in which she stated that her superiors "knew of [her] discomfort but did nothing

to alleviate it." The court found that the statement was speculation about what her superiors knew and thus was not within her personal knowledge. Id.; see also Disilverio, 2007 WL1029759, at *8.

Courts have interpreted Rule 56 to also require that if an affiant makes statements purportedly based on special knowledge, the affiant must establish a basis for her purported expertise. In W&G Seaford, 714 F. Supp. at 1350, a property manager who was also an executive vice president of a development company and a leasing agent made statements in his affidavit regarding liquidated damages. However, he failed to either establish himself as an expert on the issues or to set forth facts upon which his conclusions were based. Id. at 1351. The court held that the property manager's failure to establish himself as an expert on the subject of his affidavit served as additional basis for the court to strike the affidavit pursuant to Rule 56(e). Id.; see also Brink v. Union Carbide Corporation, 41 F. Supp. 2d 402, 405 (S.D.N.Y. 1997) (mere fact that affiant had some background in corporate human resources does not give him the expertise to evaluate a discrimination claim).

II.   **The Millett Affidavit Should Be Stricken.**

The Millett Affidavit is filled with speculation, hearsay, and conclusory statements devoid of any factual support, other than references to "thousands of [unspecified] pages" reviewed with plaintiffs' counsel. Furthermore, Ms. Millett summarily proclaims herself an expert in computer codes used by data furnishers to report information to credit bureaus and then deceptively offers conclusions based on this purported knowledge. Because her affidavit is so riddled with the types of statements that Rule 56(e) prohibits, the entire affidavit should be stricken.

A.  **The Millett Affidavit Contains Conclusory and Unsupported Statements.**

The Millett Affidavit contains the following statements which are conclusory and unsupported in violation of Rule 56(e):

"I applied for credit jointly with my husband and we were denied credit for favorable terms even though significant family assets were available to us in trusts on deposit in respected financial institutions." (Millett Aff. at 2.)

"Steven Millett was denied credit from Sears... I have since come to learn that Sears accounts for credit are owned or managed by Citibank." Id. at 3.

Rule 56 (e) demands something more specific than the "bald assertions" that the Millett Affidavit has put forth. Affidavits must cite "specific concrete facts" establishing the truth of the matter asserted. See Drake, 134 F.3d at 887.

Additionally, because the Milletts have already objected to inquiry into any credit denials as irrelevant, and Ms. Millett herself has denied that plaintiffs blame TrueLink for any credit denials (see TrueLink's Response to Plaintiffs' Purported Factual Statement, 46), the Millett Affidavit should be stricken.

B.  **The Millett Affidavit Offers Conclusions Without Specifying a Basis.**

Ms. Millett also makes various statements as to the ultimate factual conclusions in this matter, based solely on her review of unspecified documents. For example, Ms. Millett states:

"Together, my attorney Joyce Yeager and I, looked over thousands of pages of documents obtained from the litigation with all the defendants." (Millett Aff. at 4).

"We each also worked for hours at a time individually and then compared what we observed from the thousands of pages which we obtained after we filed the lawsuits."

5

Id.

"I have learned, because of the documents subpoenaed by my attorneys, that a person named Debi at Trans Union credit bureau contacted the holder of the Home Depot account which was opened by someone other than my husband and Debi asked if the account was fraud. Id.

"We now know, because of the work in litigation, that Trans Union knew that there were accounts reported to them which were not opened by my family members." Id. at 5.

"[Plaintiffs' counsel] Joyce Yeager and I have reviewed documents which demonstrate that not credit monitoring "watch" was active during certain times even though we had paid for monitoring." Id.

"The information provided to us indicated that the information the creditor accessed was supplied by Trans Union. Id. at 6.

"As a result of the litigation subpoenas issued by my attorneys and the litigation production of documents from Ford Motor Credit and others, I knew that Abundio uses a lot of aliases and that he has obtained credit, drivers license, employment, and home mortgages because he reported that he had been issued the Social Security number which was actually issued to my husband." Id. at 7.

"As a result of litigation, I learned that the vehicles financed by Abundio through Ford Motor Credit were discovered to be financed because of loans obtained by fraud." Id.

"The [unspecified] record provided by Citibank, pursuant to the subpoena issued by my attorneys, indicates that as I worked to close accounts which had been opened by

Abundio, some accounts monitored and serviced for Home Depot and J.C. Penny by Monogram Bank of Georgia were incorrectly changed." Id. at 8.

