# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf of Themselves and All Others Similarly Situated,<br>　　　　　Plaintiffs,<br><br>v.<br><br>TRUELINK, INC.,<br>A Trans Union Company,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No. 05-599-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ERISMAN & CURTIN

/s/ Christopher J. Curtin
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

DATE: October 1, 2007

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf of Themselves and All Others Similarly Situated,<br>                    Plaintiffs,<br><br>v.<br><br>TRUELINK, INC.,<br>A Trans Union Company,<br><br>                    Defendant. | Case No. 05-599-SLR |

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Steven G. and Melody Millett ("Named Plaintiffs"), by and through counsel of record, file this motion for partial summary judgment, a motion as to the violations of Defendant concerning the Kansas Consumer Protection Act at K.S.A. § 50-627(b). In support of their motion for summary judgment as to violations of the Kansas Consumer Protection Act ("KCPA" or "the Act"), Plaintiffs incorporate their Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs state as follows:

Factual Statement

**REDACTED**

Defendant has provided the number of consumers who paid money and purchased credit monitoring and provided a mailing address in the State of Kansas from September 1, 2001, through May 31, 2007. These class members total _____ persons. (Supplemental Responses to Interrogatories 5, 6, 17 and 20 of Plaintiff's First Interrogatories to Defendant TrueLink, Inc., D.I. 126, Ex. Q ).

**REDACTED**

It is important to Kansas consumers to know whether or not someone else is reporting the consumer's personal information. (D.I. 126, Ex. F; App. Ex. W)

Defendant incorporated into the terms of the contract the language of the web page advertising. (Deposition of Anderson p. 173, App. Ex. D)

**REDACTED**

Defendant represented in its marketing that the purchaser of credit monitoring would be "protected" from "identity theft". (D.I. 126, Ex. M )

Defendant represented that access to one's "credit report" would provide notification of "identity theft" or fraud. (D.I. 126, Ex. M; Deposition of Danaher p. 24 -25, App. Ex. K; Deposition of Anderson, pp. 15-17, 183-84, App. Ex. D)

**REDACTED**

**REDACTED**

The internet pages contained advertising. (Deposition of Anderson, pp. 171-73, App. Ex. D)

Defendant's credit monitoring contract incorporated the web page information. (Deposition of Anderson, p. 173, App. Ex. D)

**REDACTED**

REDACTED

Defendant represented that it would provide identity theft protection and that it would provide "complete identity theft protection". (Ex. M to Motion for Class Certification, Doc. 126)

REDACTED

Defendant, at any time during the term of the contract, could elect to stop providing some facet of its service. (Exhibits N, O, and P, D.I. 126)

REDACTED

Some consumers were told that there had been a change in the credit report only to discover that there had been no change which would be displayed on the "credit report" or their "credit report" was blank. (Deposition of Anderson, pp. 67-68, App. Ex. D; Deposition of Matis, p. 63, App. Ex. E; Affidavit of Melody Millett, App. Ex. J)

**REDACTED**

Defendant, when it enrolled credit monitoring customers, took personal information and made a charge to the purchaser's banking debit card or credit card. (Deposition of Anderson, p. 176, App. Ex. D)

**REDACTED**

Kansas consumers consider the use of a Social Security number by another to be a form of identity theft. (App. Ex. F)

Use of one's Social Security number by another is a sign of possible identity theft. (FTC Report, pages 37-46, D.I. 126, Ex. H) The detection of possible identity theft was also advertised. (D.I. 126, Ex. M)

Defendant promised to alert its purchasers to potential identity theft. (Ex. M to Motion for Class Certification, Doc. 126

**REDACTED**

**REDACTED**

Plaintiff Steven Millett, through his spouse and agent, decided to have her physically enroll him online for the credit monitoring product and other products of Defendant because he thought it would help them. (Deposition of Steven Millett, App. Ex. G)

Through the delegated acts of his spouse and agent, Melody Millett, Steven Millett became a purchaser of TrueCredit on or about August 6, 2003. (Affidavit of Millett, App. Ex. J; App. Ex. I)

On or about January, 2005, Defendant Steven Millett was denied credit from **REDACTED**. (Millett 01006, App. Ex. P)

The credit report which was relied upon by the potential creditor,       , was supplied by Trans Union. (Millett 01006, App. Ex. P)

Credit was denied because the potential creditor was "unable to comply with [the] consumer statement." (Millett 01006, App. Ex. P)

**REDACTED**, in response to a subpoena issued by Plaintiffs' counsel, reported that it had record of a " " account which had been attributed to Steven Millett. Citibank had purchased the portfolio of accounts in July 2003. (April 4, 2005 letter from CitiBank p. 1; App. Ex. P)

