# EXHIBIT Q

Page 3

1                    IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF DELAWARE

2

3

        STEVEN G. MILLETT, MELODY J.      )

4       MILLETT, On Behalf of            )

        Themselves and All Others        )

5       Similarly Situated,              )

                                          )

6                  Plaintiffs,            )

                                          )

7           vs.                          )   No. 05-599-SLR

                                          )

8       TRUELINK, INC., a Trans Union    )

        Company                           )

9                                         )

                   Defendant.             )

10

11

12              VIDEOTAPED DEPOSITION OF LUCY

13      DUNI, produced, sworn, and examined on behalf of the

14      Plaintiff, March 28, 2007, between the hours of

15      9:41 a.m. in the morning and 3:07 p.m. in the

16      afternoon on that day at 203 North LaSalle Street,

17      Suite 1900, Chicago, Illinois, before Roselind C.

18      Pisano, a Certified Shorthand Reporter, and Notary

19      Public.

20

21

22

23

24

25

1                    A P P E A R A N C E S

2

        The Plaintiff was represented by

3    Ms. B. Joyce Yeager of the law firm of Yeager Law

     Firm., L.L.C., 7270 West 98th Terrace, Building 7,

4    Suite 220, Overland Park, Kansas 66212.

5

        The Defendant was represented by Ms. Paula

6    D. Friedman of the law firm of DLA Piper, 203 North

     LaSalle Street, Suite 1900, Chicago, Illinois

7    60601-1293.

8

9    o0o

10   Also Present: Joseph Cirillo, videographer

     representing Pohlman Reporting Company located at

11   211 North Broadway, Saint Louis, MO 63102.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 35

1    that, you know, we helped to design the whole page,

2    but these are the products that we're responsible

3    for.

4         Q.    Thank you for that clarification.

5              I'd like to direct your attention to the

6    third item down, the entry that says "Online credit

7    monitoring starting at 10.95 a quarter."

8              Do you see that reference on this document?

9    A.    Yes.

10        Q.    And that line reads "Identity theft and

11   fraud protection.  Stay informed with ongoing access

12   to your credit report and weekly fraud-watch

13   e-mails."

14             Am I reading that correctly?

15   A.    Yes.

16        Q.    What -- in what manner does online credit

17   monitoring provide fraud protection?

18        A.    Well the fraud-watch e-mails alert you to

19   significant changes in your credit file, and if it's

20   something that you don't recognize it could be a

21   sign of fraud.

22        Q.    Can one be a victim of fraud and discover

23   that many, many years after the fact?

24             MS. FRIEDMAN:  Objection.  Lack of

25   foundation, calls for speculation.

1    Q.   Assuming, as we must, that this page was

2    from 2003.  Making that assumption, what monitoring

3    service products would have been available in 2003?

4         MS. FRIEDMAN:  Objection.  Lack of

5    foundation.

6         THE WITNESS:  The product that's described

7    here, the Credit Monitoring.

8    BY MS. YEAGER:

9    Q.   And does this particular product monitor

10   only one credit union report?

11   **A.   Yes.**

12   Q.   Which credit union?

13   **A.   TransUnion.**

14   Q.   I'd like to refer you, if I might, to the

15   second entry.  It says "Protection: Complete

16   identity theft protection with weekly fraud-watch

17   e-mails."

18        Am I reading that text correctly?

19   **A.   Yes.**

20   Q.   How does the monitoring service provide

21   complete identity theft protection?

22   **A.   Well it specifies "weekly fraud-watch**

23   **e-mails," and then down below it explains how those**

24   **work.  "Receive weekly e-mail alerts to changes in**

25   **your report, find out about credit report changes,**

Page 45

1    including fraudulent activity, new inquiries, new

2    accounts, late payments and more."

3            And then there is this "Learn More" link

4    that goes on to describe it in more detail.

5        Q.   If one were to follow that link, would one

6    be referred to a TrueCredit.com web site page?

7        A.   Yes.

8        Q.   Are there any other changes to a credit

9    report that would result in an e-mail alert?

10            MS. FRIEDMAN:  Objection.  Vague.  Any

11    other changes other than what?

12            MS. YEAGER:  The five she's directed us to

13    here.

14            MS. FRIEDMAN:  Well it says "And more,"

15    so...

16            THE WITNESS:  Yes.

17    BY MS. YEAGER:

18        Q.   Do you know what the "and more" reference

19    is to?

20        A.   I don't know them off the top of my head.

21        Q.   Where could I find those?

22        A.   They are on the web site.

23        Q.   Are all of the changes which are monitored

24    listed on the web site?

25        A.   Yes.

Page 47

1    presumably there would be two alerts.

2    BY MS. YEAGER:

3        Q.    If an account only appeared on one credit

4    report, then would only one alert be sent?

5        A.    Yes.

6        Q.    How does the fact that one receives a

7    fraud-watch e-mail alert provide complete identity

8    theft protection?

9        **A.    Well in the context of the way that we're**

10   **selling the product here, it alerts then to**

11   **potential fraud.**

12       Q.    Does it alert you after the fraud has taken

13   place?

14       **A.    Well it would alert you to those critical**

15   **changes, like an address change or a new inquiry or**

16   **a new account, which could signal fraud.**

17       Q.    In what way is a change to a credit report

18   an indication of fraud?

19            MS. FRIEDMAN:  Objection.  Lack of

20   foundation.

21            THE WITNESS:  Can you say that one more

22   time?

23   BY MS. YEAGER:

24       Q.    As I understand your testimony, you're

25   saying that you are completely protected from

Page 48

1    identity theft if you receive alerts about changes

2    to your credit report.  Is that your testimony?

3        A.    Well, I mean, in the context of credit

4    monitoring, alerting you to changes in your credit

5    report is a good way to identity -- identify

6    identity theft.

7        Q.    But you don't know whether or not all the

8    information available to a credit union appears on

9    one's credit report?

10       A.    I don't know what information TransUnion or

11   any credit bureau ultimately know exactly what is

12   stored, no.

13       Q.    I need to direct your attention down to the

14   box that says "New! Fraud Resolution Services."

15            It's near the bottom of the page.  Do you

16   see that entry?

17       A.    Yes.

18       Q.    What are fraud resolution services?

19       A.    Fraud resolution services is what is

20   described here.  If you become a victim of identity

21   theft the service helps you to resolve the identity

22   theft.

23       Q.    And how does it help resolve?

24       A.    By -- the way that it works is, you know,

25   you call and they can help you to remove inaccurate

Page 107

1          **A.     Emphasis.**

2          Q.     Who determines what text should be

3    emphasized?

4          **A.     The copyrighter, the graphic designer.**

5    **They work together on something like an e-mail like**

6    **this.**

7          Q.     There is a reference on this text to --

8    underneath the TrueCredit trademark that says

9    "Brought to you by TransUnion."

10          Have all TrueCredit trademarks included

11   that statement, "Brought to you by TransUnion"?

12          **A.     Since 2002 we've been using "TrueCredit**

13   **brought to you by TransUnion."**

14          Q.     Why did you begin to use that in 2002?

15          **A.     That was when TransUnion acquired our**

16   **company.**

17          Q.     I'd like to direct your attention to the

18   text in the very first paragraph, the second

19   sentence.  "We're pleased that you've chosen our

20   program to help you stay on top of your credit and

21   guard against identity theft."

