**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STEVEN G. MILLETT, MELODY G. MILLETT, On Behalf Of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRUELINK, INC., A Trans Union Company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 05-599-SLR <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S**
**MOTION TO STRIKE THE AFFIDAVIT OF MELODY MILLETT**

<br>

Christopher J. Curtin, Esquire
MacElree Harvey, Ltd.
5721 Kennett Pike
Centreville, DE  19807
Phone:  302.654.4454
Facsimile:  302.654.4954
Email:  ccurtin@macelree.com
Website:  macelree.com

COUNSEL FOR PLAINTIFFS
STEVEN G. MILLETT
AND MELODY J. MILLETT

FILED:  November 8, 2007

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................................ii

**TABLE OF CITATIONS** ...............................................................................................iii

**INTRODUCTION**............................................................................................................1

**A. THE MOTION FOR SUMMARY JUDGMENT** ........................................................1

**A.1.   AFFIDAVIT REFERENCE**....................................................................................2

**A.2.   AFFIDAVIT REFERENCE**....................................................................................2

**A.3.   AFFIDAVIT REFERENCE**....................................................................................2

**A.4.   AFFIDAVIT REFERENCE**....................................................................................3

**A.5.   AFFIDAVIT REFERENCE**....................................................................................3

**A.6.   AFFIDAVIT REFERENCE**....................................................................................4

**A.7.   AFFIDAVIT REFERENCE**....................................................................................4

**A.8.   AFFIDAVIT REFERENCE**....................................................................................4

**A.9.   AFFIDAVIT REFERENCE**....................................................................................5

**A.10.  AFFIDAVIT REFERENCE**...................................................................................5

**A.11.  AFFIDAVIT REFERENCE**...................................................................................5

**A.12.  AFFIDAVIT REFERENCE**...................................................................................6

**B.  THE LEGAL ARGUMENT**......................................................................................6

**C. DEFENDANT'S ARGUMENT** ..................................................................................7

**D.  ADDITIONAL ARGUMENT OF PLAINTIFFS IN OPPOSITION TO THE MOTION TO STRIKE**................................................................................................................12

## TABLE OF CITATIONS

**FEDERAL CASES**

Adusumilli v. City of Chicago, 164 F.3d 353 (7th Cir. 1998) ........................................................ 10

Brink v. Union Carbide Corp., 41 F.Supp.2d 402 (S.D. N.Y. 1997) ............................................. 10

Davis v. City of Chicago, 841 F.2d 186 (7th Cir. 1988) .................................................................. 9

Drake v. Minnesota Mining & Mfg., 134 F.3d 878 (7th Cir. 1998) ................................................ 8

International Tobacco Partners, Ltd v. Kline, 475 F.Supp.2d 1078 (D.Kan. 2007) ..................... 14

Lewis v. Horace Mann Ins. Co., 410 F.Supp.2d 640, 648 (N.D. Ohio 2005) ................................. 2

New York v. Solvent Chemical Co., 218 F.Supp.2d 319, 331 (W.D.N.Y. 2002) .......................... 14

Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co., 478 F.Supp.2d 1076, 1081 (S.D. Ind. 2007) ........................................................................................................................... 1, 7, 8

United States v. Golden Acres, 520 F. Supp. 1073 (D. Del. 1981) ............................................ 8-9

Vakas v. TransAmerica Occidental Life Ins. Co., 242 F.R.D. 589, 592-93 (D. Kan, 2006) .... 3, 14

W.G. Seafood Assoc's v. Eastern Shore Markets, 714 F.Supp.1336, 1350 (D.Del. 1989) ............ 7

In re Worldcom, Inc., 357 B.R. 223 (S.D.N.Y. 2006) .................................................................. 13

**FEDERAL RULES**

Federal Rule of Civil Procedure 56(e) ............................................................................................ 8

mm

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br>v. )<br>TRUELINK, INC., )<br>Defendant. ) | Cause of Action No. 05-CV-599-SLR |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF MELODY MILLETT**

Plaintiffs, in response to Defendant's Motion to Strike the Affidavit of Melody Millett (D.I. 160), state in opposition as follows:

Ms. Millett's affidavit was based upon her personal knowledge. The reference to "personal knowledge" in Rule 56(e) includes information recounted and personal knowledge learned from sensory experiences, sense data, as well as inferences drawn from that experience. Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co., 478 F.Supp.2d 1076, 1081 (S.D. Ind. 2007).

