IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf Of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br>v.<br><br>TRUELINK, INC.,<br>A Trans Union Company,<br><br>        Defendant. | Case No. 05-599-SLR |

**DEFENDANT'S MOTION TO STRIKE
THE AFFIDAVIT OF MELODY MILLETT**

Defendant TrueLink, Inc. ("TrueLink"), hereby moves to strike the Affidavit of Melody Millett (dated October 29, 2007, and docketed at D.I. 166, Ex. 6 ) ("Millett Affidavit") offered in support of Plaintiffs' Answering Brief in Opposition to Defendant's Motion for Partial Summary Judgment. In support of this motion, TrueLink states as follows:

TrueLink previously moved to strike the separate, earlier-filed affidavit of Ms. Millett, dated September 29, 2007, offered in support of Plaintiffs' motion for partial summary judgment (See D.I. 150, Ex. J). For many of the same reasons that Ms. Millett's earlier affidavit fails, so does the Millett Affidavit at issue here. The Millett Affidavit should be stricken because it presents statements without providing factual details, utilizes inadmissible hearsay, and otherwise fails to meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure ("Rule 56(e)"). Furthermore, the Millett Affidavit contains information that is not relevant to the current litigation.

## ARGUMENT

I. **Affidavits Including Conclusory Or Unsupported Statements, Or Which Otherwise Are Not "Made On Personal Knowledge," Violate Rule 56(e) And Should Be Stricken.**

Rule 56(e) mandates that affidavits offered in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e). Thus, Rule 56(e) limits the proper contents of an affidavit to "facts" alleged only on "personal knowledge." Disilverio v. Service Master Professional, 2007 WL 1029759, at *7 (W.D. Pa. Mar. 31, 2007). Ultimate or "conclusory facts" and "conclusions of law," as well as statements made "upon an understanding" cannot be utilized on a summary judgment motion. Id. The rule further requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." FED. R. CIV. P. 56(e).

Courts have stricken affidavits under Rule 56(e) where the affidavit fails to set forth "specific facts" in support of the statements made in the affidavit. In W&G Seaford Assoc. v. Eastern Shore Mkts., 714 F. Supp. 1336, 1350 (D. Del. 1989), a landlord moved for partial summary judgment in a breach of a commercial lease claim. In support of its Rule 56 motion, the plaintiff landlord submitted the affidavit of its leasing agent/property manager. Id. In the affidavit, the property manager summarily stated that "it is [his] opinion that the vacant...premises were the paramount consideration for other tenants' decisions to leave or decline to rent at plaintiff's property. Id. at 1351. However, the manager failed to give any further information about the other tenants' decisions, or the basis for his belief as to their motivation. The manager also referred to data from an organization called the Urban Land Institute in support of his calculations regarding loss. However, the affiant failed to recite what

the data was or how it affected his determination. Id. The court found that because the affiant summarily stated conclusions, and referenced data but did not recite what the data was or how it affected the affiant's statement, the affidavit was "facially deficient and must be stricken." Id. Rule 56(e) "demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." Drake v. Minnesota Mining & Manufacturing Company, 134 F.3d 878, 887 (7th Cir. 1998) (where affidavit stated that supervisor "tended to cover-up matters" the court ruled that plaintiff should have recounted factual instances based upon affiant's personal knowledge that demonstrated that supervisor "tended to cover up things").

The court in United States of America v. Golden Acres, 520 F. Supp. 1073, 1079 (D. Del. 1981), found an affidavit inadequate where the affiant conclusorily stated that there was an implied agreement between the parties in the case but failed to provide any specific facts to support this contention. The court held that the affidavit was inadequate because it failed to state "when or where" the agreement was made, "what its exact terms were," whether it was written or oral, or from what statements or actions the agreement was implied. Id.; see also Davis v. City of Chicago, 841 F.2d 186, 189 (7th Cir. 1988) (court held that plaintiff failed to show that he had the required personal knowledge where he conclusorily stated that defendant had a "longstanding custom and policy," but failed to substantiate the statement with specific facts detailing the "source" and "derivation" of the custom, or "how long it existed" etc.).

