IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf Of Themselves and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-599-SLR |
| TRUELINK, INC., A Trans Union Company, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT TRUELINK INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO STRIKE THE AFFIDAVIT OF MELODY MILLETT**

Defendant TrueLink, Inc., now known as Trans Union Interactive Inc. ("TrueLink"), previously moved to strike the Affidavit of Melody Millett (the "Millett Affidavit") submitted by Plaintiffs, Steven and Melody Millett (the "Milletts" or "Plaintiffs") in support of Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs have submitted Plaintiffs' Opposition To Defendant's Motion to Strike the Affidavit of Melody Millett ("Plaintiffs' Response" or "Response"). Plaintiffs' Response is just as conclusory and unsupported as the Millett Affidavit itself. Instead of addressing the Millett Affidavit's deficiencies as pointed out in Defendant's Motion to Strike, Plaintiffs have summarily stated that the Millett Affidavit is based on personal knowledge and therefore admissible. Plaintiffs have also attached an index of documents that they claim clarifies the previously unsupported Millett Affidavit. However, Plaintiffs have once again neglected to specify which documents in the index support which statements made in the Millett Affidavit.

## ARGUMENT

### I. Plaintiffs' Response Fails To Counter the Proposition That Affidavits Including Conclusory Or Unsupported Statements, Or Which Otherwise Are Not "Made On Personal Knowledge," Violate Rule 56(e) And Should Be Stricken.

The Millett Affidavit should be stricken because it presents statements without providing factual details, utilizes inadmissible hearsay, and otherwise fails to meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure ("Rule 56(e)").

Rule 56(e) mandates that affidavits offered in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The rule further requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

Thus, Rule 56(e) limits the proper contents of an affidavit to "facts" alleged only on "personal knowledge." Disilverio v. Service Master Professional, 2007 WL 1029759, at *7 (W.D. Pa. Mar. 31, 2007). Ultimate or "conclusory facts" and "conclusions of law," as well as statements made "upon an understanding" cannot be utilized on a summary judgment motion. Id. Affidavits "speculating" as to motivations or statements which purport to examine thoughts are also prohibited by Rule 56(e). Furthermore, affidavits submitted under Rule 56(e), must be devoid of hearsay. Id.

Courts have stricken affidavits under Rule 56(e) where the affidavit fails to set forth "specific facts" in support of the statements made in the affidavit. See W&G Seaford Associates v. Eastern Shore Markets, 714 F. Supp. 1336, 1350 (D. Del. 1989) (affidavit was "facially deficient and must be stricken because affiant summarily stated conclusions, and referenced data but did not recite what the data was or how it affected the affiant's statement."). Rule 56(e)

2

"demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." Drake v. Minnesota Mining & Manufacturing Company, 134 F.3d 878, 887 (7th Cir. 1998) (where affidavit stated that supervisor "tended to cover-up matters" court ruled that plaintiff should have recounted factual instances based upon affiant's personal knowledge that demonstrated that supervisor "tended to cover up things"); see also United States of America v. Golden Acres, 520 F. Supp. 1073, 1079 (D. Del. 1981) (affidavit regarding implied agreement was inadequate where the affiant failed to state "when or where" the agreement was made, "what its exact terms were," whether it was written or oral, or from what statements or actions the agreement was implied); see also Davis v. City of Chicago, 841 F.2d 186, 189 (7th Cir. 1988) (plaintiff failed to show that he had the required personal knowledge where he conclusorily stated that defendant had a "longstanding custom and policy," but failed to substantiate the statement with specific facts detailing the "source" and "derivation" of the custom, or "how long it existed" etc.).

Courts have interpreted Rule 56 to also require that if an affiant makes statements purportedly based on special knowledge, the affiant must establish a basis for her purported expertise. W&G Seaford, 714 F. Supp. at 1350 (affiant's failure to establish himself as an expert on subject of his affidavit was additional basis to strike the affidavit); see also Brink v. Union Carbide Corporation, 41 F. Supp. 2d 402, 405 (S.D.N.Y. 1997) (mere fact that affiant had some background in corporate human resources does not give him the expertise to evaluate a discrimination claim).

