IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT, MELODY J. MILLETT, On Behalf Of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TRUELINK, INC., A Trans Union Company, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 05-599-SLR ) ) ) ) ) ) ) |

**DEFENDANT TRUELINK INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE [SECOND] AFFIDAVIT OF MELODY MILLETT**

Defendant TrueLink, Inc., now known as Trans Union Interactive Inc. ("TrueLink"), hereby files its Reply Memorandum In Support of Its Motion to Strike the [Second] Affidavit of Melody Millett. Plaintiffs, Steven and Melody Millett (the "Milletts" or "Plaintiffs") filed the second Affidavit of Melody Millett (the "Second Millett Affidavit") in support of Plaintiffs' Answering Brief in Opposition to Defendant's Motion for Partial Summary Judgment. TrueLink moved to Strike the Second Affidavit of Melody Millett. Plaintiffs submitted "Plaintiffs' Opposition To Defendant's Motion to Strike the [Second] Affidavit of Melody Millett" ("Plaintiffs' Second Response").

In ruling on a motion for summary judgment, it is well-settled that courts may only consider evidence that would be admissible at trial under the Federal Rules of Evidence. Reginald Martin Agency Inc. v. Conseco Medical Insurance Co., 478 F.Supp.2d 1076, 1080 (S.D. Ind. 2007). Despite having filed two Affidavits of Melody Millett and two Responses to TrueLink's Motions to Strike, Plaintiffs have yet to identify admissible facts sufficient for this Court to make a determination that an identity thief obtained insurance using the Milletts'

information or that the Milletts' credit information was "mixed" with an identity thief and TrueLink failed to report it to the Milletts. Plaintiffs still have not identified specific documents to support various assertions made in the Second Millett Affidavit. Plaintiffs' Second Response also fails to provide specific details to support the affidavit assertions. Consequently, in order to evaluate whether or not any supporting evidence actually exists, this Court would be required to search through the maze of unspecified documents that the Second Millett Affidavit references.

## ARGUMENT

In Defendant's Motion to Strike the Second Affidavit of Melody Millett, TrueLink pointed out that the Second Millett Affidavit, like the "First Millett Affidavit" (Affidavit of Melody Millett In Support of Plaintiffs' Motion for Partial Summary Judgment D.I. 147), was deficient because, among other things: 1) it failed to cite any factual support for its conclusions, 2) it failed to identify what specific documents or other sources Plaintiff was referring to when referencing unidentified documents and sources, and 3) it relied on inadmissible hearsay statements.

In their Second Response, Plaintiffs concede that affidavits that contain conclusions without providing specific supporting facts should be stricken. (D.I. 184 p. 4). However, Plaintiffs' Second Response still fails to provide the necessary factual information needed to survive a motion to strike. Instead, plaintiffs leave this Court to search through thousands of pages of unspecified documents to discover unidentified facts which Plaintiffs claim support their conclusions. In addition to failing to cure the lack of supporting evidence, Plaintiffs' Response also misconstrues and misstates the Federal Rules of Evidence by arguing that the hearsay statements in the Second Millett Affidavit constitute admissible evidence.

Furthermore, Plaintiffs' Response also misstates Plaintiffs' burden of proof. Plaintiffs repeatedly argue that the Millett affidavit should not be stricken because Truelink has not proven

2

that Plaintiffs' conclusions are false. (See D.I. 184 pp. 2, 3, 16). Plaintiffs fail to recognize that the *proponent* of an affidavit has the burden to provide admissible evidence proving that the assertions made in the affidavit are true. Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 887 (7th Cir. 1998). Defendant need not dispute nor disprove Plaintiffs' unproven and unsupported allegations. Because Plaintiffs fail to provide sufficient facts to support its conclusions, it must be stricken.

### I. Plaintiffs Concede that Conclusory and Unsupported Affidavit Statements Should be Stricken, Yet They Fail to Provide Support for the Conclusory and Unsupported Millett Affidavit Statements.

