IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN G. MILLETT,<br>MELODY J. MILLETT,<br>On Behalf Of Themselves and<br>All Others Similarly Situated,<br>                  Plaintiffs,<br><br>v.<br><br>TRUELINK, INC.,<br>a Trans Union Company,<br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.: 05-599-SLR<br>)<br>)  CLASS ACTION<br>)<br>) |

**PLAINTIFFS' RESPONSE TO COURT'S *SUA SPONTE*
FINDING REGARDING SUMMARY JUDGMENT**

                              **Christopher J. Curtin, Esquire
                              MacElree Harvey, Ltd.
                              5721 Kennett Pike
                              Centreville, DE  19807
                              Phone:  302.654.4454
                              Facsimile:  302.654.4954
                              Email:  ccurtin@macelree.com
                              Website:  macelree.com**

                              **COUNSEL FOR PLAINTIFFS
                              STEVEN G. MILLETT
                              AND MELODY J. MILLETT**

**FILED:  February 22, 2008**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................i

TABLE OF CITATIONS ..................................................................................................ii

NATURE OF THE PROCEEDINGS ................................................................................1

SUMMARY OF ARGUMENT .........................................................................................1

STATEMENT OF FACTS .................................................................................................2

    A.    PROCEDURAL HISTORY ...............................................................2

    B.    EVIDENCE PERTAINING TO MR. MILLET'S RESULTING HARM ..........3

ARGUMENT ......................................................................................................................6

    A.    **IT WOULD BE IMPROPER FOR THIS COURT TO ENTER SUMMARY JUDGMENT, *SUA SPONTE*, BASED SOLELY UPON THE EVIDENCE IN THE CURRENT SUMMARY JUDGMENT RECORD** ......................6

    B.    **IT WOULD BE IMPROPER FOR THIS COURT TO ENTER SUMMARY JUDGMENT, *SUA SPONTE*, BASED UPON THE CONCLUSION THAT THERE IS NO EVIDENCE OF HARM BECAUSE THERE IS EVIDENCE OF HARM TO SUPPORT PLAINTIFFS' BREACH OF CONTRACT CLAIMS** ......................8

CONCLUSION ...................................................................................................................9

## TABLE OF CITATIONS

**CASES** **Page**

Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006).........................................................................6

## NATURE OF THE PROCEEDINGS

This action involves an identity-theft protection service ("Credit Monitoring") that was marketed and sold to consumers by Defendant TrueLink, Inc., a Trans Union Company ("TrueLink"). Plaintiffs, Steven G. Millett ("Mr. Millett") and Melody J. Millett ("Ms. Millett"), state two types of claims: (1) that TrueLink breached the contract by which it sold Credit Monitoring, and (2) that TrueLink violated the Kansas Consumer Protection Act ("KCPA").

On February 7, 2008, this Court issued a Memorandum Opinion in which it disposed of a number of Plaintiffs claims by summary judgment and in which it granted Plaintiffs leave to file a response indicating why the Court should not enter a *sua sponte* summary judgment order disposing of Plaintiffs' remaining claims. (D.I. 188). On February 7, 2008, this Court also issued an Order in which it required Plaintiffs to file the above-referenced response by February 22, 2008. (D.I. 189).

This Brief is filed pursuant to this Court's Memorandum Opinion and Order of February 7, 2008. (D.I. 188 & 189). This Brief addresses the propriety of this Court entering a *sua sponte* summary judgment as to certain claims that have been stated by Plaintiffs.

## SUMMARY OF ARGUMENT

1.   It would be improper for this Court to enter summary judgment, *sua sponte*, based solely upon the evidence in the current summary judgment record, because the current summary judgment record does not contain all of the evidence that is relevant to the claims that the Court intends to address *sua sponte*.

2.   It would be improper for this Court to enter summary judgment on the two breach of contract claims that were not addressed in Defendant's summary judgment motion, based upon

1

the conclusion that there is no evidence to support a finding of resulting harm to Steven Millett, because there is evidence to support a finding of resulting harm to Steven Millett.

## STATEMENT OF FACTS

**A.   PROCEDURAL HISTORY.**

In its Memorandum Opinion of February 7, 2008 ("Opinion"), this Court addressed Defendant's motion for partial summary judgment ("Defendant's Motion").  (D.I. 188, p. 2).  As this Court specifically noted in its Opinion, Defendant did not move for summary judgment on two of Plaintiffs' breach of contract claims:  (1) the claim for breach with regard to the promise to allow members to monitor their credit report with weekly fraudwatch emails, and (2) the claim for breach with regard to the promise to provide members with weekly email alerts of changes in their credit reports.  (D.I. 188, pp. 6, 14; D.I. 76 at ¶ 16(b)&(c); D.I. 145, pp. 2-3).