"The accounts serviced by Monogram were changed so that the data information of my husband, Steven Millett, and the data information of Abundio were mixed. This mixed credit information, reflecting part of my husband's information and part of Abundio's information, was reported to the credit reporting agencies and to Trans Union." Id.

These statements violate Rule 56(e) because they contain conclusions but fail to state what specific facts, documents, or information support the conclusions.

In addition to containing statements that are conclusory and unsupported or lacking in specific facts, the Millett Affidavit also contains impermissible hearsay statements and statements that impermissibly speculate regarding Trans Union's knowledge. Therefore, the Millett Affidavit should be stricken pursuant to Rule 56(e).

    C.    **Melody Millett's Affidavit Deceptively and Without Foundation Suggests She Has Relied Upon Expertise.**

In the Millett Affidavit, Ms. Millett states that she "learned, because of the documents subpoenaed by my attorneys, that a person named Debi at Trans Union credit bureau contacted the holder of the Home Depot account which was opened by someone other than my husband and 'Debi' asked if the account was fraud." (Millett Aff. at 4). Rule 56 (e) limits the proper content of affidavits to "facts" alleged on "personal knowledge". Disilverio, 2007 WL 1029759, at *7. However, Ms. Millett fails to provide any factual support that would suggest that she has personal knowledge about any part of her statement. She fails to: identify what document she is referring to; the source of the document, or any other detail about the document. See Golden Acres, 520 F.Supp. at

1079 (court held affidavit inadequate because affiant failed to state "when or where" the agreement was made, "what its exact terms were", whether it was written or oral, or from what statements or actions the agreement was implied). Furthermore, without providing information about the source of her statement, it is unclear whether any document exists that contains this information or if Ms. Millett is impermissibly attempting to interpret a document that does exist but that does not state what she purports it does.

In addition, this statement deceptively suggests that Ms. Millett viewed credit information reported in coded form by unspecified data furnishers to Trans Union utilizing her purported expertise in code reading.[1] However, the only document to which Ms. Millett could be referring does not contain any coded information. Furthermore, the document does not identify, even generally, any statements, codes, or other data that support Ms. Millett's assertion that Trans Union received information regarding a potentially fraudulent Home Depot account. Yet, Ms. Millett pronounces: "We now know, because of the work in litigation, that Trans Union knew that there were accounts reported to them which were not opened by my family members." (Millett Aff. at 5). Thus, all statements that rely on her purported expertise in reading credit agency codes are inappropriate for a Rule 56 affidavit and should be disregarded by the Court.

---

[1] Furthermore, Rule 56(e) prohibits Ms. Millett from making any statements based on her purported expertise in reading credit agency codes without first establishing a basis for her purported expertise. Her general experience in the unrelated field of information technology and computer coding does not establish expertise on this issue (i.e., reading codes utilized specifically by the credit industry). See Brink, 41 F. Supp. 2d at 405 (affiant's experience in the general field of corporate human resources did not serve as basis to prove his expertise on specific employment issue in case). Therefore, Ms. Millett has failed to establish herself as an expert in the field of credit agency coding.

## CONCLUSION

The entire Millett Affidavit is riddled with unsupported and conclusory assertions, hearsay, impermissible speculations and inferences. Thus, the affidavit has failed to satisfy Rule 56(e) and its requirement that affidavits in support of summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e)

For the reasons set forth above, Trans Union respectfully requests that the Court grant its Motion to Strike the Affidavit of Melody Millett.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jay N. Moffitt
William M. Lafferty (#2755)
Jay N. Moffitt (#4742)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper US LLP
203 North LaSalle Street, Suite 1800
Chicago, IL 60601
(312) 368-4000

October 29, 2007

## CERTIFICATE OF SERVICE

I, Jay N. Moffitt, an attorney, depose and state that on this 29th day of October, 2007, I caused a true and accurate copy of the above and foregoing *Defendant's Motion to Strike the Affidavit of Melody Millett* to be served upon Attorneys of Record via electronic filing as indicated below:

Christopher J. Curtin
Erisman & Curtin
629 Mount Lebanon Road
Wilmington, DE 19803

Bryson R. Cloon
Cloon Law Firm
11150 Overbrook Road
Leawood, KS 66211

Michael W. Blanton
Swanson Midgley, LLC
2420 Pershing Road, Suite 400
Kansas City, MO 64108

Barry R. Grissom
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212

B. Joyce Yeager
Yeager Law Firm LLC
City Center Square, 26th Floor
1100 Main Street
Kansas City, MO 64105

_____
Jay N. Moffitt (#4742)