**REDACTED** provided the documents available pertaining to the account which had been attributed to Steven Millett. (April 4, 2005 letter from CitiBank p. 1, App. Ex. P)

The credit account was opened by Abundio Cuautle Perez in 2002. (April 4, 2005 letter from CitiBank p. 1, App. Ex. P; Affidavit of Melody Millett, Ex. J)

Abundio Cuautle Perez ("Perez") purchased the Social Security number, the one which had been issued to Steven Millett earlier, on Soto Street in Los Angeles from a notary public. (Millett Aff. Ex. J)

Upon obtaining discovery in their lawsuits, Plaintiffs were able to determine that Perez utilized this number to open bank accounts, obtain employment, obtain credit cards, finance multiple automobiles, and obtain home financing. (App. Ex. J)

Ms. Millett is employed in the information technologies field. (Affidavit of Melody Millett, App. Ex. J) She has learned to read the codes from those who provide information to the credit reporting agencies. (Affidavit of Melody Millett, App. Ex. J; App. Ex. Q)

The credit reporting agencies and the credit reporting industry have a unified method of reporting credit data. (Affidavit of Melody Millett, App. Ex. J; Index, Credit Reporting Resource Guide, 1993, Consumer Data Industry Association, App. Ex. Q)

The record provided by , pursuant to the subpoena, indicated that, as the Milletts worked to close accounts which had been opened by Perez, those accounts monitored and serviced for **REDACTED** by **REDACTED**, were incorrectly changed. (Affidavit of Melody Millett, App. Ex. J)

The accounts serviced by were changed so that the data information of Steven Millett and the data information of Perez were mixed. The Milletts received refund checks and correspondence which reflected this mixed data. (Affidavit of Melody Millett, App. Ex. J; App. Ex. P) Mrs. Millett, on behalf of the family, continued to work to correct the errors. (Affidavit of Melody Millett, App. Ex. J)

On April 5, 2004, Plaintiffs filed their initial complaint alleging that Trans Union had engaged in fraud and other violations of statutory and common law concerning the manner in which it serviced its products. (Affidavit of Melody Millett, App. Ex. J)

On August 6, 2004, a person named "Debi" at "Trans Union credit bureau" contacted the company servicing the            account and asked if the account was "fraud". (Affidavit of Melody Millett, App. Ex. J; App. Ex. P) The account reflected data of Steven Millett for his name and address, the Social Security number Steven had been issued which was also being used by Perez, and California telephone numbers of Perez. By reading the codes and the letter from Citibank alongside the refunds and letters, Mrs. Millett could see that the data had been mixed when Mrs. Millett attempted to close Perez' accounts in 2003. (Affidavit of Millett, App. Ex. J)

No notification of this data or the changes was sent by Trans Union to Steven Millett. (Deposition of Anderson, pp. 123-26, App. Ex. D) No notification of this data or change was sent to Steven Millett by Defendant. (Deposition of Anderson, pp. 123-26, App. Ex. D)

Defendant Steven Millett was a purchaser of the product at that time. (App. Ex. I; Interrogatory Response Numbers 14, 15, and 16, Defendant's Response to Interrogatories, D.I. 126, Ex. I)

Data that Defendant provides to its purchasers is data supplied to it by Trans Union. (Deposition of Danaher, p. 28, app. Ex. K; Deposition of Anderson 45, 179, 183-84, App. Ex. D)

The credit files of Defendant's credit monitoring purchasers were not always able to be matched with purchasers of the product because more than one person was reporting had the same Social Security number associated with a credit file at Trans Union. (Deposition of Anderson, p. 184; App. Ex. D)

More than one person could be reporting credit information about Defendant's purchasers but Defendant could only provide its purchasers with that information which Trans Union correctly detected and attributed to its purchasers (Deposition of Anderson, p. 184, App. Ex. D; Deposition of Duni, p. 36, App. Ex. C; Deposition of Danaher, pp. 28, 112, App. Ex. K; FTC Report, D.I. 126, Ex. H)

**REDACTED**

**REDACTED**

A debit transaction was made to the family checking account of Steven Millett on several occasions, including dates when the "watch" was not in place. (Affidavit of Yeager, App. Ex. A)

**REDACTED**

Defendant sent electronic mail to consumers telling those consumers that there was no need to be concerned about their credit. Defendant, along with its parent, generated these electronic notifications. (App. Ex. R; Affidavit of Melody Millett, App. Ex. J)

Steven Millett knows that he can only close the fraudulently opened accounts of Perez if he can discover them. (Deposition of Steven Millett, Millett v. Ford Motor Credit Company, D. Kan Case No. 04-2450, App. Ex. G)