22          In what way does the Credit Monitoring

23   service allow you to stay on top of your credit?

24          **A.     It kind of goes into it here in this**

25   **e-mail.  Right now -- "You can feel confident**

Page 108

1    knowing that, right now, your credit report is being

2    monitored for changes."  And then, you know, it

3    details the changes.

4           So that's how it helps you to stay on top

5    of your credit, by informing you of critical

6    changes.

7    Q.   If a consumer were not notified -- strike

8    that.

9           In what way does the Credit Monitoring

10    service guard against identity theft?

11    A.   It also details, you know, details it --

12    it's in the same way.  It notifies you of critical

13    changes to your credit report.

14    Q.   What is a critical change?

15    A.   Some examples here are new inquiries,

16    address changes, new accounts opened in your name.

17    And then those are what we were talking about

18    earlier, those critical changes.

19    Q.   And why are those items selected as a

20    critical change?

21    A.   Those are the -- we use a TransUnion watch

22    to -- and that's what it watches for.  So that's how

23    they were selected.

24    Q.   Could you increase the number of items

25    which would be monitored for changes?

# EXHIBIT R

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

COPY

STEVEN G. MILLETT, MELODY J.        )
MILLETT, On Behalf of               )
Themselves and All Others           )
Similarly Situated,                 ) Case No. 05-599-SLR
                                    )
            Plaintiffs,             )
                                    )
vs.                                 )
                                    )
TRUELINK, INC., A Trans Union       )
Company,                            )
                                    )
            Defendants.             )
                                    )
_____)


VIDEOTAPED DEPOSITION OF BRIAN MATIS

San Luis Obispo, California

Wednesday, June 27, 2007

8:35 a.m. - 11:05 a.m.



Reported by:  Lora L. Shoffstall, RPR, CSR 9271




One Metropolitan Square Suite 2040, St. Louis, MO 63102
p 314.421.0099  f 314.421.1115 toll free 877.421.0099
www.PohlmanUSA.com

Page 2

1           THE VIDEOTAPED DEPOSITION OF BRIAN MATIS

2 was taken at the Embassy Suites, 333 Madonna Road,

3 San Luis Obispo, California, before Lora L. Shoffstall,

4 CSR No. 9271 and Registered Professional Reporter, on

5 Wednesday, June 27, 2007, commencing at 8:35 a.m.

6

7 APPEARANCES OF COUNSEL:

8

  For Plaintiffs:

9

10          YEAGER LAW FIRM, L.L.C.

            BY:  B. JOYCE YEAGER

11          7270 West 98th Terrace, Building 7, Suite 200

            Overland Park, Kansas  66212

12          (913) 648-6673

13          and

14          SWANSON MIDGLEY, LLC

            Attorneys at Law

15          BY:  MICHAEL W. BLANTON

            2420 Pershing Road, Suite 400

16          Kansas City, Missouri  64108

            (816) 842-6100

17

18 For Defendants:

19

            DLA PIPER US, LLP

20          Attorneys at Law

            BY:  PAULA D. FRIEDMAN

21          203 North LaSalle Street, Suite 1900

            Chicago, Illinois  60601-1293

22          (312) 368-7258

23

  The Videographer:

24

25          KEITH HALL

Page 19

1 tactic.

2 BY MS. YEAGER:

3    Q.    Is it marketed -- is credit monitoring

4 marketed by your company as a tool to prevent identity

5 theft?

6    **A.    I don't know if it's a tool to prevent**

7 **identity theft.  I think it is a tool to help out with**

8 **that.**

9    Q.    How does it help?

10    **A.    Well, by checking your credit report, you can**

11 **see if there's things that you don't recognize on**

12 **there, which is a sure sign that maybe something**

13 **strange is going on.**

14    Q.    What types of identity theft could be seen on

15 a credit report?

16         MS. FRIEDMAN:  Objection.  Lack of foundation.

17         THE WITNESS:  Well, from my perspective, you

18 could see things like an account that wasn't -- was one

19 that you didn't recognize.  That could happen if, say,

20 somebody had used my information to open an account,

21 like they stole my mail or something.  Then I could see

22 if there was this account showing up on my credit

23 report, and then I would know that I needed to dispute

24 that.

25 /

1 BY MS. YEAGER:

2    Q.    Are there various types of identity theft and

3 credit fraud?

4        MS. FRIEDMAN:  Objection.  Compound and

5 calls -- lack of foundation.

6 BY MS. YEAGER:

7    Q.    Are there various types of credit fraud?

8    **A.    I'm not really familiar with the term "credit**

9 **fraud."**

10    Q.    Are there various types of identity theft?

11        MS. FRIEDMAN:  Same objection.

12        THE WITNESS:  I really don't know.

13        MS. YEAGER:  Okay.  Let's mark Exhibit

14 Number 74, please.

15        (Plaintiffs' Exhibit 74 was marked for

16        identification and is attached hereto.)

17        MS. YEAGER:  Can we go off for just a second?

18        THE VIDEOGRAPHER:  You bet.  The time is

19 8:59 a.m.  We're off the record.

20        (Recess.)

21        THE VIDEOGRAPHER:  The time is 9:03 a.m.

22 We're back on the record.

23        MS. YEAGER:  I apologize for that.  I had

24 photocopy issues.

25    Q.    All right.  We have marked Exhibit Number 74,

Page 23

1    A.    Well, first I want to know is there any hint

2 to me that somebody else is using it, because I'd have

3 to like really narrow down how it might be getting

4 used.  I mean, if somebody just has it, I can't

5 really -- I can't think of any way that I could

6 possibly know if somebody just had that piece of

7 information.  Certainly I'd want to look into -- into

8 my credit reports, as it's a common reason why I think

9 somebody would want to steal a Social Security number.

10 I'd probably want to check with the Social Security

11 Administration to see if they're noticing anything

12 weird in their words.

13    Q.    Do you know whether the Social Security

14 Administration will tell you that?

15    A.    I have no idea.  I haven't talked to them.

16    Q.    Are you aware that some people provide another

17 individual's Social Security number to law-enforcement

18 agencies?

19         MS. FRIEDMAN:  Objection.

20         THE WITNESS:  I think I've heard about that on

21 the news, but --

22 BY MR. YEAGER:

23    Q.    Would your product alert you -- you purchased

24 the credit-monitoring product for yourself.  Is that

25 correct?

# EXHIBIT R
# PAGES 62-63 REDACTED

# EXHIBIT R
# PAGES 68-69 REDACTED

Page 81

1       A.    Has he used my name at all --

2       Q.    Just --

3       A.    -- or just my Social?

4       Q.    We're talking about Social Security number for

5   now.

6       A.    Like what was -- what was their intended

7   purpose?

8       Q.    If you were damaged when someone used your

9   Social Security number, would you consider it identity

10  theft?

11          MS. FRIEDMAN:   Objection.   Incomplete

12  hypothetical.   I mean, if you want to suggest how he

13  might have been damaged.

14  BY MS. YEAGER:

15      Q.    If you were damaged in any way because someone

16  was using your Social Security number, would you

17  consider it identity theft?