### A. The Motion for Summary Judgment

Defendant isolates statements from Ms. Millett's affidavit which was offered in support of Plaintiffs' motion for partial summary judgment. Defendant fails to recognize that an affiant may aver, as does Ms. Millett, based upon her personal knowledge. The references within the motion for summary judgment also reflect documentation which is supportive of Ms. Millett's Affidavit, documents which corroborate the information she recites. Plaintiffs' summary

1

judgment statement of facts (D.I. 156/147) and Plaintiffs' Memorandum in support (D.I. 157/148) state the following concerning Ms. Millett's affidavit:

1. Affidavit Reference

> Some consumers were told that there had been a change in the credit report only to discover that there had been no change which would be displayed on the "credit report" or the credit report was blank. (Deposition of Anderson, pp. 67-68, Ex. D; Deposition of Matis, p. 63, App. Ex. E; Affidavit of Melody Millett, App. Ex. J)

This information was available to Defendant. This information was the subject of Ms. Millett's deposition testimony. (Ex. 1B, p. 418). Defendant's documents produced to Plaintiff confirm this statement. Reliable documents produced in discovery from the party moving to strike the affidavit are admissible. Lewis v. Horace Mann Ins. Co., 410 F.Supp.2d 640, 648 (N.D. Ohio 2005).

2. Affidavit Reference:

> This Home Depot credit account was opened by Abundio Cuautle Perez in 2002. (April 4, 2005 letter from CitiBank p.1, App. Ex. P; Affidavit of Melody Millett, App. Ex. J)

This information was available to Defendant. This information and documentation were the subject of Ms. Millett's deposition testimony. (Ex. 1A pp. 50-51, 90-95, 137, 143-51; Ex. 1B pp. 565-67, 571-72) The document referenced was authenticated and it corroborates the affiant's personal knowledge.

3. Affidavit Reference:

> Abundio Cuautle Perez ("Perez") purchased the Social Security number, the one which had been issued to Steven Millett earlier, on Soto Street in Los Angeles, California from a notary public. (Affidavit of Millett, App. Ex. J, pp. 6-8) After filing several law suits and litigating for several years, the Milletts were able to determine, during discovery phases of their litigation, that Perez utilized this number to open bank accounts, obtain employment, obtain credit cards, finance multiple automobiles, and obtain home financing. (Affidavit of Millett, App. Ex. J)

This information was available to Defendant.  This particular information was the subject of deposition testimony as well and was discussed in several contexts in Ms. Millett's deposition.  (Ex. 1A pp. 50-51, 90-95, 137, 143-51; Ex. 1B pp. 378-81, 385-86, 430-31, 439-43, 565-67, 571-72)  To the extent clarification of the items reviewed is necessary, Ms. Millett supplements her affidavit with an index describing the documents referenced.  (Ex. 2; Ex. 1B, 384-86, 404-05)  Such a supplement is properly considered in the event there is a concern about the basis of an affiant's personal knowledge.  Federal Rule of Civil Procedure 56(e);  <u>Vakas v. TransAmerica Occidental Life Ins. Co.</u>, 242 F.R.D. 589, 592-93 (D. Kan, 2006) (supplemental clarification affidavit averments considered).

4. <u>Affidavit Reference</u>:

> Ms. Millett is employed in the information technologies field.  (Affidavit of Melody Millett, App. Ex. J)  She has learned to read the codes from those who provide information to the credit reporting agencies.  (Affidavit of Melody Millett, App. Ex. J)  The credit reporting agencies and the credit reporting industry have a unified method of reporting credit data.  (Affidavit of Melody Millett, App. Ex. J; See Index to Credit Reporting Resource Guide, Consumer Data Industry Association, 2003,  App. Ex. Q (index only) )

Defendant does not dispute the information about its parent corporation's consortium.   This "Metro II" guide is a publicly available document; it can be ordered from the consortium website at http://www.cdiaonline.org/Metro2/content.cfm?ItemNumber=853&pnItemNumber=506.  The published policy of the parent corporation's specialized industry organization is not unreliable hearsay.