In addition to the above requirements, in order to defeat a motion for summary judgment, Rule 56(e) specifies that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise

provided in the rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A party can not create a genuine issue for trial by contradicting her own previous testimony. In fact courts have held that affidavit testimony that contradicts prior sworn testimony must be stricken pursuant to Rule 56(e). Pellegrino v. McMillen Lumber Prods., 16 F.Supp.2d 574, 582 (W.D. Pa. 1996) (striking a plaintiff's affidavit where it contradicted previous deposition testimony).

**II.    The Millett Affidavit Should Be Stricken.**

The Millett Affidavit should be stricken because it contains conclusory statements, lacks a factual basis, contradicts Ms. Millett's prior testimony, and includes inadmissible hearsay. Furthermore, many of the statements in the Millett Affidavit are immaterial to the current litigation.

    A.    <u>Statements regarding alleged insurance accounts should be stricken because they contain unsupported conclusions and inadmissible hearsay.</u>

Paragraphs one through three of the Millett Affidavit should be stricken because they violate Rule 56(e) by failing to provide specific factual support and contain inadmissible hearsay. Additionally, Ms. Millett's discussion about insurance is inappropriate for an affidavit submitted in opposition to summary judgment because it is not relevant to any material issue in the case. See Drake, 134 F.3d at 887 (affiant must cite specific concrete facts establishing the existence of the truth of matters asserted within the affidavit). Bald assertions of the truth that lack factual support are not proper for a an affidavit. See id.

The first three paragraphs of the Millett Affidavit include vague references to the Milletts and some third party being insured by the same insurer. She states:

4

> As a result of information we discovered during litigation, I know that my family and an identity thief obtained homeowners insurance from the same insurance company. I discussed this with my insurance agent. She was surprised to see that the insurance company had two insureds recorded with the same Social Security number. . . .The other policy holder was a known identity thief.

(Millett Aff. ¶¶ 1-3).

Although Ms. Millett draws many conclusions, her conclusions are all unsupported. These statements create and do not answer questions: What "information . . . discussed during litigation" supports the conclusions? Even more basic: What "insurance company"? Who is the "insurance agent" she spoke to? And who is the "known identity thief"?

The Millett Affidavit further violates Rule 56(e) because portions of the affidavit quote alleged conversations between Ms. Millett and her unidentified insurance agent. (See Millett Aff. ¶¶ 2-3). Affidavits must set forth facts in a manner that would be admissible into evidence. Davis, 841 F.2d at 188. An affidavit in support of or in opposition to summary judgment may not contain inadmissible hearsay. Disilverio, 2007 WL 1029759 at *7. Therefore, all statements purporting to relay conversations between Ms. Millet and her insurance agent should be stricken.

Furthermore, Ms. Millett's entire argument about insurance coverage and rates is irrelevant to the issues in question in the present litigation. The Millett Affidavit fails to cite any facts that show that TrueLink was ever aware of such an incident and failed to report it to the Milletts. Ms. Millett's insurance information would be relevant only if Ms. Millett had provided facts to show that TrueLink (or even Trans Union) received the information and then failed to provide that information to the Milletts. Nor is there any explanation – or even a summary conclusion – as to the reasons for the undated reduction in the consumer premium. Thus, the topic of the Millett Affidavit (¶¶ 1-3) has no relevance to any issue in dispute here.

    B.    <u>Double hearsay statements about conversations between the Milletts' attorney and other individuals, and conclusory statements that lack specific factual support should be stricken.</u>

Paragraph nine of the Millett Affidavit should be stricken because it is conclusory, lacks factual support and contains inadmissible double hearsay.

In paragraph nine Ms. Millett states:

> After the lawsuits were filed, we received some notifications to access our records because there had been a change, we were told, in the credit record…**My attorney talked to the attorney for Trans Union about this** and we were told that the error was a computer problem. After my attorney reported it to a defense attorney named Amanda from Texas, it happened again.