Plaintiffs do not dispute that Rule 56(e) requires that affidavits cite specific concrete facts that establish the existence of the truth of the matters asserted within the affidavit. Neither do

3

Plaintiffs dispute that Rule 56(e) limits the proper contents of affidavits to "facts" alleged only on "personal knowledge." Disilverio, 2007 WL 1029759, at *7. Plaintiffs neglect, however, to address these deficiencies in their Response. Instead, Plaintiffs have put forth a Response that is just as conclusory as the Affidavit itself. Plaintiffs summarily state that "Documents which have long been available to the Defendant support the averments made in the Affidavit" (Plaintiffs' Response at 8); "Her affidavit is corroborated by exhibits filed within the motion." (Id.); "Ms. Millett's affidavit…is not speculative but is based on personal knowledge. She knew from hours spent reviewing the documents produced to Defendant that the facts in her affidavit were true." (Id.); "Ms. Millett can aver that she has reviewed thousands of pages and spent numerous hours. She may aver that Trans Union was aware of accounts which were not those of her family. This information is known to her (Id. at 11)." Similar to the statements made in the Millett Affidavit, Plaintiffs failed to clarify any of the above statements by identifying the specific documents or information either supporting Ms. Millett's conclusions or illustrating that she had personal knowledge of the conclusions she made.

Plaintiffs also cite to several cases that they claim support their proposition that Plaintiffs conclusory, unsupported affidavit is nevertheless "based on personal knowledge" and thus admissible. However, the cases cited involve different legal questions and factual scenarios than the present case and therefore do not support Plaintiffs' conclusion.

## II. The Millett Affidavit Should Be Stricken.

The Milletts failed to seek discovery from Trans Union and thus do not have factual evidence regarding what Trans Union did or did not have in its files. Because Plaintiffs lack factual support for the many assertions made in the Millett Affidavit, including its main assertion that TrueLink received information regarding alleged identity theft and failed to report the

information to the Milletts, they rely on unspecified records gathered by Plaintiffs' counsel from unspecified third parties pursuant to subpoenas in unspecified litigation.

### a. The Milletts' Never Sought Discovery From Trans Union To Obtain Facts That Would Corroborate Their Assertions.

The Milletts argue that Defendants have prevented them from accessing any additional corroborating information. However, Plaintiffs' argument is disingenuous since Plaintiffs have not attempted to obtain other supporting evidence. The Plaintiffs previously sued Trans Union. However, they never took discovery in that case. Furthermore, Plaintiffs never took discovery nor deposed anyone from Trans Union during discovery in the immediate action. After discovery had closed, Plaintiffs then asked the Court to order Trans Union to "provide the Plaintiffs with any credit information in Trans Union LLC's data bases which contains or references personal identification information pertaining to Steven Millett." (Plaintiffs' Motion and Memorandum for Court Order ("Plaintiffs' Motion"), D.I. 121, p.1). Although Plaintiffs now claim that further discovery from Trans Union could help corroborate the assertions made in the Millett Affidavit, Plaintiff have conceded that the reasons they sought such information from Trans Union had nothing to do with this lawsuit. Instead, Plaintiffs sought the information "in order to close any credit files or correct other information which was, or is, utilized to fraudulently obtain credit or to secure employment or services utilizing the Social Security number or other identification information of Plaintiff Steven G. Millett." (Id.) There was no suggestion whatsoever in Plaintiffs' Motion, that the information they sought from Trans Union was relevant in any way to the Milletts' claims against TrueLink. Plaintiffs never even suggested that the information was relevant to the current litigation generally.

Moreover, contrary to Plaintiffs' assertions, TrueLink's opposition to Plaintiffs' Motion did not block Plaintiffs from obtaining corroborating information for their claims against TrueLink. TrueLink merely opposed Plaintiffs' late attempt (after discovery had been closed for nearly one month[1]) to obtain discovery from a third party (whom Plaintiffs had not subpoenaed) for purposes that Plaintiffs' admit are unrelated to the current action. (See D.I. 127). Thus, Plaintiffs' claims that Defendant has blocked Plaintiffs from obtaining corroborating evidence are disingenuous. Because Plaintiffs did not seek discovery from Trans Union, they have no evidence that proves that Trans Union had knowledge of identity theft and failed to report it to the Milletts.

### b. The Millett Affidavit Should be Stricken Because It Contains Conclusory Statements Without Specific Support and Inadmissible Hearsay.

Because the Milletts have no evidence that proves that Trans Union ever had knowledge of identity theft and failed to report it, the Millett Affidavit relies on unspecified "documents" to support its conclusions. Ms. Millett conclusorily states: "I have learned, because of the documents subpoenaed by my attorneys, that a person named Debi at Trans Union credit bureau contacted the holder of the Home Depot account which was opened by someone other than my husband and Debi asked if the account was fraud." (Millett Aff. at 4). However, Ms. Millett fails to provide any factual support that would suggest that she has personal knowledge about any part of her statement. She fails to: identify what document she is referring to; identify the source of the document (i.e. the "subpoenas" or to whom they were directed), or any other detail about the document. See Golden Acres, 520 F. Supp. at 1079 (court held affidavit inadequate because affiant failed to state "when or where" the agreement was made, "what its exact terms

---

[1] Pursuant to the Scheduling Order entered by this Court, fact discovery closed July 15, 2007.

were," whether it was written or oral, or from what statements or actions the agreement was implied). Significantly, no subpoenas were issued or served in this action. Whatever unidentified subpoenas Plaintiffs may be referring to would have been issued in some other litigation.