Plaintiffs' concede that courts should strike affidavit statements that are conclusory and that fail to provide specific supporting facts. (See D.I. 184, p. 4). However, Plaintiffs have yet to identify factual support for assertions in the affidavit claiming, for example, that an unidentified identity thief obtained insurance at the same company as the Milletts. In addition to failing to provide factual support for the Second Millett Affidavit insurance allegations, Plaintiffs' Response also misrepresents TrueLink's arguments regarding the relevancy of the insurance information. (Id. at 3). TrueLink does not claim, as Plaintiffs contend, that the information about the Milletts' insurance rates is irrelevant solely because TrueLink was unaware of any alleged identity theft. More fundamentally, the vague and conclusory assertions within the Second Millett Affidavit regarding insurance is also irrelevant because the Milletts have failed to provide any facts that prove that an identity thief ever obtained insurance using the Milletts' information or that there is any causal link between TrueLink's credit monitoring and the alleged imposter's use of the Milletts' information to obtain insurance.

Similarly, Plaintiffs also fail to address the absence of facts supporting their allegations regarding alleged "credit mix-ups." (D.I. 184 at 16). Whatever documents Plaintiffs did

produce, Plaintiffs fail to direct the court's attention to specific documents nor do they explain how the documents support the alleged "credit mix up." Plaintiffs never inform this Court (neither in Plaintiffs' Affidavits, nor in their Responses, nor anywhere else) *where* Plaintiffs' information about the alleged "credit mix-up" comes from. Instead, Plaintiffs Second Response summarily states that, "Plaintiffs have provided significant and irrefutable support." (D.I. 184 at 17). Yet, the only support Plaintiffs cite to is their own previous legal arguments. (See id.) That is, the Milletts claim that the Second Millett Affidavit is supported by facts provided in the following documents: 1) Plaintiffs' Motion for Partial Summary Judgment (D.I. 156); 2) Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment (D.I. 157); 3) Plaintiffs' Reply Brief in Opposition to Defendant's Motion for Summary Judgment for Class Certification; and 4) Plaintiffs' Reply Brief in Opposition to Defendant's Motion for Summary Judgment (D.I. 175). TrueLink is unaware of any rule or case law that would allow Plaintiffs to support their conclusory affidavit statements with Plaintiffs' own unsupported legal arguments made in their previously filed motions and briefs.[1] Indeed, before the court may even consider the substance of the Second Millett Affidavit, the affidavit must be properly supported by references to supporting documentary or other admissible evidence.

Despite their failure to provide a factual basis for the affidavit assertions, the Milletts argue that the Second Millett Affidavit, nevertheless, should be admitted. According to Plaintiffs, the Court cannot strike the Second Millett Affidavit because TrueLink has not proven that the affidavit assertions are false. Plaintiffs misunderstand their burden of proof. It is the

---

[1] Not only do Plaintiffs cite to their own previous arguments as support for the Second Millett Affidavit, they fail to provide pin point citations to direct the reader to what specific part of their previous briefs and motions support each assertion it is cited for. Additionally, Plaintiffs' Second Response block quotes nearly twenty pages of Melody Milletts' Deposition testimony to support the argument that the deposition testimony is consistent with the Second Millett Affidavit. (See, D.I. 184 pp.7-15). Consistent with their previous habits, Plaintiffs never point out which part of the 20 pages of Deposition testimony actually supports their proposition. Instead, Plaintiffs force the reader to sift through the entire block quote and attempt to discover a section that might be the relevant.

4

Milletts' burden to prove by admissible evidence that the statements in the Second Millet Affidavit are true. See Drake v. Minnesota Mining & Manufacturing Company, 134 F.3d at 887. TrueLink need not disprove or dispute Plaintiffs' unproven and unsupported affidavit assertions.

**II.   Plaintiffs' Hearsay Arguments Represent a Fundamental Misunderstanding of the Federal Rules of Evidence Hearsay Rules.**

Plaintiffs' arguments regarding the hearsay statements in the Millett Affidavit represent a fundamental misunderstanding of Rules 801-803 of the Federal Rules of Evidence governing hearsay. Contrary to Plaintiffs' assertions, Ms. Millett may not quote conversations she had with her attorney discussing previous conversations the attorney allegedly had with third parties. (See D.I. 184 p. 5). Plaintiffs admit that they offered these statements in an attempt to prove the truth of the matters asserted (i.e. that computer problems existed). (Id. at 6). Thus, the out-of-court conversations between Ms. Millett and her attorney regarding conversations between her attorney and third parties constitute quintessential double hearsay. See Fed. R. Evid. 801 (hearsay is any statement, other than one made by a declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted). Therefore, the statements should be stricken. See Disilverio v. Service Master Pro., 2007 WL 1029759 at *7 (W.D. Pa. March 31, 2007) (affidavits must be devoid of hearsay).