In its Opinion, this Court indicated that it was entering summary judgment against Plaintiffs and in favor of Defendant on the three breach of contract claims that were addressed in Defendant's Motion.  (D.I. 188, p. 17).  This Court further indicated that it was inclined to enter summary judgment against Plaintiffs and in favor of Defendant on the two breach of contract claims that were not addressed in Defendant's Motion, on the basis that Plaintiffs had failed to provide "more than a scintilla of evidence that Mr. Millett suffered resulting harm."  (D.I. 188, p. 17).

This Court indicated in its Opinion that it would allow Plaintiffs a chance to respond before entering summary judgment on the breach of contract claims that had not been addressed in Defendant's Motion.  (D.I. 188, p. 17).  In this regard, the Court noted that the law of the Third Circuit requires a district court to allow a party to present evidence in opposition to a *sua sponte*

2

summary judgment before entering a *sua sponte* summary judgment. (D.I. 188, p. 17, footnote 15). Although this Court provided Plaintiffs an opportunity to file a response regarding the Court's intention to enter a *sua sponte* summary judgment, the Court limited Plaintiffs' response to the evidence that was contained in the current summary judgment record. (D.I. p. 17, footnote 16). The current summary judgment record does not contain all of the evidence regarding the two breach of contract claims that are the subject of the Court's Opinion because Defendant's Motion and associated documents, and Plaintiffs' response and associated documents, do not address those two breach of contract claims. (D.I. 145 in its entirety; D.I. 146 in its entirety; D.I. 164 in its entirety; D.I. 166 in its entirety; D.I. 181 in its entirety).

**B.    EVIDENCE PERTAINING TO MR. MILLETT'S RESULTING HARM.**

Pursuant to this Court's order, Plaintiffs are limiting this discussion to evidence that is included in the current summary judgment record. (D.I. 188, p. 17, footnote 16). There is other evidence that would support a finding of resulting harm to Mr. Millett. However, that additional evidence was not included in the current summary judgment record because the breach of contract claims that this additional evidence pertains to were not addressed in Defendant's Motion. Pursuant to this Court's order, Plaintiffs do not present this additional evidence in this Brief. However, as Plaintiffs explain in more detail in their argument, Plaintiffs contend it is improper for this Court to prohibit Plaintiffs from presenting evidence that is relevant to the claims which are the subject of this Court's proposed *sua sponte* summary judgment order.

The following evidence, that was included in the existing summary judgment record, supports the conclusion that Mr. Millett suffered harm as a result of the breach of the contract provisions that are the subject of this Court's proposed *sua sponte* summary judgment order:[1]

1. Only after obtaining *discovery* in their lawsuits were Plaintiffs able to determine the extent to which identity thief Perez utilized the Social Security number issued to Plaintiff to open bank accounts, obtain employment, obtain credit cards, finance multiple automobiles, and obtain home financing. (D.I. 174, ex. 1-A, pp. 49-55) TransUnion had provided some information to Plaintiffs about some creditors but not about the accounts the creditors held. (D.I. 174, ex. 1-A, pp. 121-22) During litigation, Plaintiffs gained additional information. (D.I. 174, ex. 1A, pp. 49-55, 84-87, 89-92) Plaintiffs received no electronic mail notification when Perez obtained FHA financing. Plaintiffs learned of the FHA financing because they ran a separate, simple Lexis/Nexis search. (D.I. 174, ex. 1-A, pp. 310-13; D.I. 159-3, pp. 112, 116)[2]

2. When a consumer is delayed in learning about identity theft, their losses are greater and it is more difficult to repair. (D.I. 126, ex. H; D.I. 174, ex. 1-B, pp. 388-91, 394-97, 404-05)

3. The Milletts paid more for insurance because, according to their insurance carrier, there was information on the credit report provided by Defendant's parent which was unfavorable to Plaintiffs who were both insured. (D.I. 176-2)

---

[1] Plaintiffs' summary judgment filings included a number of previously filed documents as exhibits. Rather than referring to those documents herein by their exhibit number, Plaintiffs will identify those documents herein by direct reference to the appropriate document identifier. Thus, while some of the documents referenced herein are not summary judgment filings, they are documents that were included as exhibits to the summary judgment filings.