**REDACTED**

REDACTED

**REDACTED**

Plaintiffs have been involved with several matters in litigation since 2004. (Affidavit of Yeager, App. Ex. A; Affidavit of Millett, Ex. J; Defendant's Answering Brief to Plaintiff's Motion for Class Certification)

A "credit report" is not always accurate. (FTC Report; D.I. 126, Ex. G)

Defendant was notified before August 11, 2004, that it was in violation of the Kansas Consumer Protection Act. (Waiver of Summons by counsel for Trans Union, App. Ex. T)

**REDACTED**

The Milletts were told by police in Los Angeles to be cautious for a few days during the time period when Ford Motor Credit repossessed Perez' fraudulently obtained vehicles after Ford Motor Credit learned

of the identity theft from Plaintiffs. (Affidavit of Millett, App. Ex. J; Ford Deposition of Steven Millett, App. Ex. G)

Defendant told its customers to relax and have "peace of mind" because credit monitoring had been paid for. (D.I. Ex. M; App. Ex M)

**REDACTED**

### Motion

Plaintiffs request a finding that Defendant is in violation of the Kansas Consumer Protection Act because Defendant engaged in unconscionable acts as defined by the Kansas Consumer Protection Act, K.S.A. § 50-627(b). In support, Plaintiffs incorporate their Memorandum in Support of their Motion filed this day and the class certification briefing which is also being completed. Named Plaintiffs request that the Court determine which actions of Defendant are violations, which actions warrant an enhanced award and which violations are ongoing violations. This Court, pursuant to the KCPA, may award Plaintiffs the sum of $20,000 for each violation and may award damages for each day of any ongoing violations. (See Memorandum) Plaintiffs request that the Court hold hearing on the amount of reasonable fees and costs to be recovered by class counsel. Finally, Named Plaintiffs, as to class relief, request injunctive relief for the class as provided by the Kansas Consumer Protection Act, K.S.A. §50-634(a), and as set forth in detail in Plaintiffs' Memorandum in Support of Plaintiffs' Partial Motion for Summary Judgment which Plaintiffs incorporate herein. This relief is appropriate for the class members.

Plaintiffs respectfully request a hearing before the Court to determine the number of violations of Defendant, the number of days of each ongoing violation, the attorneys fees to be awarded to Plaintiffs counsel as class counsel; and the appropriate injunctive relief to be imposed.

Respectfully submitted,

Erisman & Curtin
  /s/ Christopher J. Curtin
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon Road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

Barry R. Grissom, Esq., *pro hac vice*
KS Bar. Id. No. 10866
10990 Quivira, Ste. 200
Overland Park, Kansas 66210
Phone: (913) 341-6616

Bryson R. Cloon, *pro hac vice*
KS Bar. Id. No. 08660, MO Bar. Id. No. 36843
Cloon Law Firm
11150 Overbrook Road
Leawood, KS 66211
Phone: (913) 661-9600
Facsimile: (913) 661-9614

Yeager Law Firm
  /s/  B. Joyce Yeager
B. Joyce Yeager, *pro hac vice*
KS Bar No.  18932, MO Bar No. 46013
P.O. Box 2469
Mission, KS  66201-2469
(913) 648-6673
Facsimile (773) 326-3538

Michael W. Blanton, *pro hac vice*
MO Bar. Id. No. 46490
Swanson Midgley, LLC
2420 Pershing Road, Ste. 400
Kansas City, Missouri 64108
Phone: (816) 842-6100
**COUNSEL FOR PLAINTIFFS**

15

**CERTIFICATE OF SERVICE**

I, B. Joyce Yeager, hereby certify that on October 10, 2007, I served a copy of the foregoing Motion for Summary Judgment by depositing the same in the United States Mail, postage prepaid to:

William M. Lafferty, Esq.
Jay N. Moffitt., Esq.
Morris Nichols Arsht & Tunnell
1201 N. Market St.
Wilmington, DE 19801
wlafferty@mnat.com

and that I served a copy electronically this day to the following:

Michael C. O'Neil
Paula D. Friedman
DLA Piper US LLP
203 N. LaSalle St., Ste. 1900
Chicago, IL  60601-1293
michael.Oneil@dlapiper.com
paula.friedman@dlapiper.com

Yeager Law Firm,
  /s/ B. Joyce Yeager
B. Joyce Yeager, *pro hac vice*
KS Bar No.  18932, MO Bar No. 46013
P.O. Box 2469
Mission, KS  66201-2469
(913) 648-6673
Facsimile (773) 326-3538

DATE: October 10, 2007