18      A.    Have they claimed to be me?

19      Q.    Just your Social Security number.

20      A.    They haven't -- they haven't opened accounts

21  in my name or anything.   They're just --

22      Q.    Just your Social Security number.

23      A.    That sounds like Social Security number theft.

24      Q.    Do you consider that identity theft?

25      A.    I am not my Social Security number, so no.

Page 82

1    Q.    If someone were obtaining a telephone service

2 or a utility in your name, would you personally

3 consider that identity theft?

4    **A.    Did they indicate to the company that they**

5 **were me?**

6    Q.    Yes.

7    **A.    Yeah.    If they were impersonating me and using**

8 **my information, then, yes.**

9    Q.    Why do you feel that way about your name and

10 not your Social Security number?

11        MS. FRIEDMAN:    Objection.    I don't think that

12 was his testimony.

13        THE WITNESS:    Yeah, that wasn't -- my

14 statement had been that the key difference, it seems,

15 is them stating that they are me, that they are Brian

16 Matis, and not -- and I don't just mean that in kind of

17 the -- the name sense.    I mean that they're trying to

18 say that they're me.

19 BY MS. YEAGER:

20    Q.    If someone is using your Social Security

21 number, are their earnings being reported to the Social

22 Security Administration?

23        MS. FRIEDMAN:    Objection.    Lack of foundation.

24        THE WITNESS:    And yeah, I don't know what gets

25 reported to Social Security Administration.

# EXHIBIT S

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEVEN G. MILLETT, MELODY J. MILLETT,  )
On Behalf of Themselves and All Others  )
Similarly Situated,  )
                                  )
             *Plaintiffs,*  )
                                  )      Case No. 05-599-SLR
v.  )
                                    )
TRUELINK, INC.,  )
A Trans Union Company,  )
                                    )
             *Defendant.*  )

### PLAINTIFFS' RESPONSE TO TRUELINK, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Plaintiffs, Steven G. Millett and Melody J. Millett, by and through their attorneys of record,
pursuant to Federal Rule of Civil Procedure 34 and local rules, respond to Defendant TrueLink, Inc.'s
First Request for Production of Documents to Plaintiffs.

### REQUEST FOR PRODUCTION

1.     All documents which were utilized in preparing Plaintiffs' responses to TrueLink's First
Set of Interrogatories to Plaintiff Steven G. Millett.

Response to Request Number 1.      Documents responsive to this request were provided previously to
counsel and to former counsel pursuant to Federal Rule of Civil Procedure 26.  Documents were provided
to counsel on CD Roms containing documents in .pdf format.  Plaintiffs provided these documents as a
courtesy and provided them again as disclosures pursuant to Plaintiffs' obligations under Rule 26.

Documents responsive to this request are contained throughout Plaintiffs' production and
individual identification of each document responsive would be burdensome and oppressive.  Without
waiving the foregoing objection, Plaintiffs believe that all documents responsive to this request have been
produced, including documents on CD Roms 1 (Plaintiffs' original documents), CD2 (Documents
produced by creditors and others pursuant to subpoena in Millett v. Experian Information Solutions, Inc.,

- 1 -



m Millett

EXHIBIT NO. 30
071307   nms

Metropolitan
COURT REPORTERS

*et al*, C.D. Cal., Case No. SACV-00879 JVS), CD3 (Documents produced by creditors and others

pursuant to subpoena in Millett v. Experian Information Solutions, Inc., *et al*, C.D. Cal., Case No. SACV-

00879 JVS), CD5(Documents produced by creditors and others pursuant to subpoena in Millett v.

Experian Information Solutions, Inc., at al, C.D. Cal., Case No. SACV-00879 JVS), CD6 (Documents

produced by creditors and others pursuant to subpoena in Millett v. Experian Information Solutions, Inc.,

*et al*, C.D. Cal., Case No. SACV-00879 JVS), CD 7 (Reports and studies pertaining to consumer identity

theft and credit fraud).

 Plaintiffs will supplement this response as additional materials are identified. Some documents

responsive to this request are subject to protective orders and confidentiality agreements. With consent of

the party asserting the confidentiality of these documents, the documents will be made available by

Plaintiffs to Defendant TrueLink. Consent would need to be obtained from Experian Information

Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor

Credit Company, Fair Isaac and Company, Inc , and CSC Credit Services, Inc. Plaintiffs will cooperate

with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and

depositions and deposition exhibits and will provide defense counsel with the necessary contact

information of representatives or counsel for these entities.


2. All documents constituting resumes or curriculum vitae of Plaintiffs and/or other

documents constituting summaries of Plaintiffs' education and/or employment history.

Response to Request Number 2. No resumes or related materials are available. Deposition

testimony of Plaintiffs' employment and educational background has been taken in related litigation and

will be produced.


3. All documents relied upon in preparing the Fourth Amended Complaint.

*Response to Request Number 3.*    Plaintiffs object to this request as being overly broad and burdensome. Subject to that objection, and without waiving that objection, Plaintiffs have produced all non-privileged documents that are responsive to this request and Plaintiffs refer Defendant to the CD Roms set out in Response Number 1. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

4.    All documents which constitute, relate or refer to products purchased by Plaintiffs from Defendant.

Response to Request Number 4.    Plaintiffs have produced all non-privileged documents that are responsive to this request and Plaintiffs refer Defendant to the CD Roms set out in Response Number 1, particularly the CD Rom labeled TU Emails produced in October 2006. Plaintiffs' also state that certain media advertising cannot be produced, such as internet advertisements that were not downloaded or printed at the time they were viewed. Documents in CD 1, including Millett 00365-00367, 000547 through 000549, 00871-00873, 00890-00892, 00915 to 00917, 00934 to 00935, and 01009 to 01013 identify the products reviewed and information displayed by Defendant and its predecessors, successors, agents, and related companies. Additional pertinent materials were produced to Plaintiffs' counsel from defense counsel and include the contract which Defendants purport to be the pertinent contract for the time period of Plaintiffs' initial purchase.

5.    All documents which constitute, relate or refer to all print-outs of Website pages owned and/or operated by Defendant and visited by the Plaintiffs.

Response to Request Number 5.    Plaintiffs refer Defendant to Response Number 4 and incorporate that response herein.

6.      All documents which constitute, relate or refer to any communication between Plaintiffs, or anyone acting on Plaintiffs' behalf, and TrueLink.

Response to Request Number 6.      Plaintiffs have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 1. Some oral communications with Defendant might not have been documented by Plaintiffs. Documents responsive to this request are in the possession, custody, and control of Defendant or TransUnion, LLC.

7.      All documents which constitute, relate or refer to any communications between Plaintiffs, or anyone acting on Plaintiffs' behalf, and any credit bureau, reseller, consumer reporting agency, or any other furnisher of consumer credit history information.

Response to Request Number 7.      Plaintiffs have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Roms 1, 2, 3, 5, and 6. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

8.      All documents which constitute, relate or refer to any product or alleged service offered by TrueLink.

Response to Request Number 8.      Plaintiffs have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly the CD Rom labeled TU Emails produced in October 2006. Plaintiffs also state that certain media advertising cannot be produced, such as internet advertisements that were not downloaded or printed at the time they were viewed. Documents responsive to this request are contained throughout Plaintiffs'

- 4 -

production and individual identification of each document responsive would be burdensome and oppressive. Subject to that objection, Plaintiffs refer Defendant to its response to Request Number 4. Documents responsive to this request are in the possession, custody or control of Defendant or TransUnion LLC.