5. <u>Affidavit Reference</u>:

> The record provided by Citibank, pursuant to the subpoena, indicated that, as the Milletts worked to close accounts which had been opened by Perez, those accounts monitored and serviced for Home Depot and J.C. Penney by Monogram Bank of Georgia ("Monogram"), were incorrectly changed.  (Affidavit of Melody Millett, App. Ex. J)  The accounts serviced by Monogram were changed so that the data information of Steven Millett and the data information of Perez were mixed.  The Milletts received refund

3

> checks and correspondence which reflected this mixed data. (Affidavit of Melody
> Millett, App. Ex. J; App. Ex. P) Melody Millett, on behalf of Steve Millett, continued to
> work to correct the errors. (Affidavit of Melody Millett, App. Ex. J)
> . . . . .
> On August 6, 2004, a person named "Debi" at "Trans Union credit bureau" contacted the
> company servicing the Home Depot account and asked if the account was "fraud".
> (Affidavit of Melody Millett, App. Ex. J; April 4, 2005 letter from CitiBank p.1, App. Ex.
> P)

This information is corroborated and the documents were produced to Defendant. (Ex. 3) The documents which corroborate Ms. Millett's personal knowledge were provided in response to subpoena. (D.I. 126, App. Ex. P) The authenticated documents are reliable.

6. Affidavit Reference:

> On April 5, 2004, Plaintiffs filed their initial complaint alleging that Trans Union had
> engaged in fraud and other violations of statutory and common law concerning the
> manner in which it serviced its products. (Affidavit of Melody Millett, App. Ex. J)

This information was available to Defendant. This information was served upon counsel for Defendant's parent. Defendant questioned Ms. Millett about the complaint in her deposition. (Ex. 1A pp. 16-17, 99-118) This information is part of the record in this action. (D.I. 1)

7. Affidavit Reference:

> On August 6, 2004, a person named "Debi" at "Trans Union credit bureau" contacted the
> company servicing the Home Depot account and asked if the account was "fraud".
> (Affidavit of Melody Millett, App. Ex. J; April 4, 2005 letter from CitiBank p.1, App. Ex.
> P)

This information was available to Defendant. Information about Trans Union's data was discussed throughout Ms. Millett's deposition. Information about this document was explored in Ms. Millett's deposition. (Ex. 1B, pp. 567-68) Defendant does not dispute this information but seeks to block any additional corroborating evidence. (DI. 127, D.I. 121)

8. Affidavit Reference

> Defendant, along with its parent corporation, sent electronic mail to consumers telling those consumers that there was no need to be concerned about their credit. (Affidavit of Melody Millett, app. Ex. J)

Ms. Millett was deposed about this information. (Ex. 1A, pp. 264-66) Electronic mail was produced by Defendant.

9. Affidavit Reference:

> Upon obtaining discovery in their lawsuits, Plaintiffs were able to determine that Perez utilized this number to open bank accounts, obtain employment, obtain credit cards, finance multiple automobiles, and obtain home financing. (Millett Aff., App. Ex. J)

This information was made available to Defendant since the initial Rule 26 conference. All of the subpoena responses were made available to Defendant. (Exhibit 3)  Defendant does not dispute the accuracy of this information. The documents which support this statement were reviewed by Plaintiff and were produced in response to subpoenas. (Ex. 1B pp. 384-86, 403-05)

10. Affidavit Reference:

> [Damages should be awarded for each] date Plaintiffs received an electronic mail advertisement which represented that credit monitoring was a valuable product to purchase for oneself or even as a gift (App. Ex. S; Affidavit of Millett, App. Ex. J)[.]