(Millet Aff. ¶ 9).

These statements lack specific facts to support the assertions made therein. In fact, Ms. Millett fails to provide any specific details such as: 1) what notification she received; 2) from whom; 3) to access what records; and 4) who told her there was a change. Because the Millett Affidavit lacks supporting factual details, it violates Rule 56(e) and should be stricken. See <u>Golden Acres</u>, 520 F.Supp. at 1079 (affidavit inadequate because affiant failed to state "when or where" subject agreement was made, "what its exact terms were", whether it was written or oral, or from what statements or actions the agreement was implied); <u>see also</u> <u>W&G Seaford Assoc.</u>, 714 F. Supp. at 1351 (affidavit "facially deficient and must be stricken" where affiant summarily stated conclusions, and referenced data but did not recite what the data was or how it affected the affiant's statement). Therefore, the unsupported statements in paragraph nine should be stricken. Additionally, the portions of paragraph nine that purport to relay alleged conversations between Ms. Millett's attorney and other individuals are uncorroborated hearsay statements which can not be based on Ms. Millett's personal knowledge and therefore should be stricken. See <u>Disilverio</u>, 2007 WL 1029759 at *7.

### C. Statements that contradict Ms. Millett's previous deposition testimony violate Rule 56(e) and should be stricken.

Paragraph eleven of Ms. Millett's affidavit should be stricken because it contradicts Ms. Millett's previous testimony regarding credit monitoring products. In an interview with the New York Times newspaper, and again in her deposition testimony, Ms. Millett stated that the Milletts "still have [TrueLink's and TrueCredit] credit monitoring because of the simple fact that it is the best tool available at this time." (M. Millett Dep. p. 318). What is more, in her deposition testimony, Ms. Millett confirmed that in July 2004 she had posted on her Creditmonitoringsucks blog that she was aware of two types of identity theft, "True Name Fraud" and "SSN Only Fraud" and she knew at that time that the credit monitoring would provide notice of the primary type of identity theft, "True Name Fraud." (M. Millett Dep., 546:13-24, 547:21-548:16). These statements acknowledge that Ms. Millett found value in TrueLink's product and that she knew that the product would detect the primary form of identity theft.

However, in paragraph eleven, she attempts to change this previous testimony to suggest that TrueLink's product was worthless. She states:

> I thought that some forms of identify theft such as these could be discovered by those from whom I purchased credit monitoring. Now I no longer think that every instance of even these types of theft can be detected by credit monitoring products.

(Millett Aff. ¶ 11).

It is well established in the Third Circuit and other circuits that "a plaintiff can not create a genuine issue of fact sufficient to withstand summary judgment merely by submitting an affidavit which contradicts her prior sworn testimony." Pellegrino, 16 F.Supp.2d at 582 (striking a plaintiff's affidavit where it contradicted previous deposition testimony). A court will disregard an affidavit submitted in opposition to a motion for summary judgment when the

7

affidavit contradicts the affiant's prior deposition testimony without providing an explanation for the inconsistencies. Disilverio, 2007 WL 1029759 at *6; See also Adusumilli v. City of Chicago, 164 F.3d 353, 360 (7th Cir. 1998). Ms. Millett has not demonstrated that her previous deposition testimony was mistaken. Therefore, the contradictory language in her affidavit should be stricken.

> D. Statements about alleged credit "mix-ups" should be stricken because they are conclusory and lack specific factual support.

In paragraphs 10, 13, and 15, Ms. Millett refers generally to alleged credit mix-ups. Particularly, she attempts to bolster her argument that her husband's credit data was somehow mixed with the credit data of another person and TrueLink failed to report this mix-up to the Milletts'. (See Millett Aff. ¶¶ 10, 13, 15). Because Ms. Millett fails to provide factual support for her assertions, her affidavit is in violation of Rule 56(e) and should be stricken. Additionally, because she fails to provide facts showing that TrueLink ever received information about credit mixing, her bald allegations and conclusions are irrelevant.