Defendant pointed out these deficiencies in its Motion to Strike the Affidavit of Melody Millett. Instead of addressing the lack of factual support in its Response, Plaintiffs summarily stated that the information is corroborated by documents that were provided in response to subpoena. However, the documents that the Plaintiffs' Response cites to were not produced in the present litigation. Furthermore, Ms. Millett suggests that she was able to interpret the codes in these unidentified documents to reach her conclusions. However, there are no documents that contain coded data and there is no such code. Therefore, Ms. Milletts' assertions that she interpreted codes are not only impermissible because she failed to establish herself as an expert, but they are also misleading.

In addition, this statement is inadmissible hearsay. Plaintiffs contend that even if the documents are hearsay, they are admissible under Federal Rule of Evidence 803(6) ("Rule 803(6)"), the business record exception. However, the subpoenas and the documents that were produced pursuant to subpoena were not produced in this case, and thus cannot be authenticated. Furthermore, the business records exception allows a party to enter the subject document into evidence (Plaintiffs have not entered the subject documents into evidence). The business records exception does not allow Plaintiffs to interpret a document and then make arguments in an affidavit based upon Plaintiffs' interpretation.

Throughout the Millett Affidavit, Ms. Millett continues to violate Rule 56(e) by asserting conclusions without specifying factual basis for the conclusions. These violative statements

7

were pointed out in Defendants' Motion to Strike the Affidavit of Melody Millett. Plaintiffs attempt to support the Millett Affidavit by conclusorily stating in the Response that that the statements were based on personal knowledge and by citing to several cases that Plaintiffs claim support the proposition that the Millett Affidavit was based on personal knowledge. However, Plaintiffs fail because the Response does not provide any further clarification as to what documents support what statements. Furthermore, the cases Plaintiffs cite are legally and factually distinguishable.

### III. The Cases Cited in Plaintiffs' Response are Legally and Factually Distinguishable and Do Not Support Plaintiffs' Propositions that the Millett Affidavit is Based on Personal Knowledge and Thus Admissible.

The cases cited in Plaintiffs' Response, are legally and factually distinguishable from the current litigation. The cases also do not support the broad application that Plaintiffs cite them for.

The Milletts rely heavily on Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co., 478 F. Supp. 2d 1076 (S.D. Ind. 2007), for their contention that the Millett affidavit is valid although it contains impermissible conclusions, speculations, and hearsay, and lacks any factual support or specific details. Specifically, they cite to page 1081 of the Reginald decision for the proposition that "personal knowledge" in Rule 56(e) includes personal knowledge learned from sensory experiences, sense data, as well as inferences drawn from that experience. However, Reginald is both legally and factually distinguishable from the case at hand. In Reginald, several plaintiffs filed affidavits regarding alleged misrepresentations that the defendant made to them. Id. at 1081. The defendant challenged the affidavits claiming that they were invalid because they were too similar to each other. Id. at 1081-1082. Thus, the legal question before the court was whether affidavits that are similar or identical to each other are invalid. The court ruled that "the

similarity of wording does not provide adequate reason for striking any portion of these affidavits" because the affiants' knowledge and experiences had been identical in that the defendant had treated each plaintiff uniformly and made the same alleged misrepresentation to each of them. Id. at 1082. The court noted that these affidavits "recount information and personal knowledge learned from sensory experiences, sense data or inferences therefrom." Id.

Unlike Ms. Millett, these plaintiffs' affidavits did not rely on "[unspecified] documents" that they purportedly reviewed, or vague references to things "learned during litigation." Id. Instead, the affiants in Reginald based their affidavits on actual encounters they had with the defendant. See id. Therefore, any inferences that they may have drawn were indeed based on personal experiences. In contrast, Ms. Millett fails to provide any specific details that would suggest that any of the conclusions and inferences she drew were based on personal knowledge. Rather, they are based on inferences drawn by Ms. Millett from unspecified documents.