Likewise, the statements in the Second Millett Affidavit relaying comments allegedly made by the Milletts' insurance agent (offered by Plaintiffs in an attempt to prove that the Milletts and an unidentified identity thief obtained insurance from the same insurance company) are also inadmissible hearsay. See Fed. R. Evid. 801. Furthermore, contrary to Plaintiffs' contentions, these statements do not fit under the present sense exception to hearsay nor do they fit under the excited utterance hearsay exception. See Fed. R. Evid. 803(1) (A present sense impression is "a statement describing or explaining an event or condition made while the

5

declarant was perceiving the event or condition, or immediately thereafter."); Fed. R. Evid. 803 (2) (An excited utterance is "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."). Therefore, the affidavit statements relaying alleged conversations with the Milletts' insurance agent are inadmissible hearsay without an exception and should be stricken. See Disilverio, 2007 WL 1029759 at *7.

Plaintiffs argue that even if these statements do constitute inadmissible hearsay, this Court should nevertheless allow the statements into evidence because Plaintiffs have provided independent evidence to corroborate the hearsay statements. (D.I. 184 p. 4). This contention is contrary to Rule 802 of the Federal Rules of Evidence which provides that all hearsay statements are inadmissible unless they fit under one of the enumerated exceptions. See Fed. R. Evid. 802. More basic, Plaintiffs have not provided independent evidence that proves that an identity thief obtained insurance at the same insurance company as the Milletts. The only evidence the Milletts produced was a copy of their own insurance policy. This evidence does not corroborate, much less prove, that there was in fact an identity thief who obtained insurance at the same insurance company as the Milletts. Thus, the Milletts have failed to provide admissible facts that support the assertions made in the Second Millett Affidavit. The Second Response fails to set forth any valid arguments for admitting the Second Millett Affidavit into evidence. Neither does the Second Response provide any additional or illuminating facts that this Court may consider in making its summary judgment determination.

## **CONCLUSION**

In ruling on a motion for summary judgment, courts may only consider evidence that would be admissible at trial under the Federal Rules of Evidence. Affidavits submitted in opposition to summary judgment must set forth specific facts proving that the affidavit assertions are true. The Second Millett Affidavit is filled with conclusory and unsupported statements and inadmissible hearsay. Plaintiffs' Second Response fails to address these deficiencies or to provide the necessary factual details. Thus, the Milletts have failed to produce a record of admissible evidence upon which this court could find that the allegations in the Second Millett Affidavit are true. Therefore, the Millett Affidavit not only has failed to meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure, the Affidavit has failed to provide any evidence the Court can consider on summary judgment.

For the reasons set forth above, TrueLink respectfully requests that the Court grant its Motion to Strike the Second Affidavit of Melody Millett. Alternatively, TrueLink requests that this Court strike the offending statements identified in Defendant's Motion to Strike the Affidavit of Melody Millett.

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

By: /s/ Jay N. Moffitt
William M. Lafferty (#2755)
Jay N. Moffitt (#4742)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

OF COUNSEL:
Michael O'Neil
Paula D. Friedman
DLA Piper US LLP
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000

December 10, 2007

## CERTIFICATE OF SERVICE

I, Jay N. Moffitt, hereby certify that on December 10, 2007, I electronically filed the foregoing *Defendant TrueLink Inc.'s Reply Memorandum in Support of its Motion to Strike the Affidavit of Melody Millett* with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

### BY ELECTRONIC SERVICE

Christopher J. Curtin
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19803

And that I served a copy this day by electronic mail and by depositing in the United States Mail, postage prepaid to:

### BY E-MAIL AND U.S. MAIL

Christopher J. Curtin
Erisman & Curtin
629 Mount Lebanon Road
P.O. Box 250
Wilmington, DE 19803

B. Joyce Yeager
Yeager Law Firm LLC
P.O. Box 2469
Mission, KS 66201

                                          */s/ Jay N. Moffitt*
                                          Jay N. Moffitt (#4742)