[2] Access to additional information related to identity theft which is known to Defendant or its parent was denied by the Court. (D.I. 186)

4

4.Steven Millett could not obtain credit from certain entities. (D.I. 174-1A, pp. 7, 135, 150-57, 164, 270; D.I. 159-3, pp. 110-11) These entities based their decision upon information obtained from the TransUnion credit *files* to which Plaintiffs have no access. (D.I. 174, 1-A, pp. 159-62, D.I. 126, ex. H , pp. 6-16) The credit information about a consumer given to a creditor differs from the credit information given to a consumer. (D.I. 126, ex. H, pp. 6-16; D.I. 174-1A, pp. 49-51)

5.The Milletts purchased the product in question, by entering into a uniform contract drafted by Defendant or its parent, on August 6, 2003. (D.I. 126, ex. C, ex. N, ex. O; D.I. 150, ex. D)

6.On August 6, 2004, a person named "Debi" at "Trans Union credit bureau" contacted the company servicing a Home Depot credit account which was attributed to Mr. Millett and "Debi" asked the servicer whether the account was "fraud". The account reflected data of Steven Millett for his name and address, the Social Security number Steven Millett had been issued, and the California telephone numbers of Perez. (D.I. 159-3, p. 115) Plaintiffs paid money for the product which was to alert them to changes about their credit report kept by Defendant, now a wholly owned subsidiary of TransUnion. (D.I. 174, ex. 1-A, pp. 95-96, D.I. 79) Plaintiffs paid money from a joint checking account on August 6, 2003. (D.I. 174, ex. 1-A) Ms. Millett could see that the data had been mixed because Ms. Millett attempted to close Perez' accounts based upon the limited information in a letter from Defendant's parent. Ms. Millett learned to read the industry computer codes. By reading the code and reviewing the letters and checks from creditors addressed to Perez but sent to Plaintiffs, Plaintiffs knew that additional information was needed to access all the information held by TransUnion. (D.I. 174, ex. 1A, 49-51, 84-88) Plaintiffs did not know how many accounts were opened by any

single creditor and not all of Perez' accounts were reported to TransUnion because some creditors report only to other credit reporting agencies. (D.I. 176, pp. 148-49, 328-29; D.I.126, ex. H, pp. 6-16)

7. The Home Depot account ledger contains entries which state that the account information was changed so that Mr. Millett was the new account holder. TransUnion was aware of this before August 6, 2004. (D.I. 174, ex. 1A, pp. 92-93, 329-32; D.I. 159-3, pp. 114-15)

8. Plaintiffs were denied credit on January 13, 2005 and on January 15, 2005 when TransUnion sent a credit report to a lender with credit information. (D.I. 150, Ex. P; D.I. 148, pp. 7-10; D.I. 159-3, pp. 110, 111)

9. Plaintiffs received some electronic notices that changes had been made to their credit reports. (D.I. 174, ex. 1-A, pp. 161-64) When Plaintiffs accessed the credit reports, they saw no changes to the information *they* received. (D.I. 174, ex. 1-A, pp. 161-64) Plaintiffs paid for some of the reports they purchased after receiving notices from Defendant which stated that there had been changes. (D.I. 174, ex. 1-A, pp. 163-64) These notices were triggered by information available in a TransUnion data base which Plaintiffs cannot access. (D.I. 174, ex. 1-A, pp. 164-66; D.I. 126, ex. H, pp. 6-16)

## ARGUMENT

**A. IT WOULD BE IMPROPER FOR THIS COURT TO ENTER SUMMARY JUDGMENT, *SUA SPONTE*, BASED SOLELY UPON THE EVIDENCE IN THE CURRENT SUMMARY JUDGMENT RECORD.**

"'[U]nder the right circumstances, district courts are entitled to enter summary judgment *sua sponte*.'" Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006). However, as this Court

recognized in its Opinion, it is improper for a district court to enter summary judgment *sua sponte* "without 'placing the adversarial party on notice that the court is considering a *sua sponte* summary judgment motion' and providing that party 'an **opportunity to present relevant evidence in opposition** to that motion.'" Id. (emphasis added).

While this Court has provided Plaintiffs with notice that it is considering a *sua sponte* summary judgment, by virtue of its orders of February 7, 2008, this Court has not provided Plaintiffs with an "opportunity to present relevant evidence in opposition." To the contrary, this Court has specifically limited Plaintiffs' response to evidence that is "contained in the current summary judgment record." (D.I. 188, p. 17, footnote 16).