9.    All documents which constitute, relate or refer to any dispute made by or on behalf of Plaintiffs regarding credit report or credit history information relating to Plaintiffs.

Response to Request Number 9.    Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have filed a motion to dismiss the Count in the Fourth Amended Complaint pertaining to the Fair Credit Reporting Act. Information pertaining to that Count is no longer relevant. Subject to that objection, and without waiving that objection, Plaintiffs have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 1. Documents responsive to this request are in the possession, custody or control of Defendant or TransUnion LLC. Responsive documents include Millett 00016, 00014-00018, 00026, 00032-00020, 00048, 00070, 00086, 00091, 000111, 00121, 00123, 00100128-00129, 00141-00141, 00153-00160, 00172-00188, 00209-00211, 00375, 00715, 00752, 00736,00940, 00943-00947, 00986-00987, 01006 and 01123-01128.

10.    All documents which constitute, relate or refer to email alerts received by Plaintiffs from Defendant.

Response to Request Number 10.    Plaintiffs have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly the CD Rom labeled TU Emails produced in October 2006. Plaintiffs also state that certain media

advertising cannot be produced, such as internet advertisements that were not downloaded or printed at the time they were viewed.

11.    All documents which relate or refer to PromiseMark.

Request to Response Number 11.    Plaintiffs have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly the CD Rom labeled TU Emails produced in October 2006. Plaintiffs also state that certain media advertising cannot be produced, such as internet advertisements that were not downloaded or printed at the time they were viewed.  Documents responsive to this request are in the possession, custody or control of Defendant, TransUnion, LLC, or others.  The contract provided by former counsel which was represented to be the contract applicable at the time Plaintiffs' purchased the product refers to services to be provided by PromiseMark.  Press reports, including a report from The Washington Business Journal dated June 4, 2003, announce the date of the sale of PromiseMark.  When one attempted to locate PromiseMark through its internet web page, one is directed to Experian Information Solutions, Inc. Documents responsive to this request will be produced.

12.    All documents which relate or refer to "Fraud Resolution services" as that phrase is used in Paragraph 26 of the Fourth Amended Complaint.

Response to Request Number 12.    Plaintiffs have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1.

13.    All documents which evidence, relate or refer to any economic loss suffered by Plaintiffs as a result of the conduct of the Defendant alleged in Plaintiffs' Fourth Amended Complaint.

Response to Request Number 13.     Objection. The documentation requested is obtainable from some other source that is more convenient, less burdensome, or less expensive. Plaintiffs categorized their damages in their Rule 26 disclosures to include statutory damages, penalties, costs, and fees pursuant to state and federal consumer statutes, and to costs for products and services.   Documentation pertaining to the amounts paid by Plaintiffs and members of the class for products and services is available to Defendant or TransUnion LLC or their predecessors in interest. Information from personal checking accounts of Plaintiff concerning amounts paid to Defendant or TransUnion LLC or their related companies will be reviewed and pertinent entries in those banking statements which are still available to Plaintiffs will be produced at a later date.

14.     All documents which evidence, relate or refer to any emotional or mental distress suffered by Plaintiffs as a result of the conduct of the Defendant alleged in Plaintiffs' Fourth Amended Complaint.

Response to Request Number 14.     Plaintiffs incorporate their Responses to Request Number 13.

15.     All documents which evidence, relate or refer to any physical injury suffered by Plaintiffs as a result of the conduct of the Defendant alleged in Plaintiffs' Fourth Amended Complaint.

Response to Request Number 15.     See Response to Request Number 13.

Objection. This request calls for information that is not reasonably calculated to lead to discovery of admissible evidence.

16.     All reports, including but not limited to, factual observations, tests, supporting data, calculations, or opinions prepared by or for each expert or opinion witness that the Plaintiffs expect to call at the trial of this lawsuit.

Response to Request Number 16.    Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or work product privilege. No privileged documents are being withheld at this time.

Without waiving the foregoing objection, Plaintiffs state that they have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 7 produced in October 2006. Plaintiffs will supplement this response in accordance with the Court's scheduling order pertaining to expert identification and production of expert reports.

17.    All documents provided to each expert or opinion witness that the Plaintiffs expect to call at the trial of this lawsuit.

Response to Request Number 17. Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or work product privilege. No privileged documents are being withheld at this time.

Without waiving the foregoing objection, Plaintiffs state that they have produced all non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 7 produced in October 2006. Plaintiffs will supplement this response in accordance with the Court's scheduling order pertaining to expert identification and production of expert reports.

18.    All files, correspondence, notes, records, journals, diaries, or other documents made or kept by, or on behalf of, the Plaintiffs concerning the facts alleged or claims asserted by the Plaintiffs in this action.

- 8 -

Response to Request Number 18.     Plaintiffs object to this request to the extent it requests information

protected by attorney client privilege or work product privilege.  Without waiving the foregoing objection,

Plaintiffs state that they have produced all non-privileged documents that are responsive to this request

and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 1. Plaintiffs

direct Defendant to documents Millett 00201 to 00241, 00668-00680, 00692-00699, 00750 to 00751, and

00951 to 00956.  No journals or diaries are made or kept.


19.     All credit reports, file disclosures or credit history information the Plaintiffs have

received from any credit bureau, reseller, consumer reporting agency or any other person.

Response to Request Number 19.     Plaintiffs object to this request to the extent it requests information

protected by attorney client privilege or work product privilege.    Plaintiffs object to this request as

irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs have filed a motion to dismiss the Count in the Fourth Amended Complaint pertaining to the

Fair Credit Reporting Act.  Information pertaining to that Count is no longer relevant.  Subject to that

objection, and without waiving that objection, Plaintiffs have produced non-privileged documents that are

responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly

CD Rom 1.  Documents responsive to this request are in the possession, custody or control of Defendant

or TransUnion LLC.

        Objection.  Credit reports from other credit reporting agencies are irrelevant.  This request is

overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

    .  Plaintiffs will supplement this response as additional materials are identified.  Some documents

responsive to this request are subject to protective orders and confidentiality agreements.  With consent of

the party asserting the confidentiality of these documents, the documents will be made available by

Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from Experian Information

Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

20.    All documents which constitute, relate or refer to any contract or other agreement with credit counseling services, credit clinics, credit repair organizations, or any other person, who has assisted the Plaintiffs in communicating with any credit bureau, reseller or consumer reporting agency.

Response to Request Number 20.        Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Objection. Vague.

Plaintiffs have filed a motion to dismiss the Count in the Fourth Amended Complaint pertaining to the Credit Repair Organization Act. Information pertaining to that Count is no longer relevant. Subject to that objection, and without waiving that objection, Plaintiffs have produced non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 1. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

21.    All documents which constitute, relate or refer to communications with any other person with whom the Plaintiffs have had communications regarding Plaintiffs' credit report or credit history.

Response to Request Number 21.    Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or work product privilege.    Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have filed a motion to dismiss the Count in the Fourth Amended Complaint pertaining to the Fair Credit Reporting Act.  Information pertaining to that Count is no longer relevant.  Subject to that objection, and without waiving that objection, Plaintiffs have produced non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 1.  Documents responsive to this request are in the possession, custody or control of Defendant or TransUnion LLC.