This information was produced to Defendant. Electronic mail documents were generated by Defendant and/or its parent, successors or predecessors. In addition, electronic mail documents were produced by the Defendant.

11. Affidavit Reference

> The Milletts expended sums from the family checking account. (Affidavit of Millett, App. Ex. J)

This information was the subject of deposition testimony. (Ex. 1B, pp. 422-23) Defendant does not dispute the fact.

<u>12. Affidavit reference</u>

> Steve Millett and the Millett children's trusts are identified in financial institutions, in trust documents, and for purposes of taxation, with the fraudulently utilized Social Security number. (Affidavit of Millett, App. Ex. J)

Defendant does not dispute this information. Ms. Millett had previously testified to this and deposition transcripts were produced to Defendant.

<u>B. The legal argument</u>

An affiant may include information in the affidavit described in Rule 56(e) when that information is based upon personal experience. Ms. Millett indicated that she based her affidavit on her personal experience. Thousands of pages were made available to Defendant and Ms. Millett was examined for two days. Her deposition totals 575 pages of testimony. (Ex. 1A; Ex. 1B) Ms. Millett was describing, in her affidavit, the thousands of pages reviewed. These were produced to Defendants. (Ex. 3) To the extent Defendant was unclear about the thousands of pages reviewed, an exhibit attached lists in detail the subpoenaed documents referenced. Defendant received production from Plaintiffs' other litigation matters as well. All these items were the subject of discovery or deposition testimony or both. Those items which Defendant alleges cannot be identified (Pages 5 and 6 of Defendant's Motion) were the subject of deposition testimony and the information in the documents was referenced by counsel or the affiant:

- FHA loans, Deposition pages 150-54, 157-58;
- Sears and Citibank, Deposition pages 50-51, 90-95, 438-40;

- Credit denials demonstrate that product does not work, Deposition pages 48-51, 121-24, 137-40, 143, 146-47, 150-54, 157-62, 163-68, 171-78, 252-53, 259-60, 265-66, 270, 316-18, 341-42, 439-40;

- Thousands of pages and review, Deposition pages 384-86, 403-05;

- Debi at Trans Union, Deposition pages 567-68;

- Trans Union's knowledge, Deposition pages 48-49, 51, 53, 121-24, 137-40, 150-51, 154-55, 159-68, 171-78, 252-53;

- Trans Union and creditor, Deposition pages 48-49, 51, 53, 121-24, 137-40, 143, 147, 149, 150-55, 159-68, 171-78, 252-53, 286-96;

- Abundio use, Deposition pages 50-51, 90-95; 143, 149, 150-55, 159-60, 172-73, 176, 252-53; and

- Account changes, Deposition pages 50-51, 90-95; 143, 149, 150-55, 159-60, 172-73, 176, 252-53.

Ms. Millett was relying upon the information gleaned from the massive amounts of documentation produced and she can aver to her personal knowledge. The reference to "personal knowledge" in Rule 56(e) includes information recounted and "personal knowledge learned from sensory experiences, sense data", as well as "inferences drawn" from that experience. Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co., 478 F.Supp.2d 1076, 1081 (S.D. Ind. 2007).

## C. Defendant's Argument

Defendant alleges that the Affidavit must be stricken because it lacks specificity. The cases it cites for support are factually dissimilar.

7

Defendant relies upon W.G. Seafood Assoc's v. Eastern Shore Markets, 714 F.Supp.1336, 1350 (D.Del. 1989). Ms. Millett's affidavit does not resemble the affidavit stricken in *W.G. Seafood*. In that affidavit, the affiant made conclusions and assumptions about the number of tenants who relocated, then he aggregated the totals in rent, and then he calculated rent lost as a result of a vacancy. Id. at 1350-51. Because he had not provided any corroborating evidence or background calculations to support his assumptions and calculations, the District Court determined that there was no evidence of damages. The district court concluded that the liquidated damages provision of the lease established damages and determined it would enforce that clause rather than the damages proposed by the affiant. Id. at 1351. Ms. Millett's affidavit contains no mathematical calculations. Documents which have long been available to Defendant support the averments made in the Affidavit. Defendant deposed Ms. Millett about the applicable pages and the documents containing the information.