In paragraph ten Ms. Millett states:

> We discovered during the litigation that the credit monitoring product had not alerted us when credit lines of Abundio Perez were changed to show my husband's name and our address but Abundio's line of credit and telephone numbers.

(Id. ¶ 10).

In paragraph thirteen she states:

> I reviewed documents from a department store that listed an account with my husband's Social Security number. We obtained those documents in discovery. As [sic] times, the balance on this account was thousands of dollars...The balance on this account was, at times higher than the balance we maintained on the single line of credit we had from another store.

(Id. ¶ 13).

8

Ms. Millett's pattern of unsupported conclusions and allegations continues in paragraph fifteen where she states:

> During litigation, we learned that the FHA had a home loan associated with my husband's Social Security number. We have been denied an FHA first time buyer loan but we did not know why at the time.

(Id. ¶ 15).

Despite the many assertions and conclusions that she makes, Ms. Millett fails to provide any factual basis showing that the lines of credit were mixed. She fails to cite a single piece of factual evidence that would support or even explain the meaning or relevance of her assertion that unspecified data in the possession of unspecified persons was "mixed." Ms. Millett fails to specify: 1) what "credit lines," 2) what "documents," 3)from what "department store," and 3) what "documents in discovery." Ms. Millett's references to department store accounts are especially confusing since no department stores produced any documents in discovery in this case. Thus, it is unclear whether any document exists to support Ms. Millett's statements. Rule 56(e) "requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." Drake, 134 F.3d at 887. Ms. Millett's vague assertion that she "discovered [this information] during litigation" does not provide any indication that her statement is based on truth or facts. Similarly, she provides zero support for her conclusion that credit monitoring didn't provide the Milletts with all appropriate alerts regarding their credit.

In addition to being in violation of Rule 56(e), Ms. Millett's statements are irrelevant. Ms. Millett's sweeping and unsupported conclusions fail to prove what she attempted to prove. Namely, she has failed to produce any facts to show that the Milletts' credit information was ever in fact mixed with another person's credit information. She has also failed to provide any facts showing that TrueLink ever received any information regarding a credit mix-up and then

failed to report it to the Milletts. Therefore, all of her assertions and conclusions about department store accounts, mixed credit, and FHA home loans are immaterial to Defendant's motion for partial summary judgment.

## CONCLUSION

The entire Millett Affidavit is riddled with unsupported and irrelevant conclusions, and inadmissible hearsay. Thus, the Millett Affidavit has failed to satisfy Rule 56(e)'s requirement that affidavits in opposition to summary judgment must be based on the affiant's personal knowledge, must set forth specific facts in a manner that would be admissible into evidence, and must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); see also Davis, 841 F.2d at 187.

For the reasons set forth above, TrueLink respectfully requests that the Court grant its Motion to Strike the Affidavit of Melody Millett. Alternatively, TrueLink requests that this court strike paragraphs one through three, five, nine, ten, eleven, thirteen, and fifteen.

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

By: /s/ Jay N. Moffitt
William M. Lafferty (#2755)
Jay N. Moffitt (#4742)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Defendant TrueLink, Inc.*

OF COUNSEL:
Michael O'Neil
Paula D. Friedman
DLA Piper US LLP
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000

## CERTIFICATE OF SERVICE

I, Jay N. Moffitt, hereby certify that on November 16, 2007, I electronically filed the foregoing *Defendant's Motion to Strike the Affidavit of Melody Millett* with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

### BY ELECTRONIC SERVICE

Christopher J. Curtin
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19803

And that I served a copy this day by electronic mail and by depositing in the United States Mail, postage prepaid to:

### BY E-MAIL AND U.S. MAIL

Christopher J. Curtin
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19803

B. Joyce Yeager
Yeager Law Firm LLC
City Center Square, 26th Floor
1100 Main Street
Kansas City, MO  64105

Jay N. Moffitt (#4742)