The Milletts next contend that the Millett Affidavit is proper because the unspecified documents that Ms. Millett relied on were produced in discovery by Defendant TrueLink. However, much like the Millett Affidavit, the Response fails to specify what documents produced in discovery they are referring to. Furthermore, the case the Milletts cite in support of this proposition is distinguishable from the current case. In Lewis v. Horace Mann Ins. Co., 410 F.Supp.2d 640, 648 (N.D. Ohio 2005) the defendant argued that the plaintiff could not authenticate three specific documents that plaintiff purported to authenticate through his affidavit. The three documents in question had been produced by defendant during discovery. Id. The court found that defendant's argument regarding authentication was devoid of merit since defendant had produced the documents. Unlike the plaintiff in Lewis, the Millett Affidavit does not attempt to authenticate any documents produced by Defendant TrueLink. In fact, the

9

Millett Affidavit fails to cite to or identify any specific documents that were produced by TrueLink that support any of its conclusions. Moreover, the documents that the Milletts conclusorily refer to in the Millett Affidavit and again in their Response were apparently either produced by some unidentified third party in some unidentified case, or were not produced in any case and do not exist. Thus, the ruling in Lewis is inapplicable here where there are no specifically identified documents (and therefore no authentication challenge).

Finally, the Milletts argue that the conclusory and unsupported Millett Affidavit cannot be stricken because TrueLink has not suggested that the information in the Millett Affidavit is false. The Milletts cite to In re Worldcom, Inc. v. Worldcom, Inc., 357 B.R. 223, (S.D.N.Y. 2006) to support their contention. However, Rule 56(e) does not require a party moving to strike an affidavit to prove that the affidavit statements are false. Courts will strike affidavits like the Millett Affidavit pursuant to Rule 56(e) where the affidavit contains speculation, hearsay, and conclusory statements devoid of any factual support.

Furthermore, the Milletts' reliance on Worldcom is misplaced because the legal issues and factual scenario in Worldcom are distinguishable from the current case. The Worldcom court specifically noted that the case before it involved the authentication and admissibility of an exhibit attached to an affidavit, and was thus distinguishable from cases where the legal issue was the admissibility of an affidavit itself. See id. at 228. Also, the document in dispute in Worldcom was a public document that the court said was freely available on the SEC's website and thus could easily be authenticated. Any documents that Ms. Millett purportedly relied on in this case were not public documents.

Worldcom is further distinguishable from the case at hand because the affiant in Worldcom did not use his affidavit to attempt to testify regarding the substantive contents of the

document at question in WorldCom. In contrast, Ms. Millett has purported to testify regarding the substance of the unspecified documents she refers to and has also attempted to draw conclusions and make allegations based on the unspecified documents. As the court in Worldcom noted, a "Rule 56(e) affiant may not describe or interpret a document's subject, but must attach the document as an exhibit." Id. Therefore, according to Worldcom, the Millett Affidavit violates Rule 56(e) by purporting to describe or interpret the thousands of unspecified documents.

## **CONCLUSION**

The entire Millett Affidavit is riddled with unsupported and conclusory assertions, hearsay, impermissible speculations and inferences. Thus, the Millett Affidavit has failed to satisfy Rule 56(e) and its requirement that affidavits in support of summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. FED. R. CIV. P. 56(e). Plaintiffs fail to address these deficiencies in the Response. Instead, the Plaintiffs attach a massive index to the Response without specifying which documents will clarify which of the unsupported claims in the Millett Affidavit and then conclusorily state that the Millett Affidavit is based on personal knowledge. Therefore, the Millett Affidavit should be stricken.

For the reasons set forth above, TrueLink respectfully requests that the Court grant its Motion to Strike the Affidavit of Melody Millett. Alternatively, TrueLink requests that this Court strike the offending statements identified in Defendant's Motion to Strike the Affidavit of Melody Millett.

                          **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**


                          By: /s/ Jay N. Moffitt
                              William M. Lafferty (#2755)
                              Jay N. Moffitt (#4742)
                              1201 N. Market Street
                              Wilmington, DE  19801
                              (302) 658-9200
                              *Attorneys for Defendant TrueLink Inc.*

OF COUNSEL:

Michael O'Neil
Paula D. Friedman
DLA Piper US LLP
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000


November 19, 2007

## CERTIFICATE OF SERVICE

I, Jay N. Moffitt, hereby certify that on November 19, 2007, I electronically filed the foregoing *Defendant TrueLink Inc.'s Reply Memorandum in Support of its Motion to Strike the Affidavit of Melody Millett* with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

### BY ELECTRONIC SERVICE

Christopher J. Curtin
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19803

And that I served a copy this day by electronic mail and by depositing in the United States Mail, postage prepaid to:

### BY E-MAIL AND U.S. MAIL

Christopher J. Curtin
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19803

B. Joyce Yeager
Yeager Law Firm LLC
City Center Square, 26th Floor
1100 Main Street
Kansas City, MO  64105

_____
Jay N. Moffitt