This Court has proposed to enter summary judgment on two breach of contract claims that were not the subject of Defendant's Motion, based upon the Court's conclusion that there is no evidence that Steven Millett suffered any harm as a result of the breach of the contract provisions in question. Because these contract provisions were not the subject of Defendant's Motion, there was no discussion in relation to Defendant's Motion regarding the evidence of harm in relation to these contract provisions. There is, by chance, some evidence in the current summary judgment record that pertains to the issue of harm arising from breach of these two contract provisions. However, the current summary judgment record by no means includes all of the evidence that would be relevant to this issue. Indeed, given that this issue was not even a topic of Defendant's Motion, one would not expect to find a great deal of evidence in the current summary judgment record pertaining to this issue.

By limiting Plaintiffs' response to the evidence contained in the current summary judgment record, this Court is prohibiting Plaintiffs from presenting all of the "relevant evidence in opposition" to the proposed *sua sponte* summary judgment. Plaintiffs believe that this is

.
.
.

contrary to existing law in the Third Circuit and that any summary judgment order entered under such circumstances would be in error.

For the reasons stated above, Plaintiffs request that this Court either decline to enter summary judgment *sua sponte* or that the Court give Plaintiffs leave to file a response that incorporates all of the relevant evidence and not merely evidence that happens to be included in the current summary judgment record.

**B.     IT WOULD BE IMPROPER FOR THIS COURT TO ENTER SUMMARY JUDGMENT, *SUA SPONTE*, BASED UPON THE CONCLUSION THAT THERE IS NO EVIDENCE OF HARM BECAUSE THERE IS EVIDENCE OF HARM TO SUPPORT PLAINTIFFS' BREACH OF CONTRACT CLAIMS.**

As explained in the Statement of Facts, there are a number of facts in the current summary judgment record that support the conclusion that Steven Millett suffered harm as a result of Defendant's breach of the two contract provisions which are the subject of this Court's proposed *sua sponte* summary judgment order. Given these facts, it would be inappropriate for this Court to enter summary judgment *sua sponte*.

As Plaintiffs have explained herein, there is also additional evidence that is relevant to the issue of whether Steven Millett suffered harm as a result of Defendant's breach of the two contract provisions which are the subject of this Court's proposed *sua sponte* summary judgment order. Due to the limitations imposed upon Plaintiffs by this Court's Opinion, Plaintiffs have not been able to discuss that evidence herein. However, Plaintiffs contend that this evidence also makes it inappropriate for this Court to enter summary judgment *sua sponte*.

Because there is evidence in the current summary judgment record, and outside of the current summary judgment record, to support a finding of harm that resulted from Defendant's breach of the subject contract provisions, Plaintiffs request that this Court either decline to enter summary judgment *sua sponte* or that the Court give Plaintiffs leave to file a response that incorporates all of the relevant evidence and not merely evidence that happens to be included in the current summary judgment record.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that this Court either decline to enter summary judgment *sua sponte* or that the Court give Plaintiffs leave to file a response that incorporates all of the relevant evidence and not merely evidence that happens to be included in the current summary judgment record.

**Respectfully submitted,**

MacElree Harvey, Ltd.

/s/ Christopher J. Curtin
Christopher J. Curtin, Esquire
MacElree Harvey, Ltd.
5721 Kennett Pike
Centreville, DE 19807
302.654.4454
Facsimile 302.654.4954
Electronic Mail: ccurtin@macelree.com

/s/ Michael W. Blanton
Michael W. Blanton, *pro hac vice*
MO Bar. Id. No. 46490
Swanson Midgley, LLC
2420 Pershing Road, Ste. 400
Kansas City, Missouri 64108
Phone: (816) 842-6100

Barry R. Grissom, Esq., *pro hac vice*
KS Bar. Id. No. 10866
10990 Quivira, Ste. 200
Overland Park, Kansas 66210
Phone: (913) 341-6616

Bryson R. Cloon, *pro hac vice*
KS Bar. Id. No. 08660, MO Bar. Id. No. 36843
Cloon Law Firm
11150 Overbrook Road
Leawood, KS 66211
Phone: (913) 661-9600
Facsimile: (913) 661-9614

Yeager Law Firm
B. Joyce Yeager, *pro hac vice*
KS Bar No. 18932, MO Bar No. 46013
P.O. Box 2469
Mission, KS 66201-2469
 (913) 544-2535
Facsimile (773) 326-3538

**COUNSEL FOR PLAINTIFFS**