Objection.  This request is vague.  Plaintiffs cannot identify the specific documents being requested.  This request is overly broad.

Plaintiffs will supplement this response as additional materials are identified.  Some documents responsive to this request are subject to protective orders and confidentiality agreements.  With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc.  Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

22.    All documents which constitute, relate or refer to the credit history information of Plaintiffs including, without limitation, all file disclosures, credit reports or consumer reports regarding Plaintiffs.

Response to Request Number 22.     Objection. The discovery sought is unreasonably cumulative or duplicative. Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or work product privilege.   Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs have filed a motion to dismiss the Count in the Fourth Amended Complaint pertaining to the Fair Credit Reporting Act. Information pertaining to that Count is no longer relevant.  Subject to that objection, and without waiving that objection, Plaintiffs have produced non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 1.  Documents responsive to this request are in the possession, custody or control of Defendant or TransUnion LLC.

Plaintiffs will supplement this response as additional materials are identified.  Some documents responsive to this request are subject to protective orders and confidentiality agreements.  With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc. , and CSC Credit Services, Inc.  Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.   Additional credit reports will be produced.


23.    All documents which constitute, relate or refer to objections, comments or other statements made by Plaintiffs (or their counsel) regarding the proposed settlement and settlement class in *Browning v. Yahoo! et. al.*, 5:04-cv-01463-HRL (N.D. Cal 2006), including without limitation any submissions to the United States District Court for the Northern District of California or to the presiding judge(s) in that matter.

- 12 -

Response to Request 23.    Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have filed a motion to dismiss the Count in the Fourth Amended Complaint pertaining to the Credit Repair Organization Act. Information pertaining to that Count is no longer relevant. Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or work product privilege. Pleadings filed by Plaintiffs are available to Defendant from the California District Court and that source is more convenient, less burdensome, and less expensive.

Objection. Plaintiffs object to this request to the extent it requests documents protected by the attorney client privilege or documents which are attorney work product.


24.    All documents sufficient to identify the financial resources available to Plaintiffs and/or their counsel in order to fund costs and other expenses necessary to prosecute the claims asserted in the Fourth Amended Complaint, including, without limitation, the funds necessary to provide notice to members of the putative class.

Response to Request Number 24.    Objection. Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or documents which are attorney work product.

Objection. This request is vague. Plaintiffs cannot ascertain what documents are being requested.

Objection. This request calls for confidential financial information of the parties and counsel which is irrelevant, and unduly burdensome.

To the extent this request seeks financial information about the Plaintiffs and counsel, any burden or expense of the proposed discovery outweighs its likely benefit. To this extent this request seeks information about the financial status of plaintiffs or counsel, Plaintiffs object that the burden and expense of any response to this request outweighs its benefit.

- 13 -

Subject to those objections and without waiving those objections, Plaintiffs incorporate the response to Interrogatory to Steven Millett Number 14.

25.    All documents, including, but not limited to all pleadings, which were served on any party or filed with any court in connection with any lawsuit or other legal proceeding in which Plaintiffs were or are a party.

Response to Request Number 25.    Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The discovery sought can be obtained from the courts in question and that source is more convenient, less burdensome, and less expensive.

Objection.  Documents responsive to this request are in the custody and control of others.

Some documents responsive to this request are subject to protective orders and confidentiality agreements.  With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

Subject to those objections, and without waiving those objections, the complaints from proceedings related to credit monitoring or credit reporting will be produced.

Objection.  Documents responsive to this request are in the custody and control of others.

Some documents responsive to this request are subject to protective orders and confidentiality agreements.  With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from

- 14 -

Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

26.    All documents which support, or otherwise relate or refer, to the allegations in Paragraph 24 of the Fourth Amended Complaint that: "The Credit Monitoring service failed to perform as represented by Defendant and failed to provide all or some of the services identified in the marketing materials and Contracts."

Response to Request Number 26.    Objection.  This request is vague.  Plaintiffs cannot identify all documents which relate or refer to credit monitoring.

Objection.  This request is overly broad.

Objection.  Documents responsive to this request are in the custody and control of others.

Subject to those objections and without waiving those objections, Plaintiffs incorporate their Response to Request Number 1.  In addition, Plaintiffs refer Defendant to the materials on CD 7. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Some documents responsive to this request are subject to protective orders and confidentiality agreements.  With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure

- 15 -

of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

27.    All documents which support, or otherwise relate or refer, to the allegations in Paragraph 44 of the Fourth Amended Complaint that: "Defendant has committed unfair and deceptive acts as defined in the KCPA in that Defendant has willfully used, in written representations regarding the marketing of the Credit Monitoring service, exaggeration, falsehood, innuendo or ambiguity as to a material fact; and Defendant has willfully failed, with regard to the marketing of the Credit Monitoring service, to state certain material facts, or has willfully concealed, suppressed or omitted certain material facts."

Response to Request Number 27.    Objection. This request is vague. Plaintiffs cannot identify all documents which relate or refer to credit monitoring.

Objection. This request is overly broad.

Objection. Documents responsive to this request are in the custody and control of others.

Subject to those objections, and without waiving those objections, Plaintiffs incorporate their Response to Request Number 1. In addition, Plaintiffs refer Defendant to the materials on CD Rom 1, 2, 3, 5, 6 and 7. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Some documents responsive to this request are subject to protective orders and confidentiality agreements. With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink. Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure

of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

28.    All documents which support, or otherwise relate or refer, to the allegations in Paragraph 45 of the Fourth Amended Complaint that: "Defendant has committed unfair and deceptive acts as defined in the KCPA in that Defendant has falsely stated, knowingly or with reason to know, that the sale of the Credit Monitoring service involves consumer rights, remedies or obligations."

Response to Request Number 28.   Objection.  This request is vague.  Plaintiffs cannot identify all documents which relate or refer to credit monitoring.

Objection.  This request is overly broad.

Objection.  Documents responsive to this request are in the custody and control of others.

Subject to those objections, and without waiving those objections, Plaintiffs incorporate their Response to Request Number 1.  In addition, Plaintiffs refer Defendant to the materials on CD Rom 1, 2, 3, 5, 6, and 7.  Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Some documents responsive to this request are subject to protective orders and confidentiality agreements.  With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

- 17 -

29.     All documents which support, or otherwise relate or refer, to the allegation in Paragraph 46 of the Fourth Amended Complaint that: "Defendant has engaged in unconscionable acts and practices with regard to the marketing and sale of the Credit Monitoring service."

Response to Request Number 29.     Objection. This request is vague. Plaintiffs cannot identify all documents which relate or refer to credit monitoring.

Objection. This request is overly broad.

Objection. Documents responsive to this request are in the custody and control of others.

Subject to those objections and without waiving those objections, Plaintiffs state as follows: Plaintiffs incorporate their Response to Request Number 1. In addition, Plaintiffs refer Defendant to the materials on CD Rom 1, 2, 3, 5, 6, and 7. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Some documents responsive to this request are subject to protective orders and confidentiality agreements. With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink. Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

30.    All documents which support, or otherwise relate or refer, to the allegations in Paragraph 47 of the Fourth Amended Complaint that "Named Plaintiffs and Kansas Class Plaintiffs have been damaged by Defendant's violations of the KCPA."

Response to Request Number 30. Objection. This request is vague. Plaintiffs cannot identify all documents which relate or refer to credit monitoring.