Defendant relies upon Drake v. Minnesota Mining & Mfg., 134 F.3d 878 (7th Cir. 1998). On appeal, the appellate court affirmed the exclusion of conclusory statements in the affidavits provided because those statements were unsubstantiated and did not actually recount instances of discrimination. Without the specific background for the conclusory statements, the Court could not infer that there was evidence which precluded summary judgment. Id. at 887. In contrast, Ms. Millett's affidavit describes in detail her experiences, the items which were the subject of her depositions, and how she and counsel pieced together the information from various sources made available to Plaintiffs and Defendant. Her affidavit is corroborated by exhibits filed with the motion. Defendant deposed Ms. Millett about the applicable pages and the documents containing the information. This is adequate and this Court may rely upon this corroborated information. Reginald Martin Agency, Inc., 478 F.Supp.2d at 1081 (where affidavit information

8

corroborated, it is not excluded). In such instances, even in the face of an objection to the actual affidavit language, admission of the corroborated averment does not offend the requirements of Rule 56(e). Id. at 1081.

Defendant relies upon United States v. Golden Acres, 520 F. Supp. 1073 (D. Del. 1981). In *Golden Acre*s, the affidavit in question contained a statement that the parties had previously "impliedly agreed" to a verbal amendment of a mortgage. Id. at 1078. The Court could only deny the summary judgment motion pending if it could determine that there was an implied agreement to amend the mortgage or that there were facts to establish estoppel. The Court concluded it could not deny the motion for summary judgment without more facts about the implied oral amendment to the mortgage and whether Defendant was correct to rely upon the implied agreement. Id. at 1078-1080. This implied agreement was mentioned in passing in the affidavit which the Court reviewed. In order to determine whether there were facts sufficient to support the conclusion of the Defendant's negotiator, who was the affiant, concerning this implied agreement, the Court needed to know additional details about the agreement such as the terms of the amendment and whether it was written or oral. Id. at 1079-1080. Ms. Millett's affidavit, on the other hand, is not speculative but is based upon her personal knowledge. She knew from hours spent reviewing the documents produced to Defendant that the facts in her affidavit were true. Defendant deposed Ms. Millett about the applicable pages and the documents containing the information.

Defendant relies upon Davis v. City of Chicago, 841 F.2d 186 (7th Cir. 1988). The affiant discussed in *Davis* based an entire claim as to custom or policy upon one statement in his affidavit. Id. at 189. Davis included no facts about that conclusory statement and no facts to establish his personal knowledge. Id. Ms. Millett, on the other hand, described facts throughout

9

her affidavit, the documents discussed were made available, and documents were attached to the motion. She referred to numerous facts which have been corroborated. She had personal knowledge of the statements because she reviewed thousands of pages. Defendant deposed Ms. Millett about the applicable pages and the documents containing the information.

Defendant relies upon Adusumilli v. City of Chicago, 164 F.3d 353 (7th Cir. 1998). Portions of the Plaintiffs' affidavit in that matter were not considered by the District Court because the statements addressed the reasons *for* the actions of affiant's co-workers, a determinative issue in the employment discrimination case. Id. at 359-61. The evidence in the case did not corroborate the conclusions in the affidavit, however. Id. Defendant provides no evidence that Ms. Millett's factual statements in her affidavit were untrue. Defendant has opposed Plaintiffs' motion which would provide *additional* evidence to support the statements about Trans Union's knowledge. (D.I. 127; D.I. 121; Deposition of Melody Millett, counsel's comment on page 331) The evidence is clear that Trans Union called creditors who had mixed data. (D.I. 126, App. Ex. P) The note taken by the creditor Ms. Millett referenced in her affidavit clearly states this. Trans Union called to ask if an account was fraudulent. (D.I. 126, App. Ex. P) Defendant deposed Ms. Millett about the applicable pages and the documents containing the information. Ms. Millett had personal knowledge about the contents of her affidavit.