Objection. This request is overly broad.

Objection. Documents responsive to this request are in the custody and control of others.

Subject to those objections and without waiving those objections, Plaintiffs state as follows: Plaintiffs incorporate their Response to Request Number 1. In addition, Plaintiffs refer Defendant to the materials on CD 7. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Some documents responsive to this request are subject to protective orders and confidentiality agreements. With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink. Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

31.    All documents which evidence, relate or refer to all instances in which Plaintiffs, or any other person acting on their behalf, have disputed the accuracy of any credit report or other credit

history information regarding Plaintiffs with a credit bureau, reseller, consumer reporting agency or other entity or person.

Response to Request Number 31.    Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have filed a motion to dismiss the Count in the Fourth Amended Complaint pertaining to the Credit Repair Organization Act and Fair Credit Reporting Act. Information pertaining to those Counts is no longer relevant. Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or work product privilege.

Subject to those objections, and without waiving those objections, Plaintiffs have produced non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 1. Documents responsive to this request are in the possession, custody or control of Defendant or TransUnion LLC.

Plaintiffs will supplement this response as additional materials are identified. Some documents responsive to this request are subject to protective orders and confidentiality agreements. With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink. Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

32.    All documents which describe, relate or refer to any instances in which Plaintiffs were the victim of identity theft.

Response to Request Number 32.     Objection.  Documents responsive to this request are in the possession, custody or control of others.

Objection.  Vague.  Plaintiffs are unable to provide all documents which refer to identity theft.

Subject to those objections, and without waiving those objections, Plaintiffs incorporate their Response to Request Number 1.  In addition, Plaintiffs refer Defendant to the materials on CD Roms 1, 2, 3, 5 and 6.  Plaintiffs have provided Defendants with information pertaining to the known use of Plaintiff Steven Millett's Social Security number by Abundio Cuantle Perez, as well as those associated with him and those using his aliases, and these include documents pertaining to accounts opened, judgments entered, credit refusals, increased expenses paid by Plaintiffs, and the inability to correct the fact that federal agencies and creditors continue to maintain data incorrectly.  Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Some documents responsive to this request are subject to protective orders and confidentiality agreements.  With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc.  Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

Documents responsive to this request are in the possession, custody or control of Defendant or TransUnion LLC.

33.    All documents which support, or otherwise relate or refer, to the allegations in Paragraph 73 of the Fourth Amended Complaint that Defendant "engaged, for a fee, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of providing that information to third parties."

Response to Request Number 33.    Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs have filed a motion to dismiss the Count in the Fourth Amended Complaint pertaining to the Credit Repair Organization Act. Information pertaining to that Count is no longer relevant.  Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or work product privilege.  Documents responsive to this request are in the possession, custody and control of Defendant and TransUnion LLC.

34.    All documents which support, or otherwise relate or refer, to the allegations in Paragraph 76 of the Fourth Amended Complaint that "Named Plaintiffs were unfairly denied credit based upon a credit report prepared by TransUnion, LLC."

Response to Request Number 34.    Plaintiffs incorporate their Response to Request Number 1, particularly CD Rom 1 and the CD Rom labeled TU Emails which was produced in October 2006.  In addition, Plaintiffs refer Defendant to Documents Millett 001006 and the credit denial January 5, 2005 which was provided to counsel for Defendant TrasnUnion.

35.    All documents which support, or otherwise relate or refer, to the allegations in Paragraph 76 of the Fourth Amended Complaint that "Defendant provided inaccurate information bearing on a consumer's creditworthiness or credit character in that it provided no information which would justify the denial of credit."

Response to Request Number 35.    Plaintiffs object to this request as irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs have filed a motion to

dismiss the Count in the Fourth Amended Complaint pertaining to the Credit Repair Organization Act and Fair Credit Reporting Act. Information pertaining to those Counts is no longer relevant. Plaintiffs object to this request to the extent it requests information protected by attorney client privilege or work product privilege. Subject to that objection, and without waiving that objection, Plaintiffs have produced non-privileged documents that are responsive to this request and refer Defendant to the CD Roms set out in Response Number 1, particularly CD Rom 1. Documents responsive to this request are in the possession, custody or control of Defendant or TransUnion LLC.

Plaintiffs object to this request to the extent it seeks information which is subject to attorney client privilege or constitutes work product.


36.     Any statements made by either Plaintiff regarding: (a) identity theft; (b) the use of Mr. Millett's social security number by an imposter; (c) products and/or services offered by Experian, Equifax, Consumerinfo.com, TrueLink, or any other entity distributing credit reports or credit monitoring products; or (d) the role of these parties in facilitating or failing to prevent identity theft.

Response to Request Number 36.     Objection. This request is compound and vague. Plaintiffs cannot ascertain what documents Defendant seeks.

Objection. This request is cumulative and duplicative.

Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome.

Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Subject to those objections, and without waiving those objections, Plaintiffs incorporate their response to Request Number 1.

Some documents responsive to this request are subject to protective orders and confidentiality agreements. With consent of the party asserting the confidentiality of these documents, the documents

- 23 -

will be made available by Plaintiffs to Defendant TrueLink. Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

Documents responsive to this request are in the possession, custody or control of Defendant or TransUnion LLC.


37.     All transcripts or affidavits constituting sworn testimony by Plaintiffs.

Response to Request Number 37.     Objection. Vague. Plaintiffs cannot ascertain what defendants consider sworn testimony or affidavits.

Plaintiffs object to this Request as unreasonably cumulative or duplicative.

Subject to those objections, and without waiving those objections, Plaintiffs incorporate their Response to Request Number 36. Plaintiffs incorporate their Response to Request Number 1. In addition, Plaintiffs refer Defendant to the materials on CD Rom 1. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Plaintiffs will supplement this response as additional materials are identified. Some documents responsive to this request are subject to protective orders and confidentiality agreements. With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink. Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and

- 24 -

depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

38.    All documents which constitute, refer or relate to any marketing by any person of a credit monitoring product or any other product marketed as a tool to prevent and/or minimize the risk of harm from identity theft.

Response to Request Number 38.    Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome and unreasonably cumulative or duplicative.

Objection.  This request is vague.  Plaintiffs cannot identify all documents which relate or refer to credit monitoring.

Objection.  This request is overly broad.

Plaintiffs object to this request to the extent it seeks information which is subject to attorney client privilege or constitutes work product.

Objection.  Documents responsive to this request are in the custody and control of others.

Subject to those objections, and without waiving those objections, Plaintiffs  incorporate their Response to Request Number 1.  In addition, Plaintiffs refer Defendant to the materials on CD Rom 1, 2, 3, 5, 6, and 7.  Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Some documents responsive to this request are subject to protective orders and confidentiality agreements.  With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink.  Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure

- 25 -

of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

Plaintiffs incorporate their Response to Request Number 1. In addition, Plaintiffs refer Defendant to the materials on CD 7. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive. Plaintiffs object to the production of materials from other litigation because such material is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The discovery sought can be obtained from other sources, including, for example, the Fair Trade Commission, and those sources are more convenient, less burdensome, and less expensive.

39.    All documents which constitute, refer or relate to any credit monitoring product or other product marketed as a tool to prevent or mitigate the harm resulting from identity theft.

Response to Request Number 39.    Response to Request Number 38.    Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome and unreasonably cumulative or duplicative.