Defendant relies upon Brink v. Union Carbide Corp., 41 F.Supp.2d 402 (S.D. N.Y. 1997). Defendant directs the Court to page 405 of the *Brink* decision for the proposition that failure to establish oneself as an expert can be the basis of striking a deposition. (Motion to Strike, page 4) What Defendant fails to tell this Court is that the affidavit of that potential expert was struck because the witness had no expertise in the field of human resources and he was not

being offered, alternatively, as a fact witness. Ms. Millett, on the other hand, is not offering herself as an expert and is offering herself as a fact witness. As the Court noted in *Brink*, some areas of evidence do not require expert testimony because a lay jury can understand the facts and issues presented without aid of an expert. Id. at 405. Ms. Millett's affidavit is not premised upon her qualification as an expert. Plaintiffs request the Court to take notice that, in contrast to the Defendant's argument in this motion about Ms. Millett's ability to qualify as an expert, Defendant refers to Ms. Millett as a sophisticated consumer in its Motion for Partial Summary Judgment. (D.I. 155/146)

Specifically, Defendant alleges that Ms. Millett cannot aver that she was denied credit. This was discussed in her deposition. (Ex. 1B p. 397) The documents have long been available to Defendant. (Ex. 3) Documents which were corroborated the information were produced in response to a subpoena. These documents were authenticated.

Ms. Millett can aver about the Sears denial. This information is known to her. Defendant also had this information. (Ex. 3) Documents which corroborate the information were produced in response to a subpoena.

Ms. Millett can aver that she has reviewed thousands of pages and spent numerous hours. She may aver that Trans Union was aware of accounts which were not those of her family. This information is known to her. Defendant also had this information. Ms. Millett was deposed extensively. An affiant may testify as to personal knowledge. The affidavit was based upon admissible documents and many pages of discovery generated during litigation. An affiant familiar with the litigation may present a summary of such evidence when the affiant has personal knowledge.

Ms. Millett may aver about the Home Depot account entries and the other information which was mixed. This information is known to her. Defendant was also provided this information. Ms. Millett was deposed as to this information. The Citibank records and Home Depot records were made available to Defendant. These records were produced in response to a subpoena.

Ms. Millett can aver that, as a result of reviewing Defendant's documents, she was aware that the watch status would fail. Defendant was aware of this information. Defense counsel was present when its own employees discussed these documents. (D.I. 150) Documents produced by opposing counsel which are the subject of discovery are properly used to corroborate affidavit information.

Ms. Millett can testify from her personal knowledge what she has learned in the litigation about the identity thief. This information is known to Defendant. The documents were provided and Defendant deposed Ms. Millett about the identity thief. Documents which corroborate the affidavit were provided in response to subpoenas.

### D. Additional argument of Plaintiffs in opposition to the Motion to Strike

Ironically, Defendant provided an affidavit in order to support Defendant's own motion for partial summary judgment. (D.I. 155/146) Ms. Duni states in that affidavit, without identification, clarification or support that the advertising of Defendant and its parent, subsidiaries, successors and predecessors changed over time. (D.I. 146) No information is provided about the documents which support this grandly broad statement. Yet, it is Plaintiff Melody Millett's Affidavit which Defendant would strike. Defendant would strike the Millett affidavit while offering statements of its own employee which are far less substantiated. The affidavit from Ms. Duni has far less support than that of Ms. Millett. It contains no description

of the documentary basis for her conclusion. The logic of Defendant's motion is unsupportable and the argument is disingenuous.

As another example of the unfounded nature of Defendant's motion, Defendant would argue that Ms. Millett can have no personal knowledge about Trans Union's information and yet Defendant would also oppose Plaintiff's motion to access any additional potentially corroborating information. (D.I. 127, D.I. 121) Defendant's motion to strike and the authority recited should be reviewed carefully.

Finally, Defendant argues that Ms. Millett cannot establish herself as an expert. Ms. Millett has not attempted to establish herself as an expert. She has learned to read credit reporting code from a publicly available document created by an industry consortium in which Defendant's parent participates. (CDIA manual, Ex. 4) Learning to read code from a manual which she purchased with family funds, Ms. Millett is able to review documents produced in this litigation. Information available from document review is a proper subject of affidavit testimony.