Plaintiffs object to this request to the extent it seeks information which is subject to attorney client privilege or constitutes work product.

Objection. This request is vague. Plaintiffs cannot identify all documents which relate or refer to credit monitoring.

Objection. This request is overly broad.

Plaintiffs incorporate their Response to Request Number 1. In addition, Plaintiffs refer Defendant to the materials on CD Rom 1, 2, 3, 5, 6, and 7. Documents responsive to this request are contained

- 26 -

throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive.

Objection. Documents responsive to this request are in the custody and control of others.

Some documents responsive to this request are subject to protective orders and confidentiality agreements. With consent of the party asserting the confidentiality of these documents, the documents will be made available by Plaintiffs to Defendant TrueLink. Consent would need to be obtained from Experian Information Solutions, Inc, Equifax Credit Information Services, Inc., Bank of America Corporation, Ford Motor Credit Company, Fair Isaac and Company, Inc., and CSC Credit Services, Inc. Plaintiffs will cooperate with counsel for Defendant TrueLink, Inc. in obtaining permission for disclosure of these documents and depositions and deposition exhibits and will provide defense counsel with the necessary contact information of representatives or counsel for these entities.

Objection. Vague. Plaintiffs cannot ascertain what documents Defendant seeks.

Subject to those objections and without waiving those objections, Plaintiffs incorporate their Response to Request Number 1. In addition, Plaintiffs refer Defendant to the materials on CD 7. Documents responsive to this request are contained throughout Plaintiffs' production and individual identification of each document responsive would be burdensome and oppressive. Plaintiffs object to the production of materials from other litigation because such material is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The discovery sought can be obtained from other sources, including, for example, the Fair Trade Commission, and those sources are more convenient, less burdensome, and less expensive.

DATED: February 21, 2007

Respectfully submitted,

Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

and

/s/ Barry R. Grissom
Barry R. Grissom, Esq., *pro hac vice*
KS Bar. Id. No. 10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, Kansas 66212
Phone: (913) 341-6616

Bryson R. Cloon, *pro hac vice*
KS Bar. Id. No. 08660
MO Bar. Id. No. 36843
Cloon Law Firm
11150 Overbrook Road
Leawood, KS 66211
Phone: (913) 661-9600
Facsimile: (913) 661-9614

B. Joyce Yeager, *pro hac vice*
KS Bar No. 18932
MO Bar No. 46013
City Center Square
1100 Main St., 26th Floor
Kansas City, Missouri 64105
Phone: (816) 876-2600
Facsimile: (816) 221-8763

Michael W. Blanton, *pro hac vice*
MO Bar. Id. No. 46490
Swanson Midgley, LLC
2420 Pershing Road, Ste. 400
Kansas City, Missouri 64108
Phone: (816) 842-6100
COUNSEL FOR PLAINTIFFS

- 28 -

<u>CERTIFICATE OF SERVICE</u>

I, Christopher J. Curtin, Esq., hereby certify that on February 21, 2007, I served an original and copy of the foregoing Plaintiffs' Responses to First Request for Production of Documents by depositing the same in the United States Mail, postage prepaid to

William M. Lafferty, Esq.
Jerry Clyde Harris, Jr., Esq.
Morris Nichols Arsht & Tunnell
1201 N. Market St.
Wilmington, DE 19801
<u>wlafferty@mnat.com</u>

and that I served a copy electronically this day to the following:

Michael C. O'Neil
Paula D. Friedman
DLA Piper US LLP
203 N. LaSalle St., Ste. 1900
Chicago, IL 60601-1293
michael.Oneil@dlapiper.com
paula.friedman@dlapiper.com

ERISMAN & CURTIN

<u>/s/ Christopher J. Curtin</u>
Christopher J. Curtin
DE Bar Id. No. 0226
Erisman & Curtin
629 Mount Lebanon road
Wilmington, Delaware 19803
Phone: (302) 478-5577
Facsimile: (302) 478-5494
Email: ccurtin659@aol.com

DATE: February 21, 2007

# EXHIBIT T



2005 Credit Suit   2005 Junk Fax Suit   BayHouse   .CreditForum   CreditCourt   CreditFactors
                                                                    News Releases

                                                              FAQ   Help   Search

Welcome Guest ( Log In | Register )

▷ Fight Back!!! > The DEFENDANTS - CRAs, Fair Isaac .... > Identity Theft



| Should I Order A Credit Monitoring Product?, Melody's ID theft research | Outline · [ Standard ] · Linear+ |
|---|---|

Track this topic | Email this topic | Print this topic

**creditmonitoringsucks**        ☐ Jul 5 2004, 12:48 AM                    Post #1

Member

Well since my moniker for these forums and my website is creditmonitoringsucks you pretty much have my experience and my opinion all at the same time in a concise format too.

Group: Members
Posts: 45
Joined: 3-July 04
Member No.: 32

The use of credit monitoring should be weighed between value of documentation, and the value of notification services.

In order for us to discuss documentation vs. notification you must first understand and fully comprehend, there are multiple kinds if ID theft and they affect the credit reports in different ways.

1) True Name Fraud -- A Person uses your name and your address/Their address and your SSN to apply for credit, this will show on your credit report, and monitoring will work in this case very nicely. However, this is the only kind of Id theft it actually works for and they do not disclose anywhere on their sites that this is the ONLY kind of fraud it can actually be a useful notification tool for.

2) SSN Only fraud -- They say it is the fastest growing, I say it has always been the most prevalent form of ID theft. People entering the country illegally need an SSN to work. It is required for I-9's and Tax withholding.

*They do not need your name, but they can wreak havoc in the credit markets by essentially taking your rightful place under your number. If they also do not pay the bills, their skip tracers will find you, and attempt to collect their debts from you. It has happened to us, so we know. They can cause criminal justice problems by using your number for accidents, insurance, and criminal*

M. Millett
DEPOSITION
EXHIBIT 26
5/10/06   AS

M Millett
EXHIBIT NO. 37
071307
Metropolitan
COURT REPORTERS

*arrests (We know about this as well, and are still cleaning up this problem).
They can also cause severe problems in civil court judgments, bankruptcy
filings. In Need of social services? Fraudulent use of your SSN can cause you
to lose SSI payments and your Social security check if retired. One site I read
by someone who has lost some of their disability payments because someone
is using their number fraudulently and they are reducing her benefit by the
amount of their earnings.*

**Credit monitoring does not work for this form of ID theft. <u>AT
ALL.</u>**

*Because of the CRA's crappy business practices which they lie
to the public about. In the Salt Lake tribune on June 6, 2004
Experian and Equifax denied the existence of sub files through
their spokespeople. Only TransUnion refused to comment.*

I know they exist I have personally seen them. I have copies of the
Transunion sub file accounts from Transunion, and more importantly,
I also know for several accounts we had closed the fraud department
reps said that Equifax and Experian sold them the report used to
make their credit granting decision. They did not know we existed.
Had NEVER even seen my husband's name before.

**Their practice of NOT treating SSN's as unique identifiers in
their databases causes this problem.**

The way it works is simple. If you have John Doe and Charlie Moe both using
the same SSN of 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 then there will be two separate files. But wait
you say, the number was only issued to John Doe.