Defendant, without support, argues that Ms. Millett relies upon hearsay to make her affidavit statements. Ms. Millett referred to documents obtained from creditors. These documents were made available to Defendant. Even if the documents could be considered hearsay, an argument Plaintiffs dispute, there are several applicable hearsay exceptions which would allow the information in the documents to be admissible, including most notably, the business records exception, Federal Rule of Evidence 803(6). The documents were provided in response to a subpoena and are sufficiently reliable. This information contained within the documents, known to Defendant's parent, will be additionally verified should the Court order

13

Defendant's parent to disclose the data within the Millett's credit file and the credit file of the identity thief.  (D.I. 127, D.I. 121)

When no discovery is proffered to suggest that the evidence is inaccurate, unspecified concerns about the evidence can be dismissed.  *See*, In re Worldcom, Inc., 357 B.R. 223 (S.D.N.Y. 2006)(reviewing admissibility of affidavit authenticating public record).   Defendant offers no suggestion that the information in Ms. Millett's affidavit is false.

Should this Court determine that some portion of Ms. Millett's affidavit is too general to be useful to the Court in deciding the Plaintiff's Motion for Partial Summary Judgment, an issue Plaintiffs' dispute, this Court can disregard any offending portions without striking the entire affidavit.   International Tobacco Partners, Ltd v. Kline, 475 F.Supp.2d 1078 (D.Kan. 2007); Vakas, 242 F.R.D. at 592-93; New York v. Solvent Chemical Co., 218 F.Supp.2d 319, 331 (W.D.N.Y. 2002).   Striking the entire affidavit, an affidavit based upon affiant's personal knowledge, is not necessary.  Defendant only seeks to strike the entire affidavit.

For the reasons stated herein, Defendant's Motion to Strike the Affidavit of Ms. Millett must be denied.

**Respectfully submitted**,

MacElree Harvey, Ltd.
/s/ Christopher J. Curtin
Christopher J. Curtin, Esquire
MacElree Harvey, Ltd.
5721 Kennett Pike
Centreville, DE  19807
Phone:  302.654.4454
Facsimile:  302.654.4954
Email:  ccurtin@macelree.com
Website:  macelree.com

Barry R. Grissom, Esq., *pro hac vice*
KS Bar. Id. No. 10866
10990 Quivira, Ste. 200
Overland Park, Kansas 66210
Phone: (913) 341-6616

Bryson R. Cloon, *pro hac vice*
KS Bar. Id. No. 08660, MO Bar. Id. No. 36843
Cloon Law Firm
11150 Overbrook Road
Leawood, KS 66211
Phone: (913) 661-9600
Facsimile: (913) 661-9614

Yeager Law Firm
B. Joyce Yeager, *pro hac vice*
KS Bar No. 18932, MO Bar No. 46013
P.O. Box 2469
Mission, KS 66201-2469
(913) 648-6673
Facsimile (773) 326-3538

Michael W. Blanton, *pro hac vice*
MO Bar. Id. No. 46490
Swanson Midgley, LLC
2420 Pershing Road, Ste. 400
Kansas City, Missouri 64108
Phone: (816) 842-6100
**COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

     I, Christopher J. Curtin, Esq., hereby certify that on November 8, 2007, I electronically filed the foregoing document with the Clerk of the District Court using CM/ECF, which will send notification of such filing to the following:

    William M. Lafferty, Esq.
    Jay N. Moffitt., Esq.
    Morris Nichols Arsht & Tunnell
    1201 N. Market St.
    Wilmington, DE 19801
    wlafferty@mnat.com

                                  s/ Christopher J. Curtin
                              Christopher J. Curtin, Esquire
                              MacElree Harvey, Ltd.
                              5721 Kennett Pike
                              Centreville, DE  19807
                              Phone:  302.654.4454
                              Facsimile:  302.654.4954
                              Email:  ccurtin@macelree.com
                              Website:  macelree.com

DATE: November 8, 2007