Too bad, the CRA is making money off extra business data tools like Social
Search, DTEC, and Hawk. *<u>They are also making money every time
they sell the Charlie Moe report</u>*, they are double dipping on your social
security number in terms of report sales since they sell the John Doe report
and the Charlie Moe report they effectively **DOUBLE THEIR REVENUE AT
YOUR EXPENSE.**

<u>Cleaning up the Fraud</u> is NOT a cost effective proposition for them, <u>they
lose half their revenue, *and their so-called SSN fraud tools they spent
millions to develop would be worthless.*</u>

If the sub files did not exist as claimed in the Salt Lake City Tribune on June
6, 2004 "A New Wrinkle in ID theft" , there would not be <u>*"UP TO 20
CONSUMERS USING THE SAME SOCIAL SECURITY NUMBER"*</u> in
their records at Experian.

<u>*So, what motivation do they have to fix the problem?*</u>

**The ANSWER IS NONE** again in my opinion.

**They will not help you remove the fraudulent information from the bureau.**

*In fact they will tell you after you report it that they will continue to maintain it if they will even speak to you at all (Transunion). They may just tell you "We need a federal court order to comply" and after that silence (Experian and Equifax). That is right they FORCED us to SUE them to get the stuff fixed, where else are we going get a federal court order to get our life fixed unless we sue in federal court?*

THE REAL QUESTION IS WHY WOULD YOU WANT TO MAINTAIN FRAUDULENT INFORMATION?

Who i$ it really valuable to?

**Certainly not the rightful holder of the SSN.**

Therefore IT is my opinion they should have to pay a royalty fee for using the fraud information in this manner, with the owners consent of course. You would have the right to refuse.

After all WHO really OWNS the number. Them or YOU?

If you had true name fraud, they would have to delete it to maintain your credit report accuracy. However, with SSN only fraud and the creation of the sub file they can THUMB their nose at you, by saying your report is accurate. Even though it is wreaking financial havoc throughout your life. Because they continue to SELL the fraudulent report behind your back. They deny you the right to consent for your social security number to be used for the purpose of another and they exercise DOMINION over the use of your confidential information with these products showing you have been the victim of fraud while not cleaning it up.

So much for the FCRA and the Investigation, they are supposed to perform for disputed information.
Of course, fraud is disputed information, and once proven to be fraudulent ( In our case they got on three occasions a police report,Social Security card copy, Drivers License copy, and a Notarized FTC ID THEFT affidavidt--I mean come on what more do you want?) it should have been removed WITHOUT question.

They not only were they NOT doing it, they essentially said that if we did not have the price of admission for legal council and to fund a lawsuit, we

were getting NO action, NO relief, and NEVER MADE WHOLE again. *And with out the SUB-FILE how are you ever going to resolve this form of ID theft to make yourself whole again?*

The Answer here is **YOU CAN'T** (As much as I know you don't want to hear that, this is the answer I simply do not have and cannot get yet)

You can fish all day for accounts by calling various credit card companies and speaking to their fraud divisions. I spent 4 months of my life doing that 8 hours a day and I found 3 total accounts. My husband was not amused either.

But with the **SHEER** number of potential credit card companies, loan brokers, and other creditors available, and no access to the sub file, I have no way to get them all or even to find them all.

They have wasted **HUGE** amounts of our time being obstructionary, wasted huge amounts of our money, wasted part of my health from stress.

Moreover, if they are reading this **DIATRIBE**, they **NOW** know we are **NOT** going away. **WE WERE NEVER GOING TO GET IT FIXED NOT EVER by** Listening to them.

*They honestly were hoping that we would not be able to fund a lawsuit, or find a lawyer to represent us.*

I aim to tell everyone who will listen about deception, and deliberate fraud, they are conducting by selling this type of product without the proper limiters and disclaimers; of course, this entire posting is ONLY in my opinion.

This is the most perverse shell game known to man. They are allowing the identity theft to happen by creating sub files in the first place. They then sit there for as long as possible selling both reports and profiting off the crime spree, when you discover it they sell you a monitoring product, further profiting and re-victimizing the victim. Then they sell your SSN as being associated with fraud in fraud monitoring products they sell to business; I mean how can that ever be good. If the creditor happened to see that, would they grant you a loan? Even if you are the victim? Furthermore given the bureaus crappy history of dealing with and creating ERRORS in the first place, do you trust them to be correct in attributing the designation of fraudulent user to any SSN?

After all, if they could really do that then WHY would they have created the subfile in the first place?

Fight Back!!! -- 2004 Credit Suit

**So the real question is why are they doing it?**

Near as I can tell it is all about the Benjamin's, the $$$$$'s in some cases they are making hundreds of millions of dollars off these monitoring products they no longer have any rationale for what is right and what is wrong where huge cash cows are concerned, apparently their character is questionable, again that is my opinion, if they want another number to be used so badly they should offer their own for public usage in these so called sub files.

## Cause we want ours back.

We asked them nicely to fix it, and then our Lawyers asked them nicely to fix it. Then the lawyers demanded they fix it. They ignored us, they told our lawyer to get a federal court order.

Fraud products are big bu$ine$$ and bu$ine$$ is too damn good these day$.

**Do not be an additional victim.**

If you are a victim of SSN only fraud and you most certainly know if you are then do not buy this product for that reason, it does not provide ANY relevant information.

*Other than documenting your fraud alerts are in place and making sure all fraud inquiries remain soft and that is the only value in it for you. That is what you really have to weigh.*

*When we signed up for those products, we thought we would get the information at first to make sure there was no problem, and then to fix the problem, and to make sure it would not recur, boy were we SO wrong.*

*Any advertisements they make as to being able to protect you from identity theft?*

Those are pure fiction in my opinion; in our practical experience, our monitoring products have NEVER informed us of any IDENTITY THEFT.

It is the basis of our lawsuit and furthermore a major source of damages.

*Their product delayed the filing of the police report from August of 2002 to January 2003.*

Their product led us to believe that since nothing was on the product we were all good. No Accounts no fraudulent activity NOTHING.

And since SSN's are only assigned to ONE person by the federal government it never occurred to us that sub-files even existed.

Credit monitoring can NEVER prevent someone from using your credit to open fraudulent accounts.

They are not preventative in nature but an alert system.

*But in the almost two years (Aug 2002) since we signed up for the Equifax Credit Watch Silver, we have never received a single notification of ID theft and we have now over $300,000 documented fraudulent credit and the actual amount of undocumented fraudulent credit is over $400,000.*

*(I admit I have failed to find the mortgage for the second house listed as owned by the thief in the public records, the mortgage listed on the original filing for the tax assessors office is no longer in the mortgage business and I do not know where it went, that Mortgage is over $95,000 and as far as I know it is not shut down yet.)*

Only because I have been unable to find it and the other two bureaus are hiding their files.

The Bureau that furnished a listing of the fraudulent accounts was <u>Transunion</u>, but they never provided us with an official copy of the sub file, so how do I know they sent it all?

### *How can I ever know or prove I received everything?*

I Can't and without that Piece of Mind my family can never be made whole again.

 



Enter Keywords    Search Topics    « Next Oldest · Identity Theft · Next Newest »



|-- Identity Theft



: 18th April 2006 - 05:12 PM

Invision Power Board v2.0.4 © 2006  IPS, Inc.
Licensed to: CreditSuit.org